TIMOTHY ELDER (CA BAR NO. 277152)
ANNA R. LEVINE (CA BAR NO. 227881)
AL ELIA (PHV PENDING)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:    (415) 873-9199
Facsimile:     (415) 952-9898
Email: telder@trelegal.com
           alevine@trelegal.com
           aelia@trelegal.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, THE CALIFORNIA UNRUH CIVIL RIGHTS ACT, AND THE CALIFORNIA DISABLED PERSONS ACT** <br><br><br> DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff Lisamaria Martinez is an independent blind entrepreneur. She brings this action against Defendants Alameda County and individual county personnel to remedy their discriminatory denial of county services due to Ms. Martinez's disability. Defendants unlawfully operate the Alameda County Clerk-Recorder's Office in a manner that ensures no blind person can access its services because no staff person will read and scribe paperwork necessary to do business there. As a result, Ms. Martinez has lost valuable time, suffered demeaning treatment, and is precluded from using the same services that the office offers to non-disabled persons.

2. Ms. Martinez asks this court for a declaration that Defendants' policies and practices of denying services to persons who require them because of their disability are illegal. She also asks for an order enjoining Defendants from following those policies and engaging in those practices in the future. Finally, she asks for minimum statutory awards, compensation for past harm, and attorneys' fees and costs.

## PARTIES

3. Plaintiff Lisamaria Martinez is a resident of California and lives at 34904 Herringbone Court in Union City, California.

4. Defendant Alameda County is a municipality of California, and has offices at 1221 Oak Street in Oakland, California.

5. Defendant Melissa Wilk is the Alameda County Auditor-Controller/Clerk-Recorder and is sued in her individual capacity.

6. Defendant Eva He is the Assistant Clerk-Recorder for Alameda County and is sued in her individual capacity.

7. Defendant Maria Laura Briones is a Supervisor in the Alameda County Clerk-Recorder's office and is sued in her individual capacity.

## JURISDICTION AND VENUE

8. This is an action for declaratory, injunctive, compensatory, and statutory relief pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; Title V of the ADA, 42 U.S.C. § 12203; California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 *et seq.*; and California's Disabled Persons Act ("DPA"), Cal. Civ. Code § 54 *et seq.*

9. This Court has jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1343, and over the pendant state law claims pursuant to 28 U.S.C. § 1367.

10. This court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendants are located within this District and the acts and omissions giving rise to this claim have occurred within this District.

## FACTS

12. Ms. Martinez is blind.

13. On March 29, 2019, Ms. Martinez went to the Alameda County Clerk-Recorder's Office to file a fictitious business name statement for her new small business.

14. Prior to her visit, she had downloaded the proper form from the acgov.org website to complete electronically using the screen access software she uses when reading and writing.

15. Most of the fields on the form were accessible fillable fields that allowed Ms. Martinez to fill them out independently using screen access software; however, the form offered no accessible way to sign it, such as through an electronic signature. Instead, Ms. Martinez was forced to request assistance from a sighted person, after printing out the form, to help her manually sign the printed document's signature line.

16. Ms. Martinez obtained assistance at home in manually signing the printed document's signature line, and brought the form with her to the Clerk-Recorder's office.

17. At the Clerk-Recorder's office, Ms. Martinez waited for her number to be called, and then spoke with an agent at the counter, Angelina. Angela told Ms. Martinez that the fictitious business name was for a limited liability company ("LLC"), but that Ms. Martinez had filled out the form as an individual, and would have to correct the form in order to file it. Angelina said that the form had checkboxes for "LLC" and for "individual," and that Ms. Martinez had checked "individual" and entered her name in that area, but had elsewhere indicated that she was seeking a fictitious business name for an LLC. She clarified that Ms. Martinez would have to check the box for "LLC," cross out her own name where she had written it and write in the name of her LLC in the relevant area.

18. Ms. Martinez asked Angelina to assist and enter the information on the form according to Ms. Martinez's directions.

19. Angelina refused. She said that she could not assist Ms. Martinez because it was a legal document that must be completed by the business owner.

20. Ms. Martinez explained that she herself was the business owner, and that she was asking for assistance different from what might normally be provided because, as a blind person, she was unable independently to fill out the paper form, and she required assistance to do so.

21. Angelina again refused.

22. Ms. Martinez asked to speak with a supervisor and was told that there was no supervisor present. She asked to speak with someone else in authority and waited while Angelina left the counter. Angelina returned approximately fifteen minutes later to reiterate that she could not assist Ms. Martinez, and that Ms. Martinez would have to wait to speak with a supervisor if she still sought assistance in filling out the form. Ms. Martinez said that she would wait. After waiting an additional forty-five minutes, Ms. Martinez again asked when she might expect to speak with a supervisor and was told that there was still no supervisor available, that Angelina would no longer discuss Ms. Martinez's need for assistance, and that Angelina would not speak with Ms. Martinez any longer. Angelina walked away.

23. Ms. Martinez continued to stand at the counter waiting for a supervisor for approximately twenty more minutes. Finally, supervisor Maria Laura Briones arrived. When Ms. Martinez explained the situation and her need for assistance, Ms. Briones asked her if she had someone with her who could help her fill out the form. Ms. Martinez responded that she was very independent and did not travel with non-blind persons to assist her. Ms. Briones repeated what Angelina had told Ms. Martinez: that no one from the Clerk-Recorder's office could assist Ms. Martinez because the office required legal documents such as the fictitious business form to be filled out by the business owner.

24. Ms. Martinez reiterated that she herself was the business owner, and that she would be completing the form, because she would be providing the information to go on the form, but that she required assistance as an auxiliary service to do so because, as a blind person, she could not complete the paper form herself. Ms. Martinez also explained that the Clerk-Recorder's office

was a public entity that was required to provide such assistance as an auxiliary aid or service under Title II of the ADA.

25. Ms. Briones continued to refuse. When asked under what legal authority she was refusing to assist, Ms. Briones cited no legal authority, but asserted that it was due to the form being signed under penalty of perjury. After approximately ten minutes of this discussion, Ms. Briones left to speak with someone of greater authority.

26. When Ms. Briones returned, she said that she had spoken with Eva He, the Assistant Clerk-Recorder, and said that Ms. He had confirmed that no one from the Clerk-Recorder's office would assist Ms. Martinez in completing her form. Ms. Martinez asked if Ms. He had cited any authority for that decision. Ms. Briones said that there was no legal authority, and that Ms. Briones would no longer speak with Ms. Martinez. Ms. Briones then walked away.

27. Following a more than one- and one-half hour effort to file a fictitious business form for her small business at the Clerk-Recorder's office, Ms. Martinez was forced to leave without doing so.

28. Her experience was time-wasting, frustrating, dehumanizing, and unnecessary.

29. She would not have suffered it, had the Clerk-Recorder's Office provided her with auxiliary aids and services as legally required.

30. On November 14, 2019, Ms. Martinez wrote to Defendant Wilk and Defendant Alameda County, through its counsel, requesting a modification to the policy denying assistance to blind persons at the Clerk-Recorder's office.

31. Through counsel, Defendants responded that any assistance in filling out forms constituted legal advice and would not be provided.

32. On information and belief, Defendant Wilk is responsible for directing the Clerk-Recorder's Office to deny assistance to blind persons requiring such assistance in the Clerk-Recorder's Office.

## FIRST CAUSE OF ACTION

### Title II of the ADA (42 U.S.C. § 12132) (Defendant Alameda County)

33. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

34. As a blind person, Ms. Martinez is a qualified person with a disability under the ADA. 42 U.S.C. §§ 12102 and 12131(2).

35. Title II of the ADA, 42 U.S.C. § 12132, states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

36. As a local government, Defendant Alameda County is a public entities subject to Title II of the ADA. 42 U.S.C. § 12131(1)(a); 28 C.F.R. § 35.104.

37. Public entities such as Defendant are required to "take appropriate steps to ensure that communications with applicants, participants, [and] members of the public … with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

38. That obligation requires Defendant to "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities … an equal opportunity to participate in, and enjoy the benefits of" Defendant's services, programs, and activities. 28 C.F.R. § 35.160(b)(1).

39. Auxiliary aids and services include qualified readers and other effective methods of making visually delivered materials available to individuals with visual impairments. 42 U.S.C. § 12103(1)(B); 28 C.F.R. § 35.104.

40. The Title II regulations explain that "[t]he type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 35.160(b)(2).

41. They further state that "[i]n order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 35.160(b)(2).

42. Public entities, such as Defendant, must "give primary consideration to the requests of individuals with disabilities" when determining what types of auxiliary aids and services are necessary. 28 C.F.R. § 35.160(b)(2).

43. A public entity, such as Defendant, may not require an individual with a disability to bring someone with them to facilitate communication. 28 C.F.R. § 35.160(c)(1).

44. Ms. Martinez requested assistance completing paperwork to apply to use a fictitious business name.

45. Such assistance is an auxiliary aid or service.

46. The context of Ms. Martinez's communication with Defendant was as follows: (a) Ms. Martinez was at the Clerk-Recorder's Office; (b) a paper form needed to be completed and signed; (c) Ms. Martinez was not able to complete and sign the paperwork without assistance because of her disability; and (d) Ms. Martinez was speaking with a staff person who was capable of reading the paperwork to Ms. Martinez, appropriately filling in the information provided by Ms. Martinez and assisting Ms. Martinez to sign in the appropriate place on the paper form.

47. Given that context, Ms. Martinez's requested auxiliary aid or service was necessary for effective communication between Ms. Martinez and Defendant.

48. Defendant was required to give primary consideration to Ms. Martinez's request for assistance.

49. Instead, Defendant indicated that Ms. Martinez should have brought another person to help her complete the paperwork.

50. Defendant refused to provide any auxiliary aid or service at all to Ms. Martinez.

51. By refusing to provide an auxiliary aid or service where necessary to ensure effective communication with Ms. Martinez because of her disability, Defendant violated and continues to violate the ADA.

52. By failing to give primary consideration to Ms. Martinez's requested auxiliary aid or service, Defendant violated and continues to violate the ADA.

53. By requiring Ms. Martinez to bring another person with her to complete paperwork, Defendant violated and continues to violate the ADA.

54. As a public entity, Defendant "may not administer a licensing or certification program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(6).

55. By administering the licensing of fictitious business names and other licensing or certification programs administered through the Clerk-Recorder's Office in a manner that discriminates against persons who require assistance completing paper forms because of their disabilities, such as Ms. Martinez, Defendant has violated and continues to violate the ADA.

56. As a public entity, Defendant may not "utilize criteria or methods of administration … [t]hat have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability." 28 C.F.R § 35.130(b)(3)(i).

57. By refusing to provide assistance completing paperwork where such assistance is necessary to ensure effective communication with individuals with disabilities, Defendant utilizes a criteria of sight or a method of administration that has the effect of discriminating against blind individuals, such as Ms. Martinez, on the basis of disability, and thus has violated and continues to violate the ADA.

58. Public entities, such as Defendant, must "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7)(i).

59. By failing to modify its policies, practices, and procedures regarding staff assistance, including assistance with filling out paperwork to blind persons such as Ms. Martinez, where those modifications are necessary to avoid discrimination on the basis of disability, Defendant has violated and continues to violate the ADA.

60. By failing to modify its policies, practices, and procedures to notify and train staff about their obligations to provide assistance where necessary to ensure that persons with disabilities, such as Ms. Martinez, do not suffer discrimination because of their disability, Defendant has violated and continues to violate the ADA.

61. Public entities, such as Defendant, may not, on the basis of an individual's disability, deny or provide different or unequal access to its aids, benefits, or services, or otherwise limit the enjoyment of any right, privilege, advantage, or opportunity conferred by those aids, benefits, or services. 28 C.F.R. §§ 35.130(b)(1)(i)-(iv) and (vii).

62. By refusing to provide assistance completing paperwork to blind individuals in the Clerk-Recorder's Office, Defendant denies, provides unequal or different access to, or otherwise limits

those individuals' enjoyment of the opportunity to benefit from the services offered at the Clerk-Recorder's Office, and has thus violated and continues to violate the ADA.

63. Ms. Martinez has experienced, and will continue to experience, exclusion from Defendants' services, programs, and activities because of Defendants' actions and policies that deny her assistance necessary to complete paperwork at the Clerk-Recorder's Office, in violation of Title II of the ADA and its implementing regulations.

64. Ms. Martinez experienced humiliation, indignity, frustration, and emotional distress due to Defendants' discriminatory refusal to provide assistance she required because of her disability.

65. Defendants' policies and conduct constitute both a past and ongoing violation of Title II of the ADA and its supporting regulations that inflicted and continue to inflict injuries for which Ms. Martinez has no adequate remedy at law.

66. Equitable relief is necessary to stop Defendant's current and future violation of the ADA, as legal relief is insufficient.

67. Defendants policies and conduct was intentional or was deliberately indifferent to Ms. Martinez's right to receive assistance necessitated by her disability.

68. As a result of Defendants' violations, Ms. Martinez suffered and continues to suffer damages.

69. Title II authorizes this Court to award reasonable attorneys' fees as part of the costs. 42 U.S.C. § 12133; 29 U.S. Code § 794a(b).

### SECOND CAUSE OF ACTION

### Title V of the ADA (42 U.S.C. § 12203(b)) (Individual Defendants)

70. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

71. It is unlawful to "interfere with any individual in the exercise or enjoyment of" any right protected under the ADA. 42 U.S.C. § 12203(b); 28 C.F.R. § 35.134(b).

72. By operating and administering the Clerk-Recorder's Office and directing staff and programs therein in a manner that discriminates against persons who require assistance completing paperwork because of their disability, including Ms. Martinez, in violation of Title II of the ADA, Defendants Melissa Wilk, Eva He, and Maria Laura Briones interfered with

Plaintiff's right to be free from discrimination by public entities as protected by Title II of the ADA.

73. By refusing or directing others to refuse to provide auxiliary aids and services in the form of staff assistance with paperwork that is necessary to ensure effective communication with blind persons, including Ms. Martinez, in violation of Title II of the ADA, Defendants interfered with Plaintiff's right to be free from discrimination by public entities as protected by Title II of the ADA.

74. By requiring or directing others to require blind persons, including Ms. Martinez, to bring another person with them to complete paperwork, in violation of Title II of the ADA, Defendants interfered with Plaintiff's right to be free from discrimination by public entities as protected by Title II of the ADA.

75. By denying or directing others to deny assistance completing paperwork to Ms. Martinez, in violation of Title II of the ADA, Defendants interfered with Plaintiff's right to be free from discrimination by public entities as protected by Title II of the ADA.

76. By administering or ordering others to administer the licensing of fictitious business names and other licensing or certification programs administered through the Clerk-Recorder's Office in a manner that discriminates against persons who require assistance completing paper forms because of their disabilities, including Ms. Martinez, in violation of Title II of the ADA, Defendants interfered with Plaintiff's right to be free from discrimination by public entities as protected by Title II of the ADA.

77. By utilizing or directing the use of the criteria of sight or another method of administration in the Clerk-Recorder's Office that has the effect of discriminating against blind individuals, such as Ms. Martinez, on the basis of disability,, in violation of Title II of the ADA, Defendants interfered with Plaintiff's right to be free from discrimination by public entities as protected by Title II of the ADA.

78. Defendants' interference constitutes both a past and ongoing violation of Title V of the ADA and its supporting regulations that inflicted and continue to inflict injuries for which Ms. Martinez has no adequate remedy at law.

79. Equitable relief is necessary to stop Defendants' current and future violation of the ADA, as legal relief is insufficient.

80. Defendants' actions and conduct was intentional or was deliberately indifferent to Ms. Martinez's right to be free from discrimination by a public entity under Title II of the ADA.

81. As a result of Defendants' violations, Ms. Martinez suffered and continues to suffer damages.

82. Title V authorizes this Court to award reasonable attorneys' fees as part of the costs. 42 U.S.C. § 12205.

### THIRD CAUSE OF ACTION

**The Unruh Civil Rights Act (Cal. Civ. Code §§ 51-53) (All Defendants)**

83. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

84. Defendants' violations of Plaintiff's rights under Titles II and V of the federal ADA, 42 U.S.C. §§ 12101 *et seq.*, as described above, also constitute a violation of Plaintiff's rights under the Unruh Act. Cal. Civ. Code § 51(f).

85. Plaintiff has a disability as defined by the Unruh Act. Cal. Civ. Code § 51(e)(1) (incorporating Cal. Gov't Code § 12926).

86. The Unruh Act provides that "all persons within the jurisdiction of this state are free and equal, and no matter their … disability [or] medical condition … are entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

87. Defendant Alameda County provides commercial licensing services to the general public in California, is therefore functioning as a business establishment in California, and is thereby obligated to comply with the provisions of the Unruh Act.

88. Defendants' conduct alleged herein violates the Unruh Act, including Cal. Civ. Code § 51(b), because it denied or aided the denial of and continues to deny or aid in the denial of the full and equal accommodations, advantages, facilities, privileges or services of the Clerk-Recorder's Office to Ms. Martinez because of her disability.

89. Defendants violated the Unruh Act intentionally or with deliberate indifference to Ms. Martinez's rights protected thereunder to be free from disability-based discrimination.

90. As a result of these violations, Plaintiff has suffered damages.

91. Whoever violates Cal. Civ. Code section 51 is liable for a minimum statutory award of $4,000 for each violation, plus attorneys' fees. Cal. Civ. Code § 52(a).

92. In addition to such an award, Plaintiff is entitled to damages, injunctive relief to remedy Defendants' discrimination, and attorneys' fees and costs. Cal. Civ. Code §§ 52 and 52(a).

## Fourth Cause of Action

## Disabled Persons Act (Cal. Civ. Code, §§ 54-55.3) (All Defendants)

93. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

94. Each violation of Ms. Martinez's rights under Titles II and V of the federal ADA, 42 U.S.C. §§ 12101 *et seq.*, as described above, also constitute a violation of her rights under the DPA. Cal. Civ. Code § 54(c).

95. As a result of these violations, plaintiff has suffered damages, including humiliation, indignity, and emotional distress.

96. Whoever denies or interferes with the enjoyment of public facilities by, or otherwise interferes with the rights of, a person with a disability in violation of Civ. Code §§ 54, 54.1, or 54.2 is liable to such person for a minimum statutory award of $1,000 for each violation. Cal. Civ. Code § 54.3(a).

97. In addition to such an award, Plaintiff is entitled to damages and attorneys' fees and costs. Cal. Civ. Code § 54.3(a). Plaintiff seeks these remedies, as well as declaratory relief, but seeks no relief whatsoever under Cal. Civ. Code § 55.

## FIFTH CAUSE OF ACTION

## Declaratory Relief (All Defendants)

98. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the Complaint.

99. Plaintiff contends that Defendants' practices and procedures with respect to providing staff assistance with paperwork, including their failure to reasonably modify policies and

practices to accommodate people whose disabilities necessitate staff assistance as an auxiliary aid or service; their actions in operating, administering, or directing the Clerk-Recorder's Office and staff according to such policies; and their lack of adequate coordination and training to ensure compliance with the ADA, constitute discrimination in violation of Titles II and V of the ADA, the Unruh Act, and the DPA.

100. Defendants disagree with Plaintiff's contentions.

101. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## RELIEF REQUESTED

Plaintiffs pray for judgment as follows:

a) A declaration that Defendants are operating the Clerk-Recorder's Office in a manner that discriminates against people with disabilities, through their policies, actions, and inactions with respect to individuals who, because of their disabilities, require staff assistance with paperwork as an auxiliary aid or service;

b) An order enjoining Defendants from violating Titles II and V of the ADA and the Unruh Act, with respect to Ms. Martinez, through their policies, practices, and actions related to providing assistance with paperwork for people with disabilities;

c) Compensatory damages to Ms. Martinez against Defendants, jointly and severally, for the humiliation, indignity, shock, and emotional distress that Ms. Martinez experienced as a result of the unlawful policies, practices, and conduct of Defendants and their agents and employees pursuant to Titles II and V of the ADA and either the Unruh Act or, in the alternative, the DPA;

d) Statutory awards to Ms. Martinez against Defendants, jointly and severally, in the amount of $4,000 for each violation of the Unruh Act or, in the alternative, in the amount of $1,000 for each violation of the DPA;

e) An award of Plaintiff's reasonable attorneys' fees and costs against Defendants, jointly and severally; and

f) Such other and further relief as the Court deems just and proper.

DATED: September 18, 2020               Respectfully submitted,

                                        TRE LEGAL PRACTICE

                                        */s/ Timothy R. Elder*
                                        Timothy R. Elder

                                        *Attorneys for Plaintiff*

COMPLAINT FOR DISCRIMINATION