TIMOTHY ELDER (CA BAR NO. 277152)
ALBERT ELIA (appearing *pro hac vice*)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:     (415) 873-9199
Facsimile:     (415) 952-9898
Email: telder@trelegal.com
        aelia@trelegal.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, | Case No. 3:20-cv-06570-TSH |
| Plaintiff, | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| **COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity, | |
| Defendants. | |

# TABLE OF CONTENTS

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS ................. 1

I.   LEGAL STANDARD ............................................................................................... 1

II.  ARGUMENT ........................................................................................................... 2

   A.   Plaintiff has alleged a prima facie case of discrimination under Title II of the Americans with Disabilities Act ("Title II of the ADA"), 42 U.S.C. § 12101 *et seq*................................... 2

     1.   The Ninth Circuit has rejected Defendants' arguments regarding "facially neutral" policies. .................................................................................................................... 3

     2.   Defendants' cited authority from other circuits regarding "neutral" policies are inapposite and unpersuasive.......................................................................................... 4

   B.   Plaintiff's requested modification to Defendants' policies would not result in a fundamental alteration or undue burden. ................................................................... 6

   C.   Defendants' discrimination was intentional or deliberately indifferent. ............................. 8

   D.   Plaintiff has properly alleged violations of Title V of the ADA, 42 U.S.C. § 12203(b)... 10

   E.   Plaintiff has properly alleged violations of state law. .......................................................11

   F.   Plaintiff has properly alleged entitlement for declaratory relief. ..................................... 12

III. CONCLUSION...................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Altizer v. Highsmith*, 52 Cal. App. 5th 331 (2020) ........................................................................ 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 2

*Brown v. City of Tucson*, 336 F.3d 1181 (9th Cir. 2003) .......................................................... 12

*Cal. Council of the Blind v. Alameda County*, 985 F. Supp. 3d 1229 (N.D. Cal. 2013) .......... 4, 10

*Castle v. Eurofresh, Inc.*, 731 F.3d 901 (9th Cir. 2013) ........................................................ 7, 8

*City of Canton v. Harris*, 489 U.S. 378 (1988 ........................................................................ 10

*Cohen v. City of Culver City*, 754 F.3d 690 (9th Cir. 2014) .................................................... 13

*Conley v. Gibson*, 355 U.S. 41 (1957) ...................................................................................... 2

*Crowder v. Kitagawa*, 81 F.3d 1480 (9th Cir.1996) ............................................................ 3, 8

*Daugherty v. City of El Paso*, 56 F.3d 695 (5th Cir. 1995) .................................................... 6

*Davis v. Francis Howell Sch. Dist.*, 138 F.3d 754 (8th Cir. 1998) .......................................... 5

*Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) ................................................ 10, 11

*Ferguson v. City of Phoenix*, 157 F.3d 668 (9th Cir. 1998) .................................................. 10

*Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998) ................................................ 5

*K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088 (9th Cir.2013) .............. 4, 7, 8, 10

*Leheny v. City of Pittsburgh*, 183 F.3d 220 (3d Cir. 1999) .................................................... 5

*Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837 (9th Cir. 2004) .............................................. 8

*Levine v. Sleep Train*, 2016 WL 2961100 (E.D. Cal. May 23, 2016) .................................... 12

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc) ........................................................ 2

*Lovell v. Chandler*, 303 F.3d 1039 (9th Cir.2002) .................................................................. 11

*Mark H. v. Hamamoto*, 620 F.3d 1090 (9th Cir. 2010) .......................................................... 11

*McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004) .......................................... 2, 3, 9

*McShannock v. JP Morgan Chase Bank NA*, 976 F.3d 881 (9th Cir. 2020) .......................... 1, 7

*Munson v. Del Taco, Inc.*, 46 Cal. 4th 661 (2009) .................................................................. 13

*Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835 (9th Cir. 2002) ................................................ 13

*Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283 (4th Cir. 1998) ................................................................................................................... 5

*Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 961 F. Supp. 129 (E.D. Va. 1997) ......................................................................................................... 5

*People v. Landlords Prof'l Servs.*, 215 Cal. App. 3d 1599 (1989) ............................... 9

*People v. Sipper,* 61 Cal. App. 2d Supp. 844, 142 P.2d 960 (1943) ............................. 9

*Presta v. Peninsula Corridor Joint Powers Board*, 16 F. Supp. 2d 1134 (N.D. Cal. 1998) ........ 13

*Rodde v. Bonta*, 357 F.3d 988 (9th Cir.2004) ....................................................... 3

*Smith v. County of Alameda*, No. 19-CV-05398-JST, 2020 WL 2517857, at *10 (N.D. Cal. Apr. 2, 2020) ................................................................................................... 6

*Terrell v. USAir*, 132 F.3d 621 (11th Cir. 1998) ..................................................... 6

*Thompson v. Davis*, 295 F.3d 890 (9th Cir. 2002) (per curiam), *cert. denied,* 538 U.S. 921 (2003) ................................................................................................... 2

*Weinrich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976 (9th Cir. 1997) ................................................................................................... 6

*Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807 (9th Cir. 1999) ............................ 11

*Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041 (9th Cir. 1999) ................................ 8

**Statutes**

Cal. Gov. Code § 27203 ................................................................................... 8

Disabled Persons Act, Cal. Civ. Code. § 54 *et seq.* ............................................ 13, 14

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* ................. passim

Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* .......................................... 13, 14

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ......................................................... 1, 4

**Treatises**

Tuft, Peck and Mohr, Cal. Practice Guide: Professional Responsibility (The Rutter Group 2019) 9

**Regulations**

28 C.F.R. § 35.104 ...................................................................................... passim

1

28 C.F.R. § 35.130 ................................................................................................... 7, 8

28 C.F.R. § 35.134 ................................................................................................... 13

28 C.F.R. § 35.160 ............................................................................................... passim

28 C.F.R. § 35.164 ................................................................................................ 7, 8, 10

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Ms. Martinez, an aspiring small business owner, tried to file her fictitious business name form at the Alameda County Clerk-Recorder's Office. Because she is blind, she requested that Defendants simply read aloud information printed on a paper government form and then transcribe the information that she wished to dictate into the blanks as she directed. Many government entities provide such auxiliary aids to ensure that blind people can participate in programs and services consistent with the regulatory requirements of the Americans with Disabilities Act ("ADA"). Even when explicitly presented with this regulatory requirement to provide a "qualified reader" or other "similar services" under 28 C.F.R. § 35.104, Defendants turned Ms. Martinez away in disregard of their obligation to provide equal access through effective communication, auxiliary aids, and reasonable modifications to neutral policies. Defendants seek to justify their disregard by misconstruing facts to suggest she sought legal advice, rather than what she actually sought: communication and transmittal of information. Defendants incorrectly ask this Court to dismiss Ms. Martinez's case based on facts that must be construed in her favor, not in the light that Defendants have misrepresented them. Further, Defendants offer incorrect statements of law about claims under the ADA that are inapplicable or inconsistent with the law in the Ninth Circuit and the ADA's implementing regulations.

Defendants' misleading assertions should be rejected, and their motion should be denied.

## I.   LEGAL STANDARD

The standard for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are well established. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *City of Oakland v. Wells Fargo & Co.*, 972 F.3d 1112, 1121-22 (9th Cir. 2020).

As relevant here, it is sufficient to highlight that "[a]llegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *McShannock v. JP Morgan Chase Bank NA*, 976 F.3d 881, 886-87 (9th Cir. 2020). Additionally, "once a claim has been stated adequately, it may be supported by showing *any set of facts* consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (emphasis added) (rejecting Defendants' "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-

46 (1957), as "best forgotten as an incomplete, negative gloss on an accepted pleading standard"). If the evaluation nonetheless determines that a complaint has failed to state a plausible claim, then "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## II.  ARGUMENT

**A.     Plaintiff has alleged a prima facie case of discrimination under Title II of the Americans with Disabilities Act ("Title II of the ADA"), 42 U.S.C. § 12101 *et seq*.**

Ms. Martinez must allege four elements to state a claim of discrimination by Alameda County under Title II of the ADA. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam), *cert. denied,* 538 U.S. 921 (2003). First, she must allege that she is an individual with a disability. *Id.* Second, she must allege that she is otherwise qualified to participate in or receive the benefit of Alameda County's services, programs, or activities. *Id.* Third, she must allege that she was excluded from participation in, denied the benefits of, or otherwise subjected to discrimination with respect to Alameda County's services, programs, or activities. *Id.* Finally, she must allege that the exclusion, denial of benefits, or discrimination she suffered was by reason of her disability. *Id.*

There is no dispute that Ms. Martinez has pled facts sufficient to establish that she is blind and therefore an individual with a disability (Complaint ¶¶ 12, 34, 85, ECF No. 1); that she is eligible to seek and obtain the benefits of Alameda County services such as a license to use a fictitious business name (*Id.*  ¶¶ 3-4); and that she was excluded from participation in, denied the benefits of, or otherwise subjected to discrimination with respect to Alameda County's services, programs, or activities (*Id.* ¶¶ 13-32).

Defendants rest their argument for dismissal on the fourth element. They assert that the exclusion, denial of benefits, or discrimination Ms. Martinez suffered could not have been by reason of her disability, and that they therefore have no liability, because their policy that county employees "are not permitted to fill out or alter legal documents for patrons … is entirely neutral in that it applies to everyone, regardless of whether or not they are disabled." (Mem. of Points

and Authorities in Support of Mot. to Dismiss 3, ECF No. 14 ("MTD").) Defendants' citation to authority from other circuits for this faulty assertion is misplaced, in that it is contrary to well-established law in this circuit.

### 1.  The Ninth Circuit has rejected Defendants' arguments regarding "facially neutral" policies.

The U.S. Court of Appeals for the Ninth Circuit has "repeatedly recognized that facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced." *McGary*, 386 F.3d at 1265; *see also, e.g., Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir.1996) (holding that Hawaii discriminated against blind service-animal users in violation of the ADA because its facially neutral and universally enforced policy "burden[ed] visually-impaired persons in a manner different and greater than it burden[ed] others"); *Rodde v. Bonta*, 357 F.3d 988, 998 (9th Cir.2004) (upholding district court's determination that a public entity's neutral policy that "would deny certain disabled individuals meaningful access to government-provided services because of their unique needs, while others would retain access to the same class of services" violated the ADA and warranted an injunction); *Cal. Council of the Blind v. Alameda County*, 985 F. Supp. 3d 1229, 1236 (N.D. Cal. 2013) (quoting *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir.2013) ("*K.M.*")) ("to challenge a facially neutral government policy on the ground that it has a disparate impact on people with disabilities, the policy must have the effect of denying meaningful access to public services"); *see id.* at 1238-39 (citing *K.M.*, 725 F.3d at 1096; 28 C.F.R. § 35.160) (A public entity denies meaningful access to its programs, services, or activities where it violates the Title II ADA regulations promulgated by the Department of Justice).

Plaintiff pled facts demonstrating that Defendants' policy of refusing to assist anyone in completing paperwork disproportionately burdened her as a blind person, violated applicable ADA regulations, and denied her meaningful access to Alameda County benefits and services. (Complaint ¶¶ 18-69, ECF No. 1.) Defendants' attempts to recharacterize, reframe, or restate Ms. Martinez request are unavailing under the standards of a 12(b)(6) motion, as Ms. Martinez has pled sufficient facts, taken as true and construed in the light most favorable to her, to support her

allegation that the exclusion, denial of benefits, or discrimination she suffered was by reason of her disability and thus constituted a violation of Title II of the ADA.

> ### 2.    *Defendants' cited authority from other circuits regarding "neutral" policies are inapposite and unpersuasive.*

Ms. Martinez requested exactly the kind of simple and common-sense auxiliary aid of a "qualified reader" and "other similar services" envisioned by the Department of Justice in 28 C.F.R. §§ 36.104 and 36.160: that text from a printed form be read to her and that her dictated entries be transcribed onto that form as she directed. In contrast, the cases cited by Defendants involve facts that are quite distinct—and much more complex—than those here.

For example, the Eighth Circuit case Defendants cite involved a school district that refused to have its own nursing staff administer medications to minor students in higher dosages than were listed in standard medical references, a much more fraught and complex scenario than accommodating Ms. Martinez's simple request to read a form aloud and transcribe information as directed. *Davis v. Francis Howell Sch. Dist.*, 138 F.3d 754 (8th Cir. 1998). The Third Circuit cases Defendants cite involved post-employment pension and insurance benefits that were alleged to substantively differ based on disability. *See Leheny v. City of Pittsburgh*, 183 F.3d 220, 230 (3d Cir. 1999) (pension benefits not discriminatory where there was no showing that disabled officers' compensation differed from non-disabled officers); *Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998) (finding no discrimination where post-employment disability benefits differed based on mental versus physical disability). Neither case involved discrimination based on a public entity's failure to effectively communicate information to a person with a disability nor its policy of refusing the auxiliary aids or services necessary for such effective communication, as alleged by Ms. Martinez in this case. The Eastern District of Virginia case cited by Defendant is not only inapposite but was also reversed and held not to be relevant to an ADA inquiry. *Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283, 287 (4th Cir. 1998) (refusing to consider the ADA issue because it "was not properly raised in district court."), *reversing* 961 F. Supp. 129 (E.D. Va. 1997) ).

Defendants' reliance on employment discrimination cases from outside the jurisdiction is likewise misplaced, not only because of the distinguishable facts, but also because of the different legal standard applied in such cases. One of Defendants' cited cases involved an employee who sought the creation of a new, then-nonexistent job, and the other involved the priority hiring and reassignment of disabled employees over non-disabled employees. *See Terrell v. USAir*, 132 F.3d 621 (11th Cir. 1998) (creation of a new position was not reasonable, while alternative requested accommodation of a desk modification was reasonable); *Daugherty v. City of El Paso*, 56 F.3d 695 (5th Cir. 1995) (finding that an "affirmative action" program that would preferentially hire or reassign individuals with disabilities over others was not a reasonable accommodation). Ms. Martinez's request for basic assistance reading and transcribing dictated information onto a public entity's form is not comparable to the creation of a nonexistent job or the preferential hiring of individuals with disabilities.

Defendants' comparison of Ms. Martinez's request to that made in *Weinrich v. Los Angeles County Metropolitan Transportation Authority*, 114 F.3d 976 (9th Cir. 1997), fails as well. As Judge Tigar explained in *Smith v. City of Oakland,* "In *Weinrich*, a public transit system's policy requiring disabled patrons to recertify their disabilities every three years in order to qualify for reduced fare discriminated against these patrons not 'by reason of' their disability but based on their financial circumstances." No. 19-CV-05398-JST, 2020 WL 2517857, at *10 (N.D. Cal. Apr. 2, 2020) (citing *Weinrich*, 114 F.3d at 979). Ms. Martinez does not allege that Defendants discriminate because they charge her for filing a fictitious business name. Rather, she alleges that they discriminate because of her exclusion from "'an equal opportunity to participate in, and enjoy the benefits of' [County] services, programs, and activities." (Complaint 38, 63, ECF No. 14 (quoting 28 C.F.R. § 35.160(b)(1) .) Just as in *Smith*, she has "thus sufficiently alleged the fourth and final element of [her] ADA claim." 2020 WL 2517857, at *10.

For the above reasons, Defendant's fail to provide authority or persuasive argument to overcome the Ninth Circuit's own binding precedent regarding "facially neutral" policies that disproportionately affect individuals with disabilities, or the ADA's regulatory requirements to provide auxiliary aids and services such as a "qualified reader … or another effective method" of

making their form available to a blind individual. *See* 28 C.F.R. § 35.104 (defining "auxiliary aids and services" with respect to blind individuals).

### B.   Plaintiff's requested modification to Defendants' policies would not result in a fundamental alteration or undue burden.

"Federal law requires public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 910 (9th Cir. 2013) (quoting 28 C.F.R. § 35.130(b)(7)); public entities are also required to "take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others" and to "furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of," their services, programs, and activities. *K.M.*, 725 F.3d at 1096 (quoting 28 C.F.R. §§ 35.160 (a) and (b)(1)).

On a motion to dismiss, all of plaintiffs' factual claims—such as plaintiff's claim that the accommodation she requested was reasonable—must be accepted as true. *McShannock*, 976 F.3d at 886-87. Defendants cannot disprove Plaintiff's allegations merely by asserting fundamental alteration or undue burden in conflict with the pled facts, as such a claim is an affirmative defense on which the asserting public entity bears the burden of proof. *K.M.*, 725 F.3d at 1096 (citing 28 C.F.R. § 35.164) ("public entity has the burden to prove that a proposed action would result in undue burden or fundamental alteration"); *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 845 (9th Cir. 2004). Furthermore, determining whether a modification is reasonable or would result in a fundamental alteration is an intensively fact-specific inquiry. *Id.*; *Castle*, 731 F.3d at 910; *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1048 (9th Cir. 1999); *Crowder*, 81 F.3d at 1486.

Case law and ADA regulations underscore that whether a requested policy modification or auxiliary aid or service would result in a fundamental alteration or undue burden is a fundamentally factual question, inappropriate for disposition prior to discovery. The decision that

a proposed modification or auxiliary aid or service would result in a fundamental alteration to a
public entities program, service, or activity, or would result in and undue financial or
administrative burden, "must be made by the head of the public entity or his or her designee after
considering all resources available for use in the funding and operation of the service, program,
or activity and must be accompanied by a written statement of the reasons for reaching that
conclusion." *K.M.*, 725 F.3d at 1096-97 (quoting 28 C.F.R. § 35.164). In such situations, a public
entity must still "take any other action that would not result in such an alteration" and that
"would nevertheless ensure that, to the maximum extent possible, individuals with disabilities
receive the benefits or services provided by the public entity." *Id.* at 1097 (quoting 28 C.F.R. §
35.164).

Defendants proffer only unsubstantiated arguments that it would fundamentally alter or
unduly burden Defendants to assist Ms. Martinez in either altering her own pre-filled form or
completing a new blank form because doing so would expose them to liability under Cal.
Gov. Code § 27203(d) for altering "records deposited in the recorder's office." (MTD 4-6, 12,
ECF No. 14.) However, as alleged in Plaintiff's Complaint, and construed in the light most
favorable to her as the nonmoving party, the form Ms. Martinez requested assistance in reading,
and to which she requested assistance transcribing information, had not yet been "deposited" at
the time she requested and was denied that assistance. (Complaint ¶¶ 17-27, ECF No. 1; MTD 3,
13, ECF No. 14).

Moreover, even were Defendants correct in claiming the relevance of those state strictures to
the provision of assistance for blind persons, that would neither be determinative, nor would it
allow Defendants' to escape their obligation to subject those state strictures to an analysis for
comportment with federal law. *See, e.g, McGary*, 386 F.3d at 1268-70 (remanding to the district
court to determine the reasonableness of the plaintiff's proposed modifications to the city's
ordinances).

Defendants go as far as to suggest that merely assisting Ms. Martinez to read the print on a
legal document and to write the words she dictates on that same legal document would be a
crime: the unauthorized practice of law. (MTD 4, 12, 14-16.) But long-standing California

precedent contradicts this wild assertion: acting as a scrivener to perform "the clerical service of filling in the blanks on a particular form in accordance with information furnished" is simply not the unlicensed practice of law in California. *People v. Sipper,* 61 Cal. App. 2d Supp. 844, 846-47, 142 P.2d 960, 962 (1943); *Altizer v. Highsmith*, 52 Cal. App. 5th 331, 341 (2020); *People v. Landlords Prof'l Servs.*, 215 Cal. App. 3d 1599, 1608 (1989); Tuft, Peck and Mohr, Cal. Practice Guide: Professional Responsibility (The Rutter Group 2019) ¶¶ 1:203 to 1:204.1, p. 1-125.

Defendants' argument for fundamental alteration and undue burden, including that legal rules prevent them from taking the specific, limited actions requested by Ms. Martinez because of her disability, are mired in disputed facts that prevent the success of their motion. To prevail on this affirmative defense, Defendants must adduce sufficient facts to prove that Ms. Martinez's request, as a blind person, for assistance in reading and transcribing information onto the county's paper form after being told she "would have to check the box for 'LLC,' cross out her own name where she had written it and write in the name of her LLC in the relevant area," would result in a fundamental alteration to the county's services or result in an undue burden. (Complaint ¶¶ 17, 24, ECF No. 1.) They would additionally have to adduce facts sufficient to prove that they took some other action to "ensure that, to the maximum extent possible," Ms. Martinez was still able to receive the benefits of their services. 28 C.F.R. § 35.164. They have not done so, and indeed they cannot do so at this early stage of litigation where Plaintiff's allegations, which must be taken as true, confirm that Defendants sent her away, refusing to provide any assistance or any other auxiliary aid or service. (Complaint ¶¶ 18-27, ECF No. 1.)

C. **Defendants' discrimination was intentional or deliberately indifferent.**

To seek injunctive relief under Title II of the ADA, a Plaintiff need only allege that she was denied meaningful access to a public entity's programs, services, or activities. *Cal. Council of the Blind*, 985 F. Supp. 3d at 1236 (citing *K.M.*, 725 F.3d at 1102). To seek monetary damages under Title II of the ADA, a plaintiff must further allege that the violations were intentional, which has been held to require a Defendant's deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (citing *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998)). "Deliberate indifference requires both knowledge that a harm to a federally protected right is

1    substantially likely, and a failure to act upon that … likelihood." *Id.* at 1139 (citing *City of Canton*

2    *v. Harris*, 489 U.S. 378, 389 (1988)).

3         A plaintiff may satisfy the first prong of the deliberate indifference test by requesting an

4    auxiliary aid or service. *Id.* That first prong is also automatically satisfied where the need for such

5    an auxiliary aid or service is obvious, or where an auxiliary aid or service is required by statute

6    or regulation. *Id.* A qualified reader or other effective method of making Defendants' paper form

7    available to Ms. Martinez, or another similar service or action, is explicitly sanctioned by

8    regulation. 28 C.F.R. § 35.104 (defining "auxiliary aid or service"); *see also K.M.*, 725 F.3d at

9    1096 (citing definition in the context of non-visual disabilities); *Duvall*, 260 F.3d at 1134 n.7

10   (same).

11        Having been put on notice of the need for an auxiliary aid or service, a public entity must

12   undertake a fact-specific investigation to determine an appropriate aid or service, which "will

13   vary in accordance with the method of communication used by the individual; the nature, length,

14   and complexity of the communication involved; and the context in which the communication is

15   taking place." *Id.* at 1138; 28 C.F.R. §§ 35.160 (b)(2). When determining what auxiliary aids or

16   services are necessary, a public entity must "give primary consideration to the requests of

17   individuals with disabilities." *Id.* (quoting 28 C.F.R. § 35.160(b)(2)). A public entity may not

18   "mere[ly] speculat[e]" that a suggested auxiliary aid or service is not feasible but must determine

19   what auxiliary aids or services are necessary based on information gathered from the individual

20   with a disability and, where needed, from qualified experts. *Id.* (quoting *Wong v. Regents of the*

21   *Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999)).

22        A public entity may not require an individual with a disability to be accompanied by another

23   person, nor may it rely upon an accompanying person to facilitate communication with an

24   individual with a disability. 28 C.F.R. § 35.160(c). While deliberate indifference requires a public

25   entity to have acted more than negligently, its belief that it was acting in good faith is not

26   sufficient to defeat an allegation that it acted deliberately in failing to adequately investigate or in

27   refusing to provide a necessary auxiliary aid or service. *Duvall*, 260 F.3d at 1139-40; *see also*

28   *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir.2002) (good faith is no defense to deliberate

indifference); *Mark H. v. Hamamoto*, 620 F.3d 1090, 1099 (9th Cir. 2010) (failure to adequately investigate needs of individuals with disabilities supports finding of deliberate indifference).

Ms. Martinez sufficiently pled that she was denied meaningful access to Alameda county services and benefits. *See supra* Section III.A. She pled, and Defendants concede, that she requested an auxiliary aid or service, that she explained why it was necessary, and that she informed Defendants that such an auxiliary aid or service was required by law. (Complaint ¶¶ 18, 20, 24, ECF No. 1; MTD at 3, ECF No. 14.) She thereby put Defendants on explicit notice that she required a specific auxiliary aid or service enumerated by the regulations.

Ms. Martinez pled, and again Defendants concede, that the only auxiliary aid or service Defendants offered her at their office was one specifically prohibited by 28 C.F.R. § 35.160(c): reliance on a person accompanying her. (Complaint ¶ 23, ECF No. 1; MTD at 13, ECF No. 14.) Defendants' suggestion of the availability of an online form is not relevant to the inquiry regarding the provision of auxiliary aids and services at Defendants' office, and in any case would require a highly fact-specific inquiry. *See* 28 C.F.R. § 35.104 (defining "auxiliary aids and services" with respect to blind individuals); 28 C.F.R. § 35.160(b)(2) (requiring public entities to provide auxiliary aids and services "in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability"). Defendants have not alleged any evidence that they undertook any fact-specific investigation to determine an appropriate aid or service for Ms. Martinez. Rather, Defendants' provide merely speculative and conclusory assertions that her requested aid or service—that she be provided with a qualified reader and scribe—was not feasible. (MTD 4, 12, 14, ECF No. 14.)

Taken as true and construed in the light most favorable to her, Ms. Martinez's factual allegations more than satisfy the deliberate indifference standard.

### D. Plaintiff has properly alleged violations of Title V of the ADA, 42 U.S.C. § 12203(b).

Defendants' arguments for dismissal of Ms. Martinez's Title V claims are predicated on dismissal of her Title II. claims, which for the reasons stated above should not be dismissed. Title V of the ADA makes it unlawful to "interfere with any individual in the exercise or enjoyment of

… any right granted or protected" under the ADA, including Title II and its implementing regulations. 42 U.S.C. § 12203(b); 28 C.F.R. § 35.134(b). To state a claim for interference under Title V, a plaintiff must allege that she was exercising, or attempting to exercise, a right protected by the ADA, that the defendant has done something to interfere with the exercise of that right, and that the plaintiff has suffered an injury thereby. *See Brown v. City of Tucson*, 336 F.3d 1181, 1192-93 (9th Cir. 2003); *Levine v. Sleep Train*, 2016 WL 2961100, at *2 (E.D. Cal. May 23, 2016); *A.P. v County of Sacramento*, 2017 WL 1476895, at *9 (E.D. Cal April 25, 2017).

Ms. Martinez has alleged that she was attempting to exercise rights protected under Title II of the ADA. (Complaint ¶¶ 33-69, ECF No. 1.) She has alleged that Defendants Wilk, He, and Briones interfered with those rights. (*Id.* ¶¶ 70-77.) She has also alleged that she has suffered injury as a result of those Defendants' interference. (*Id.* ¶¶ 78-82.) Nothing more is required of Plaintiff at this stage. Defendants' motion to dismiss these claims should therefore be denied.

### E.    Plaintiff has properly alleged violations of state law.

Defendants' arguments for dismissal of Ms. Martinez's California state law claims are predicated on dismissal of her Title II and V claims, which for the reasons stated above should not be dismissed. California's Unruh and Disabled Persons Acts, Cal. Civ. Code §§ 51 and 54 *et seq.*, respectively, each incorporate the requirements of the ADA such that a violation of the ADA is a *per se* violation of the Unruh and Disabled Persons Acts. Cal. Civ. Code §§ 51(f) and 54(c); *Cohen v. City of Culver City*, 754 F.3d 690, 701 (9th Cir. 2014). It is not necessary to allege intentional discrimination for an Unruh Act claim based on a violation of the ADA. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 664-65 (2009). Ms. Martinez sufficiently pled allegations that Defendants violated California's Unruh Act (Complaint ¶¶ 83-84, ECF No. 1) and Disabled Persons Act (*Id.* ¶¶ 93-94) based on Defendants' violations of Titles II and V of the ADA.

Ms. Martinez also alleged that Defendants intentionally violated Cal. Civ. Code § 51(b). (Complaint ¶¶ 85-92, ECF No. 1.) Defendants concede that "[t]o the extent Plaintiff arguably alleges a separate claim under Civil Code section 51(b) (Unruh Civil Rights Act), which is not derivative of her ADA claims … [t]he same corresponding standards … apply" as for her ADA claims. (MTD at 13 n.3, ECF No. 14 (citing *Presta v. Peninsula Corridor Joint Powers Board*, 16

F. Supp. 2d 1134, 1135 (N.D. Cal. 1998)).) In any event, the allegations regarding the recalcitrant actions of Defendants and county staff in repeatedly refusing to provide an auxiliary aid or service to Ms. Martinez, refusing to give anything other than a terse and irrelevant explanation, and then refusing to speak with her any longer before walking away are sufficient to support a claim for intentional discrimination at this pre-discovery stage of litigation. (Complaint ¶¶ 18-26, ECF No. 1.)

Because Ms. Martinez has properly alleged violations of Titles II and V of the ADA, she has also properly alleged violations of Cal. Civ. Code §§ 51(f) and 54(c) . Those same facts, along with the allegations supporting a claim for intentional discrimination, also properly allege violations of Cal. Civ. Code § 51(b).

### F.    Plaintiff has properly alleged entitlement for declaratory relief.

Declaratory relief may be sought for prospective relief, or for retrospective relief were intertwined with claims for damages. *Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 847-48, 847 n.5 (9th Cir. 2002). Ms. Martinez seeks both prospective relief and retrospective relief that is intertwined with her claims for damages. Defendants' arguments against declaratory relief are predicated on dismissal of Ms. Martinez's other claims, which for the reasons stated above should not be dismissed.

### III. CONCLUSION

Plaintiff has pled sufficient factual matter that is plausible on its face to state a claim to relief under Titles II and V of the ADA, the California Unruh and Disabled Persons Acts, and the Declaratory Judgment Act. Taking her allegations of material fact as true and construing them in the light most favorable to her, the court should find that she has stated claims for which relief may be granted for all of her causes of action. For these and all of the above reasons, Defendants' motion to dismiss should be denied.

//

//

//

//

1

2
DATED: December 21, 2020                    Respectfully submitted,

3
                                            TRE LEGAL PRACTICE
4

5                                           */s/ Timothy R. Elder*
                                            Timothy R. Elder
6
                                            *Attorneys for Plaintiff*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION TO DISMISS