TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone: (415) 873-9199
Facsimile: (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
1500 Dragon St. Suite 160
Dallas, Texas 75039
Telephone: (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON DECLARATORY RELIEF**<br><br>Hearing Date: January 5, 2023<br>Hearing Time: 9:30am<br>Courtroom: by Zoom video conference<br>Judge: Hon. Thomas S. Hixson |

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS & AUTHORITIES ................................................................... 1

I.    INTRODUCTION ................................................................................................................. 1

II.   ARGUMENT ......................................................................................................................... 2

   A.   The Court should strike the County's improper motion for summary judgment and exclude its new factual contentions. ................................................................................. 2

   B.   Defendant does not offer competent evidence about present or future equally effective communications. ............................................................................................................. 3

      1.   Defendant has not shown with competent evidence that the newly available current system is accessible. ........................................................................................................ 3

      2.   Ms. Martinez has already established by undisputed factual evidence that the online FBNS in PDF format did not provide equally effective communication for her in March 2019. ................................................................................................................................... 5

      3.   The newly available online FBNS form in PDF format is also not accessible. .............. 6

   C.   Defendant has not provided competent evidence that a future online FBNS system will be equally effective. ............................................................................................................. 7

   D.   This case is not moot. ....................................................................................................... 9

III.  CONCLUSION ..................................................................................................................... 9

**MEMORANDUM OF POINTS & AUTHORITIES**

## I.  INTRODUCTION

Defendant County of Alameda ("Defendant" or "County") fundamentally does not want to do what the law requires: affirmatively provide equitable treatment to individuals with disabilities. To avoid its obligations, the County characterizes the harm as minimal and unimportant. It introduces desperate last-minute evidence of a whole new system that fails to ensure, yet again, that this new auxiliary aid works well enough to be an equally effective alternative, as the law requires.

Defendant's conclusions about a new and allegedly compliant system do not prevent summary judgment from issuing against the County. The material, relevant, and *admissible* facts presented by the parties do not present genuine issues that prevent the Court from finding for Plaintiff in the pending cross-motions for summary judgment. The only disputes are fundamentally legal ones about what the law, given the admissible facts on the record, requires of Defendant. Plaintiff's Reply in Support of her Motion for Summary Judgment (ECF No. 64) establishes that there is no genuine dispute of material fact and that (1) the County was required to provide Ms. Martinez with a scribe when she previously sought to file her form in person over the counter at the CRO and (2) the County is still required to provide scribe services under the Americans with Disabilities Act ("ADA") even when other less timely and less effective options are available.[1]

Yet, Defendant now improperly seeks affirmative summary judgment, claiming, among other things, that the County now offers equally effective communication with patrons who are blind via a "new" technological solution. Defendant introduces no competent summary judgment evidence that it has an effective system in place. Defendant merely offers new so-called "facts" which are nothing more than speculation, opinion, and unsupported conclusions.

Although Ms. Martinez requires no further factual evidence to prevail on her previously filed motion for summary judgment (ECF No. 61), here she presents more complete evidence in response to Defendant's motion for the purpose of demonstrating that the County still is not in

---

[1] Further discussion of this is set forth in Plaintiff's reply brief (ECF No. 64).

compliance with the ADA and that their unsupported conclusory claims are not supported with admissible facts. Ms. Martinez urges the Court not to find a "dispute" simply because Plaintiff presents proof that Defendant's unfounded and unsupported claims are factually incorrect. Defendant should not be allowed to avoid justice by attempting to create issues of fact out of thin air and claiming it has ill-defined and unproven plans in place to comply with the ADA at an indeterminate date in the future. The County carries the burden of proving that, in reality and not fantasy, an alternative to Ms. Martinez's requested scribe is equally effective. It has not done so and cannot do so, particularly in light of Ms. Martinez's expert evidence, gathered in response to Defendant's newly asserted factual claims, demonstrating the ongoing inaccessibility of the electronic FBNS form used both in the CRO and online.

## II.  ARGUMENT

### A.  The Court should strike the County's improper motion for summary judgment and exclude its new factual contentions.

The County submitted its motion for summary judgment, in violation of the Court's prior orders, and relying on evidence that it has previously failed to disclose to Plaintiff through supplemental discovery and that lacks expert support for its conclusory judgments.

Plaintiff thus objects to Defendant's improper second Motion for Summary Judgment embedded in their opposition brief (ECF No. 63) because it violates the Court's August 13, 2021 Case Management Order (ECF No. 33) (June 30, 2022 deadline), Fed. R. of Civ. Proc. 56(b), Civ. L. R. 7-2(a), and the Court's 10/20/22 Order for *Plaintiff* to File Motion for Summary Adjudication (ECF No. 58) (emphasis added). Accordingly, the Court should strike this improper motion as untimely and unauthorized.

Plaintiff further objects to the newly alleged facts in Defendant County of Alameda's Supplemental Statement of Uncontroverted Facts in Support of Opposition to Plaintiff's Motion for Summary Judgment on Declaratory Relief and County's Motion for Summary Judgment on Declaratory Relief (ECF No. 63-1). In addition to the evidentiary objections set forth in Plaintiff's Objections and Response to Defendant County of Alameda's Supplemental Statement of Uncontroverted Facts, which accompanies this brief, these newly alleged factual claims should be

disregarded because they have not been timely disclosed. Although many of these have been known by Defendant since at least early October (*see* Def.'s Suppl. Statement of Uncontroverted Facts in Supp. Of Oppo. To Pl.'s Mot. For Summ. J. on Declar. Relief and Mot. For Summ. J. on Declar. Relief ("Def.'s Suppl. Facts") ¶ 11, ECF No. 63-1), and although this knowledge is within exclusive control of Defendant, Defendant has propounded no new supplemental discovery responses (*see, e.g.,* Fed. R. of Civ. Proc. 26(e)) nor otherwise provided Plaintiff with any opportunity to review these new factual claims in advance of their motion. Accordingly, Fed. R. Civ. Proc. 37(c) prohibits the use of this evidence in support of Defendant's motion without a showing that the failure was substantially justified or harmless.

**B. Defendant does not offer competent evidence about present or future equally effective communications.**

*1. Defendant has not shown with competent evidence that the newly available current system is accessible.*

Even if the motion and new evidence are considered, Defendant does not present competent evidence sufficient to show that it currently has an equally effective alternative to provide two-way communication to blind individuals like Ms. Martinez. With the sole evidentiary support of the Declaration of Matt Yankee ("Yankee Declaration" or "Yankee Decl.") (ECF 63-3), Defendant now claims it has a new "reasonable accommodation that ensures persons with disabilities have access to the CRO's services, programs and activities" while in-person at the counter in the CRO. (Def.'s Oppo. To Pl.'s Mot. For Summ. J. on Declar. Relief and Mot. For Summ. J. on Declar. Relief ("Def.'s MSJ #2") at 8-9, ECF No. 63; *see also* Def.'s Suppl. Facts ¶ 7-11, ECF No. 63-1.)

According to Defendant, this new system relies on the same online FBNS form in PDF format that is made available to the public generally. (*See* Def.'s Suppl. Facts ¶ 9.) But undisputed expert testimony gathered in response to Defendant's new factual assertions demonstrates that Defendant's FBNS PDF form is not accessible and does not permit a blind person to nonvisually fill out and complete the form using JAWS or another screen reader. (*See* Pl.'s Suppl. Statement of Undisputed Facts in Supp. of Pl.'s Oppo. to Def.'s Mot. for Summ, J. on Declar. Relief ("Pl.'s

Suppl. Facts") ¶ 47.) In short, all the County has successfully done to date is to install "screen-access software for persons with vision disabilities called Jobs Access With Speech ('JAWS')" on a CRO computer (Def.'s Suppl. Facts ¶ 8) and then made available through that computer an inaccessible electronic FBNS form that cannot be filled out or completed with JAWS (Pl.'s Suppl. Facts ¶ 47; *see also* Def.'s Suppl. Facts ¶ 9-10). This inaccessible system is not an equally effective alternative to a scribe.

But even without Plaintiff's expert evidence, nothing in the Yankee Declaration suffices as competent evidence that the newly available system now in place provides for equally effective communication with CRO customers who are blind.

Mr. Yankee does not demonstrate he has the personal knowledge to support his assertions about the newly available system. The submitting party bears the burden of showing that the evidence is admissible as presented, or that it could be presented in admissible form at trial. *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538–39 (4th Cir. 2015). If the declaration's content makes clear that the declarant relies on information from others rather than firsthand participation or experience, the court may properly refuse to consider the declaration as not based on personal knowledge. *See Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir 2001). Such is the case here as, for example, Mr. Yankee states only "on information and belief" that "the JAWS screen access software allows persons with vision disabilities to perceive written text on a computer screen." (Yankee Decl. ¶ 3.) This is not sufficient, either as factual support for effective two-way communication or as admissible evidence. A statement by a declarant that he "believes" a fact to be true or attests to a fact upon "information or belief" does not satisfy the requirement that the witness have personal knowledge of the fact. *See, e.g., Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1317 (11th Cir. 2011); *Hlinka v. Bethlehem Steel Corp.*, 863 F.2d 279, 282 (3d Cir. 1988).

Relatedly, Mr. Yankee's declaration does not show that the County has ever actually achieved effective communication with its newly available system. Thus, Mr. Yankee claims (with no explanation as to how he acquired the knowledge) that the CRO tested and "confirmed that the JAWS screen access software is able to read the FBNS" (Yankee Decl. ¶ 4.) But the ability to

*read* a form is not sufficient for an auxiliary aid or service to be equally effective to a scribe—one must also be able to complete and modify a form as part of two-way communication. And testing that a form can be read does not support Mr. Yankee's conclusion that "as of October 7, 2022," blind individuals will be able to complete an FBNS at the CRO. (Yankee Declaration ¶ 4.) Mr. Yankee then goes on to describe what might be possible "should any corrections to the FBNS be required": a CRO clerk "will be able to review," and the patron "could then correct," and the CRO "will print a copy" of the completed form and then assist the person to sign it. (*See* Yankee Decl. ¶ 5.) This is unsupported speculation, not competent evidence.

Furthermore, the County has failed to introduce any evidence that a single individual who is blind, or otherwise qualified to access the experience of blind users, has been able to successfully utilize the newly available system to complete or to modify an FBNS. With these purported "facts," the County cannot show the system in place now is functional, let alone equally effective. The Yankee Declaration simply does not support a finding that the County now provides equally effective two-way communication equivalent to a scribe, as required by the ADA.

> **2. Ms. Martinez has already established by undisputed factual evidence that the online FBNS in PDF format did not provide equally effective communication for her in March 2019.**

Even accepting the facts in the declaration of Matt Yankee as true, Defendants do not create an issue of fact because Ms. Martinez has already established by substantively undisputed fact that the online FBNS in PDF format was ineffective for her. As Plaintiff stated in her Separate Statement of Undisputed Facts (ECF No. 45):

> **Undisputed Fact No. 7:** The electronic FBN form Ms. Martinez downloaded in March 2019 was not fully accessible: it was formatted in a manner that prevented screen reader users like Ms. Martinez from independently completing and signing it. (LM Decl. ¶¶ 2-4; LM Dep. 94:17-95:9.) Due to the inaccessibility of that PDF form, she was unable to complete and sign it without the assistance of a sighted companion acting as a reader. (LM Decl. ¶¶ 2-4; LM Dep. 94:17-95:9.)

**Undisputed Fact No. 39.** As of at least March 2022, the online PDF FBN form posted on the County's website was still not independently accessible to Ms. Martinez. (LM Decl. ¶ 9.)

Defendant's only objections and responses attack Ms. Martinez's recall of the details of her inability to independently complete the FBNS form with her screen reader. (*See* Def.'s Obj. and Statement of Controverting Facts in Resp. to Pl.'s Separate Statement of Facts ¶ 7, ECF No. 48-1.) Yet, Defendant never disputed her core factual statement that the FBNS form was not accessible to her and never presents any evidence themselves that the available FBNS form in PDF format was meaningfully accessible.

And, indeed, Ms. Martinez's new experts, retained as a response to Defendant's attempt to introduce new, not previously disclosed facts, shows that Ms. Martinez's recall was correct: the FBNS form in PDF format that was available to her then in March 2019 "was not accessible under any professional standard and could not be independently completed by a blind person who needs non-visual access through screen reader technology such as JAWS." (Pl.'s Suppl. Facts ¶ 43.) As such, Ms. Martinez could *never* have completed it independently, either at home for later submission by mail or using her phone at the CRO. Moreover, any use of the FBNS PDF form when Ms. Martinez visited in 2019 would never have been equal in terms of timing and service to over the counter at the CRO because she would have been required to use the mail or rely on family and friends outside of the CRO for help.

### 3. The newly available online FBNS form in PDF format is also not accessible.

Defendant's failure to properly support their evidentiary claim that their newly available system is accessible is not merely a matter of imprecise drafting. In assessing the truth of Defendant's recently introduced conclusions that the FBNS form in PDF format was accessible as of October 2022, Plaintiff's newly retained experts evaluated the FBNS form referenced by Defendant (Def.'s Suppl. Facts ¶ 9) and determined that the currently available online FBNS form in PDF format—critically necessary for Defendant's newly available alternative system—*still* "cannot be independently completed by a blind person who needs non-visual access through screen

reader technology such as JAWS." (Pl.'s Suppl. Facts ¶ 45.) Because of this verified inaccessibility, no blind person visiting the CRO today would be able to complete the FBNS form independently while at the CRO, even if they might be able to hear JAWS read some of the instructions on the form. Defendant's conclusory claim to the contrary (Def.'s Suppl. Facts ¶ 11) is inadmissible and creates no genuine dispute of material fact. As such, Defendant's new system, based on the facts in the record, does not constitute an equally effective alternative to the provision of a human scribe—the provision of which the Declaration of Lucia Greco shows could readily be delivered such that Ms. Greco could file her FBNS in-person at the CRO within 5 minutes.[2] Defendant has a burden to show that its new system is equally effective as the quick and convenient five-minute scribe solution. The County has offered no detail whatsoever to state how much time and difficulty is associated with using its inaccessible FBNS PDF form. The reason for this omission is clear: the FBNS PDF form can never be filled out by a blind person with JAWS.

### C. Defendant has not provided competent evidence that a future online FBNS system will be equally effective.

The County has not shown that it will comply with the ADA in the future, because it has provided no competent evidence of how, or even whether, the hoped-for technology will work in the future. The County contends it will introduce a new electronic FBNS, but admits it is not in use now. (Def.'s Suppl. Facts ¶ 4.) Mr. Yankee's speculation in his declaration that underlies this supposed "fact" about this system is fundamentally inadmissible. Mr. Yankee states that the system is a "final testing phase" (Yankee Decl. ¶ 4), then concludes "persons with vision disabilities will be able to complete the electronic FBNS" (*id.* at ¶ 5), but he does not specify, for example, who conducted the testing, whether Mr. Yankee personally reviewed the results of the testing, or whether the testing was specific to ADA-compliance issues. Mr. Yankee may not competently testify as to the operation and future capacities of such an electronic FBNS, pursuant to the Federal Rules of Evidence, because Fed. R. of Evid. 602 states that unless a witness is an expert

---

[2] Defendant has provided no explanation as to why it provided Ms. Greco with scribe services as an auxiliary aid or service while at the CRO but maintains it has a policy against doing so and will not do the same for Ms. Martinez.

under Fed. R. of Evid. 703, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." There is nothing in the Yankee Declaration that demonstrates that Mr. Yankee has personal knowledge of the operation of the electronic FBNS, nor of the relevant testing results, nor of its future accessibility.

Because Mr. Yankee has no established credentials relevant to accessible technology, he will not be permitted to testify regarding accessibility features for which he has no first-had knowledge. Rule 701 states:

> "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Mr. Yankee has not established that any of the conclusions he draws with regard to the accessibility of the electronic FBNS are based in any way on his own perception (or even that of other members of the CRO). Accordingly, he cannot competently testify to the facts alleged because he has not established any qualifications regarding testing computer systems to assess ADA compliance.

Even if Matt Yankee were qualified to offer expert testimony, he would not be able to do so about the accessibility of the electronic FBNS because such testimony is not "based on sufficient facts or data;" as required by Rule 702. Mr. Yankee never establishes that significant accessibility testing has been completed successfully.

Accordingly, the County attempts to obtain summary judgment based on its self-serving, unqualified, inadmissible (even for summary judgment purposes) testimony that once the new system is implemented, it will be accessible. Without further evidence being introduced or considered, the County's arguments fail to provide a proper basis for summary judgment and fail

to create an issue of fact regarding Plaintiff's motion. Defendants simply speculate that their new system will be equally effective for users who are blind, but do not show that a single person who is blind has successfully used the new electronic FBNS system, even in testing.

### D. This case is not moot.

Defendant claims the case is now moot because it now complies with the ADA. However, as Plaintiff has shown, Defendant steadfastly refuses to comply with the ADA and cannot even present a question of fact as to its compliance. Even if Defendant made a showing of a question of fact as to its current or future compliance, such finding would not entitle Defendant to prevail on the question of mootness. "The burden of demonstrating mootness 'is a heavy one.'" *Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383, 59 L. Ed. 2d 642 (1979). The classic statement of the burden on defendants, and the corresponding remedial burden on plaintiffs, is *U.S. v. W. T. Grant Co.*, 345 U.S. 629, 73 S. Ct. 894, 97 L. Ed. 1303 (1953). Public officials who claim that a changed course of behavior moots a challenge to their prior actions bear a "heavy burden" of persuading the court that resumption cannot reasonably be expected: "It is no small matter to deprive a litigant of the rewards of its efforts, particularly in a case that has been litigated up to this Court and back down again. Such action on grounds of mootness would be justified only if it were absolutely clear that the litigant no longer had any need of the judicial protection that it sought." *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222, 224, 120 S. Ct. 722, 725, 726, 145 L. Ed. 2d 650 (2000).[3]

### III. CONCLUSION

Defendants have not raised genuine disputes of material facts; they only manufacture contestable conclusions drawn from facts. And when Defendant's conclusory, speculative, foundationless, and otherwise inadmissible facts are eliminated, what remains is instead a dispute about the legal implications of admissible undisputed facts. And the competent evidence presented entitles

---

[3] Should the Court find any portion of Defendant's Motion persuasive on mootness, Plaintiff requests leave to conduct additional discovery on Defendant's insertion of a new theory into the case without disclosing evidence of the same. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). *Jacobson v. United States Dep't of Homeland Sec.*, 882 F.3d 878, 883 (9th Cir. 2018).

Ms. Martinez, and not the County, to judgment in her favor on declaratory relief, as a matter of law.

The Court should deny Defendant's untimely and unauthorized Motion for Summary Judgment on Declaratory Relief.

DATED: December 22, 2022

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy Elder

*Attorneys for Plaintiff*