TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:     (415) 873-9199
Facsimile:      (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
1500 Dragon St. Suite 160
Dallas, Texas 75039
Telephone:     (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA, MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity, <br><br> Defendants. | Case No. 3:20-cv-06570-TSH <br><br> **PLAINTIFF'S OBJECTIONS AND RESPONSE TO DEFENDANT COUNTY OF ALAMEDA'S SUPPLEMENTAL STATEMENT OF UNCONTROVERTED FACTS** <br><br> Hearing Date: January 5, 2023 <br> Hearing Time: 9:30am <br> Courtroom: by Zoom video conference <br> Judge: Hon. Thomas S. Hixson |

Plaintiff responds and objects to Defendant County of Alameda's Supplemental Statement of Uncontroverted Facts in Support of Opposition to Plaintiff's Motion for Summary judgment on Declaratory Relief and County's Motion for Summary Judgment on Declaratory Relief (ECF No. 63-1) as follows:

Plaintiff notes that Defendant has not supplemented its discovery responses in support of any of its factual claims in any of its statements of facts, despite the obligations of Fed. R. Civ. Proc. Rule 26(e)(1).

| | DEFENDANT'S SUPPLEMENTAL STATEMENT OF FACTS | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| 1. | The CRO is always considering ways to make its services more user-friendly. In order to provide additional accessibility to its patrons, and beginning before this action was filed, the CRO has been working with a vendor who supports the County's Clerk-Recorder system, to provide patrons with an electronic FBNS that may be completed on kiosks in the physical CRO and online. Declaration of Matt Yankee in Support of the County's Opposition to Plaintiff's Motion for Summary Judgment on Declaratory Relief ("Yankee Decl.")), ¶ 3. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.**<br><br>Disputed inasmuch as the kiosks never have allowed for the filing of an FBNS form. (Fine Decl. ¶ 3, Ex. A, AC Dep. 65:6-9, ECF No. 48-5) and still do not (Yankee Decl. ¶ 3, ECF No. 63-3 (describing it as "imminent").<br><br>Undisputed inasmuch as Plaintiff currently lacks any further contradictory information regarding intent or future goals. |
| 2. | Specifically, the vendor provided the CRO with an upgraded software suite that partially went live in or about January 2020. Yankee Decl., ¶ 3. | **Objection: Relevance.**<br><br>Content is substantively identical to Def.'s Statement of Facts ("Def. MSJ #1 Facts") ¶ 53, ECF No. 48-2. Plaintiff thus incorporates her prior response to this factual claim in Plaintiff's Reply Statement of Facts and Objections ("Pl. MSJ #1 Objs.") ¶ 53, ECF No. 49-1. As noted there, the system does not currently allow for the filing of an FBNS form. |
| 3. | The vendor has continued to work on additional components for the suite, including the electronic FBNS that can be completed electronically on kiosks that are already physically located in the CRO for | **Objection: Relevance.**<br><br>Content is substantively identical to Def. MSJ #1 Facts ¶ 54. Plaintiff thus incorporates her prior response to this |

| | DEFENDANT'S SUPPLEMENTAL STATEMENT OF FACTS | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| | patrons to use, as well as online. Yankee Decl., ¶ 3. | factual claim in Pl. MSJ #1 Objs. ¶ 54. As noted there, this is generally undisputed, but incomplete, as there is no identified vendor to address accessibility issues. (*Id.*) |
| 4. | The electronic FBNS is now in the final testing phase and implementation is imminent. Yankee Decl., ¶ 3. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.** |
| 5. | Once the vendor implements the electronic FBNS, persons with vision disabilities will be able to complete the electronic FBNS in the CRO, on a kiosk that the CRO has already reserved for disabled persons, and using screen-access software for persons with vision disabilities called Jobs Access With Speech ("JAWS"), which the CRO has already procured and installed on the kiosk reserved for disabled persons. Yankee Decl., ¶ 3. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.** |
| 6. | Additionally, persons with vision disabilities will be able to access and complete the electronic FBNS online. Yankee Decl., ¶ 3. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.** |
| 7. | Until the implementation of the new electronic FBNS, and in furtherance of its perpetual goal of making its services more user-friendly, the CRO has taken steps to ensure that persons with vision disabilities can presently complete an FBNS on a kiosk in the CRO. The CRO has already reserved one of the kiosks in the CRO for use by disabled individuals only. Yankee Decl., ¶ 4. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.**<br><br>Undisputed as to the CRO having "taken steps" but incomplete and ambiguous as to any conclusion regarding the functionality for a real blind individual to presently successfully read, fill out, sign, and then file an FBNS at the CRO. |
| 8. | The CRO has also already procured and installed JAWS screen access software on that kiosk for use by persons with vision disabilities. Yankee Decl., ¶ 4. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation.**<br><br>Disputed as to the characterization of the current device as a "kiosk." |

| | DEFENDANT'S SUPPLEMENTAL STATEMENT OF FACTS | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| 9. | The CRO then connected that kiosk to the internet and downloaded a copy of the blank, fillable FBNS that is already available on the CRO's website at: http://co.alameda.ca.us/forms/auditor/GBNS275321FictitiousBusinessNameStatement-REV111422.pdf. Yankee Decl., ¶ 4. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation.**<br><br>This link is not functional and not specifically listed in the Yankee Declaration as suggested by the statement. Therefore, Plaintiff evaluates the FBNS form that is linked from Defendant's website as noted in the Yankee Declaration. Based on what is available and linked, the "electronic FBNS form … cannot be independently completed by a blind person with JAWS or another screen reader." (Pl. Suppl. Statement of Undisputed Facts ¶ 47.) |
| 10. | The CRO then tested the JAWS screen access software with the online, fillable FBNS, and confirmed that the JAWS screen access software is able to read the FBNS. Yankee Decl., ¶ 4. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.**<br><br>Undisputed as to reading the FBNS with JAWS, but incomplete because reading a form is not the same thing as filling one out. |
| 11. | Accordingly, as of October 7, 2022, persons with vision disabilities have the opportunity to complete the online, fillable version of the FBNS on the kiosk in the CRO reserved for disabled persons, using the JAWS screen access software. Yankee Decl., ¶ 4. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.**<br><br>Inasmuch as any part of this conclusory statement is admissible, Plaintiff offers more precise evidence clearly showing that it is currently not possible "to complete the online, fillable version of the FBNS … using the JAWS screen access software," as Def. claims, because the "electronic FBNS form … cannot be independently completed by a blind person with JAWS or another screen reader" (Pl. Suppl. Statement of Undisputed Facts ¶ 47.) |

| | DEFENDANT'S SUPPLEMENTAL STATEMENT OF FACTS | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| 12. | Should any corrections to the FBNS be required, a CRO clerk will be able to view the FBNS on the kiosk's screen and direct the individual with a vision disability to the items which need to be corrected, which the individual could then correct him or herself using the kiosk's JAWS screen access software. Yankee Decl., ¶ 5. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.**<br><br>Inasmuch as any part of this conclusory statement is admissible, Plaintiff offers more precise evidence clearly showing that it is currently not possible "to complete the online, fillable version of the FBNS … using the JAWS screen access software," as Def. claims, because the "electronic FBNS form … cannot be independently completed by a blind person with JAWS or another screen reader" (Pl. Suppl. Statement of Undisputed Facts ¶ 47.) |
| 13. | The CRO will then print a copy of the completed FBNS for the patron (whether the patron completes the FBNS in the CRO or online and it is so requested) and assist the individual with a vision disability with signing the form. This is true with respect to the online FBNS that is currently available on the CRO's kiosk reserved for disabled persons, as well as the eventual electronic FBNS that will be implemented on the kiosk by the County's vendor. Yankee Decl., ¶ 5. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.** |
| 14. | The CRO will continue to reserve a kiosk for use by persons with disabilities equipped with screen access software, and will continue to provide persons with vision disabilities the opportunity to complete an FBNS on that kiosk, including after this case concludes. The CRO has no plans to remove that feature. Yankee Decl., ¶ 6. | **Objection: Relevance, lack of foundation, lack of clear personal knowledge, hearsay, speculation, conclusory with insufficient factual support.** |

DATED: December 22, 2022							Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy Elder

*Attorneys for Plaintiff*