Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA  94588
Telephone:     (510) 999-7908
Facsimile:     (510) 999-7918

Attorneys for Defendant
COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>                    Defendant. | Case No.  20-cv-06570-TSH<br><br>**DEFENDANT COUNTY OF ALAMEDA'S OBJECTION AND MOTION TO STRIKE SUR-REPLY FILED BY PLAINTIFF LISAMARIA MARTINEZ**<br><br>DATE:          January 5, 2023<br>TIME:          9:30 a.m.<br>DEPT:          Courtroom G (15th Floor)<br>JUDGE:        Hon. Thomas S. Hixson |

1  Plaintiff Lisamaria Martinez ("Plaintiff") and the County of Alameda ("County") previously filed cross-motions for summary judgment or partial summary judgment. See ECF Nos. 44, 48. The Court issued an Order on August 11, 2022, denying Plaintiff's prior motion for partial summary judgment in its entirety, while denying in part and granting in part the County's prior motion for summary judgment. ECF No. 54. On October 20, 2022, counsel for the parties attended a remote status conference with the Court, during which counsel advised the Court of legal issues which must be resolved in order to facilitate resolution. Accordingly, the parties agreed to the submission of further briefing addressing Plaintiff's cause of action for declaratory relief, to obtain the necessary legal rulings from the Court. After lengthy discussion, the parties and the Court agreed to a specific briefing schedule, as reflected in the Court's order in ECF No. 58.

Specifically, on October 20, 2022, the Court issued an order that Plaintiff was to file a motion for summary adjudication by November 17, 2022, on Plaintiff's cause of action for declaratory relief, specifically addressing the issue of whether the County is required to provide scribe services under the ADA. ECF No. 58. The Court also ordered the County to "respond" by December 8, 2022, and ordered Plaintiff to file her reply by December 15, 2022. Id. The Court set the hearing for January 5, 2023, at 9:30 a.m. Id.

In accordance with the Court's instructions, Plaintiff filed her motion for summary adjudication ("Plaintiff's MSA") on November 17, 2022 (ECF Nos. 61, 62), which did not include any new alleged material facts and instead relied solely on the alleged material facts that Plaintiff relied upon in her prior motion for partial summary judgment (see ECF Nos. 44, 45). On December 8, 2022, the County filed its response to Plaintiff's MSA, which included the County's opposition to Plaintiff's MSA, as well as the County's own MSA on Plaintiff's declaratory relief cause of action. ECF Nos. 63, 63-1 to 63-3. The County's MSA did not seek or request any additional briefing outside of the Court-ordered briefing schedule and simply sought the exact same relief sought in Plaintiff's MSA – adjudication of the declaratory relief cause of action. Id. It would be a waste of judicial resources to have the Court analyze the merits of the declaratory relief cause of action without contemporaneously determining if it should be dismissed.

///

On December 15, 2022, Plaintiff filed her reply brief.  ECF No. 64.  Notably, Plaintiff did not simultaneously submit any response to the County's Supplemental Separate Statement of Uncontroverted Facts.  Then, without first requesting permission from the Court, Plaintiff proceeded to file an unauthorized sur-reply on December 22, 2022, in the form of a purported "Opposition" to the County's MSA, which includes not only an additional 10 pages of unauthorized briefing, but also purports to submit additional evidence and facts.[1]

The County hereby objects to, and moves to strike, Plaintiff's sur-reply.  Plaintiff's sur-reply was not authorized by the Court, nor was the introduction of new purported evidence and facts, and, as such, the County respectfully requests that all such submissions by Plaintiff on December 22, 2022, be stricken and disregarded entirely.  However, should the Court be inclined to consider the additional, unauthorized briefing, then the County respectfully requests the January 5, 2023 hearing be continued to allow the County at least three (3) weeks to submit a response to Plaintiff's sur-reply, including submitting rebuttal evidence in response to the new alleged evidence inappropriately submitted by Plaintiff.  The request for at least three weeks is based in part on the fact that both attorneys for the County, Kevin Gilbert and Nicholas Fine, recently contracted COVID, which has significantly limited and will continue to limit their ability to work on this matter in the coming weeks.

Dated:  December 28, 2022            Respectfully submitted,

**ORBACH HUFF + HENDERSON LLP**

By:   /s/ *Kevin E. Gilbert*
      Kevin E. Gilbert
      Nicholas D. Fine
      Attorneys for Defendant
      COUNTY OF ALAMEDA

---

[1] In addition, Plaintiff filed her "Objections and Response" to the County's Supplemental Separate Statement of Uncontroverted Facts with her sur-reply on December 22, 2022.  ECF No. 65-1.  In accordance with this Court's order on August 13, 2021 (ECF No. 33), such a response and objection to the County's Supplemental Separate Statement of Uncontroverted Facts was due with Plaintiff's reply brief on December 15, 2022.  As such, Plaintiff failed to timely submit her Objections and Response and that submission should be disregarded for this additional reason.  Similarly, to the extent Plaintiff has attempted to submit alleged new facts and evidence with her sur-reply, such new facts and evidence are not permitted in a reply brief and should be disregarded.  ECF No. 33.