TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:     (415) 873-9199
Facsimile:     (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
1500 Dragon St. Suite 160
Dallas, Texas 75039
Telephone:     (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>    Plaintiff,<br><br>    v.<br><br>**COUNTY OF ALAMEDA, MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>    Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT COUNTY OF ALAMEDA'S REPLY EVIDENCE**<br><br>Hearing Date: February 9, 2023<br>Hearing Time: 10:00 a.m.<br>Courtroom: by Zoom video conference<br>Judge: Hon. Thomas S. Hixson |

**OBJECTIONS TO REPLY EVIDENCE**

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiff objects to Defendant County of Alameda's reply evidence as presented in Defendant County of Alameda's Objection and Statement of Controverting Facts in Response to Plaintiff's Supplemental Statement of Undisputed Facts Regarding Plaintiff's Sur Reply in Support of Motion for Summary Judgment on Declaratory Relief (ECF No. 69-3).[1]

Plaintiff renews her objections to Defendant's newly presented evidence, including her objections on the basis of Federal Rules of Civil Procedure 26(e)(1) and 37(c) that Defendant has never supplemented its discovery responses in support of new factual claims.[2] In addition to the new facts it knew about as early as July and October 2022 but did not disclose to Plaintiff, the latest newly alleged facts—again never previously disclosed to Plaintiff—show that Defendant had still further details beyond what it had produced or testified about. This failure to disclose evidence prejudiced Plaintiff as, at the time she filed her second Motion for Summary Judgment at the behest of the Court, Plaintiff was unaware of key information that would have allowed her to conduct a more extensive investigation and expert analysis of facts known to Defendant.[3]

Moreover, the Court should not consider the belated introduction of evidence as it relates to these motions. Cross-motions for summary judgment are reviewed separately, giving the nonmoving party for each motion the benefit of all reasonable inferences. *Flores v. City of San Gabriel,* 824 F.3d 890, 897 (9th Cir. 2016). Accordingly, it is improper to raise factual evidence for the first time in a reply, as Defendant has done here without justification.

---

[1] For clarity, Plaintiff notes that, as is reflected in CM/ECF, Defendant's filing is not responding to a "sur-reply" but is a reply brief responding to Plaintiff's Opposition to Defendant's Motion for Summary Judgment on Declaratory Relief (ECF No. 65) filed to oppose Defendant's Notice of Motion and Motion for Summary Judgment on Declaratory Relief (ECF No. 63).

[2] Plaintiff notes that, while the Ninth Circuit has not ruled on the issue as yet, district courts in this circuit have done so: "The Court can definitively state that the Rule 26(e) duty to supplement or correct incomplete or incorrect responses does, in fact, extend beyond the discovery cutoff date." *Woods v. Google, Inc.*, No. C11-01263-EJD (HRL), 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28, 2014). For a more complete and nuanced discussion of when the duty to supplement might or might not apply after the close of discovery, see *Sanders v. Univ. of Idaho, Coll. of Law*, No. 3:19-CV-00225-BLW, 2022 WL 280875, at *2-5 (D. Idaho Jan. 31, 2022).

[3] After Defendant alleged on 12/8/2022 that an accessible kiosk was available, Plaintiff quickly sent a tester on 12/15 to attempt to evaluate the kiosk in practice, but that tester was instead accommodated with the exact scribe services Plaintiff seeks. (*See* Greco Decl., ECF No. 65-5.)

Plaintiff also notes that in addition to the belated nature of this reply, marking a factual claim as "disputed" is insufficient absent a showing that a sufficient factual basis for that dispute exists *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (more than the "mere existence of a scintilla of evidence" is required to create a genuine dispute of material fact).

## I.   DECLARATIONS & EXHIBITS

### A.   To Supplemental Declaration of Nicholas D. Fine & Exhibit 1 (ECF No. 69-1)

Plaintiff objects that this declaration and exhibit are not relevant as they discuss vague future plans for an accessible kiosk but do not disclose the facts and evidence later relied on by Defendant in its 12/8/22 Motion for Summary Judgment on Declaratory Relief (ECF No. 63) about the kiosks operations in practice, information apparently known to Defendant as early as July 2022 and October 2022 (Yankee Suppl. Decl. ¶¶ 7-8, ECF No. 69-2).

### B.   To Supplemental Declaration of Matt Yankee (ECF No. 69-2)

|  | YANKEE DECLARATION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| ¶ 3 | "…I understand that Plaintiff has asserted, for the first time, that there are aspects of the FBNS (other than the signature line) that are inaccessible using JAWS." | **Objection: Relevance, lack of foundation, hearsay, speculation.**<br><br>While Plaintiff does not dispute that Mr. Yankee had this understanding, Ms. Martinez *did* previously disclose problems with the electronic FBNS's accessibility beyond the signature line, including in her deposition and in a declaration. (*See, e.g.,* Depo. of Martinez 94:17-96:1, ECF No. 45-3; Decl. of Martinez ¶¶ 2-4, ECF No. 45-1) |
| ¶ 4 | "While I can confirm the CRO tested JAWS to ensure it can read the version of the FBNS that is installed on the kiosk, I am not blind and I could not possibly replicate the experience a blind individual would have using the kiosk. However, even if there is some text or checkbox on the form that cannot be read by JAWS, that is completely irrelevant where CRO clerks are authorized to and will assist the person with vision disabilities using the kiosk…" | **Objection: Relevance, lack of foundation, lack of personal knowledge, hearsay, speculation, conclusory.**<br><br>Plaintiff does not dispute that this is what Mr. Yankee—who has provided no evidence of possessing any expertise on accessibility and acknowledges he lacks personal experience with blindness—*believes* will happen and that he *believes* this is sufficient. |

| | YANKEE DECLARATION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| ¶ 5 | Persons using kiosk are in the CRO and surrounded by CRO employees who will assist them. | **Objection: Relevance, speculation, lack of foundation, conclusory.**<br><br>Merely being in the CRO does not mean that CRO employees will necessarily assist in a timely and individually effective manner, even if Mr. Yankee *believes* this will happen. |
| | The only difference with this CRO-assisted kiosk approach is lower liability concerns for the CRO. | **Objection: Relevance, speculation, lack of foundation, conclusory.**<br><br>This assertion is not proper evidence that no such differences (*e.g.,* timeliness, reliability) exist for disabled individuals like Ms. Martinez. Additionally, speculation about liability concerns are irrelevant as a factual matter and any such liability is encompassed by the defenses of undue burden and fundamental alteration for which no evidence has been adduced. |
| ¶ 6 | CRO will print forms for individuals with vision disabilities and assist with signing | **Objection: Speculation.** |
| ¶ 7 | Visit to CRO on 7/26/2022 by customer with "a vision disability" who requested a scribe. The CRO division chief contacted Mr. Yankee, the clerk informed the customer that the CRO could not provide a scribe as requested, and then Mr. Yankee and the division chief worked together to have another County employee from IT set up the kiosk. Mr. Yankee guided customer through the form and read it while customer typed on kiosk. CRO printed, customer signed, and CRO filed it. | **Objection: Hearsay, lack of foundation, vague and ambiguous.**<br><br>Although there is insufficient foundation for a full analysis—and Plaintiff just learned of this as of 1/19/23—statements regarding the contents of the form and Mr. Yankee's recollection of his own statements are hearsay not within an exception, as are recollections grounded in the customer's statements. Furthermore, Mr. Yankee's narrative is lacking the support for showing that no material differences exist between this alleged event and the specific individual circumstances of disabled individuals like Ms. Martinez, nor does it describe relevant factors like reliability, timeliness, etc.<br><br>Though there are no timeframes provided by Mr. Yankee, compare the process as described by him with that described by Plaintiff's blind tester when she filed an FBNS at the CRO on 12/15/22 using non-electronic scribe services. (Greco Decl. ¶¶ 4-11, ECF No. 65-5.) |
| | "… This was a simple and straightforward process that allowed the customer to obtain the service she was seeking …" | **Objection: Relevance, hearsay, speculation, lack of foundation, conclusory.**<br><br>Mr. Yankee is reporting what *he* thinks the customer sought. Without any evidence from the customer themselves, this is unfounded speculation that |

| YANKEE DECLARATION | PLAINTIFF'S OBJECTIONS |
|---|---|
| | assumes knowledge about the customer's intent and desires. Although it lacks sufficient foundation to fully evaluate, it likely also attempts to introduce the customer's statements and the content of the documents, which are hearsay not within an exception. Although the customer's statements such as "I would like to file X" and "I am satisfied with the service I received" are not presented directly in quotes, a basis of such statements would be impermissible hearsay, as would Mr. Yankee's own statements to the extent they are presented to show effective communication occurred. Furthermore, "simple and straightforward" is Mr. Yankee's conclusory, non-expert opinion about the process *for him*. Compare this conclusion with that of Plaintiff's blind tester for whom the CRO provided non-electronic scribe services, resulting in a process that "took less than five minutes to complete." (Greco Decl. ¶ 9, ECF No. 65-5.) |
| "…while allowing the CRO to avoid the significant liability that would arise from the provision of scribe services. …" | **Objection: Relevance, speculation, lack of foundation, conclusory.**<br><br>Plaintiff does not dispute that Mr. Yankee believes this. But this assertion is not proper evidence that no such differences (*e.g.,* timeliness, reliability) exist for disabled individuals like Ms. Martinez, specifically.<br><br>Speculation about liability concerns is irrelevant as a factual matter and any such liability is encompassed by the defenses of undue burden and fundamental alteration for which no evidence has been adduced. |
| ¶ 8 | "Finally, the kiosk in the CRO, with JAWS screen access software and an electronic version of the FBNS, is and has been available to disabled members of the public since October 2022." | **Objection: Lacks foundation, vague and ambiguous.**<br><br>Although known to Defendant since October 2022, this was not disclosed to Plaintiff until 12/8/22. On 12/15/22, Plaintiff did send a blind tester to evaluate the kiosk in practice, but she could not even confirm that one was available at all as she was provided non-electronic scribe services instead. (*See* Greco Decl., ECF No. 65-5.)<br><br>That a kiosk as described here "has been made available" does not demonstrate that it functions for blind customers like Ms. Martinez, nor that it is available in a timely and consistently reliable manner (e.g., that it always works when needed) equivalent to the utility experienced by non-disabled customers. |

## II. STATEMENT OF CONTROVERTING FACTS (ECF NO. 69-3)

| | DEFENDANT'S "CONTROVERTING FACTS" | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| 43-47 (pp. 4-11) | CRO staff will assist with kiosk & kiosk assistance provided by Mr. Yankee in July 2022. | *See supra* Section I(B) (re Yankee Suppl. Decl. ¶¶ 3-7) |
| | Plaintiff previously testified the only aspect of the electronic form that required assistance was signing it | **Objection: Relevance, lack of foundation.**<br><br>Though irrelevant as a factual dispute for the purposes of summary judgment, Ms. Martinez *did* previously disclose problems with the electronic FBNS's accessibility beyond the signature line, including in her deposition and in a declaration. (*See, e.g.,* Martinez Dep. 94:17-96:1, ECF No. 45-3; Martinez Decl. ¶¶ 2-4, ECF No. 45-1) |
| | All other material in Defendant's responses to 43-47 | **Objection: Not fact evidence.**<br><br>The rest of the material in 43-47 consists of legal posturing and conclusory assertions rather than factual evidence. |
| 48-49 (pp. 11-13) | CRO staff will assist with kiosk & kiosk assistance provided by Mr. Yankee in July 2022. | *See supra* Section I(B) (re Yankee Suppl. Decl. ¶¶ 3-7) |
| | Demand for scribes would impact all public entities and forms, some not as simple/brief as FBNS | **Objection: Not fact evidence, relevance, lacks foundation or any support, misstates Plaintiff's position.**<br><br>Though not creating a relevant factual dispute for the purposes of summary judgment, Plaintiff notes that the State of California's Judicial Council directs state court clerks to provide scribe services exactly like those Plaintiff seeks. (*See* May I Help You? Legal Advice vs. Legal Information: A Resource Guide for Court Clerks (2003), ECF No. 62-2.) There is no evidence such a policy has caused harm.<br><br>Furthermore, such (potential) harm is encompassed by the defenses of undue burden and fundamental alteration for which no evidence has been adduced. |
| | All other material in Defendant's responses to 48-49 | **Objection: Not fact evidence.**<br><br>The rest of the material in 48-49 consists of legal posturing and conclusory assertions rather than factual evidence. |

DATED: January 26, 2023

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Kristopher A. Nelson*
Kristopher A. Nelson

*Attorneys for Plaintiff*