TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:   (415) 873-9199
Facsimile:   (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
1500 Dragon St. Suite 160
Dallas, Texas 75039
Telephone: (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6210 Stoneridge Mall Road, Suite 210
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

*Attorneys for Defendant County of Alameda*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>            Plaintiff,<br><br>    v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>            Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The Parties to the above-entitled action submit this Joint Case Management Statement pursuant to the Court's 10/20 Order (ECF No. 58).

## I. INTRODUCTION

This is an action for relief under Title II of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and the Disabled Persons Act. The Court previously dismissed Plaintiff's claims against individual defendants under Title V of ADA but left in place all other claims.[1]

## II. PENDING MOTIONS

In light of the cancelation of a scheduled settlement conference in advance of the trial, the Court continued the trial date, held a case management conference, and ordered Plaintiff's to file a Motion for Summary Adjudication on the question of "whether the County is required to provide scribe services under the ADA." (Order for Plaintiff to File Motion for Summary Adjudication and Vacating Other Pretrial and Trial Deadlines 1, ECF No. 58.) Plaintiff filed such a motion on November 17, 2022; the County filed its response on December 8, 2022, which included the County's opposition to Plaintiff's motion and the County's motion for the exact same relief sought in Plaintiff's motion – adjudication of Plaintiff's declaratory relief cause of action. Plaintiff filed further briefing and evidentiary submissions on December 22, 2022. (ECF No. 65.) On December 28, 2022, the County filed an Objection and Motion to Strike those submissions. (ECF No. 66.) On December 29, 2022, the Court denied the Objection and Motion to Strike, ordered the County to file a supplemental brief responding to Plaintiff's further briefing by January 19, 2023, and continued the hearing on the pending motions from January 5, 2023 to February 9, 2023. On January 19, 2023, the County filed its supplemental brief and supporting papers.

---

[1] To be clear, it is the County's position that the individual defendants have been dismissed entirely. The Title V claim was the only federal ADA claim asserted against the individual defendants, and Plaintiff has represented (as confirmed in the Order on the prior motions for summary judgment) that her state law claims are solely derivative of her ADA claims. ECF No. 54 (Order on Prior MSJ's), at 10:3-13. Therefore, because the Title V claim has been dismissed against the individual defendants, and was the only ADA claim asserted against them, the state law claims against the individual defendants did not survive, either. There are no surviving causes of action that remain asserted against the individual defendants, based on this Court's order. The County is the sole remaining defendant.

**Plaintiff's Position**

Plaintiff objected to Defendant's improper second Notice of Motion and Motion for Summary Judgment embedded in their opposition brief (ECF No. 63) because it violated the Court's 8/13/21 Case Management Order (ECF No. 33) (setting June 30, 2022 as the deadline to file dispositive motions), Federal Rule of Civil Procedure 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery"), Civil Local Rule 7-2(a) ("all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion"), and the Court's 10/20/22 Order for Plaintiff to File Motion for Summary Adjudication (ECF No. 58). Plaintiff opposed this untimely and unauthorized second Motion for Summary Judgment filed by Defendant and filed an opposition brief pursuant to the timeline in Civil Local Rule 7-3(a).

**The County's Position**

Plaintiff and the County previously filed cross-motions for summary judgment or partial summary judgment. See ECF Nos. 44, 48. The Court issued an Order on August 11, 2022, denying Plaintiff's prior motion for partial summary judgment in its entirety, while denying in part and granting in part the County's prior motion for summary judgment. ECF No. 54. On October 20, 2022, counsel for the parties attended a remote status conference with the Court, during which counsel advised the Court of legal issues which must be resolved in order to facilitate resolution. Accordingly, the parties agreed to the submission of further briefing addressing Plaintiff's cause of action for declaratory relief, to obtain the necessary legal rulings from the Court. After lengthy discussion, the parties and the Court agreed to a specific briefing schedule, as reflected in the Court's order in ECF No. 58.

Specifically, on October 20, 2022, the Court issued an order that Plaintiff was to file a motion for summary adjudication by November 17, 2022, on Plaintiff's cause of action for declaratory relief, specifically addressing the issue of whether the County is required to provide scribe services under the ADA. ECF No. 58. The Court also ordered the County to "respond" by December 8, 2022, and ordered Plaintiff to file her reply by December 15, 2022. Id. The Court set the hearing for January 5, 2023, at 9:30 a.m. Id.

In accordance with the Court's instructions, Plaintiff filed her motion for summary adjudication ("Plaintiff's MSA") on November 17, 2022 (ECF Nos. 61, 62), which did not include any new alleged material facts and instead relied solely on the alleged material facts that Plaintiff relied upon in her prior motion for partial summary judgment (see ECF Nos. 44, 45). Consistent with the parties' discussion with the Court during the October 20, 2022 status conference, on December 8, 2022, the County filed its response to Plaintiff's MSA, which included the County's opposition to Plaintiff's MSA, as well as the County's own MSA on Plaintiff's declaratory relief cause of action. ECF Nos. 63, 63-1 to 63-3. The County's MSA did not seek or request any additional briefing outside of the Court-ordered briefing schedule and simply sought the exact same relief sought in Plaintiff's MSA – adjudication of the declaratory relief cause of action. Id. It would be a waste of judicial resources to have the Court analyze the merits of the declaratory relief cause of action without contemporaneously determining if it should be dismissed.

On December 15, 2022, Plaintiff filed her reply brief. ECF No. 64. Notably, Plaintiff did not simultaneously submit any response to the County's Supplemental Separate Statement of Uncontroverted Facts. Then, without first requesting permission from the Court, Plaintiff proceeded to file an unauthorized sur-reply on December 22, 2022, in the form of a purported "Opposition" to the County's MSA, which includes not only an additional 10 pages of unauthorized briefing, but also purports to submit additional evidence and facts.[2]

Accordingly, the County objected to, and moved to strike, Plaintiff's sur-reply. On December 29, 2022, the Court denied the County's Objection and Motion to Strike Plaintiff's unauthorized Sur-Reply, ordered the County to file a supplemental brief responding to Plaintiff's Sur-Reply by January 19, 2023, and continued the hearing on the pending motions from January

---

[2] In addition, Plaintiff filed her "Objections and Response" to the County's Supplemental Separate Statement of Uncontroverted Facts with her sur-reply on December 22, 2022. ECF No. 65-1. In accordance with this Court's order on August 13, 2021 (ECF No. 33), such a response and objection to the County's Supplemental Separate Statement of Uncontroverted Facts was due with Plaintiff's reply brief on December 15, 2022. As such, Plaintiff failed to timely submit her Objections and Response and the County has requested that submission be stricken and disregarded for this additional reason. Similarly, to the extent Plaintiff has attempted to submit alleged new facts and evidence with her sur-reply, such new facts and evidence are not permitted in a reply brief and should likewise be disregarded. ECF No. 33.

5, 2023 to February 9, 2023. On January 19, 2023, the County filed its supplemental brief and supporting papers.

Any discussion regarding any potential further discovery should be deferred until after the legal issues in the pending motions are decided.

## III. SETTLEMENT AND ADR

A further settlement conference has been scheduled with Magistrate Beeler for March 7, 2023.

## IV. PRETRIAL AND TRIAL SCHEDULING

### Plaintiff's Position

The outcome of the pending cross motions for summary judgment may affect scheduling. Given Defendant's introduction of recent new facts about accommodations available in the CRO since October 2022, it may be necessary to reopen discovery on a narrowly defined basis. Supplemental discovery could be limited to an inspection, supplemental expert disclosures, and, if needed, expert depositions as to the accessibility of the kiosk in the CRO. Depending on the outcome of the pending motions and new trial date, Plaintiff may need an additional 30-45 days beyond those proposed below to conduct this limited supplemental discovery but expects it can be handled expeditiously.

Plaintiff also requests a fact cut-off date for trial to prohibit any facts occurring after that date from being presented at the trial. Without such a cut-off, a constantly shifting factual record may make it impractical to try the case.

The following proposed schedule by Plaintiff presumes a trial fact cut-off date of January 5, 2023 and that no such additional time will be necessary for supplemental discovery:

| EVENT | PROPOSED DATE |
|---|---|
| Exchange of Pretrial Disclosures and proposed jury instructions | 3/10/2023 |
| Deadline to File Pretrial Documents | 3/31/2023 |
| Deadline to File Oppositions to Motions in Limine | 4/6/2023 |
| Pretrial Conference | 4/20/2023 |

| Final Pretrial Conference | 5/1/2023 |
|---|---|
| Jury Trial (duration to be determined) | 5/08/2023 |

## The County's Position

The County does not believe further discovery is appropriate or necessary.  Indeed, Plaintiff already conducted discovery on the County's ongoing efforts to develop and implement technological advancements in the CRO.  Plaintiff's desire to reopen discovery to address matters that they did not deem relevant at the time is not a proper justification to reopen discovery. Moreover, the subject discovery issues should not ultimately be relevant to the pending legal issues – whether the ADA requires the County to provide scribe services - where such services are not otherwise part of the County's activities, programs and/or services, and where "effective communication" under the ADA does not include an endeavor in stenography, filling out legal forms for patrons.  Regardless, this is an issue that should be addressed after the Court has adjudicated the pending dispositive motions and after the parties have had an opportunity to participate in the further settlement conference.  As discussed further below, the County is requesting that the Court set a further status conference for two weeks after the March 7, 2023 settlement conference with Magistrate Beeler.

As for the request for a "fact cut-off" date, any such date would conflict with applicable law and would likely result in the Court improperly ignoring its obligation to assure jurisdiction exists.  Indeed, the removal of alleged barriers to access prior to trial can have the effect of mooting a plaintiff's ADA claim and mootness is a jurisdictional defect that can be raised at any time. See *Lopez v. Garcia Apartments, LLC,* 2014 WL 12696711, at *3 (C.D. Cal. Dec. 19, 2014). Should the CRO make any improvements to the kiosk prior to trial which improves the user's experience or accessibility in any way, the County intends to offer that evidence at trial.  Even if the Court were to impose a "fact" cutoff as Plaintiff has proposed, such facts would still be admissible to determine if modifications and/or technological advancements have mooted Plaintiff's claims as well as whether the Court continues to have jurisdiction over this matter.

Mootness is a threshold issue as federal court jurisdiction depends on a live case or controversy—without a live, concrete controversy, the court cannot consider the plaintiff's claim(s) no matter how meritorious. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (internal quotations omitted) (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013)).

As to Plaintiff's proposed dates, the prior trial date was vacated in order to provide adequate time for the parties to participate in a further settlement conference with Magistrate Beeler. The County understood that the Court desired to offer the parties an opportunity to settle this matter prior to trial and pre-trial submissions. The further settlement conference with Magistrate Beeler is scheduled for March 7, 2023. Therefore, the County requests that the Court set a further status conference for two weeks after the settlement conference, at which time a new trial date will be set and the parties can address the discovery issues Plaintiff raises above. Please note that even if a settlement is reached at the March 7, 2023 settlement conference, any settlement will need to be approved by the County's Board of Supervisors, which will likely require between 45 and 60 days after a settlement agreement is prepared and signed.

Should the Court nevertheless desire to schedule a trial date, the County requests the jury trial be scheduled for August 7, 2023, with all pretrial submissions to be submitted consistent with the Court's pretrial order.

## V.  TRIAL

The Parties anticipate that trial will take approximately 3-4 court days.

All parties have requested a jury trial.

### Plaintiff's Position

If the Court is unable to rule on the merits of Plaintiff's motion for summary judgment on declaratory relief because of a perceived dispute of fact, the Court might alternatively hold an abbreviated evidentiary hearing for the limited purpose of finding whether Defendant Alameda

County's most recent introduction of the "kiosk" PDF accommodations offered in the CRO are equally effective under the primary consideration rule of the ADA regulations. This might save the expense and effort of a full jury trial where a ruling could enable settlement on any remaining damages claims.

**Defendant's Position**

The County opposes Plaintiff's request for an evidentiary hearing. Questions of fact identified during the adjudication of a summary judgment motion are not to be resolved by the Court at an evidentiary hearing; they are to be resolved by the jury, and the County is just as entitled to a jury trial as Plaintiff. Further, Plaintiff essentially seeks to cherry-pick one issue for this proposed evidentiary hearing, which is completely out of order in terms of the applicable analysis under the ADA, and ignores all of the other legal and factual issues at the center of this action. Indeed, the "evidentiary hearing" Plaintiff seeks is a request that the Court adjudicate whether the kiosk in the CRO constitutes a reasonable accommodation under the ADA for purposes of effective communication, and simply assumes an accommodation was required in the first place.

However, first, the County has always maintained that no accommodation was required, because based on Plaintiff's specific claims, an accommodation only would have been required if it was necessary to ensure effective communication. As the County has argued from the initiation of this action, the communication between the CRO's clerks and Plaintiff were clearly effective, as demonstrated by Plaintiff's own audio-recordings, and Plaintiff has yet to cite any legal authority whatsoever suggesting that communication is ineffective merely because a public entity declines to act as a stenographer for a person with a disability. And, regardless, the Court has already ruled that the question of what would be considered effective communication under the ADA is a question of fact that is "more appropriate for a jury." Dkt. 54, at 7:13-21.

Moreover, even if it were established that an accommodation was required in the first place, which it is not, Plaintiff's proposal for an evidentiary hearing also ignores that the CRO offered and continues to offer a reasonable modification in the form of allowing patrons to file FBNS's by mail. And, the Court has already ruled that "[w]hether patrons are denied meaningful access

under the CRO's Policy despite the option to mail documents and the CRO's plan [regarding the upgraded software suite being implemented on the kiosk] raises genuine issues of material fact precluding summary judgment." Dkt. 54, at 9:4-6.  Again, such issues are ripe for a jury, not an evidentiary hearing.

Finally, if Plaintiff were to overcome all of those hurdles and the analysis were to make it to the question of whether the kiosk and the CRO's services relative to the kiosk constitute a reasonable accommodation under the ADA, that is likewise a question of material fact for a jury; not for the Court at an evidentiary hearing.  "Determining the reasonableness of accommodations under the dual prongs of effective communications and equal opportunity 'depends on the individual circumstances of each case' and requires a 'fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards."  *See Payan v. Los Angeles Cmty. Coll. Dist.,* Case No. 17-cv-1697-SVW-SK, 2018 WL 6164269, at *10 (C.D. Cal. Oct. 16, 2018) (citing *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002).  And, again, the "required fact-finding and credibility determination are more appropriate for a jury."  Dkt. 54 at 7:13-21.

Should the Court deny the pending motions, particularly based on the identification of questions of triable fact, then, absent a resolution at the upcoming settlement conference, this action needs to be tried before a jury.

### VI.  OTHER

#### Plaintiff's Position

Plaintiff may request that her state law Unruh Act claim against Defendant Alameda County be dismissed and replaced with a claim under Cal. Gov. code § 11135 through a technical amendment to the pleadings. This non-substantive change is due to recent clarification from the California Supreme Court in Brennon B. v. Super. Ct. - S266254 - Thu, 08/04/2022, which calls into question the applicability of the Unruh Act to governmental entities. To avoid any additional discovery or briefing, the new Cal. Gov. code 11135 claim would be limited to only violations of the federal ADA that simultaneously violate state law.

### The County's Position

The County will oppose any such request.  First, this action has been pending for over two years – since September 18, 2020.  Plaintiff has had ample time to amend her pleading to add a cause of action under Government Code section 11135, and has simply failed to do so.  Indeed, this Court set a deadline of October 1, 2021 to seek leave to amend the pleadings.  Order Vacating CMC; Case Management Order (ECF No. 33).  That deadline came and went, with Plaintiff waiving her right to amend her pleadings or assert any further claims.  Should Plaintiff's request be granted, the County requests that it be authorized to file a further Motion for Summary Judgment as necessary to challenge that claim.  Second, two months ago, counsel for Plaintiff represented in an email that Plaintiff would likely be dismissing the Unruh Act claim because, as counsel put it, "the ADA and DPA get us the same remedies."  Indeed, it is well-settled law that a party cannot recover under both the Unruh Act and DPA in the same action, but instead must choose one or the other, as argued in the County's prior motion for summary judgment.  ECF No. 48 at 25:25-28, fn. 26.  Plaintiff is not seeking a "technical amendment" to the pleadings.  She is well aware she must dismiss her Unruh Act claim if she intends to pursue her DPA claim.  Apparently, to avoid losing a cause of action, she is now seeking to add a brand new claim, after the close of fact discovery (which closed on April 11, 2022), and after the County has fully briefed two dispositive motions.  These tactics should not be tolerated and would unduly prejudice the County if allowed.  Plaintiff must choose between her DPA claim and her Unruh Act claim.  The time to add new claims passed long ago.

Respectfully submitted,

DATED: February 2, 2023

TRE LEGAL PRACTICE

/s/ Timothy Elder
Timothy Elder

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| DATED: February 2, 2023 | | ORBACH HUFF + HENDERSON LLP |
| | | */s/ Kevin E. Gilbert* |
| | | Kevin E. Gilbert |
| | | *Attorneys for Defendant County of Alameda* |