TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:	(415) 873-9199
Facsimile:	(415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
1500 Dragon St. Suite 160
Dallas, Texas 75039
Telephone:	(214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Hearing Date: July 13, 2023<br>Hearing Time: 11:00 am<br>Courtroom: by Zoom video conference<br>Judge: Hon. Thomas S. Hixson |

# NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 15, on July 13, 2023 at 11:00 AM, or as soon thereafter as the matter may be heard, by Zoom video conference, Plaintiff Lisamaria Martinez will respectfully move this court for leave to amend her complaint to substitute a cause of action against Defendant County of Alameda under Government Code section 11135 ("Section 11135") instead of under the Unruh Act, Cal. Civ. Code § 51 *et seq.*, which the California Supreme Court recently held is inapplicable to California counties, overruling previous precedent that supported such Unruh Act claims.

The primary theory of liability rooted in the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.,* will not change. The standard for liability under the supplemental state claims will be the same: both Unruh and Section 11135 each make a violation of the Americans with Disabilities Act a violation of state law. Thus the substantive standard for liability remains unchanged in this amended complaint. As Section 11135 applies only to government entities and not to individuals, this revision affects primarily the Defendant County of Alameda and not individual Defendants (except to remove them from the Third Cause of Action entirely, which was not at issue in any pending motions). As such, the pending motions for summary judgment currently before the Court are unaffected.

This Motion is based on this Notice and Motion, the below Memorandum of Points and Authorities, the attached proposed Amended Complaint (**Exhibit A**) and a redlined version showing proposed changes (**Exhibit B**), the accompanying Request for Judicial Notice in Support of Motion for Leave to File Amended Complaint and Declaration, and such other and further evidence and argument as the Court may permit.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.  INTRODUCTION

On September 18, 2020, Plaintiff Lisamaria Martinez filed a complaint against Defendants for disability discrimination based on violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.* ("ADA") and state laws that incorporate violations of the ADA as a violation of state law.

Since her initial filing and just a few months before pretrial deadlines, the California Supreme Court held in August 2022 that the Unruh Act did not apply against governmental entities such as the County of Alameda as they were not "business establishments" within the meaning of the statute, upending the common previous practice of bringing Unruh claims against government entities and instead suggesting Section 11135 as a proper alternative mechanism for these claims. *Brennon B. v. Superior Court of Contra Costa Cnty.*, 13 Cal. 5th 662, 669-70 (2022).

Because of the then-imminent trial date in December 2022, Plaintiff did not previously seek to amend her complaint to reflect this change in state law. Now that the trial date has been significantly delayed for other reasons, Plaintiff seeks leave to amend her complaint under Federal Rule of Civil Procedure 15 to better conform her claims with current state law by substituting Section 11135 for the Unruh Act in her Third Cause of Action, against Defendant County of Alameda only, and dropping the individual Defendants from that cause of action.

### II.  LEGAL STANDARD

Courts in the Ninth Circuit consider four factors when considering a motion for leave to amend a complaint: (1) undue prejudice to the nonmoving party, (2) undue delay, (3) bad faith, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997), *rev'd on other grounds by Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001). Of these, prejudice is the most important factor, and the burden is on the opposing party to prove they are unduly prejudiced. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Absent a substantial showing of these four factors in favor of denial, particularly undue prejudice, "there exists a presumption under Rule 15(a) in

favor of granting leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

## III. ARGUMENT

### A. Defendants will not be unduly prejudiced.

#### *1. The federal ADA remains the standard elements against which Defendants will be measured.*

As the changes in the proposed amended complaint still rely on the federal ADA as the legal standard, Defendants cannot show that these proposed amendments would unduly prejudice them. *Compare* Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section") *with* Cal. Civ. Code § 11135(b) ("With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the federal Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132) …").

#### *2. There are no new additional forms of relief requested.*

Furthermore, the scope of injunctive relief is not extended in the proposed amended complaint as compared with the original complaint. No new claims for damages are asserted against Defendants, as the proposed amended complaint leaves in place only the damages claims under the Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*, while removing those under the Unruh Act against the County of Alameda and against the individual Defendants.

#### *3. Defendant County of Alameda is covered by Section 11135 because it receives money from the state, as shown by publicly available documents.*

The only new allegation required by Section 11135 is that Defendant County of Alameda receives state funding or financial assistance. (*see* proposed Amended Complaint ¶ 87, attached as **Exhibit A**). As part of the "general government" of the County of Alameda, which receives millions of dollars from the State of California, the CRO in turn received 14.8% of the County of Alameda's general appropriations funding in 2019-2020 and similar percentages in later years. (*See* Request for Judicial Notice in Support of Motion for Leave to File Amended Complaint

("RJN") ¶¶ 2-7.) This issue is not subject to factual dispute. (RJN 1.) This funding from the State of California to Defendant County of Alameda thus subjects it to Section 11135 in its operation of the CRO. *See* Gov. Code § 11135(a); *see also* Cal. Code Regs. tit. 2, § 11150 (2023).[1]

### B.   This motion is timely.

There has been no undue delay by Ms. Martinez. The California Supreme Court issued the *Brennon B.* decision limiting the Unruh Act on August 4, 2022; until recently, the trial date in this matter was set for December 19, 2022. Ms. Martinez waited initially in an attempt to preserve the earlier trial date, and now brings this motion at this time because there is sufficient time on the new trial timeline to avoid prejudicing Defendants rights with her proposed amendments and to provide the Court sufficient time to evaluate them. Defendants have not to this point challenged the applicability of the Unruh Act in their summary judgment or other filings.

However, even if the Court concludes that undue delay is present, undue delay alone is insufficient to justify denial of a motion to amend. Rather, there must be a showing of "prejudice to the opposing party, bad faith by the moving party, or futility" to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

### C.   Plaintiff makes this motion in good faith.

Ms. Martinez has acted in good faith in seeking her proposed amendments. A party acts in bad faith where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Given the revised current timeline, these proposed amendments and this motion will not prolong the litigation. Furthermore, there are not new and baseless legal theories, merely a revision due to

---

[1] *See also* Initial Statement of Reasons for revised rulemaking to clarify what is covered by Section 11135: "The revised definition is also necessary to clarify that, consistent with its federal counterparts, section 11135 prohibits discrimination throughout entire local government agencies or departments if any part of the agency or department receives state assistance. For instance, Section 504 defines 'program or activity' to mean 'all of the operations of … a department, agency, special purpose district or other instrumentality of a State or of a local government... any part of which is extended Federal financial assistance.' (29 U.S.C. § 794(b).)" at 27, https://calcivilrights.ca.gov/wp-content/uploads/sites/32/2023/02/Initial-Statement-of-Reasons.pdf, https://web.archive.org/web/20230324100108/https://calcivilrights.ca.gov/wp-content/uploads/sites/32/2023/02/Initial-Statement-of-Reasons.pdf.

the state supreme court's rulings to re-center her state disability claims under 11135 instead of the Unruh Act while retaining the federal ADA's predicate elements.

Her original cause of action was well supported by common practice of the time rather than being brought with the plan of necessarily replacing them later because of known flaws. *See, e.g., Sullivan v. Vallejo City Unified Sch. Dist.*, 731 F. Supp. 947 (E.D. Cal. 1990); Assem. Bill No. 302, § 1, subd. (f), "The Unruh Civil Rights Act (Section 51 of the Civil Code) prohibits businesses, including public schools, from discriminating … ." (2015-16 Regular Session); *Roe v. Grossmont Union High Sch. Dist.*, 443 F. Supp. 3d 1162, 1169 (S.D. Cal. 2020); *Yates v. E. Side Union High Sch. Dist.*, No. 18-cv-02966, 2019 Westlaw 721313 (N.D. Cal. Feb. 20, 2019); *K.T. v. Pittsburg Unified Sch. Dist.*, 219 F.Supp.3d 970, 983 (N.D. Cal. 2016); *Walsh v. Tehachapi Unified Sch. Dist.*, 827 F.Supp.2d 1107, 1123 (E.D. Cal. 2011); *Nicole M. By and Through Jacqueline M. v. Martinez Unified Sch. Dist.*, 964 F. Supp. 1369, 1388 (N.D. Cal. 1997); *Doe By and Through Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1581-82 (N.D. Cal. 1993).

Ms. Martinez is in fact proactively dropping her Unruh claim at an appropriate time in the litigation, in conformance with guidance from the California Supreme Court in *Brennon B.*, 13 Cal. 5th at 669-70, and is doing so without first being prompted by Defendants or the Court. Ms. Martinez, in good faith, hopes to avoid any dispute going forward or an appeal based on legal error that lets the Unruh Act go to trial. There is thus no bad faith in Ms. Martinez's desire to amend her complaint.

### D. The amendment is not futile.

Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend. The Ninth Circuit has held that leave to amend should be granted "unless it appears beyond doubt" that the amendment would be futile. *Leighton*, 833 F.2d at 188. That is not the case here.

1. ***Defendant County of Alameda receives state funding or financial assistance.***

The County of Alameda receives money from the State of California, as discussed above in Section A(3), subjecting it to the anti-discrimination requirements of Section 11135. *See* Gov. Code § 11135(a); *see also* Cal. Code Regs. tit. 2, § 11150 (2023).

2. ***The underlying ADA predicate claim is identical under Section 1135 as under the Unruh Act.***

Section 1135, just like Ms. Martinez's prior Unruh Act claim, incorporates the accessibility standards of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq*. Thus, as the Court has already found Ms. Martinez's allegations under the ADA to be plausible, her claim based on the same ADA predicate would also be plausible and not futile.

## IV. CONCLUSION

For the above reasons, Plaintiff Lisamaria Martinez asks the Court to grant leave to file her amended complaint so that this simple amendment might better comport her state claims with current state law.

DATED: June 5, 2023

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy R. Elder

*Attorneys for Plaintiff*