Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

Attorneys for Defendants
COUNTY OF ALAMEDA, MELISSA WILK, EVA HE
and MARIA LAURA BRIONES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, MELISSA WILK, in her individual capacity, EVA HE, in her individual capacity, MARIA LAURA BRIONES, in her individual capacity,<br><br>　　　　　　　Defendants. | Case No. 20-cv-06570-TSH<br><br>**DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>DATE:　July 13, 2023<br>TIME:　11:00 a.m.<br>DEPT:　Courtroom G (15th Floor)/Zoom<br>JUDGE:　Hon. Thomas S. Hixson |

**TABLE OF CONTENTS**

**Page(s)**

I.  INTRODUCTION ................................................................................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND................................................................. 2

III. LEGAL ARGUMENT ......................................................................................................... 3

    A.    Plaintiff Does Not Meet the Standard for Amendment Under FRCP Rule 16 ................... 3

        1.    Plaintiff's Extensive Delay Requires Denial of the Motion ................................. 4

        2.    Plaintiff Has Failed to Diligently Prosecute Her Case........................................... 5

    B.    Plaintiff Additionally Fails to Meet the Standard Under FRCP Rule 15........................... 6

        1.    Failed Tactics Are Not Cause For Belated Amendment........................................ 7

        2.    Plaintiff Had All the Facts But Still Delayed............................................................ 9

        3.    The County Will be Significantly Prejudiced by Plaintiff's Delay ...................... 10

        4.    Plaintiff Previously Had Ample Opportunities to Amend.................................... 11

IV. CONCLUSION................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ................................................................................................... 9

*Bondurant v. City of Battleground*,
   No. 3:15-cv-05719-KLS, 2016 U.S. Dist. LEXIS 130699 (W.D. Wash. Sep. 23, 2016) ........ 8

*Bonin v. Calderon*,
   59 F.3d 815 (9th Cir. 1995) ..................................................................................................... 6

*Chodos v. W. Publ'g Co.*,
   292 F.3d 992 (9th Cir. 2002) ................................................................................................... 9

*Cramer v. Consol. Freightways, Inc.*,
   255 F.3d 683 (9th Cir. 2001) ................................................................................................. 10

*Davis v. Astrue*,
   250 F.R.D. 476 (N.D. Cal. 2008) ........................................................................................... 10

*E.E.O.C. v. Boeing Co.*,
   843 F.2d 1213 (9th Cir. 1988) ................................................................................................. 9

*Eckert Cold Storage v. Behl*,
   943 F. Supp. 1230 (E.D. Cal. 1996) ........................................................................................ 5

*Eminence Capital, L.L.C. v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ................................................................................................. 6

*Estate of Hernandez v. City of Santa Ana*,
   No. SACV 07-0340 AG (RNBx), 2008 U.S. Dist. LEXIS 129013 (C.D. Cal. July 15, 2008) ............. 6

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................................ 6, 7

*Friends of the Wild Swan Inc. v. Thorson*,
   No. 3:16-CV-00681-AC, 2019 U.S. Dist. LEXIS 104536 (D. Or. Apr. 10, 2019) ................. 7

*HiRel Connectors, Inc. v. United States*,
   No. CV 01-11069 DSF, 2005 U.S. Dist. LEXIS 44181 (C.D. Cal. July 15, 2005) ................. 7

*Jackson v. Bank of Haw.*,
   902 F.2d 1385 (9th Cir. 1990) ........................................................................................... 9, 10

ORBACH HUFF + HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

*Jackson v. Laureate, Inc.*,
    186 F.R.D. 605 (E.D. Cal. 1999) ......................................................................................... 5

*Johnson v. Mammoth Recreations*,
    975 F.2d 604 (9th Cir. 1992) ........................................................................................... 4, 5

*Lockheed Martin Corp. v. Network Solutions Inc.*,
    194 F.3d 980 (9th Cir. 1999) ............................................................................................. 9

*Merritt v. Countrywide Fin. Corp.*,
    No. 09-cv-01179-BLF, 2016 U.S. Dist. LEXIS 194613 (N.D. Cal. June 29, 2016) ......... 10

*Mullin v. Balicki*,
    875 F.3d 140 (3d Cir. 2017) ............................................................................................... 6

*Murphy v. Am. Gen. Life Ins. Co.*,
    74 F.Supp.3d 1267 (C.D. Cal. 2015) .............................................................................. 8, 9

*NetAirus Techs., LCC v. Apple, Inc.*,
    No. LA CV10-03257 .......................................................................................................... 7

*Netbula, LLC v. Bindview Dev. Corp.*,
    No. C06-00711 MJJ, 2007 U.S. Dist. LEXIS 58736 (N.D. Cal. Aug. 1, 2007) ............... 10

*Pembroke v. City of San Rafael*,
    1994 U.S. Dist. LEXIS 11308, 1994 WL 443683 (N.D. Cal. Aug. 2, 1994) ..................... 8

*Quan v. S.F. Police Dep't*,
    No. C 10-01835 MEJ, 2011 U.S. Dist. LEXIS 65609 (N.D. Cal. June 21, 2011) ........... 10

*Ruvalcaba v. Ocwen Loan Servicing, LLC*,
    No. 15-cv-00744-BAS (DHB), 2018 U.S. Dist. LEXIS 1745 (S.D. Cal. Jan. 4, 2018) .. 5, 6

*Saes Getters S.P.A. v. Aeronex, Inc.*,
    219 F.Supp.2d 1081 (S.D. Cal. 2002) ................................................................................ 7

*Schlacter-Jones v. Gen. Tel.*,
    936 F.2d 435 (9th Cir. 1991) ........................................................................................... 10

*Scognamillo v. Credit Suisse First Bos., LLC*,
    587 F.Supp.2d 1149 (N.D. Cal. 2008) ............................................................................. 10

*Stein v. United Artists Corp.*,
    691 F.2d 885 (9th Cir. 1982) ............................................................................................. 9

ORBACH HUFF + HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

*Swanson v. U.S. Forest Service*,
   87 F.3d 339 (9th Cir. 1996) ..................................................................................................9

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ................................................................................................1

*Trans Video Elecs., LTD v. Sony Elecs., Inc.*,
   278 F.R.D. 505 (N.D. Cal. 2011) .........................................................................................7

*Union Pac. R.R. Co. v. Coast Packing Co.*,
   236 F.Supp.2d 1130 (C.D. Cal. 2002) .................................................................................7

*United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't*,
   770 F.3d 834 (9th Cir. 2014) ................................................................................................6

*Vincent v. Trend W. Technical Corp.*,
   828 F.2d 563 (9th Cir. 1987) ................................................................................................9

*Zenith Radio Corp. v. Hazeltine Research*,
   401 U.S. 321 (1971) ...........................................................................................................10

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ..........................................................................................5, 8

**STATE STATUTES**

Government Code section:
   11135................................................................................................................................4, 7, 8

**FEDERAL RULES**

Federal Rules of Civil Procedure Rule:
   15................................................................................................................................. *passim*
   15(a) ..................................................................................................................................4, 5
   16................................................................................................................................. *passim*
   16(b) ..................................................................................................................................4, 5
   16(d) .....................................................................................................................................4
   16-2(d) ..................................................................................................................................4

ORBACH HUFF + HENDERSON LLP

Defendant COUNTY OF ALAMEDA[1] submits the following Opposition to Plaintiff LISAMARIA MARTINEZ's ("Plaintiff") Motion for Leave to File Amended Complaint ("Motion").

## I.   INTRODUCTION

At first blush, Plaintiff's Motion appears reasonable; a plaintiff seeking to amend her complaint as litigation has progressed after a published decision confirmed that her claim against the County was legally deficient. However, when evaluated in light of the *actual* facts, Plaintiff's Motion is nothing short of frivolous and improper. Plaintiff now seeks to add yet another claim against the County – a claim that she was aware existed when she commenced litigation almost three full years ago, yet declined to assert due to her election to pursue other theories. Now, after the Court granted portions of the County's first Motion for Summary Judgment and while the second (for partial summary judgment as to Plaintiff's claim for declaratory relief) remains pending, Plaintiff seeks to circumvent that ruling and prolong this litigation by adding her previously abandoned claim. Rather than acknowledge the untimeliness of her proposed amendment or the severe prejudice that will result, she attempts to argue that her belated claim does not assert any "new additional forms of relief," but rather duplicates the relief sought in the existing causes of action. That concession alone should be sufficient to reject Plaintiff's Motion; redundant claims are inappropriate and should be dismissed. *Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007)* (affirming dismissal of cause of action as duplicative). Indeed, Plaintiff confirms that the new proposed cause of action "still rel[ies] on the federal ADA as the legal standard." Plaintiff's Motion at 2:7-8; Dkt. 79. In other words, Plaintiff concedes that her "new" claim is wholly redundant of the existing claims thereby rendering the addition superfluous.

Should Plaintiff's Motion be granted, it would necessarily result in extensive delays to this litigation and significant prejudice to the County. Not only would it likely result in further motion practice and vacating the Court's prior scheduling orders, but it would necessitate yet another Motion for Summary Judgment, with the Court previously granting, in part, the County Defendants' prior MSJ and a second dispositive motion set for hearing on the same date as this Motion. In reality, Plaintiff's belated

---

[1] Alameda County Auditor-Controller/Clerk-Recorder Melissa Wilk, and County Clerks Eva He, and Maria Laura Briones were previously named defendants but were dismissed in response to the County's initial motion for summary judgment. To the extent they are referenced herein, it is solely to provide context and given their involvement in the subject incident.

attempt to amend has nothing to do with a new published decision, but instead reflects a change in legal strategy only after receiving the County Defendants' briefing on the pending dispositive motion. Plaintiff's Machiavellian antics should not be countenanced, and they certainly do not satisfy Plaintiff's burden in seeking leave to amend at this late date.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

This action arises secondary to Plaintiff, who is blind, attempting to file a Fictitious Business Name Statement ("FBNS") at the County Clerk-Recorder's Office ("CRO"). Plaintiff filled out the form at home prior to arriving at the CRO, but did so incorrectly. The CRO clerks advised Plaintiff that they could not file the FBNS until Plaintiff made corrections. Plaintiff demanded that the clerks make the corrections for her, on account of Plaintiff being blind. The clerks declined due to the CRO's neutral policy prohibiting its clerks from modifying or completing forms for patrons that are filed or recorded in the CRO, such as FBNS's. Plaintiff then brought this suit for disability discrimination, alleging a hybrid disparate impact/failure to accommodate theory.

Plaintiff initially commenced suit on September 18, 2020, by filing her Complaint in this matter. Thereafter, on August 12, 2021, this Court entered a Case Management Scheduling Order (Dkt. 33) which ordered that any motion to amend was to be filed by October 1, 2021. Notably, that date came and went, with Plaintiff waiving her right to seek an amendment of the Complaint. Thereafter, both parties moved for summary judgment, with Plaintiff's MSJ filed on May 16, 2022 (Dkt. 46), and Defendants' on June 10, 2022 (Dkt. 48). The Court issued its order on the cross-motions on August 11, 2022. Dkt. 54. Thereafter, the parties requested and obtained authorization from the Court to submit further dispositive motions, with Plaintiff's brief filed on November 17, 2022 (Dkt. 61) and Defendants' on December 8, 2022 (Dkt. 63), with both matters scheduled for argument on July 13, 2023. Dkt. 77.

Despite Plaintiff having fully litigated her claims, she now seeks a "do-over" in order to assert a new claim based upon the same facts and theories of those asserted in the current litigation. However, Plaintiff fails to explain why her intentional decision to not pursue a claim that was available to her at the time she commenced litigation almost three full years ago should be excused. Simply put, Plaintiff had all of the relevant facts long ago and chose a litigation strategy based upon that information. Her decision to try a different legal strategy and pursue a different theory at this late date does not constitute

- 2 -

Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint [20-cv-06570-TSH]

"good cause," nor does it justify vacating all of the pretrial and trial dates. Should leave be granted, it will essentially result in this case starting over, with yet another round of dispositive motions necessary and likely even further discovery.

Even more significant, Plaintiff waited almost a full year after the *Brennon B.* decision was issued (which Plaintiff claims was the precipices for her amendment); despite that decision being issued on August 4, 2022, Plaintiff waited until June 5, 2023, before seeking leave to amend. Nowhere in her brief does she recognize – let alone address – this significant delay. This is especially curious given the progression of the litigation at that time; during which time the parties requested and obtained authority to submit further Motions for Summary Judgment. Rather than raise the issue at that time, Plaintiff instead waited almost a full year – and on the eve of this Court hearing the further dispositive motions – before finally requesting leave. Plaintiff should be precluded from attempting to change her litigation strategy at this late date, especially given the current posture of this matter and the pending MSJs.

### III. LEGAL ARGUMENT

After previously making a deliberate tactical decision on which claims to assert, Plaintiff now makes an about-face and requests the Court authorize a "do-over." Plaintiff has already had multiple opportunities to plead her best case. In doing so, Plaintiff consciously and deliberately chose which claims to pursue against each named Defendant. Moreover, Plaintiff has simply disregarded this Court's prior orders and deadlines in hopes of attempting to add a claim that is legally unsupported and arguably time barred. Plaintiff's desire to try a different legal strategy is not a legitimate and good faith basis to amend.

For Plaintiff to now upend this litigation well after discovery has been closed and while a second dispositive motion is pending, by seeking to add yet another claim – one which was available to Plaintiff when she commenced litigation, but tactically decided not to pursue – is entirely inappropriate. The County respectfully requests the Court deny Plaintiff's Motion.

#### A. Plaintiff Does Not Meet the Standard for Amendment Under FRCP Rule 16

Notably absent from Plaintiff's brief is any reference or discussion of FRCP Rule 16. Instead, Plaintiff relies on Rule 15, which is inapplicable since a scheduling order was previously issued. Generally, once the Court has set a deadline for amendment under FRCP Rule 16, the ability to amend is

1    "governed by Rule 16(b), not Rule 15(a)." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th
2    Cir. 1992). Accordingly, a "party seeking to amend pleadings after [the] date specified in [the]
3    scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be
4    shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson*, 975 F.2d at
5    608. Plaintiff has not shown "good cause" for amendment under Rule 16, let alone the additional
6    requirements under Rule 15.

### 1.    Plaintiff's Extensive Delay Requires Denial of the Motion

Because of the binding nature of a scheduling order, a motion to amend filed outside of the Court's deadline for amendment may be denied solely on the grounds of untimeliness. See *Johnson*, 975 F.2d at 608-610 ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'"); accord FRCP Rule 16(d) ("This order controls the course of the action unless the court modifies it."). In *Johnson*, the plaintiff sought to amend four months after the deadline for amendment had passed. *Johnson*, 975 F.2d at 610. Citing to precedent in other jurisdictions, the plaintiff in *Johnson* argued the motion to amend should be treated as a *de facto* motion to modify the scheduling order. *Id*. at 608. The Ninth Circuit stated that its precedent was to the "contrary" and that while "the result would not change if [plaintiff's] motion to amend the complaint were treated as a *de facto* motion to amend the scheduling order," the Court also held that it saw "no reason to deviate from that approach here." *Id*. at 608-609.

This approach is consistent with Local Rule 16-2(d), which requires a party seeking relief from a Rule 16 order to file a noticed motion meeting specific prerequisites, which include proffering the circumstances that support the request and providing a proposed revised case management schedule, as well as identifying any potential changes to the case schedule. Although Plaintiff gestures to a published decision which swayed her to amend, she fails to explain why she waited almost a full year after that decision was issued – and even after two summary judgment motions were filed – before deciding to change her legal strategy. Nor does she explain why she affirmatively chose to not pursue a claim under Government Code section 11135 almost three years ago, when she commenced litigation.

A showing of diligence under FRCP Rule 16(b) considers whether the party "was diligent in seeking amendment of the Rule 16 order, once it became apparent that [they] could not comply with the

- 4 -

Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint [20-cv-06570-TSH]

1  order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999), citing *Eckert Cold Storage v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996). Plaintiff makes no attempt to defend her failure to seek an amendment of the pre-trial order at all.

### 2. Plaintiff Has Failed to Diligently Prosecute Her Case

Besides delaying in seeking a modification of the Court's scheduling order, Plaintiff cannot show that she was diligent in prosecuting her claims. The Ninth Circuit has succinctly summarized FRCP Rule 16's "good cause" standard:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." [Citation.] Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." … Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."

*Johnson*, 975 F.2d at 609. In general, the focus of the diligence inquiry is the timeframe between the moving party's discovery of new facts and its seeking leave of court to file an amended pleading. See *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.[2] "If [the party seeking amendment] was not diligent, the inquiry should end." *Id.*; accord *Zivkovic*, 302 F.3d at 1087.

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. In *Johnson*, the Ninth Circuit held that a delay of five months between learning the identity of a putative defendant and seeking leave to amend was not diligent conduct or good cause under Rule 16. *Johnson*, 975 F.2d at 610; accord *Ruvalcaba v. Ocwen Loan Servicing, LLC*, No. 15-cv-00744-BAS (DHB), 2018 U.S. Dist. LEXIS 1745, 2018 WL 295973, at *2 (S.D. Cal. Jan. 4, 2018) (decision to delay seeking proposed amendment until some five months after

---

[2] Prejudice is discussed below in relation to the Rule 15 inquiry, although the existence of prejudice is relevant in the Rule 16 inquiry.

- 5 -

ORBACH HUFF + HENDERSON LLP

taking discovery on which party "relied to formulate the proposed amendments cannot support a finding of diligence"). Indeed, far lesser delay of even two or three months after obtaining relevant discovery is not good cause under Rule 16. *Estate of Hernandez v. City of Santa Ana*, No. SACV 07-0340 AG (RNBx), 2008 U.S. Dist. LEXIS 129013, at *7 (C.D. Cal. July 15, 2008) (delay of two months after receiving investigative file); *Ruvalcaba v. Ocwen Loan Servicing, LLC*, No. 15-cv-00744-BAS (DHB), 2018 U.S. Dist. LEXIS 1745, at *8 (S.D. Cal. Jan. 4, 2018) (delay of three months after discovery of new facts was not diligent).

Here, Plaintiff elected to wait at least *ten* months – while the County Defendants moved for summary judgment and prepared for trial – before seeking to amend her complaint. This unexplainable delay and Plaintiff's misrepresentation of these facts warrant denial of her untimely request to amend.

**B.     Plaintiff Additionally Fails to Meet the Standard Under FRCP Rule 15**

Plaintiff's failure to meet the standard under FRCP Rule 16 by itself warrants denial of her Motion. Plaintiff's Motion only becomes more anemic and unsupported when turning to the additional elements under FRCP Rule 15. In evaluating whether to grant leave to amend under Rule 15, the Court should consider:

1.     Bad faith or dilatory motive on the part of the movant.

2.     Undue delay by the movant.

3.     Prejudice to the opposing party.

4.     Whether the movant has previously been granted leave to amend.

5.     Any futility of the amendment.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); accord *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 845 (9th Cir. 2014). "Not all of these factors merit equal weight" and not all need be present to deny an amendment. *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("consideration of prejudice carries the greatest weight"); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (futility alone may justify denial of a motion to amend). These factors are also non-exclusive; depending on the circumstances, other factors may be relevant as well "such as judicial economy/burden on the court." *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017). Denial of leave to amend is "within the discretion of the District Court." *Foman*, 371 U.S. at 182.

### 1. Failed Tactics Are Not Cause For Belated Amendment

Plaintiff's proposed amendment seeks to add a new claim that Plaintiff deliberately chose to not pursue when she commenced litigation almost three years ago. In attempting to address the bad faith factor, Plaintiff offers a conclusory assertion that her actions were not in bad faith and that an amendment at this late date is acceptable. Not only does she fail to address this factor, but also fundamentally misunderstands what bad faith is in this context. The term "bad faith" for Rule 15 means any undue delay, dilatory motive or other improper purpose. See *Foman*, 371 U.S. at 182. The concept of "bad faith" asks the Court to inquire if the proposed amendment arises from the natural progression of the lawsuit or if the timing and other circumstances of the amendment reflects gamesmanship or other *tactical maneuvering by the amending party*. See *Saes Getters S.P.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086, 1095 (S.D. Cal. 2002) (explaining "bad faith" is a question of if the facts show "sharp practice" or "tactics" by the moving party); accord *HiRel Connectors, Inc. v. United States*, No. CV 01-11069 DSF (VBKx), 2005 U.S. Dist. LEXIS 44181, at *19 (C.D. Cal. July 15, 2005) ("the near absence of excuse for the delay, the lack of connection between the 'new evidence' and any increased calculation of damages, and other tactics engaged in by Plaintiff [only some of which have been described here] weigh heavily against granting leave to amend"). Thus, a "[p]laintiff's failed litigation strategy to not previously amend does not justify amendment now." *Friends of the Wild Swan Inc. v. Thorson*, No. 3:16-CV-00681-AC, 2019 U.S. Dist. LEXIS 104536, at *22 (D. Or. Apr. 10, 2019).

A deliberate "strategic choice" not to pursue a claim is not a sound basis for seeking leave to amend. See, e.g., *NetAirus Techs., LCC v. Apple, Inc.*, No. LA CV10-03257 JAK (Ex), 2012 U.S. Dist. LEXIS 190884, at *17 (C.D. Cal. Dec. 5, 2012) ("Because Plaintiff made a strategic choice not to accuse the iPad during more than two years of litigation, the Court finds the amendment untimely and prejudicial."); *Trans Video Elecs., LTD v. Sony Elecs., Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011) (delay premised on "strategic choice" grounds for denying leave to amend); *Union Pac. R.R. Co. v. Coast Packing Co.*, 236 F.Supp.2d 1130, 1140 (C.D. Cal. 2002) (defendant "should not bear the burdens of additional discovery, litigation costs and delays" because of another party's "strategic choice"). Here, Plaintiff was aware of the relevant facts and the potential claim under section 11135 when she

///

1  commenced litigation, but declined to pursue that claim.  Plaintiff made her choice and must bear the
2  consequences.
3      While Plaintiff does not seek to add new defendants, guidance can be found in similar situations,
4  where a litigant seeks to belatedly add a party or claim.  For example, in *Bondurant v. City of*
5  *Battleground*, No. 3:15-cv-05719-KLS, 2016 U.S. Dist. LEXIS 130699, at *12 (W.D. Wash. Sep. 23,
6  2016), citing *Pembroke v. City of San Rafael*, 1994 U.S. Dist. LEXIS 11308, 1994 WL 443683, at *3
7  (N.D. Cal. Aug. 2, 1994) (denying leave to amend on this basis), the Court explained:

> Here, the individual officers were not misnamed. They were not named at all …
> Plaintiff knew from the day she was detained by the police that individual officers
> had taken the action she complains of, but made no attempt to identify them in the
> complaint or to otherwise signal her intent to seek redress from them. . . . *Id.*

11 In *Bondurant*, the Court found that the decision of whether to pursue an action against an
12 individual officer, their employer or both, was a calculated litigation decision that did not justify leave.
13 Similar to *Bondurant*, Plaintiff here elected which claims to include in the Complaint, as well as which
14 to exclude.  Though she asserted other claims in her Complaint, she never attempted to assert or plead a
15 claim under section 11135, nor did she try to timely extend the deadline to modify her Complaint to add
16 such a claim.  Accordingly, Defendant has prepared its discovery and summary judgment motions based
17 on the claims asserted in the Complaint, not on the new theory that Plaintiff seeks to add only while
18 dispositive motions are pending.
19     Delaying a proposed amendment is bad faith and grounds for denying leave to amend.  See
20 *Zivkovic*, 302 F.3d at 1087 (leave to amend properly denied where plaintiff waited until eve of discovery
21 cut-off to seek amendment); accord *Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1285 (C.D.
22 Cal. 2015) (indicating that an unexplained delay can be evidence of bad faith).  Plaintiff provides
23 absolutely no explanation for her delays and lack of diligence in pursuing a claim under section 11135,
24 when it appears she had the information needed when she filed her Complaint on September 18, 2020,
25 but still did not seek leave to amend either the scheduling order or her complaint until almost three years
26 later.  Instead, Plaintiff appears to have tactically waited until Defendants would have no time to
27 complete discovery and their opportunity to submit a dispositive motion had passed before finally
28 seeking to assert a further claim.  This is bad faith and grounds for dismissal of Plaintiff's Motion.

ORBACH HUFF + HENDERSON LLP

### 2. Plaintiff Had All the Facts But Still Delayed

As one court stated, "[A] district court does not 'abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" *Vincent v. Trend W. Technical Corp.*, 828 F.2d 563, 570-71 (9th Cir. 1987), quoting *Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir. 1982). Any unexplained delay weighs "heavily" against granting leave to amend. E.g., *Murphy v. Am. Gen. Life Ins. Co.*, 74 F.Supp.3d 1267, 1285 (C.D. Cal. 2015). As the Ninth Circuit has explained:

> In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire "**whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading**." [Citations.] We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable. [Citations.]

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (emphasis added).

"Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988), cert. denied, 488 U.S. 889, 109 S. Ct. 222, 102 L. Ed. 2d 212 (1988); see also *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). Thus, where a party delays before filing a motion to amend and gives no reason for the delay, the delay alone supports denying leave to amend. See, e.g., *Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding that a motion to amend filed after several months with no reason given for the delay supported the district court's denial of leave); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (denial of leave to amend appropriate when "new" facts in SAC known to plaintiff when they filed FAC); *Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996) ("inexplicable" delay of six weeks following outcome of dispositive motion warranted denying leave to amend).

///

///

### 3. The County Will be Significantly Prejudiced by Plaintiff's Delay

Besides gamesmanship and intentional delay, Plaintiff's request would also prejudice the County. If Plaintiff's Motion was to be granted, it would likely result in further discovery being necessary and yet another dispositive motion, thereby prolonging this matter by months, if not longer, while needlessly increasing the cost of this litigation. The presence of prejudice to the nonmoving party is a significant factor and justifies independently denying the Motion. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990); accord *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 331 (1971) (explaining trial courts are "required" to consider the potential prejudice to any nonmoving party).

Courts have consistently found "intolerable prejudice" just shortly before discovery was scheduled to close when nearly all pre-trial work was complete. *Netbula, LLC v. Bindview Dev. Corp.*, No. C06-00711 MJJ, 2007 U.S. Dist. LEXIS 58736, at *13 (N.D. Cal. Aug. 1, 2007) (citing cases); accord *Scognamillo v. Credit Suisse First Bos., LLC*, 587 F.Supp.2d 1149, 1156 (N.D. Cal. 2008) (denying leave to amend sought twelve weeks before discovery close). Yet, Plaintiff here seeks to amend and add a new claim only after all discovery has been completed and discovery has closed.

Courts have consistently recognized the undue prejudice of forcing defendants to sift through pleadings, identify the new claims and theories, and expend time and money on filing multiple motions. *Merritt v. Countrywide Fin. Corp.*, No. 09-cv-01179-BLF, 2016 U.S. Dist. LEXIS 194613, at *39 (N.D. Cal. June 29, 2016); accord *Davis v. Astrue*, 250 F.R.D. 476, 482 (N.D. Cal. 2008) (finding prejudice because "amendments to the complaint require the [defendant] to expend time and resources in drafting responses"). This is even more apt where public funds are at issue. Especially as the resulting pleadings and motion practice are caused solely by Plaintiff's tactical choices and conduct, leave to amend should be denied. Indeed, Defendant has already received a decision on its first MSJ, with the second to be decided on the same date this Motion is being heard. "A motion for leave to amend is not a vehicle to circumvent summary judgment." *Schlacter-Jones v. Gen. Tel.*, 936 F.2d 435, 443 (9th Cir. 1991), overruled on other grounds, *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc); *Quan v. S.F. Police Dep't*, No. C 10-01835 MEJ, 2011 U.S. Dist. LEXIS 65609, at *16 (N.D. Cal. June 21, 2011) (stating that "[t]he fact that Plaintiffs now seek to recast their claims would force Defendants to restructure their discovery and litigation strategy over a year into the case and would moot

their summary judgment motions"). There is no question that Plaintiff's delay will result in significant prejudice to the County.

### 4. Plaintiff Previously Had Ample Opportunities to Amend

While Plaintiff has not previously been granted leave to amend, she did have the chance to timely and promptly request leave. The fact that Plaintiff failed to avail herself of that opportunity does not justify her delay or the significant prejudice that would result. That Plaintiff has never previously obtained leave to amend is of no significance because she elected to waive her right to timely make such a request.

## IV. CONCLUSION

For the foregoing reasons, Defendant County of Alameda respectfully request Plaintiff's Motion for Leave be denied under both Federal Rules of Civil Procedure Rule 15 and Rule 16.

Dated: June 19, 2023               Respectfully submitted,

**ORBACH HUFF + HENDERSON LLP**

By:   /s/ *Nicholas D. Fine*
        Kevin E. Gilbert
        Nicholas D. Fine
        Attorneys for Defendants
        COUNTY OF ALAMEDA, MELISSA WILK,
        EVA HE and MARIA LAURA BRIONES