TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:   (415) 873-9199
Facsimile:    (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
1500 Dragon St. Suite 160
Dallas, Texas 75039
Telephone:   (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Hearing Date: July 13, 2023<br>Hearing Time: 11:00 am<br>Courtroom: by Zoom video conference<br>Judge: Hon. Thomas S. Hixson |

# REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

## I. INTRODUCTION

Setting aside Defendant's rhetorical flourishes and inability to articulate any specific or undue prejudice, Plaintiff Lisamaria Martinez's proposed simple amendments to her pleading, as described in her Motion for Leave to Amend Complaint ("Mot. for Leave") (ECF No. 79), meet the standards under Federal Rules of Civil Procedure ("Rule") 16(b) and 15.[1] No additional legal theories are introduced; no additional factual disputes are created; no further discovery is required; and no disruption to the trial schedule is necessary. The proposed Section 11135 substitute claim will stem from adjudication of her federal claim under the Americans with Disabilities Act ("ADA"), just like the existing Unruh Act claim that she seeks to swap out. Defendant County of Alameda has been on notice from the beginning that Plaintiff sought to have her state law rights for violations of the federal ADA efficiently decided alongside her federal rights. Plaintiff Martinez has shown good cause and diligence for the amendments and filed her Motion as soon as was practical to avoid any disruption to the proceedings or cause undue prejudice to Defendants.[2]

---

[1] Plaintiff respectfully requests that this Court use its discretion to treat her motion for leave to amend as a *de facto* motion to alter the scheduling order as well. *See Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 459 n.4 (D. Ariz. 2012) (applying *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) to find that a motion for leave to amend may be construed as a motion to modify the scheduling order under Rule 16); *see also Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, 2012 WL 175411, at *1 n.1 (S.D. Cal. Jan. 2012).

[2] Plaintiff disputes Defendants characterization that the individual Defendants have been entirely dismissed from this case. (Opp'n to Mot. for Leave 1 n.1, ECF No. 81.) The federal claims against them were already dismissed by this Court (*see* Order re. Mot. For Summ. J. 9-10, ECF No. 54.), though the incidental claims for damages against "persons" under the California DPA remain undisturbed. Plaintiff assumes the individual person Defendants do not object or have any demonstrable prejudice to show in response to their being removed and not added back in under Section 11135.

## II. ARGUMENT

**A.  Plaintiff Martinez has good cause to amend at this time under Rule 16(b) because of extenuating circumstances from a recent change in state law and her diligent attempt to conform her pleadings.**

Rule 16(b)'s "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Heath v. Google Inc.*, No. 15-CV-01824-BLF, 2017 WL 4005598, at *2 (N.D. Cal. Sept. 12, 2017) (quoting *Johnson*, 975 F.2d at 609). The district court may allow a post-deadline amendment if the deadline could not reasonably have been met despite the diligence of the moving party. *Johnson*, 975 F.2d at 608-09. "[A] party may show good cause if amendment is sought based on a recent change in law." *Cervantes v. Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 1129154, at *5 (S.D. Cal. Mar. 12, 2019) (citing *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 216 (N.D. Cal. 2015); *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). *See also Heath*, 2017 WL 4005598, at *2 ("In light of the new authority in *Rabin*, which was decided after the deadline to amend the pleadings in this case had passed … the Court finds that Plaintiffs acted with diligence and did not unduly delay in seeking leave to amend the complaint in light of *Rabin*.").

### 1.  *Plaintiff has diligently sought to make a timely amendment based on a change in law.*

Here, the deadline for amending pleadings passed on October 1, 2021 (Case Management Order, ECF No. 33), more than 10 months before the California Supreme Court's August 4, 2022, decision in *Brennon B. v. Super. Ct.*, 13 Cal.5th 662 (2022). No diligence on the part of Plaintiff could have foreseen this future event at the time the deadline to amend passed.[3]

Before the *Brennon B.* decision by the California Supreme Court and subsequent cases clarifying its scope, relying on the Unruh Act to apply the Americans with Disabilities Act to state and local entities was the common practice. Doing so was in keeping with the case law and practice of the time to obtain injunctive/declaratory relief and attorneys' fees. "[P]rior to the decision in *Brennon*, courts applied an expansive interpretation of the Unruh Act as to the meaning of

---

[3] Ms. Martinez previously discussed her diligence in her Motion (Mot. for Leave 1, 3-4, ECF No. 79) and expands on it further here.

— 3 —                                                    [3:20-CV-06570-TSH]
REPLY ISO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

'business establishment.'" *Frazier, et al., v. City of Fresno, et al.*, No. 120-CV-01069, 2023 WL 4108322, at *60-61 (E.D. Cal. June 21, 2023) (citing, among many others, *Gibson v. Cty. of Riverside*, 181 F. Supp. 2d 1057, 1090 (C.D. Cal. 2002); *Harrison v. City of Rancho Mirage*, 243 Cal. App. 4th 162, 173 (2015); *Warfield v. Peninsula Golf & Country Club*, 10 Cal. 4th 594, 622 (1995)). Indeed, before the *Brennon B.* decision, including a Section 11135 ADA derivative claim for injunctive/declaratory relief and attorneys' fees alongside an Unruh Act claim would have been unnecessarily duplicative and inefficient because the Unruh Act ADA derivative claim provides for an independent state right to all of those remedies plus damages.

While Plaintiff Martinez became aware of the *Brennon B.* opinion shortly after it issued in August 2022, there has been significant uncertainty about whether this unexpected change in law was limited to excluding only public schools from the Unruh Act's definition of "business establishments," see *Brennon B.*, 13 Cal.5th at 696 ("we conclude that the Unruh Civil Rights Act as currently written cannot reasonably be interpreted to encompass public school districts in situations such as this one"); *id.* at 669 ("we conclude that the [School] District was not a 'business establishment' for purposes of the Unruh Civil Rights Act under the circumstances alleged here."), or whether it extended to excluding other government entities as well. In particular, the uncertainties around *Brennon B.*'s applicability to other government services operating on a more transactional basis, like the CRO run by Defendant County of Alameda, made it unclear whether Plaintiff's Unruh Act claim was affected by the decision. Given this uncertainty, Plaintiff Martinez did not immediately amend earlier because she did not wish to delay the then-imminent trial date in December 2022 (*see* Mot. for Leave 1, 3, ECF No. 79) where Defendants seemed intent to let the Unruh Act claim proceed to trial.

Only more recently have courts begun resolving this uncertainty in favor of a broader reading of *Brennon B.* that applies beyond the unique concerns of a public school. *See, e.g., Martinez v. City of Clovis*, 90 Cal. App. 5th 193, 269, (2023), *review filed* (May 17, 2023). This unexpected "change[] in law" with uncertain impact is the kind of circumstance that cannot be avoided through the "exercise of reasonable diligence." *See, e.g., Del Rio v. Virgin Am., Inc.*, No. CV 18-

1063-GW(SKX), 2019 WL 210957, at *3 (C.D. Cal. Jan. 3, 2019) (quoting *Cryer v. Idaho Dep't of Labor*, No. 1:16-CV- 00526-BLW, 2018 WL 3636529, at *2 (D. Idaho July 30, 2018)).

Even now, the full impact of *Brennon B.* on Plaintiff Martinez's Unruh Act claim is not entirely decided. However, rather than continue to wait for further clarification by the California Supreme Court, Plaintiff is diligently seeking to avoid future controversy with Defendants over the interpretation of the Unruh Act. Instead, Plaintiff offers that a more efficient use of the Court and the parties' time would practically be served by amending the pleading now, while there is still time for this Court to consider the parties' summary judgment arguments as applied to the proposed Section 11135 ADA derivative claim, without altering the trial schedule. Defendant County of Alameda has not raised *Brennon B.* as a defense to the Unruh Act claim. However, to the extent the Unruh Act claims proceed forward to trial post summary judgment, Plaintiff does not wish to risk an increasingly appealable error based on all parties' reliance on the Unruh Act as the mechanism of applying the ADA for derivative state rights against a county.[4]

Plaintiff Martinez's diligent consideration of the Court's calendar, including the trial deadlines and other motions is the kind of non-prejudicial amendment that courts often approve of within their discretion. *See, e.g., Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008) (granting leave where amendment did not require reopening discovery or delaying the trial, and there was no evidence of prejudice to defendant); *see also Luckett v. Conlan*, 561 F. Supp. 2d 970, 977 (N.D. Ill. 2008).

### 2. *Defendant's authorities do not stand for a lack of good cause to amend.*

Plaintiff Martinez's simple request to swap between two ADA-derivative state claims is quite different from the severe and fundamental shifts in litigation strategy found in Defendant's cited authorities. For example, Plaintiff Martinez is seeking to remove the Unruh Act claim against the individual person Defendants in this matter, not join new defendants. *Johnson*, 975 F.2d 604, 606 (9th Cir. 1992) (holding no good cause on "a single, narrow question: when and under what circumstances may a party join an additional defendant once the district court has entered an order

---

[4] Nor does Plaintiff Martinez wish to abandon her long-pled state right to injunctive/declaratory relief and attorneys' fees flowing from a federal ADA violation. Separate state and federal rights to similar remedies are not duplicative even if measures of liability are the same.

limiting the time for joinder"). Unlike joining new defendants, for example, Plaintiff Martinez's proposed change reduces rather than expands the scope of trial and benefits all parties through greater efficiency.

Also distinguishable is that Plaintiff Martinez seeks to substitute another ADA-derivative claim on the same underlying theory, not introduce a new theory of liability. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (holding where plaintiffs proceeded on disparate *treatment* theory up through summary judgment in an age discrimination case that "[o]nly if the defendants have been put on notice may the plaintiffs proceed on a disparate *impact* theory at the summary judgment stage" (emphasis added)).

Here, Defendants have had notice of Plaintiff's ADA-derivative theory of liability governing her state law rights from the very start of this case. Plaintiff Martinez is not adding any new legal theory of liability. Thus, her proposed use of Section 11135 shall be judged from this Court's review of her federal ADA claim, just like her current use of the Unruh Act.

### 3. Plaintiff Martinez's timing reflects her diligent efforts to assist the Court with minimizing any impact on its calendar and to efficiently manage her claims on the pending summary judgment posture.

Defendants have already unsuccessfully filed one motion for summary judgment of state law claims derivative of the ADA. (*See* Defs' Opp'n to Pl.'s Mot. For Part. Summ. J. and Mot. for Summ. J., ECF No. 48; Order re. Mot. for Summ. J., ECF No. 54.) To the extent the Court wishes to entertain Defendant's unauthorized second summary judgment motion, which ironically violates Rule 16(b) and the scheduling orders (*see* Case Mgmt. Order, ECF No. 33; Order for Pl. to File Mot. for Summ. Adjud., ECF No. 58), Defendant's repeated arguments can be heard in application to her proposed ADA-derivative state claim under Section 11135 just as well as the Unruh Act. Plaintiff is most certainly not inviting yet a third round of briefing as Defendant unexpectedly suggests (Opp'n to Mot. for Leave 3, ECF No. 81; *see also* 2/2/23 Joint Case Management Statement 9-10, ECF No. 71 (additional briefing not raised)).[5]

---

[5] When conferring by email before filing, Ms. Martinez's counsel, repeating Plaintiff's position from the February 2, 2023 Joint Case Management Statement, clearly communicated to

Plaintiff Martinez's good-faith intent is that her amendments, done in the way she has requested, will allow "the district court to better manage its calendar and to facilitate more efficient disposition of" all claims based on the underlying federal ADA violation. *See Johnson*, 975 F.2d at 610-11; Fed. R. Civ. P. 16 advisory committee notes (1983 amendment). To be clear, Defendants have already briefed a denied motion for summary judgment on Plaintiff's ADA claims and the ADA-derivative Unruh Act claim. Defendant County of Alameda's second, unauthorized motion for summary judgment, in violation of the court's order, should be denied for the same reasons that its first motion was denied. In addition, there would likewise be no new grounds for Defendants to file a third motion for summary judgment if Plaintiff's amendments are approved by this Court.

### B. Defendant fails to show the "undue prejudice" required by Rule 15.

"Undue prejudice" is the most important factor in evaluating a motion under Rule 15; the burden is on the opposing party to prove they are unduly prejudiced. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Here, Defendant merely speculatively asserts that it will experience "significant prejudice" through "likely" additional discovery and additional dispositive motion practice; however, Defendant provides no specific examples of how permitting the existing federal ADA theory of liability to be applied through Section 11135 instead of the Unruh Act will necessitate further discovery or motions practice for the County. (*See* Opp'n to Mot. for Leave 10-11; *see also* Mot. for Leave 2-3.) Defendant's legal support for its speculation is distinguished by different procedural postures and circumstances that are unlike the current one; Defendant's non-specific references of prejudice to itself are all speculative and hypothetical. (*See* Opp'n to Mot. for Leave 10.) As such, Defendant has not met its burden of showing the "undue prejudice," *Leighton*, 833 F.2d at 186-87, that would support rejecting Plaintiff Martinez's request to amend her complaint under Rule 15.

---

Defendants' counsel that the proposed Section 11135 state ADA-derivative claim could be subject to the same fate on the pending summary judgment arguments as her current Unruh Act state claim and that no additional briefing would be required.

# III. CONCLUSION

Plaintiff Martinez has established good cause to modify the previous scheduling orders under Rule 16(b). She has diligently sought her amendment as it has become clear that state law has changed and could likely further change to disfavor using the Unruh Act to enforce her state rights against the County of Alameda. Defendant County of Alameda has offered neither law nor facts that rebut Plaintiff's demonstrable good cause to amend the scheduling order. Nor has Defendant articulated any undue prejudice under Rule 15 against granting leave for the amendment. Defendant cannot articulate any such undue prejudice because Plaintiff Martinez's amendments involve no new theories of liability, no new disputed facts, no necessary new discovery, no additional parties, and no adjustment to the trial schedule. For all of the forgoing reasons, Plaintiff Martinez's simple motion to amend in order to swap ADA-derivative state claims should be granted.

DATED: June 26, 2023

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Timothy R. Elder*
Timothy R. Elder

*Attorneys for Plaintiff*