UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>Defendants. | Case No. 20-cv-06570-TSH<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT, LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 61, 63, 79 |

In ECF No. 44, the Court denied Plaintiff's motion for partial summary judgment and declaratory judgment and granted in part and denied in part Defendants' motion for summary judgment. Thereafter the Court held a case management conference. Both sides requested that the Court determine whether the County is required to provide scribe services under the ADA. The parties then filed cross motions for summary judgment on this issue.

Having reviewed the parties' briefing, the Court finds that it cannot issue an order that is specific to scribe services. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. That statutory provision is written at a high level of generality, and the Court does not see how it can determine as a matter of law that one very specific form of accommodation is or is not required. "The type of auxiliary aids required to be provided involves a fact intensive inquiry often ill-suited for summary judgment." *Brown v. Department of Public Safety and Correctional Services*, 383 F. Supp. 3d 519, 557 (D. Md. 2019) (cleaned up). Indeed, even when scribes are provided, there can be triable questions of material fact concerning whether they are "qualified." *Id*. at 558-59. The County has also not shown as a matter of law that

Plaintiff's claim for declaratory relief is moot. Accordingly, the parties cross motions for summary judgment are **DENIED**.

Plaintiff has demonstrated good cause to amend her Complaint, so her motion for leave to amend is **GRANTED**. Plaintiff shall file her Amended Complaint as a separate item on the docket.

The Court **CONVERTS** the July 13, 2023 11:00 a.m. hearing into a Case Management Conference and **ORDERS** the parties to file a Case Management Conference statement by July 11, 2023. Among other subjects, the parties shall discuss whether discovery needs to be reopened concerning Plaintiff's claim for declaratory relief, and the rescheduling of the remaining pretrial and trial dates.

**IT IS SO ORDERED.**

Dated: July 3, 2023

_____
THOMAS S. HIXSON
United States Magistrate Judge