TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone: (415) 873-9199
Facsimile: (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
1500 Dragon St. Suite 160
Dallas, Texas 75039
Telephone: (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6210 Stoneridge Mall Road, Suite 210
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

*Attorneys for Defendant County of Alameda*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity, <br><br> Defendants. | Case No. 3:20-cv-06570-TSH <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

The Parties to the above-entitled action submit this Joint Case Management Statement pursuant to the Court's 7/03 Order (ECF No. 83).

## I. INTRODUCTION

This is an action for relief under Title II of the Americans with Disabilities Act ("ADA"), California Government Code section 11135 (replacing the former claim under the California Unruh Civil Rights Act), and the Disabled Persons Act.

## II. PENDING MOTIONS

As a result of the Court's 7/03 Order (ECF No. 83), there are currently no pending motions.

## III. SETTLEMENT AND ADR

A settlement conference is scheduled for August 16, 2023, at 10am, before Magistrate Beeler, with settlement conference statements due August 9, 2023.

## IV. PRETRIAL AND TRIAL SCHEDULING

### Plaintiff's Position

Plaintiff proposes bifurcating the trial into two phases. First, Plaintiff would try her liability and damages claims under the ADA and related state law regarding whether Defendants failed to provide effective communication during the time in 2019 when Ms. Martinez went through the process of submitting her FBNS. Second, if Plaintiff prevails on liability before the jury, the matter would proceed for 60 days of additional discovery and a bench trial for injunctive and declaratory relief regarding recent changes in the CRO for customers who are blind.

In advance of the jury trial, Plaintiff proposes that Defendants be granted 30 days to depose Plaintiff's disclosed experts on the PDFs relevant to the 2019 filing of her FBNS, as reflected in the below proposed schedule:

| EVENT | PROPOSED DATE |
| --- | --- |
| Close of limited new discovery | 8/11/23 |
| Exchange of Rule 26(a)(3) pretrial disclosures | 8/28/23 |
| Exchange of pretrial documents (see ECF No. 33: draft pretrial conference statements and appendices, proposed voir dire, | 8/28/23 |

| | |
|---|---|
| proposed jury instructions, proposed verdict forms) for met & confer obligations and in anticipation of joint filings | |
| Deadline to file pretrial documents (*see* ECF No. 33, including motions *in limine*, joint pretrial conference statement, trial briefs) | 9/18/23 |
| Deadline to file oppositions to motions *in limine* | 9/25/23 |
| Pretrial conference | 10/12/23 |
| Final pretrial conference | 10/30/23 |
| Jury trial (duration to be determined) | 11/6/23 |

## The County's Position

First, a Case Management Conference is not a proper forum in which to seek bifurcation of trial. If Plaintiff seeks bifurcation of trial, the proper procedure is to file a motion for bifurcation under Federal Rule of Civil Procedure 42(b), such that the issues can be fully briefed and properly submitted to the Court for adjudication. See, e.g., *Inv.-Imp. V. Seaboard Sur. Co*, 18 F.R.D. 499, 500 (S.D.N.Y. 1955) (referring to consolidation under Rule 42(a) and stating, "[o]n a motion under Rule 42, the burden will be on plaintiff to show that the consolidation should be ordered in the exercise of the court's discretion and *on notice to all parties*…"). Upon Plaintiff's filing of such motion, the County intends to submit a written opposition.

Second, bifurcation would be nonsensical in this context. This is because the evidence applicable to the issues of whether the communications between Plaintiff and the CRO were effective on the day of the incident, and whether the CRO was required to provide Plaintiff with a particular auxiliary aid or service for purposes of effective communication (in addition to allowing patrons to file the FBNS by mail, which the CRO allowed at the time of the incident), *is equally applicable to determining the reasonableness of the additional accommodations the CRO has implemented since the incident*. Specifically, persons with vision disabilities can now complete an FBNS in the physical CRO on a computer-kiosk equipped with Jobs Access with Speech ("JAWS") screen-access software. Consider that "[d]etermining the reasonableness of accommodations under the dual prongs of effective communications and equal opportunity

'depends on the individual circumstances of each case' and requires a 'fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards." *See Payan v. Los Angeles Cmty. Coll. Dist.*, Case No. 17-cv-1697-SVW-SK, 2018 WL 6164269, at *10 (C.D. Cal. Oct. 16, 2018) (citing *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002). Thus, it would be a waste of time and judicial resources for the jury to determine whether the communication between the CRO and Plaintiff was effective on the day of the incident and whether the CRO was required to provide a particular accommodation to Plaintiff that day, without also determining whether the CRO's implementation of additional accommodations is reasonable *under the exact same factual circumstances*. Bifurcation does not make sense when the exact same evidence is applicable to the issues that Plaintiff seeks to separate.

Third, whether or not Plaintiff's claims for future injunctive and declaratory relief are moot (given the CRO's implementation of a method allowing persons with vision disabilities to electronically complete an FBNS in the physical CRO on a computer kiosk) *is a question of fact for the jury and cannot be adjudicated in a bench trial*. Indeed, the Court has already ruled that the question of what would be considered effective communication under the ADA is a question of fact that is "more appropriate for a jury." Dkt. 54, at 7:13-21. Further, again, "[d]etermining the reasonableness of accommodations under the dual prongs of effective communications and equal opportunity 'depends on the individual circumstances of each case' and requires a 'fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards" (*see Payan*, 2018 WL 6164269, at *10 (citing *Vinson*, 288 F.3d at 1154)), and the "required fact-finding and credibility determination are more appropriate for a jury." Dkt. 54 at 7:13-21; <u>Sanford v. Red Robin Int'l, Inc.</u>, 2005 WL 3439689, at *2 (E.D. Cal. Dec. 14, 2005) ("At oral argument, plaintiff's counsel argued that although some barriers may be moot, plaintiff has not seen the changes made and therefore cannot be certain that the alleged barriers have been removed in accordance with the ADA. However, as plaintiff's counsel went on to concede, even if defendants' recent changes are also not ADA compliant, the very fact that changes have been made leaves open questions of fact

sufficient to defeat a motion for summary judgment. Therefore, because disputed issues of material fact remain, plaintiff is not entitled to judgment as a matter of law."); *U.S. E.E.O.C. v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1110 (9th Cir. 2010) (the determination of whether a particular accommodation is reasonable is ordinarily a question of fact that is best left to the jury); <u>Lujan v. Pac. Mar. Ass'n</u>, 165 F.3d 738, 743 (9th Cir. 1999); <u>Lozano v. Cnty. of Santa Clara</u>, 2017 WL 945025, at *8 (N.D. Cal. Jan. 13, 2017). A bench trial, as Plaintiff requests, is not appropriate.

Fourth, there is no need to generally reopen discovery. The parties have already completed discovery, the fact discovery cutoff has long since passed, and Plaintiff has not shown good cause to modify the Scheduling Order to reopen discovery for all purposes. F.R.C.P. 16(b)(4). Nor is the fact Plaintiff was recently granted leave to amend to substitute in a claim for violation of California Government Code section 11135 in place of Plaintiff's prior claim under the Unruh Act grounds to reopen discovery where Plaintiff conceded in her Motion for Leave to Amend that "the substantive standard for liability remains unchanged in this amended complaint." Dkt. 79, at 1:11-15. The only issue for which there is any reason to reopen discovery pertains solely to the computer kiosk in the CRO, reserved for persons with disabilities, equipped with JAWS screen access software, and which provides persons with vision disabilities the opportunity to electronically complete an FBNS in the physical CRO on the kiosk. Although the County disclosed its plan to implement such a system during fact discovery, the system was not actually completed and implemented until after the close of fact discovery. Thus, the County will agree to limited additional fact discovery concerning that sole issue, but said discovery should be limited and occur prior to trial. The County proposes the parties be permitted to serve an additional five interrogatories, five requests for production of documents, and notice one deposition of up to 3 hours, at most, and all of which must pertain specifically to the opportunity for a person with vision disabilities to electronically complete an FBNS on the kiosk in the CRO, equipped with JAWS, and the corresponding assistance available by CRO staff with respect to helping the person with a vision disability use the kiosk, read the FBNS, and print and sign the FBNS.

As for expert discovery, the County intends to challenge Plaintiff's efforts to introduce expert witnesses. Plaintiff previously stipulated that the parties would not retain experts in this matter. See Dkt. 41 at 2:12-14 ("WHEREAS, the parties do not contemplate the need for retention of experts in this action and, as such, can modify the deadline for the close of fact discovery without affecting the Court's subsequent deadlines or trial schedule."). Thus, the parties allowed the expert disclosure deadline to pass on April 7, 2022 (Dkt. 33, at 1), with neither party disclosing *any* experts. The deadline to complete expert discovery passed on June 2, 2022, *with neither party conducting any expert discovery*. Dkt. 33, at 1. Then, unprompted, on December 22, 2022, well after the close of expert discovery, Plaintiff simply served a purported expert disclosure, as though doing so would somehow reopen expert discovery. It did not. As such, the County objects to Plaintiff's untimely attempt to disclose experts and to the presentation of expert testimony. Plaintiff certainly has not shown good cause to modify the Scheduling Order in this regard, such as through a noticed motion. F.R.C.P. 16(b)(4); Dkt. 33. However, should the Court allow Plaintiff to introduce expert testimony, even though Plaintiff did not disclose any experts prior to the deadline to do so and did not conduct any expert discovery prior to the expert discovery cutoff, the County intends to introduce expert testimony as well and requests an opportunity to disclose its experts and engage in expert discovery. If expert discovery is revived, the County should be granted a full opportunity to participate.

Finally, the County has scheduling conflicts with respect to Plaintiff's new proposed case schedule. The County, therefore, proposes the following alternative schedule:

| EVENT | PROPOSED DATE |
| --- | --- |
| Close of limited new fact discovery | 10/13/23 |
| Exchange of Rule 26(a)(3) pretrial disclosures | 1/9/24 |
| Exchange of pretrial documents (*see* ECF No. 33: draft pretrial conference statements and appendices, proposed voir dire, proposed jury instructions, proposed verdict forms) for meet & confer obligations and in anticipation of joint filings | 1/9/24 |

| Deadline to file pretrial documents (*see* ECF No. 33, including motions *in limine*, joint pretrial conference statement, trial briefs) | 1/22/24 |
|---|---|
| Deadline to file oppositions to motions *in limine* | 1/29/24 |
| Pretrial conference | 2/26/24 |
| Final pretrial conference | 3/11/24 |
| Jury trial (duration to be determined) | 3/18/24 |

In addition, if the Court revives expert discovery in this matter, the County also proposes the following, additional dates to the schedule, to allow both parties a fair opportunity to engage in such discovery:

| EVENT | PROPOSED DATE |
|---|---|
| Disclosure of Expert Witnesses | 8/14/23 |
| Disclosure of Rebuttal Expert Witnesses | 9/14/23 |
| Close of Expert Discovery | 10/13/23 |

## V.  TRIAL

The Parties anticipate that trial will take approximately 3-4 court days.

All parties have requested a jury trial.

### Plaintiff's Position

Plaintiff proposes bifurcating the trial into two phases. First, Plaintiff would try her liability and damages claims under the ADA and related state law regarding whether Defendants failed to provide effective communication during the time in 2019 when Ms. Martinez went through the process of submitting her FBNS. Second, if Plaintiff prevails on liability before the jury, the matter would proceed for 60 days of additional discovery and a bench trial for injunctive and declaratory relief regarding recent changes in the CRO for customers who are blind.

**Defendant's Position**

For the same reasons discussed at length above, the County opposes Plaintiff's informal request to bifurcate trial. The County also opposes Plaintiff's request that any part of this action be adjudicated by a bench trial. The County will include and elaborate on its position and arguments, briefly set forth above, in the County's opposition to a noticed motion for bifurcation under Federal Rules of Civil Procedure, Rule 42(b), including relevant authority.

Respectfully submitted,

DATED: July 11, 2023         TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy Elder

*Attorneys for Plaintiff*

DATED: July 11, 2023         ORBACH HUFF + HENDERSON LLP

*/s/ Nicholas D. Fine*
Kevin E. Gilbert
Nicholas D. Fine

*Attorneys for Defendant County of Alameda*