TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:      (415) 873-9199
Facsimile:      (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
1500 Dragon St. Suite 160
Dallas, Texas 75039
Telephone:      (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE**<br><br>Hearing Date: November 2, 2023<br>Time: 10:00 am<br>Courtroom: via Zoom video conference<br>Judge: Hon. Thomas S. Hixson |

# REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE

## I. INTRODUCTION

Defendants wrongly claim that a jury is always required to evaluate every question of material fact. (Defs.' Oppo. to Pl.'s Mot. to Bifurcate 1, ECF No. 95.) This is simply not the law.

Instead, the law mandates that juries evaluate questions of material fact relevant to all *legal* claims; questions of material fact relevant to *equitable* claims are the domain of judges operating as factfinders. *See, e.g., Illinois Tool Works, Inc. v. MOC Prod. Co.*, 946 F. Supp. 2d 1042, 1044 (S.D. Cal. 2012) ("Because legal and equitable issues are committed to different factfinders, it is common and appropriate to hold separate jury and bench trials on the different issues.").

Notwithstanding Defendants' out-of-context soundbite quotes from cases involving summary judgement and juries, there is nothing unique about claims involving disability discrimination that alters the commonplace division between the roles of juries and judges. *See, e.g., Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) (holding that equitable relief under the Americans with Disabilities Act (ADA) is "to be awarded by the district court in its discretion") (citing *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 415-16 (1975)); *Sharer v. Oregon*, No. 04-CV-1690-BR, 2007 WL 3348265, at *3 (D. Or. Nov. 6, 2007) (concluding that, after an amendment that left only an equitable ADA claim, the equitable claim would be tried to the court); *Cherry v. City Coll. of San Francisco,* No. C 04–04981 WHA, 2006 WL 249519, at *1 (N.D. Cal. Jan. 31, 2006) (concluding that because the only remaining issues were equitable (*i.e.,* claims for declaratory and injunctive relief under the ADA), the plaintiffs no longer had the right to a jury trial, and the matter was to be tried to the court).

Even when there are factual issues relevant to both legal and equitable claims, a case may still be bifurcated at the discretion of the judge, with determinations of overlapping factual issues handled by a jury. *See, e.g., Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (holding that, where there are issues in common to both legal and equitable claims, legal claims must be determined by a jury prior to equitable ones being determined by the Court); 9 Charles A. Wright

& Andrew D. Leipold, Fed. Prac. & Proc. Civ. § 2337 (4th ed. 2008) ("The jury and nonjury issues may be tried separately [or] simultaneously, with the jury rendering a verdict on the jury issues and the trial judge making findings on the nonjury issues. The matter is within the trial court's discretion as long as the order of trial is arranged so that it preserves the jury right on the jury triable issues.").

## II.  ARGUMENT

### A.  Defendants misapply the standard for summary judgment.

Defendants conflate the standard used by courts to deny summary judgment with the right to have the entirety of a case tried before a jury. While courts often invoke juries when discussing fact-finding, as Defendants point out, the Supreme Court and the Ninth Circuit have stated that the actual test at summary judgment is to evaluate if a trial in front of either a jury or a judge acting as finder of fact is necessary: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by *a finder of fact* because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (emphasis added). *See also, e.g., Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (summary judgment inappropriate if reasonable persons could disagree about a material fact "enough to require a *jury or judge* to resolve the parties' differing versions of the truth") (emphasis added); *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) ("all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a *jury or judge* to resolve the parties' differing versions of the truth at trial") (emphasis added). *See also* Fed. R. Civ. P. 56. Defendants' showing that there are questions of fact remaining about the effectiveness of Ms. Martinez's requested auxiliary aid or service does not support their conclusion that these questions must be decided by a jury and not a judge.

### B.  Evidence regarding later auxiliary aids or services has no bearing on liability or damages resulting from Ms. Martinez's visits to the CRO in 2019.

Evidence, expert or otherwise, related to auxiliary aids or services that were not available to Ms. Martinez through Defendant County of Alameda's (County) Clerk-Recorder's Office (CRO)

during her visits in 2019 is inconsequential to any determination of liability or damages accrued because of her visits as these auxiliary aids or services *did not yet exist* then and therefore evidence about them does not make any facts more or less probable. *See* Fed. R. Evid. 401; 28 C.F.R. § Pt. 35, App. B (2011); 28 C.F.R. § 35.160. Thus, such evidence is irrelevant to the jury's legal determination of liability and damages and should not be admitted for that purpose. *See* Fed. R. Evid. 402 (irrelevant evidence is not admissible).

Defendants' arguments that somehow evidence related to later auxiliary aids or services not available at the time of Ms. Martinez's visits is relevant to the "reasonableness" of accommodations are unavailing. This is not a reasonable accommodations case; it is one about effective communications. The County is liable for failing to provide the requested auxiliary aid preferred by the person with the disability unless the County can show that an alternative to Ms. Martinez's request that a CRO staff member act as a scribe is equally effective or that doing so is an undue burden or fundamental alteration. *See* C.F.R. Pt. 35, App. B (2011). The County has adduced no evidence of undue burden or fundamental alteration nor has it ever provided the required written statement. *See* 28 C.F.R. § 35.164; *Whitfield v. City of Salinas*, No. C 05-03230 JF, 2006 WL 2529509, at *5 (N.D. Cal. Aug. 31, 2006). Further, recently introduced auxiliary aids or services that did not exist when Ms. Martinez visited in 2019—such as improved kiosks or more accessible online forms—cannot be relevant to the jury's initial determination of liability for failing to provide her with simple human scribe services in 2019.

On the other hand, evidence regarding auxiliary aids or services available only after Ms. Martinez's visits in 2019 is potentially relevant for the limited purpose of the Court's equitable determination of future-looking injunctive relief addressed in phase two. *See* Fed. R. Evid. 401-402. Since this evidence is irrelevant to phase one and relevant to phase two, it does not overlap between the legal claims of phase one and the equitable claims of phase two, and thus is separable, supporting bifurcation.

**C.     Admitting evidence of later auxiliary aids and services for the jury to consider risks unfair prejudice to Plaintiff.**

The introduction of evidence of auxiliary aids and services not available when Ms. Martinez visited in 2019 would be more unfairly prejudicial than probative. It would risk unfair prejudice, confusion of the issues, misleading of the jury, and undue delay prohibited by Federal Rule of Evidence 403. Furthermore, it does not meet the standard for admission under Federal Rule of Civil Procedure 407. Nor can it show the "feasibility" of anything relevant to Plaintiff's requested auxiliary aid or service she asked for in 2019—a human scribe to write on a paper form. Instead, it relates only to the later status of accessibility at the CRO, including questions about injunctive relief. Otherwise, such evidence serves to prejudice Plaintiff by potentially confusing the jury into thinking Defendant is "trying hard" to fix accessibility—something that is irrelevant to liability or damages for their actions in 2019—and dragging out the trial as the jury struggles to understand and determine the significance of complex competing expert testimony.

**D.     Bifurcation causes no unfair prejudice to Defendants.**

In arguing that they would suffer prejudice, Defendants appear to believe that auxiliary aids and services that *did not exist* when Ms. Martinez suffered damages because of discrimination at the CRO during her visits in 2019 are nonetheless relevant to those legal claims and not just to her equitable ones. This is nonsensical. It is also contrary to the ADA's implementing regulations: Section 35.160 requires that the County "honor the [expressed] choice [of the individual with a disability] *unless it can demonstrate* that another effective means of communication *exists* or that use of the means chosen [by the disabled individual] would not be required under § 35.164." 28 C.F.R. Pt. 35, App. B (2011) (emphasis added).

Plaintiff's division into two phases makes this distinction clear, as it cleanly divides evidence between recently introduced auxiliary aids that did not exist in 2019 (phase two) and those that did (phase one).

There is no unfair prejudice or burden to Defendants that will result from clearly dividing the issues into two phases as proposed by Plaintiff. Presenting irrelevant evidence and arguments to

the jury would waste resources and be likely to create jury confusion and prejudice Plaintiff when these equitable issues are for the Court to evaluate.

### E. Plaintiff's bifurcation proposal is judicially efficient.

Most of the complex expert testimony and debate in this case will involve opining on auxiliary aids or services available only *after* Ms. Martinez's visit to the CRO and opining on whether or not they are as equally effective as providing simple scribe services. Plaintiff, after reviewing the available expert disclosures, estimates this expert debate will take a minimum of two days of court time to hear fully; almost none of this expert testimony is relevant to the jury's determination of liability and damages about whether the auxiliary aids or services offered to Ms. Martinez in 2019 were equally effective. As such, forcing jurors to sit through additional days of testimony and expert debate regarding matters relevant only to the Court's evaluation of equitable relief is inefficient and a waste of juror's time and energy, particularly as none of this expert evidence need be presented at all if the jury decides against Plaintiff in phase one.

### F. Lack of a clear division will be likely to cause jury confusion.

In addition to being inefficient, irrelevant arguments and evidence, especially extensive expert opinion, about questions applicable only to equitable claims is likely to cause jury confusion. In particular, given Defendants' propensity to conflate alternatives that exist with those that did not at various points in time along with the complexity of the newer systems Defendants keep trying to make functional, it will be challenging for jurors to distinguish what auxiliary aids or services were available at what time and to what claims those aids or services relate to. A simple bifurcation into two phases removes this potential for jury confusion and allows the jury to focus effectively and concisely on just those issues for which it is required: Ms. Martinez's legal claims about liability and damages during her visits to the CRO in 2019 as she attempted to file her FBN form.

### III. CONCLUSION

Here, Plaintiff seeks to make clear well in advance of trial the distinction between legal issues for the jury to consider and equitable matters for the Court in order to conserve judicial resources, including juror time, and to make trial preparation more efficient by all parties.

A clear assignment of legal claims and equitable claims to the appropriate finder of fact merely formalizes this standard division into an understandable mechanism well in advance of trial, increasing efficiency, reducing confusion, and simplifying the trial, without unfair prejudice to any party.

DATED: October 18, 2023

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy R. Elder

*Attorneys for Plaintiff*