TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:     (415) 873-9199
Facsimile:     (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:     (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

*Attorneys for Defendant County of Alameda*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>Defendants | Case No. 3:20-cv-06570-TSH<br><br>**JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>Pretrial Conference: February 15, 2024<br>Time: 10:00 AM<br>Trial Date: March 25, 2024<br>Judge: Hon. Thomas S. Hixson |

# JOINT PRETRIAL CONFERENCE STATEMENT

### Substance of the Action

*A brief description of the substance of claims and defenses which remains to be decided.*

**Plaintiff's Claims**

Plaintiff brings claims under Title II of the Americans with Disabilities Act (ADA), California Gov't Code § 11135, and California Civil Code §§ 54-55.3 (DPA), the substance of which are:

1. Whether the County of Alameda failed to provide effective communication needed to ensure that Plaintiff Lisamaria Martinez had an equal opportunity to enjoy the benefits of filing forms and being advised of any deficiencies at the Clerk Recorder's Office ("CRO") on March 29, 2019 when it refused her request for a scribe to act as an auxiliary aid or service.

2. Whether the current post-litigation arrangements made at the CRO, now including a kiosk that can be requested in person and that a staff member can be asked to assist with, are equally effective to Plaintiff's requested scribe service so as to overcome the primary consideration doctrine.

**Defendant's Defenses**

1. As an initial matter, Defendant disagrees with Plaintiff's framing of Plaintiff's claims, particularly to the extent Plaintiff suggests that, if an accommodation was required, the County had an obligation to provide scribe services or an "equally" effective method of communication to that of scribe services. Defendant disagrees that this purported "equally" effective standard is the applicable standard.

2. Plaintiff was not excluded from participation in or denied the benefits of the CRO's services, programs, or activities that she sought to receive.

3. Plaintiff was not entitled to an auxiliary aid or service on March 29, 2019, because the County's employees effectively communicated with Plaintiff without the need for such auxiliary aid or service, particularly where the ADA's "effective communication" provisions do not include an obligation to physically modify or complete forms for persons with disabilities.

4. To the extent an accommodation was required on the day of the incident, the County already provided a reasonable accommodation in the form of providing an electronic, fillable version of the FBNS online, providing verbal and written instructions to patrons who must make corrections to their FBNS's before the FBNS's can be filed, and allowing patrons to file FBNS's by mail, such that they need not visit the CRO at all.

5. "Scribe services" – the only accommodation Plaintiff demanded on the day of the incident – do not constitute a recognized or required auxiliary aid or service under the ADA or the corresponding regulations. To the extent Plaintiff has repeatedly argued that the County had an obligation to provide an auxiliary aid or service in the form of a "qualified reader" and that a "qualified reader" must provide scribe services, nowhere in the definition of "qualified reader" in 28 C.F.R. § 35.104 is there a requirement that the individual have the ability to *write*.

6. Scribe services do not constitute a reasonable accommodation because California Government Code section 27203(d) prohibits the CRO from "alter[ing], chang[ing], obliterate[ing], or insert[ing] any new matter in any records deposited in the recorder's office, unless the recorder is correcting an indexing error," and because such services would lead to the unauthorized practice of law by County employees.

7. Plaintiff cannot recover statutory damages against the County under the Disabled Persons Act ("DPA") because the DPA's damages provision, Civil Code section 54.3, does not apply to public entities such as the County.

8. Plaintiff cannot establish a violation of the DPA because she cannot establish a violation of the ADA.

9. Plaintiff cannot establish a violation of California Government Code section 11135 because Plaintiff cannot establish a violation of the ADA and because Plaintiff cannot establish that the CRO's FBNS program was funded directly by the State of California at the time of the incident underlying this litigation, or that it received financial assistance from the State of California at that time.

10. Even if Plaintiff establishes a violation of the ADA, Plaintiff cannot recover monetary damages under the ADA where she cannot establish deliberate indifference on the part of the County.

11. Even if Plaintiff establishes a violation of the ADA, Plaintiff's claim for future injunctive relief is moot where the County has removed any alleged barriers to access through the implementation of an additional accommodation. Specifically, the County has reserved a computer kiosk in the CRO's "Public Files" room for use by persons with disabilities, and equipped that kiosk with screen reader software, such that a person with a disability can complete an FBNS electronically, in the physical CRO, either using the screen reader software or with human assistance provided by County employees in the CRO.

**Relief Prayed**

*A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.*

- A declaration that Defendant is operating the Clerk-Recorder's Office in a manner that discriminates against people with disabilities, through their policies, actions, and inactions with respect to individuals who, because of their disabilities, require the auxiliary aid and service of a scribe to complete paperwork;

- An order enjoining Defendant from violating Title II of the ADA and Gov't Code § 11135, with respect to Ms. Martinez, through its policies, practices, and actions related to providing scribe services for people with disabilities who need it to complete paperwork;
- Compensatory damages to Ms. Martinez against Defendant County of Alameda for the humiliation, indignity, shock, and emotional distress that Ms. Martinez experienced as a result of the unlawful policies, practices, and conduct of Defendant County of Alameda and its agents and employees pursuant to Titles II of the ADA and the DPA;
- Statutory awards to Ms. Martinez against Defendant County of Alameda in the amount of no less than $1,000 for each violation of the DPA;
- An award of Plaintiff's reasonable attorneys' fees and costs against Defendant County of Alameda; and
- Such other and further relief as the Court deems just and proper.

Plaintiff expects to present the following in regards to the damages claimed and the amount of damages:

1. Economic damages consisting of the amount per hour paid to witness Emily Grimm and the amount of time Ms. Grimm spent, and dollar value of Plaintiff Martinez's time. Evidence will come from testimony of Plaintiff Martinez, witness Joseph A. Bakker, and witness Emily Grimm.
2. Mental suffering and emotional distress damages based on the testimony of Plaintiff Martinez, witness Joseph A. Bakker, and witness Emily Grimm.

Plaintiff notes that, regardless of the exact amount established above, the California DPA has minimum statutory damages of $1,000 per violation.

**Undisputed Facts**

*A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.*

| | JOINT UNDISPUTED FACT |
|---|---|
| 1. | Defendant County of Alameda is a public entity within the meaning of the ADA. |
| 2. | Plaintiff Lisamaria Martinez is blind and disabled within the meaning of the ADA. |
| 3. | Ms. Martinez visited the CRO on March 29, 2019 to file her FBNS. |
| 4. | On March 29, 2019, Ms. Martinez explained, and Defendant understood, that she is blind. |
| 5. | When Ms. Martinez spoke with CRO staff on March 29, 2019, she was told that her FBNS form could not be accepted without corrections. |
| 6. | Ms. Martinez requested the CRO on March 29, 2019 enter corrected information on a paper FBNS form. |

**Disputed Factual Issues**

*A plain and concise statement of all disputed factual issues which remain to be decided.*

The following disputes appear to exist:

- If Plaintiff prevails on establishing a violation of the ADA, whether the CRO's employees demonstrated deliberate indifference to Plaintiff's rights.

Because the parties disagree over the correct legal standard to apply when evaluating the sufficiency of auxiliary aids or services under Title II of the ADA (see Disputed Legal Issues, below), the following factual disputes are presented through separate statements:

*Plaintiff's Statement*

- If an auxiliary aid or service was required, whether Ms. Martinez's requested auxiliary aid (a scribe) under the primary consideration doctrine was necessary for her full enjoyment of the CRO's filing benefits, including whether the aids or services made available by the CRO to Ms. Martinez in 2019 provided communication with Ms. Martinez that was as effective as communications with others;
- Whether Ms. Martinez's requested auxiliary aid (a scribe) is still required today under the primary consideration doctrine because the aids or services currently made available by the CRO to Ms. Martinez (mail filing, self-service online forms and computer kiosks) provide communication with Ms. Martinez that is as effective as communications with others.

*Defendant's Statement*

- If an auxiliary aid or service was required, whether Ms. Martinez's requested auxiliary aid (a scribe) under the primary consideration doctrine was necessary for her full enjoyment of the CRO's filing benefits, including whether the aids or services made available by the CRO to Ms. Martinez in 2019 were effective;
- If an auxiliary aid or service was required, whether Ms. Martinez's requested auxiliary aid (a scribe) is required under the primary consideration doctrine, including whether the aids or services currently made available by the CRO to Ms. Martinez (mail filing, self-service online forms and computer kiosks) are effective.
- Whether the communications between the CRO's employees and Ms. Martinez were effective on the day of the incident for purposes of the ADA's effective communication requirement.

Because the parties disagree over the correct legal standard to apply under California Government Code section 11135 (see Disputed Legal Issues, below), the following factual dispute is presented through separate statements:

*Plaintiff's Statement*

- Whether the CRO was funded directly by the State of California or received financial assistance from the State of California at the time of the incident giving rise to this action.

*Defendant's Statement*

- Whether the CRO's FBNS program was funded directly by the State of California or received financial assistance from the State of California at the time of the incident giving rise to this action.

## Disputed Legal Issues

*Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.*

*Plaintiff's Statement*

- Whether acting as a scribe to write on a paper form under the direction of a disabled individual can qualify as an "auxiliary aid or service" under Title II of the ADA.
- What the correct legal standard is for measuring the sufficiency of an alternative auxiliary aid or service to that requested by the disabled individual under Title II of the ADA: is the standard merely that the alternative must merely be "effective" (as it is under Title III of the ADA) or must the communication with the disabled individual using the alternative auxiliary aid or service be "as effective as communications with others" (28 C.F.R. § 35.160).
- What the correct legal standard is for determining what is or is not a "program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state" under California Government Code section 11135.
- Whether the California Disabled Persons Act applies to the CRO.

- Whether the California Disabled Persons Act and its statutory damages provision (including the lack of an intent requirement) applies to the CRO.
- Whether an FBNS form is "deposited" under California Government Code section 27203(d) when it has not been filed by the individual seeking to file the FBNS.

*Defendant's Statement*

- Whether the Court's Order at Dkt. 54 resulted in the lack of any pending claims against the individual defendants such that they must be dismissed prior to trial.
- Whether the ADA's effective communication requirement goes beyond the actual communications between the individual with a disability and the public entity, and extends to the physical act of completing forms for persons with disabilities.
- If an auxiliary aid or service was required, whether "scribe services" constitute a recognized and required auxiliary aid or service under the ADA and its corresponding regulations.
- If an auxiliary aid or service was required, whether the "primary consideration" doctrine requires the public entity to honor the choice of auxiliary aid or service selected by the individual with a disability even when the public entity can demonstrate that another effective means of communication exists.
- Whether the specific County program at issue must be funded directly by the State of California, or receive financial assistance from the State of California, to satisfy the state funding element of a claim under California Government Code section 11135.
- Whether an FBNS is "deposited in the recorder's office" for purposes of Government Code section 27203(d) when possession of the FBNS is transferred from the individual who filled out the FBNS to an employee of the CRO.
- If Plaintiff prevails, whether the DPA's damages provision in Civil Code section 54.3 applies to public entities such as the County.

- Whether Plaintiff's claims for prospective injunctive relief are moot due to the County's implementation of new technology and equipment as well as additional processes for completion and submission of forms to the CRO's office.

**Agreed Statement and Stipulations**

*A statement assessing whether all or part of the action may be presented upon an agreed statement of facts and a statement of stipulations requested or proposed for pretrial or trial purposes.*

*Plaintiff's Statement*

Plaintiff believes that two of the elements of an ADA action may be presented on an agreed statement of facts or by stipulation: (1) Defendant County of Alameda is a public entity subject to Title II of the ADA and (2) Plaintiff Martinez is blind and disabled within the meaning of the federal and state laws at issue.

*Defendant's Statement*

The County agrees that it is a public entity subject to Title II of the ADA and that Plaintiff is blind and disabled within the meaning of the federal and state laws at issue.

**Amendments or Dismissals**

*A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.*

*Plaintiff's Requested/Proposed*

- Plaintiff will dismiss claims against individual defendants in this matter to simplify issues for trial, but does not concede the she does not have claims currently pending against them.

- Plaintiff has met and conferred with Defendant on January 24, 2024 and learned that Defendant will not be pursuing the affirmative defenses of fundamental alteration or undue financial and administrative burden as contained in its operative Answer.

***Defendant's Requested/Proposed***

- To the extent the Court's prior rulings did not otherwise do so, the individual defendants, including Wilk, He, and Briones, should be dismissed prior to trial as Plaintiff does not have any remaining claims pending against them.  In ruling on the County Defendants' initial Motion for Summary Judgment, the Court dismissed Plaintiff's claim under Title V of the ADA, thereby dismissing that cause of action. Dkt. 54 at 9:12-10:2.  The Title V claim was the *only* ADA claim asserted against the individual defendants in Plaintiff's operative Complaint at the time of the ruling.[1] See Dkt. 1 at 8:20-10:8.  Further, as Plaintiff represented, and as the Court confirmed in its ruling, Plaintiff's state law claims were solely derivative of her ADA claims. Dkt. 54 at 10:3-13.  Accordingly, because the Title V claim was dismissed as against the individual defendants, there are no surviving causes of action against them following the Court's ruling on the County Defendants' initial Motion for Summary Judgment, and there is no basis for them to remain parties to the action.  As such, they should be dismissed prior to trial.

## Estimated Time of Trial

*An estimate of the number of hours needed for the presentation of each party's case.*

**Plaintiff's Estimate**

Plaintiff estimates that her case will take approximately 2 hours per witness to present (add 2 hours for opening and closing).

---

[1] The same is true of Plaintiff's Amended Complaint, which Plaintiff filed on July 10, 2023, well after the Court's August 22, 2022, ruling on the County Defendants' initial Motion for Summary Judgment.  See Dkt. 84.

*Defendant's Estimate*

The County estimates that it's case will take approximately 8 hours to present (which includes both direct testimony and cross-examination of any witnesses called by Plaintiff), plus 2 hours for opening and closing.  Pursuant thereto, the County requests the Court order that each side shall be limited to 8 hours at trial, excluding opening statements or closing arguments.

## Bifurcation or Separate Trial of Issues

*A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.*

*Plaintiff's Statement*

Plaintiff previously moved to bifurcate in order to clearly separate liability issues from issues relevant to injunctive relief. The Court denied the motion and said the any confusion could "be abated by a jury instruction that evidence pertaining to the CRO's subsequent modifications is not relevant to the question of liability and retrospective relief." *See, e.g.*, *Sec. & Exch. Comm'n v. Pac. W. Cap. Grp., Inc.*, 2018 WL 6822607, at *1–2 (C.D. Cal. Feb. 13, 2018).

Plaintiff maintains that it would be preferable for the court to decide the issue of any ongoing violation of the ADA post 2019 for the purpose of injunctive relief stemming from a jury verdict.

*Defendant's Statement*

As noted by Plaintiff, Plaintiff previously filed a motion to bifurcate trial, which the County opposed.  The Court denied the motion on November 1, 2023.  See Dkt. 98.  As such, this issue is moot.

## Settlement

*A statement summarizing the status of the parties' settlement negotiations and indicating whether further negotiations are likely to be productive.*

*Plaintiff's Statement*

The parties have exhausted all settlement options including the Northern District's mediation program and a Settlement Conference scheduled with Magistrate Judge Beeler. This case is primarily stuck on an entrenched legal and factual dispute over whether public entities must provide scribe services to disabled people under the ADA. No piecemeal settlement of the damages claim has been possible given this major impasse on the application of the law to the facts. No further settlement discussions will be productive prior to the start of trial.

*Defendant's Statement*

The County agrees with Plaintiff's assessment of settlement negotiations to date and agrees that further settlement discussions prior to the start of trial would be unproductive unless and until the Court issues a decision on the applicable legal issues.

Respectfully submitted,

DATED: January 25, 2024    TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy Elder

*Attorneys for Plaintiff*

DATED: January 25, 2024    ORBACH HUFF + HENDERSON LLP

*/s/ Kevin E. Gilbert*
Kevin E. Gilbert

*Attorneys for Defendant County of Alameda*