TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:    (415) 873-9199
Facsimile:    (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:    (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

*Attorneys for Defendant County of Alameda*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>        Plaintiff,<br><br>    v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>        Defendants | Case No. 3:20-cv-06570-TSH<br><br>**JOINT PRETRIAL APPENDIX**<br><br>Pretrial Conference: February 15, 2024<br>Time: 10:00 AM<br>Trial Date: March 25, 2024<br>Judge: Hon. Thomas S. Hixson |

# JOINT PRETRIAL APPENDIX

I.  **PLAINTIFF'S WITNESS LIST**

**Lisamaria Martinez**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

Plaintiff will testify as to all aspects of the claims and defenses presented herein. See Plaintiff's deposition for further detail. Direct examination is anticipated to take approximately 3 hours.

**Joseph A. Bakker**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

4513 Fernandez St.
Union City, CA 94587
(408) 410-8228

Plaintiff's husband will testify as to the tools, techniques and technologies Ms. Martinez uses on a daily basis to navigate the world as a person who is blind. He will testify about the assistance that he had to provide to help Plaintiff fill out the inaccessible FBN PDF forms. He will also testify as to the emotional and stigmatic injury suffered by Ms. Martinez. Direct examination is anticipated to take 1.5 hours.

The County objects to Mr. Bakker serving as a witness, as he was not timely disclosed, his testimony pertains to issues for which Plaintiff's counsel objected on marital privilege grounds during Plaintiff's deposition, he lacks personal knowledge and his testimony is irrelevant.

**Emily Grimm**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

34862 Lilac St.
Union City, CA 94587
(707) 704-0416

Ms. Grimm will testify as to the process of acting as a qualified reader as she performed it for Ms. Martinez. Ms. Grimm will also testify as to her experiences accompanying Ms. Martinez to the CRO on a second occasion and the charges Plaintiff incurred for using her services at a rate of $25 per hour. She will also testify as to the emotional and stigmatic injury suffered by Ms. Martinez. Direct examination is anticipated to take 1.5 hours.

The County objects to Ms. Grimm serving as a witness, as she was not timely disclosed, she lacks personal knowledge, and her testimony lacks foundation and is not relevant.

**Marco Salsiccia**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

10405 Foothill Blvd.
Oakland, CA 94605
(408) 314-5401

Mr. Salsiccia will testify about the experience of using a County scribe to complete and file a paper FBNS form between 12/8/2022 and 12/22/2022 in the Oakland Clerk Recorder's Office. Direct examination is anticipated to take 1 hour.

The County objects to Mr. Salsiccia serving as a witness, as he was not timely disclosed, he lacks personal knowledge, and his testimony lacks foundation and is not relevant. Also see County's Motion in Limine No. 2.

**Lucia Greco**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

819 Peralta Ave.
Berkeley, CA 94707
(510) 918-9621

Ms. Greco will testify about the experience of using a County scribe to complete and file a paper FBNS form between 12/8/2022 and 12/22/2022 in the Oakland Clerk Recorder's Office. Direct examination is anticipated to take 1 hour.

The County objects to Ms. Greco serving as a witness, as she was not timely disclosed, she lacks personal knowledge, and her testimony lacks foundation and is not relevant. Also see County's Motion in Limine No. 2.

**Corporate Representative for County of Alameda**
c/o ORBACH HUFF, et al.
6210 Stoneridge Mall Road, #210
Pleasanton, CA 94588

The Corporate Representative is expected to testify as to the relevant policies of the CRO and all aspects of the defenses brought by the county. Direct examination is anticipated to take 2-3 hours.

**Angelina Moran**
c/o ORBACH HUFF, et al.
6210 Stoneridge Mall Road, #210
Pleasanton, CA 94588

Ms. Moran is expected to testify as to Ms. Martinez's attempts to file the FBN, the policies of the CRO as she understood them, her prior training, and all other matters relevant to the defenses of the County of Alameda. Direct examination is anticipated to take 1-2 hours.

**Matt Yankee**
c/o ORBACH HUFF, et al.
6210 Stoneridge Mall Road, #210
Pleasanton, CA 94588

Mr. Yankee will testify as to the relevant policies of the CRO, his understanding of the ADA, deliberate indifference, damages and all aspects of the defenses brought by the county. Direct examination is anticipated to take 2-3 hours.

### Plaintiff's Expert Witnesses

**Steven Clark**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

2 McLea Court, Suite 201
San Francisco, CA 94103
(415) 409-6650

Mr. Clark will testify at the trial of this case as an expert pursuant to Fed. R. Evid. 702-705. He will testify regarding the matters and opinions stated in his report based on education, training, and experience. Direct examination is anticipated to take 2 hours. His curriculum vitae is attached as Exhibit A-1. In sum, he will testify on topics such as the accessibility of the PDF version of the FBNS form to Plaintiff due to the ways in which the screen reader would be unable to access information on the form. He will also testify about the lack of accessibility in the electronic FBNS form (FBNS software wizard web browser format), the process for a blind applicant to use the electronic FBNS form on the computer in the Clerk Recorder's Oakland office adding significant time and complexity to the process that a sighted applicant would experience, all based on his inspection of the CRO and review of related materials.

See County's Motion in Limine No. 3.

**Karen McCall**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

64 West River Street
Paris ON Canada N3L 2V1
(519) 442-2856

Ms. McCall will testify at the trial of this case as an expert pursuant to Fed. R. Evid. 702-705. She will testify regarding the matters and opinions stated in her report based on education, training, and experience. Direct examination is anticipated to take 2 hours. Her curriculum vitae is attached as Exhibit A-2. In sum, she will generally testify as to her disclosed opinions about the comparison and analysis of the accessibility of various FBNS PDF forms and whether they could be independently completed by a blind person who needs non-visual access through screen reader technology such as that used by Plaintiff.

See County's Motion in Limine No. 3.

**Eve Hill**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

120 East Baltimore Street, Suite 2500
Baltimore, MD 21202
(410) 962-1030

Ms. Hill will testify at the trial of this case as a rebuttal expert pursuant to Fed. R. Evid. 702-705. She will testify regarding the matters and opinions stated in her report based on education, training, and experience. Her examination is anticipated to take 1-2 hours if she is called for rebuttal testimony. Her curriculum vitae is attached as Exhibit A-3. In sum, she will generally testify as to her disclosed opinions that: Mr. Cris C. Vaughan is not an expert in whether auxiliary aids are effective in providing equally effective communication to consumers with disabilities; a scribe is a common auxiliary aid provided by Title II entities to effectively communicate with blind people; the County's offered auxiliary aids when Ms. Martinez went to the CRO in 2019 were not equally effective to her requested aid; and Mr. Vaughan has not shown that the County's alternative aids offered today on the computer are equally effective to the requested scribe.

See County's Motion in Limine No. 3.

### Plaintiff's Witnesses to be Called if the Need Arises

**Maria Laura Briones**
c/o ORBACH HUFF, et al.
6210 Stoneridge Mall Road, #210
Pleasanton, CA 94588

Ms. Briones is expected to testify as to Ms. Martinez's attempts to file the FBN, the policies of the CRO as she understood them, her prior training, her understanding of the ADA, deliberate

indifference, damages and all other matters relevant to the defenses of the County of Alameda. Direct examination is anticipated to take 1-2 hours if this witness is called.

**Melissa Wilk**
c/o ORBACH HUFF, et al.
6210 Stoneridge Mall Road, #210
Pleasanton, CA 94588

Ms. Wilk is expected to testify as to the relevant policies of the CRO, deliberate indifference, damages, and all aspects of the defenses brought by the county. Direct examination is anticipated to take 1-2 hours if this witness is called.

**Eva He**
c/o ORBACH HUFF, et al.
6210 Stoneridge Mall Road, #210
Pleasanton, CA 94588

Ms. He is expected to testify as to Ms. Martinez's attempts to file the FBN, the policies of the CRO as she understood them, her prior training, her understanding of the ADA, deliberate indifference, damages, and all other matters relevant to the defenses of the County of Alameda. Direct examination is anticipated to take 1-2 hours if this witness is called.

**Raymond Leimana Akahi Macapagal**
c/o TRE LEGAL PRACTICE
1155 Market Street, Tenth Floor
San Francisco, CA 94103

2430 Road 20
Apt. 3B01
San Pablo, CA 94806
(619) 206 9667

Mr. Akahi may testify at the trial of this case about his experience of using the County of Alameda's computer kiosk and JAWS system and/or other arrangements to complete forms at the CRO in Oakland. Direct examination is anticipated to take 1.5 hours if this witness is called.

Plaintiff reserves the right to call any witness designated by Defendants.

The County objects to Mr. Macapagal serving as a witness, as he was not timely disclosed, he lacks personal knowledge, and his testimony lacks foundation and is not relevant. Also see County's Motion in Limine No. 2.

II.   DEFENDANT'S WITNESS LIST

| Name | Designation | Plaintiff's Relevant Motions in Limine |
|---|---|---|
| Lisamaria Martinez (c/o Timothy Elder, Esq.) | Expects to Present – Ms. Martinez will testify about her interactions with the CRO at issue in this case. | Without waiving general evidentiary objections which may arise in the course of examination, Plaintiff does not object to the presentation of this witness, unless Plaintiff has previously presented the same witness, rendering the testimony cumulative. |
| Eva He (c/o Kevin Gilbert, Esq.) | Expects to Present – Ms. He will testify about her interactions with Ms. Martinez at the CRO. | Without waiving general evidentiary objections which may arise in the course of examination, Plaintiff does not object to the presentation of this witness, unless Plaintiff has previously presented the same witness, rendering the testimony cumulative. |
| Maria Laura Briones (c/o Kevin Gilbert, Esq.) | Expects to Present – Ms. Briones will testify about her interactions with Ms. Martinez at the CRO. | Without waiving general evidentiary objections which may arise in the course of examination, Plaintiff does not object to the presentation of this witness, unless Plaintiff has previously presented the same witness, rendering the testimony cumulative. |
| Angelina Moran (c/o Kevin Gilbert, Esq.) | Expects to Present – Ms. Moran will testify about her interactions with Ms. Martinez at the CRO. | Without waiving general evidentiary objections which may arise in the course of examination, Plaintiff does not object to the presentation of this witness, unless Plaintiff has previously presented the same witness, rendering the testimony cumulative. |
| Matt Yankee (Individually and on behalf of the County of Alameda) (c/o Kevin Gilbert, Esq.) | Expects to Present – Mr. Yankee will testify about the subject incident at the CRO, including the reasons County employees do not complete or modify forms for patrons that are filed or recorded in the CRO, the CRO's training and | Without waiving general evidentiary objections which may arise in the course of examination, Plaintiff does not object to the presentation of this witness, unless Plaintiff has previously presented the same witness, rendering the testimony cumulative. |

| | | | |
|---|---|---|---|
| | | policies, the CRO's accommodations for persons with disabilities, and the CRO's compliance with disability law. | |
| | Jocelyn Cole (c/o Kevin Gilbert, Esq.) | Expects to Present – Ms. Cole will testify about her involvement with the incident on March 29, 2019 and her subsequent communications with Matt Yankee. | Without waiving general evidentiary objections which may arise in the course of examination, Plaintiff does not object to the presentation of this witness, unless Plaintiff has previously presented the same witness, rendering the testimony cumulative. |
| | Demetrius Griffin (c/o Kevin Gilbert, Esq.) | Expects to Present – Mr. Griffin will testify about his interactions with Plaintiff's counsel and expert witness, Steven Clark, at the CRO in August 2023. | See Motion in Limine. |
| | Cris Vaughan (c/o Kevin Gilbert, Esq.) | Expects to Present – Mr. Vaughan is the County's expert witness and is an expert on accessibility under the ADA.  Mr. Vaughan will testify as to the opinions set forth in his Expert Report, which pertain to the communications between Plaintiff and CRO staff on the day of the incident, the accommodations provided to Ms. Martinez on the day of the incident, and Mr. Vaughan's experience at the CRO using the CRO's kiosk accommodation. | See Motion in Limine |

### III. JOINT EXHIBIT LIST

The Joint Exhibit list is included as Exhibit B hereto.

### IV. DISCOVERY RESPONSES TO BE INTRODUCED BY PLAINTIFF

*a) Plaintiff's Requests to Defendant He:*

**REQUEST FOR ADMISSION NO. 7:**
On March 29, 2019, you directed one or more other county employees at the CRO to refuse to provide Plaintiff with assistance marking a fictitious business name statement form.

**RESPONSE TO REQUEST NO. 7:**
Denied. Neither Defendant nor any other CRO employees "refused" to provide Plaintiff with the assistance she demanded. Rather, pursuant to policy, the CRO employees were not permitted to fulfill Plaintiff's specific demands to act as a scribe and modify an already completed legal document, which Defendant confirmed for Defendant Briones, and Defendant Briones informed Plaintiff thereof.

Defendant objects to this request on the ground it is vague and ambiguous with respect to the terms, "directed," "refuse," "assistance" and "marking." Defendant further objects to this request on the ground it misrepresents facts as well as to the extent this request improperly implies that a legal obligation exists beyond what is required under the relevant statutes, including without limitation, the Americans with Disabilities Act. Defendant further objects to this request as compound to the extent it asks about "one or more other county employees at the CRO."

The County objects to the admissibility of this request for admission and response at this time.

*b) Plaintiff's Interrogatories to the County (Set One)*

**INTERROGATORY NO. 2:**
Identify each person who had authority to grant, deny, process or consider requests in or of the CRO by members of the public for disability-related auxiliary aids and services, reasonable accommodation, or policy modification from March 15, 2019 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**
Defendant objects to this request as overbroad, vague and ambiguous. Defendant objects to this interrogatory as vague and ambiguous with respect to the terms "process" and "consider" as well as the phrases, "disability-related auxiliary aids and services," "reasonable accommodation" and "policy modification." Defendant further objects to this interrogatory to the extent it seeks irrelevant information concerning the period of time after the alleged incident occurred and is therefore not properly limited in time. Defendant further objects to this interrogatory to the extent it contains multiple discrete subparts, asking about the authority to take four separate actions (grant, deny, process or consider) regarding requests related to three separate subjects (disability-related auxiliary aids and services, reasonable accommodation, and policy modification). Given that the other interrogatories also contain multiple discrete subparts, this set of interrogatories has clearly exceeded the limit of twenty-five written interrogatories allowed under Federal Rule of Civil Procedure 33. Subject to and without waiving these objections, Defendant responds as follows: Defendant is a large public entity with many different divisions, with each potentially having different policies. Because this action is premised on alleged actions and omissions by the Clerk-Recorder's Office ("CRO"), Defendant responds solely on behalf of

the CRO. Defendant cannot provide a specific response to this interrogatory because the response would depend on the specific accommodation request at issue. For instance, a hypothetical request to simply read the words that were printed on a document out loud for a sight-impaired individual is a request that could be considered, granted, and accommodated by a CRO clerk, without the need for any other input. On the other hand, if, hypothetically, an individual in a wheelchair were to request structural changes to a CRO building for purposes of access, that same clerk would not have the authority to consider, grant, deny or process that request. That request would likely need to be considered by the County's Board of Supervisors. Accordingly, this interrogatory is too overbroad and ambiguous to allow for a response identifying specific individuals. As a general matter, for accommodation requests to the CRO which cannot be addressed by front-line clerks, and which do not need to be addressed by the Board of Supervisors, the individuals who would be involved in the process of considering the requests potentially include Melissa Wilk, Kevin Hing, Matt Yankee, Eva He and Jocelyn Cole.

The County objects to the admissibility of this interrogatory and response at this time.

  c) *Plaintiff's Interrogatories to the County (Set Three)*

**INTERROGATORY NO. 26 (erroneously labeled No. 3):**
If you do not admit without qualification any of Plaintiff's Third Set of Requests for Admission, state all factual bases that support your responses.
**RESPONSE TO INTERROGATORY NO. 26:**
Defendant objects that this set of interrogatories causes the total number of interrogatories propounded by Plaintiff to exceed the limit of 25 interrogatories established by Federal Rule of Civil Procedure Rule 33. Rule 33 limits the number of interrogatories each party may serve to 25 interrogatories, "including all discrete subparts," such as a subpart for each discrete Request for Admission.

> Subject to and without waiving these objections, Defendant responds as follows:
> Request for Admission No. 9 (erroneously labeled No. 7):
> Defendant objected to this request as vague and ambiguous with respect to the phrases, "funding" and "originates from the State of California." Defendant further objected to this request as vague and ambiguous, unduly burdensome, overbroad, calling for irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence, particularly where the request is not limited in scope, or in any way limited to the time period relevant to Plaintiff's claims.
> Defendant is unaware of any funds the CRO receives directly from the State of California. While Defendant has received monies from the State of California at various times in the past, and while it is feasible that some of those funds may have been distributed to the CRO from Defendant's General Fund at some point in the past, the CRO is a "net-negative" agency, meaning that its contributions to Defendant's General Fund exceed the General Fund's disbursements to the CRO. Thus, any monies that may be disbursed to the CRO from Defendant's General Fund are ultimately returned to the General Fund, plus some. This is reflected, for example, in the "County of Alameda Final Budget 2023-2024," which on page 94 shows that the CRO has a negative "Net County Cost" of -$17,137,254. Similarly, in the fiscal year 2018-2019, the CRO had a negative "Net County Cost" of -$18,354,111, and in the fiscal year 2019-2020, the CRO had a negative "Net County Cost" of -$18,865,247.

The County objects to the admissibility of this interrogatory and response at this time.

**INTERROGATORY NO. 30 (erroneously labeled No. 4):**
State the approximate month and year when the CRO first began accepting debit/ATM card payments for FBNS fees (or confirm that the policy has been in place for all relevant times since Ms. Martinez attempted to file her FBNS form in 2019).

**RESPONSE TO INTERROGATORY NO. 30:**
Defendant objects to this interrogatory as vague and ambiguous with respect to the phrase, "FBNS fees," as well as the term, "policy." Defendant further objects to this interrogatory as calling for irrelevant information and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this set of interrogatories causes the total number of interrogatories propounded by Plaintiff to exceed the limit of 25 interrogatories established by Federal Rule of Civil Procedure Rule 33. Rule 33 limits the number of interrogatories each party may serve to 25 interrogatories, "including all discrete subparts."
Subject to and without waiving these objections, Defendant responds as follows:
Defendant has allowed patrons to use debit/ATM cards to pay the fees associated with filing an FBNS since before the underlying incident occurred in this matter and continues to do so through the present.

The County objects to the admissibility of this interrogatory and response at this time.

    d)   *Request for Admission to the County (Set Three)*

**REQUEST FOR ADMISSION NO. 6 (erroneously labeled No. 4):**
Admit that a business owner who wants to use a Debit/ATM Card to pay fees for the FBNS form submitted through the new web form introduced in 2023 must appear in person at the CRO to process that payment.

**RESPONSE TO REQUEST NO. 6:**
Defendant objects to this request as vague and ambiguous with respect to the phrases, "fees for the FBNS form," "the new web form introduced in 2023," and "process that payment." Defendant further objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence and calls for irrelevant information. Defendant further objects to this request to the extent it is suggesting that the ADA or any analogous California laws require public entities to permit payment of fees online using a Debit/ATM card.
Subject to and without waiving these objections, Defendant responds as follows:
Admitted.

The County objects to the admissibility of this request for admission and response at this time.

|   |   |   |
|---|---|---|
|   |   | Respectfully submitted, |
| DATED: January 25, 2024 |   | TRE LEGAL PRACTICE |
|   |   | */s/ Timothy Elder* |
|   |   | Timothy Elder |
|   |   | *Attorneys for Plaintiff* |
|   |   |   |
| DATED: January 25, 2024 |   | ORBACH HUFF + HENDERSON LLP |
|   |   | */s/ Kevin E. Gilbert* |
|   |   | Kevin E. Gilbert |
|   |   | *Attorneys for Defendant County of Alameda* |