# Exhibit B

**MARTINEZ V. COUNTY OF ALAMEDA ET AL.: JOINT EXHIBIT LIST**

| Number/Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|
| 1 | Title II Elements and Jury Charge Demonstrative Chart(s) | Explanation of the Title II Effective Communication Requirement; Eve Hill | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | This exhibit will set forth the elements of the effective communication requirement and will accurately summarize the key legal requirements from voluminous regulatory guidance. It is offered by a qualified expert, and is admissible under FRE 1006, 611, as non-testimonial evidence, and/or through hearsay exceptions set forth in FRE 807. | |
| 2 | Excerpts from the Code of Federal Regulations | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibit R. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: | The Code of Federal Regulations is directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | FRE 401, 402, 403, 602, 701, 802 | | |
| 3 | DOJ Guidance – Briones Dep. Ex. B1 and all sources referenced therein | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibits R, U, V. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | DOJ Guidance is directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |
| 4 | DOJ Publication – ADA Requirements – Effective Communication, https://www.ada.gov/resources/effective-communication/ | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibit T. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | DOJ publications are directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| 5 | OJ ADA Title II Technical Assistance Manual, Equally effective communication and Primary consideration § II-7.1000-1100, https://archive.ada.gov/taman2.html#II-7.1000 | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibit W. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | DOJ technical assistance manuals are directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |
| 6 | Demonstrative Photographs of the CRO Public Waiting Area, PL1573, PL1583 | Layout of the office; Steven Clark. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. | | |
| 7 | Plaintiff's Initial Completed FBN Form – Briones Dep. Ex. M2, PL0009 | Demonstration of ineffective communication. Deposition or live testimony of Maria Laura Briones/Stipulation. | | | |
| 8 | Be Confident Be You Articles of Incorporation – PL0007-8 | Demonstration of ineffective communication. Testimony of Plaintiff. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. | Defendant was provided a copy in discovery at PL007-8. This document is highly relevant as it demonstrates the lack of effective | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | communication on the initial attempt to file the FBN and provides explanation of the communications challenges. It is not offered for the truth of the statements contained therein and is subject to hearsay exemptions under FRE 803(5) and 803(6). Expert testimony is not implicated. | |
| 9 | Go Back Letter – Briones Dep. Ex. M1, County_0012 | Demonstration of ineffective communication. Deposition or live testimony of Maria Laura Briones/Stipulation. | | | |
| 10 | Final Filed FBN – Briones Dep. Ex. M4, County_0011 | Demonstration of ineffective communication. Deposition or live testimony of Maria Laura Briones/Stipulation. | | | |
| 11 | Letter to Ziegler & Welk at the County of Alameda re Structured Negotiations (11/14/19), County_001-010 | Demonstration of Notice. Testimony of Plaintiff or Matt Yankee/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, | Defendant has produced this document in discovery. It is not offered for the truth of the statements, but to show effect on the party receiving the statements (notice). It is relevant to deliberate | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | indifference/notice. Expert testimony is not implicated. | |
| 12 | Martinez family mementos | Demonstration of Plaintiff's ability to communicate effectively, demonstration ineffective communication is by way of disability and damages. Testimony of Plaintiff. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Plaintiff will offer limited evidence of her ability to communicate effectively to show that her difficulties at the CRO were caused by a lack of auxiliary aids and services not her disability caused the communications failures. The evidence will allow Plaintiff to demonstrate the damages she suffered. | |
| 13 | Photographs/promoti onal materials from Be Confident Be You™ | Demonstration of Plaintiff's independence and damages. Testimony of Plaintiff. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, | The evidence will allow Plaintiff to demonstrate the damages she suffered and the importance/value of the services she provides, as well as the cost of being unable to work. Plaintiff will offer testimony/be | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | available for examination regarding the truth of the statements therein. Expert testimony is not required to show the reasonable value of Plaintiff's time. | |
| 14 | Audio recordings and/or transcripts of the incident in question – PL0001, PL0003, PL0005 | Demonstration of ineffective communication. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: As to the transcripts, FRE 401, 402, 403, 802 | If transcripts are introduced, they will comply with FRE 80, or another procedure by stipulation of the Parties (such as prior certification by a stenographic recorder not present in Court). | |
| 15 | Plaintiff's Claim Against the County of Alameda – Yankee 30(b)(6) Dep. Ex. Y1, PL0014-16 | Demonstration of Notice. Testimony of Plaintiff or Matt Yankee/Stipulation. See Defense Exhibit A. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding | This document was introduced as an exhibit to the testimony of Matt Yankee. It is relevant to show notice and is not offered for the truth of the matter. If it were offered for the | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | truth of the matter, it would be subject to multiple hearsay exceptions including 803(6) and 803(8). Expert testimony is not implicated. | |
| 16 | Acknowledgement of Plaintiff's Claim – Yankee 30(b)(6) Dep. Ex. AC3 | Demonstration of Notice. Testimony of Matt Yankee/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | This document was introduced as an exhibit to the testimony of Matt Yankee. It is relevant to show notice and is not offered for the truth of the matter. If it were offered for the truth of the matter, it would be subject to multiple hearsay exceptions including 803(6) and 803(8). Expert testimony is not implicated. | |
| 17 | May I Help You? Legal Advice vs. Legal Information: A Resource Guide for Court Clerks" (California Judicial Council Access and Fairness Advisory Committee), https://www.courts.ca.gov/documents/ma | Requested auxiliary aid was equally effective, reasonable, and not an undue burden/fundamental alteration. Testimony of Plaintiff, Steven Clark, Karen McCall, or Eve Hill. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, | The practices of other entities are admissible to demonstrate the range of available auxiliary aids and services, including what Defendant terms "scribe" services. It is non-hearsay admissible | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | yihelpyou.pdf, PL0047-PL0058 | | Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | under Rule 902, or in the alternative falls with a hearsay exception in FRE 803(6), 803(8) or 807. | |
| 18 | "Can the court system help me fill out a form as an accommodation," NYCOURTS.GOV Accessibility General FAQ's, https://ww2.nycourts .gov/Accessibility/fa qs.shtml, PL0059-PL0066 | Requested auxiliary aid was equally effective, reasonable, and not an undue burden/fundamental alteration. Testimony of Plaintiff, Steven Clark, Karen McCall, or Eve Hill. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | The practices of other entities are admissible to demonstrate the range of available auxiliary aids and services, including what Defendant terms "scribe" services. It is non-hearsay admissible under Rule 902, or in the alternative falls with a hearsay exception in FRE 803(6), 803(8) or 807. | |
| 19 | "How to ask for a court accommodation under the Americans with Disabilities Act," Mass.gov, https://www.mass.go v/info-details/how-to-ask-for-a-court-accommodation-under-the-americans-with- | Request for auxiliary aid or service was properly made. Testimony of Plaintiff, Steven Clark, Karen McCall, or Eve Hill. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, | The practices of other entities are admissible to demonstrate the adequacy of Ms. Martinez's request, the range of available auxiliary aids and services, including what Defendant terms "scribe" services. It | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | disabilities-act, PL0067-PL0070 | | Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | is non-hearsay admissible under Rule 902, or in the alternative falls with a hearsay exception in FRE 803(6), 803(8) or 807 | |
| 20 | Fictitious Business Name PDF dated 10/18 – McCall Report, Ex. 1, PL1547 | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Karen McCall, County Witnesses/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant to FRE 902, or in the alternative, falls within an exception set forth in FRE 803. | |
| 21 | Fictitious Business Name PDF dated 4/21 – McCall Report, Ex. 2, PL1549 | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Karen McCall, County Witnesses/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | to FRE 902, or in the alternative, falls within an exception set forth in FRE 803. | |
| 22 | Fictitious Business Name PDF dated 11/22 – McCall Report, Ex. 3, PL1551 | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Karen McCall, County Witnesses/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant to FRE 902, or in the alternative, falls within an exception set forth in FRE 803. | |
| 23 | Fictitious Business Name PDF dated 12/22 –McCall Report, Ex. 4, PL1553 | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Karen McCall, County Witnesses/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant to FRE 902, or in the alternative, falls | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | FRE 401, 402, 403, 602, 701, 802 | within an exception set forth in FRE 803. | |
| 24 | Graphic figures from 10/02/23 expert report of Steven Clark, PL_EXPERT 0046-51 | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Steven Clark. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant to FRE 902, or in the alternative, falls within an exception set forth in FRE 803. | |
| 25 | Demonstrative $100 bill | Damages. Testimony of Plaintiff, Joseph Bakker or Emily Grimm. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | This proposed exhibit is offered as demonstrative evidence only. | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| 26 | Demonstrative clock timer | Damages. Testimony of Plaintiff, Joseph Bakker or Emily Grimm. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | This proposed exhibit is offered as demonstrative evidence only. | |
| **27** | Demonstrative ink pen | Damages. Testimony of Plaintiff, Joseph Bakker or Emily Grimm. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | This proposed exhibit is offered as demonstrative evidence only. | |
| 28 | Demonstrative Kleenex package | Damages. Testimony of Plaintiff, Joseph Bakker or Emily Grimm. | Defendant has not yet been provided a copy of the proposed exhibit and does | This proposed exhibit is offered as | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | demonstrative evidence only. | |
| 29 | Memorandum with JAWS instructions sent to Clerks describing the process of accommodating a blind applicant who cannot use JAWS, County_0121-23 | Demonstration of Notice. Testimony of Jocelyn Cole, Matt Yankee/Stipulation. See Defense Exhibit M. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant created this memorandum and produced it in discovery. However, to the extent Defendant contends it is inadmissible, and will not offer the same, Plaintiff withdraws the exhibit. | |
| 30 | County Budgets – PL0071-0584, PL0585-1056, PL1057-1546 | Demonstration of Receipt of Funds. Testimony of Matt Yankee/Stipulation. See Defense Exhibit Z. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the | Defendant was provided a copy of this document in discovery. It is relevant to Defendant's | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | arguments regarding the receipt of state and federal funds. It is admissible under FRE 902 and/or 803(6) and/or (8). | |
| 31 | California Government Code 2720 – Yankee 30(b)(6) Dep. Ex. AC5 | Examination of Undue Burden Defense. Testimony of Matt Yankee. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Although the Court may take note of legislative facts at its discretion and "[j]udicial notice . . . is unnecessary," *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). Such statements are non-hearsay. To the extent Defendant contends the evidence should be excluded pursuant to FRE 401, 402, or 403, Plaintiff withdraws the exhibit, as long as Defendant agrees not to introduce the same. | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| 32 | Defendants' Discovery Responses | See specific discovery citations/objections on Appendix, p. 8-10. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 802 | The Joint Appendix does list the discovery responses specifically in question, and Plaintiff reserves the right to respond to each. | |
| 33 | Defendants' Initial Disclosures | See specific discovery citations/objections on Appendix, p. 8-10. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 802 | The Joint Appendix does list the discovery responses specifically in question, and Plaintiff reserves the right to respond to each. | |
| **A (D1)** | Plaintiff's November 14, 2019, Demand | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential | | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | Letter/Claim to the County | | objections to the usage or modification of the documents in question. Notwithstanding, Plaintiff understands this exhibit to be substantively the same as Exhibits 11 &15 and may stipulate to its admissibility. | | |
| **B (D2)** | Alameda County Auditor-Controller Agency Employee Information Handbook | | Fed. R. Evid. 401; 402; 403. | | |
| **C (D3)** | Fictitious Business Name Statement that Plaintiff attempted to file in the CRO on March 29, 2019 | | Plaintiff understands this exhibit to be substantively the same as Exhibit 7 and may stipulate to its admissibility. | | |
| **D (D4)** | Plaintiff's Responses to Eva He's Interrogatories, Set One | | Plaintiff is unable to raise all objections in this format, but anticipates raising objections pursuant to Fed. R. Evid. 401, 402, 403, 701, 702, 801, among others. | | |
| **E (D5)** | Plaintiff's Responses to Eva He's Requests for Admissions, Set One | | Plaintiff is unable to raise all objections in this format, but anticipates raising objections pursuant to Fed. R. Evid. 401, 402, 403, 701, 702, among others. | | |
| **F (D6)** | March 29, 2019, "Go Back Letter" prepared for and provided to Plaintiff | | Plaintiff understands this exhibit to be substantively the same as Exhibit 9 and may stipulate to its admissibility. | | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | by Maria Laura Briones | | | | |
| **G (D7)** | Plaintiff's first audio recording from her March 29, 2019, visit to the CRO | | Plaintiff understands this exhibit to be substantively the same as Exhibit 14 and may stipulate to its admissibility, subject to Plaintiff's objection to cumulative playing as set forth in the Motion in Limine. | | |
| **H (D8)** | Plaintiff's second audio recording from her March 29, 2019, visit to the CRO | | Plaintiff understands this exhibit to be substantively the same as Exhibit 14 and may stipulate to its admissibility, subject to Plaintiff's objection to cumulative playing as set forth in the Motion in Limine. | | |
| **I (D9)** | Plaintiff's third audio recording from her March 29, 2019, visit to the CRO | | Plaintiff understands this exhibit to be substantively the same as Exhibit 14 and may stipulate to its admissibility, subject to Plaintiff's objection to cumulative playing as set forth in the Motion in Limine. | | |
| **J (D10)** | Fictitious Business Name Statement that Plaintiff filed in the CRO on May 31, 2019 | | Plaintiff understands this exhibit to be substantively the same as Exhibit 10 and may stipulate to its admissibility. | | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| **K (D11)** | Articles of Organization regarding Plaintiff's company, Be Confident Be You Coaching LLC | | Plaintiff understands this exhibit to be substantively the same as Exhibit 8 and may stipulate to its admissibility. | | |
| **L (D12)** | March 29, 2019, Text Message from Jocelyn Cole to Matt Yankee | | Fed. R. Evid. 402, 403, 701, 801, and hearsay-within-hearsay. | | |
| **M (D13)** | JAWS Screen Reader Software Instructions and General Guidelines for CRO employees to assist persons with a vision disabilities in completing an FBNS using the CRO's kiosk | | Defendant has not stated the purpose for which this exhibit will be offered. Accordingly, Plaintiff asserts objections based on Fed. R. Evid. 402, 403, and 801. Plaintiff also refers to the Motion in Limine regarding subsequent remedial measures. Plaintiff reserves the right to further object. | | |
| **N (D14)** | Email string from CRO employee, Jocelyn Cole, to all CRO employees, with emails dated August 28, 2023 and July 18, 2023, regarding assisting people with vision disabilities in completing an FBNS using the CRO's computer kiosk, and attaching the | | Plaintiff has not had the opportunity to review the proposed exhibit. Defendant has not stated the purpose for which this exhibit will be offered. Accordingly, Plaintiff asserts objections based on Fed. R. Evid. 402, 403, 701, 702, and 801. Plaintiff also refers to the Motion in Limine regarding subsequent remedial measures. Plaintiff reserves the right to further object. | | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | document listed above as Exhibit 13 | | | | |
| **O (D15)** | ADA Title II – 42 U.S.C. section 12132 – elements/jury charge demonstrative chart | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Notwithstanding, Plaintiff understands this exhibit to be substantively the same as Exhibits 11 &15 and may stipulate to its admissibility. | | |
| **P (D16)** | Cal. Civ. Code section 11135 – elements/jury charge demonstrative chart | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Defendant has not stated the purpose of this exhibit of who will offer it. Accordingly, Plaintiff asserts objections based on Fed. R. Evid. 402, 403, 701, 702, and 801. Plaintiff reserves the right to further object. Plaintiff also refers to the proposed jury charges regarding the elements of Cal. Gov. Code 11135. | | |
| **Q (D17)** | Cal. Civ. Code sections 54-55.3 – elements/jury charge demonstrative chart | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to | | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | the usage or modification of the documents in question. Defendant has not stated the purpose of this exhibit of who will offer it. Accordingly, Plaintiff asserts objections based on Fed. R. Evid. 402, 403, 701, 702, and 801. Plaintiff reserves the right to further object. Plaintiff also refers to the proposed jury charges. | | |
| **R (D16*)** | Excerpts from the Code of Federal Regulations – 28 C.F.R. sections 35.104, 35.130, and 35.160, and Appendix A to Part 35 | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Notwithstanding, Plaintiff understands this exhibit to be substantively similar to Exhibit 2 and may stipulate to its admissibility. | | |
| **S (D17*)** | Excerpts from Cal. Government Code – Cal. Government Code section 27203 | | Fed. R. Evid. 402, 403, as Defendant has not shown the existence of a writing pursuant to 28 C.F.R. 35.164. | | |
| **T (D18*)** | DOJ Publication – ADA Requirements – Effective Communication | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Notwithstanding, Plaintiff | | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | understands this exhibit to be substantively the same as Exhibit 4 and may stipulate to its admissibility. | | |
| **U (D19*)** | DOJ Publication – ADA – Tool Kit of Best Practices | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Notwithstanding, Plaintiff understands this exhibit to be a current department of justice publication and may stipulate to its admissibility. | | |
| **V (D20*)** | DOJ Publication – ADA – Title II Primer | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Notwithstanding, Plaintiff understands this exhibit to be a current department of justice publication and may stipulate to its admissibility. | | |
| **W (D21*)** | DOJ Publication – ADA – Title II Technical Assistance Manual | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Notwithstanding, Plaintiff understands this exhibit to be substantively the same as | | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| | | | Exhibit 4 and may stipulate to its admissibility. | | |
| **X (D22*)** | Videos of Plaintiff's counsel and expert witness using the CRO's kiosk to complete an FBNS electronically in August 2023 | | Plaintiff objects to untimely disclosure and requests pursuant to Fed. R. Civ. Proc. 37(c)(1) and 16(f). Plaintiff further objects pursuant to Fed. R. Evid. 401, 402, 403. During a meet and confer over Plaintiff's proposed Motion in Limine regarding rule 407, Plaintiff learned that Defendant does not plan to offer this exhibit to the jury or put it in their affirmative case. While this may eliminate the need for the motion notwithstanding the presence of the exhibit on this list, Plaintiff maintains any other objections for the use of this exhibit on rebuttal or for other purposes. Plaintiff objects to the incomplete/selected nature of the video production pursuant to Fed. R. Evid. 403, and 106. Defendant has not stated the purpose of the video or offering party and plaintiff therefore objects pursuant to Fed. R. Evid. 901 and 801. | | |

| Number/ Letter | Description | Purpose/Witness | Objections | Response to Objection | Admitted/ Court Notes |
|---|---|---|---|---|---|
| **Y (D23*)** | Expert Report of Cris Vaughan and Attachment A thereto | | Fed. R. Evid. 801; hearsay. See also, Plaintiff's Motion to Exclude Expert Testimony. | | |
| **Z (D24*)** | County Final Budgets – 2018/2019 and 2019/2020 | | Plaintiff has not reviewed the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Notwithstanding, Plaintiff understands this exhibit to be substantively similar to Exhibit 30 and may stipulate to its admissibility. | | |