TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:    (415) 873-9199
Facsimile:    (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:    (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

Kevin E. Gilbert, Esq. (SBN 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

*Attorneys for Defendant County of Alameda*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity, <br><br> Defendants | Case No. 3:20-cv-06570-TSH <br><br> **JOINT [PROPOSED] JURY INSTRUCTIONS** <br><br> Pretrial Conference: February 15, 2024 <br> Time: 10:00 AM <br> Trial Date: March 25, 2024 <br> Judge: Hon. Thomas S. Hixson |

1

2

**TABLE OF CONTENTS**

3

PROPOSED JURY INSTRUCTIONS – MANUAL OF MODEL CIVIL JURY INSTRUCTIONS

4

FOR THE NINTH CIRCUIT ............................................................................................ 1

5

PLAINTIFF'S PROPOSED ADDITIONAL INSTRUCTIONS ........................................ 3

6

Proposed Instruction No. 1—   [Disputed] ............................................................ 3
Preliminary Issues .................................................................................................... 3

7

Proposed Instruction No. 2—   [Disputed] ............................................................ 5
Title II of the Americans with Disabilities Act ...................................................... 5

8

Proposed Instruction No. 3—   [Disputed] ............................................................ 7
Violation of the ADA Based on Failure to Provide Effective Communication .......... 7

9

Proposed Instruction No. 4—   [Disputed] ............................................................ 9
Auxiliary Aids and Services ................................................................................... 9

10

Proposed Instruction No. 5—   [Disputed] ............................................................11
Because of Disability ..............................................................................................11

11

Proposed Instruction No. 6—   [Disputed] Fundamental Alteration/Undue Burden .............. 12

12

Proposed Instruction No. 7—   [Disputed] .......................................................... 13
Intent Not Required for Finding of Violation of Title II of the ADA .................... 13

13

Proposed Instruction No. 8—   [Disputed] .......................................................... 15
Proof and Measure of Type of Damages for a California DPA Claim .................... 15

14

Proposed Instruction No. 9—   [Disputed] .......................................................... 17
Title II of the ADA: Intent and Deliberate Indifference ....................................... 17

15

Proposed Instruction No. 10—   [Disputed] ........................................................ 19
Limit on Consideration of Evidence Related to Damages or Intent ...................... 19

16

Proposed Instruction No. 11—   [Disputed] ........................................................ 20
Disability discrimination under California Government Code section 11135 .......... 20

17

Proposed Instruction No. 12—   [Disputed] ........................................................ 21
Post-Discharge Instruction with Attorneys ........................................................... 21

18

DEFENDANT'S PROPOSED ADDITIONAL INSTRUCTIONS ................................. 22

19

Proposed Instruction No. 13—   [Disputed] ........................................................ 22
Proposed Instruction No. 14—   [Disputed] ........................................................ 24

20

Proposed Instruction No. 15—   [Disputed] ........................................................ 26
Proposed Instruction No. 16—   [Disputed] ........................................................ 28

21

Proposed Instruction No. 17—   [Disputed] ........................................................ 30
Proposed Instruction No. 18—   [Disputed] ........................................................ 31

22

Proposed Instruction No. 19—   [Disputed] ........................................................ 33
Proposed Instruction No. 20—   [Disputed] ........................................................ 34

23

Proposed Instruction No. 21—   [Disputed] ........................................................ 35
Proposed Instruction No. 22—   [Disputed] ........................................................ 36

24

Proposed Instruction No. 23—   [Disputed] ........................................................ 37
Proposed Instruction No. 24—   [Disputed] ........................................................ 39

25

Proposed Instruction No. 25—   [Disputed] ........................................................ 40
Proposed Instruction No. 26—   [Disputed] ........................................................ 41

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Proposed Instruction No. 27— [Disputed].............................................................. 42
Proposed Instruction No. 28— [Disputed].............................................................. 43
Proposed Instruction No. 29— [Disputed].............................................................. 45

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED JURY INSTRUCTIONS – MANUAL OF MODEL CIVIL JURY**

**INSTRUCTIONS FOR THE NINTH CIRCUIT**

| Proposed Jury Instructions | |
|---|---|
| No. | Instruction |
| 1.3 | Duty of Jury (Court Reads Instructions at the Beginning of Trial but Does Not Provide Written Copies) |
| 1.4 | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) |
| 1.5 | Claims and Defenses |
| 1.6 | Burden of Proof—Preponderance of the Evidence |
| 1.9 | What is Evidence |
| 1.10 | What is Not Evidence |
| 1.14 | Credibility of Witnesses |
| 1.15 | Conduct of the Jury |
| 1.17 | No Transcript Available to Jury |
| 1.18 | Taking Notes |
| 1.21 | Outline of Trial |
| 2.0 | Cautionary Instructions |
| 3.1 | Duty to Deliberate |
| 3.2 | Consideration of Evidence—Conduct of the Jury |
| 3.3 | Communication with Court |
| 3.5 | Return of Verdict |
| 5.6 | Nominal Damages |
| 1.5 | Claims and Defenses |
| 5.3 | Damages—Mitigation |
| Proposed Jury Instructions to be Submitted Should the Need Arise | |
| 1.7 | Burden of Proof—Clear and Convincing Evidence |
| 1.11 | Evidence for Limited Purpose |
| 2.2 | Stipulations of Fact |
| 2.3 | Judicial Notice |
| 2.5 | Transcript of Recording in English |
| 2.9 | Impeachment Evidence—Witness |
| 2.11 | Use of Interrogatories |
| 2.12 | Use of Requests for Admission |
| 2.16 | Evidence in Electronic Format |
| 3.4 | Readback or Playback |
| 3.7 | Deadlocked Jury |
| 3.8 | Continuing Deliberations After Juror is Discharged |
| 3.9 | Post-Discharge Instruction |
| Instructions Requested to be Given at the Outset of Trial | |
| 1.12 | Direct and Circumstantial Evidence |
| 1.13 | Ruling on Objections |
| 1.16 | Publicity During Trial |
| 1.20 | Bench Conferences and Recesses |

1    The County has identified the instructions it believes would be applicable or possibly

2   necessary. However, these instructions will need to be tailored based upon the scope of the legal

3   rulings from the Court.  As discussed extensively in prior briefing, the parties have disagreement

4   regarding the issues to be decided by the Court and the issues to be decided by the jury.

5

6    The County will stipulate to the model instructions proposed by Plaintiff that are from the

7   Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, *in their*

8   *unmodified form.*  To the extent Plaintiff has made any modifications to the Model instructions,

9   the County does not agree to those modifications.  This includes Model Instructions Nos. 1.3, 1.4,

10  1.5, 1.6, 1.7, 1.9, 1.10, 1.11, 1.12, 1.13, 1.16, 1.14, 1.15, 1.17, 1.18, 1.20, 1.21, 2.0, 2.2, 2.5, 2.9, 2.11, 2.12,

11  2.16, 3.1, 3.2, 3.3, 3.4, 3.5, 3.7, 3.8, 3.9, 5.3, and 5.6.  Accordingly, the County will stipulate to the

12  verbatim language of the Model instructions, but will not agree to any modifications thereto.  The

13  County disagrees and objects to Plaintiff's Proposed Special Instructions in their entirety.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S PROPOSED ADDITIONAL INSTRUCTIONS

### Proposed Instruction No. 1—          [Disputed]

### Preliminary Issues

I am now going to discuss the issues in this case relating to liability and damages. Before I begin, it is important to distinguish between liability and damages. When I use the word "liability," I mean the legal obligation that the defendant has allegedly violated with respect to Ms. Martinez. That is different than "damages," which are an award of money to compensate Ms. Martinez if you find the Defendant liable for the harms it allegedly caused.

You may not consider the question of damages unless you first determine that the defendant is liable for Ms. Martinez's injuries. I will instruct you on damages later. For now, please focus your attention only on Ms. Martinez's claims of liability, which I will discuss now.

The plaintiff in this case is Lisamaria Martinez, and the defendant is the County of Alameda. Ms. Martinez is blind. On March 29, 2019, Ms. Martinez attempted to file a Fictitious Business Name Statement ("FBNS") form with the County of Alameda's Clerk Recorder's Office ("CRO").

This case is about Ms. Martinez's allegations that the defendant failed to provide her with the auxiliary aids and services and effective communication needed to allow her equal access to the CRO's programs, services, and activities. Her claims are that the defendant violated Title II of the Americans with Disabilities Act (the "ADA") and two related state laws, California's Disabled Persons Act and Section 11135 of the California Government Code.

The defendant denies these allegations and claims that Ms. Martinez was able to effectively communicate and file her FBNS form in 2019. Defendant further claims that it has made subsequent changes to its self-service offerings since this lawsuit was filed that now satisfy its legal obligation.

1

***Plaintiff's Position:***

2   This is a proper and neutral instruction modeled after the instruction in the similar *Hernandez*

3   case. Jury Instructions, *Hernandez v. Enfield Board of Education et al.*, Case No. 3:19-cv-1907

4   (D. Conn. Jan. 11, 2024), ECF No. 163.  It is a plain language and common sense approach to help

5   the jury understand the legal issues. Plaintiff is open to further input from Defendant on how it

6   wishes to briefly summarize its own case without getting into argumentation.

7

8   ***Defendant's Position:*** Defendant objects to Plaintiff's proposed instruction as it is

9   duplicative of the model instructions proposed by the Ninth Circuit. It also does not present a

10   neutral statement of the pertinent issues, but is instead written in a persuasive manner and

11   addresses issues that are not relevant to the actual issues that the jury will be tasked with

12   deciding. The proposed instruction also attempts to create the illusion that the Court is endorsing

13   certain facts and contentions, which is improper. Further, Plaintiff's statements of Defendant's

14   contentions, arguments and defenses is inaccurate and incomplete.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 2— [Disputed]**

**Title II of the Americans with Disabilities Act**

Ms. Martinez's first claim is that the defendant violated Title II of the Americans with Disabilities Act ("ADA") by denying her equally effective communication to that offered to other CRO visitors without disabilities. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

For Ms. Martinez to recover under Title II of the ADA, she must prove each of the following three elements by a preponderance of the evidence:

First, that she is a qualified individual with a disability.

Second, that she was either excluded from participation in or denied the benefits of the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant.

Third, that such exclusion, denial of benefits, or discrimination was by reason of her disability.

The Parties agree Ms. Martinez, the Plaintiff, is a qualified individual with a disability and the County of Alameda, the Defendant, is a public entity that is required to comply with the ADA. Therefore, I instruct you to find that Ms. Martinez has satisfied the first element of her ADA claim.

The Court has found that both filing completed forms at the CRO and the CRO advising patrons of forms' technical deficiencies qualify as services, programs, or benefits provided by the County of Alameda.

**Authority**: 42 U.S.C. § 12132; Order Re: Motions for Summary Judgment 5, ECF No. 54; Order Denying Motion to Dismiss 10, ECF No. 22; *see also Hernandez v. Enfield Bd. of Educ. Et al*, No. 3:19-cv-1907 (SRU), ECF No. 163, (D. Ct., Jan. 11, 2024) (jury instructions in analogous

effective communication case against local governmental entity using "equally effective" in instructions); *Cohen v. City of Culver City*, 754 F.3d 690, 701 (9th Cir. 2014) (a showing of intentional discrimination is not required for establishing a violation of the ADA).

**Plaintiff's Position:** To draft this instruction, Plaintiff has drawn on feedback and proposed instructions from Defendant, the Court's Orders in this matter, the Ninth Circuit's approach in their model instructions, and other approved jury instructions in cases with similar causes of action, including, *e.g.*, Jury Instructions, *Hernandez v. Enfield Board of Education et al.*, Case No. 3:19-cv-1907 (D. Conn. Jan. 11, 2024), ECF No. 163, and those proposed in similar cases such as, *e.g.,* [Proposed] Joint Jury Instructions, *Payan et al. v. Los Angeles Community College District*, Case No. 2:17-cv-01697 (C.D. Cal. May 11, 2023), ECF No. 526.

**Defendant's Position:** Defendant objects to Plaintiff's proposed instruction as it is duplicative of the model instructions proposed by the Ninth Circuit. It also does not present a neutral statement of the pertinent issues, but is instead written in a persuasive manner and addresses issues that are not relevant to the actual issues that the jury will be tasked with deciding. The proposed instruction also attempts to create the illusion that the Court is endorsing certain facts and contentions, which is improper. Further, Plaintiff's statements of the Court's prior rulings is incomplete, misleading and out of context.  Finally, the proposed instruction is an incomplete statement of the law.

**Proposed Instruction No. 3— [Disputed]**

**Violation of the ADA Based on Failure to Provide Effective Communication**

The second element required under Title II of the ADA that Ms. Martinez must establish by a preponderance of the evidence is that she was either excluded from participation in or denied the benefits of the defendant's services, programs, or activities, or was otherwise discriminated against by the defendants.

Under Title II of the ADA, discrimination on the basis of disability includes the failure to ensure that communication with individuals with disabilities is equally effective as communication with others. "Effective communication" means ensuring that the person with a disability can communicate with, receive information from, and convey information to, the covered entity.

The defendants have an obligation to furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities equal communication.

To show that the County has failed to provide appropriate auxiliary aids or services necessary to afford Plaintiff Lisamaria Martinez an equal opportunity to enjoy the benefits of a public entity's services, programs, or activities, or that the County otherwise discriminated against her, Plaintiff Lisamaria Martinez must show that:

(1) On March 29, 2019, the County failed to provide Ms. Martinez's with a requested auxiliary aid or service; and

(2) Ms. Martinez did not receive  an auxiliary aid or service that was necessary to afford Ms. Martinez an equal opportunity on March 29, 2019 to participate in, and enjoy the benefits of, filing completed forms at the CRO or being advised by the CRO of forms' technical deficiencies.

Each denial of a manner or method of effective communication to Ms. Martinez by the defendant can constitute a separate violation of the ADA. Ms. Martinez does not need to establish an ongoing or continuing denial of effective communication regarding the provision of benefits or services by the defendant.

**Authority:** 42 U.S.C. § 12103; 28 C.F.R. 35.104; 28 C.F.R. 35.160, Dep't of Justice, Civil Rights Div., Disability Rights Section, ADA Requirements, Effective Communication 1 (January 31, 2014), https://www.ada.gov/effective-comm.pdf; *K.M. ex rel Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1136 (9th Cir. 2001). *See also* Order re: Motions for Summary Judgment 6, ECF No. 54; *Hernandez v. Enfield Bd. of Educ. Et al*, No. 3:19-cv-1907 (SRU) (D. Ct., Jan. 11, 2024), ECF No. 163 (jury instructions in analogous effective communication case against local governmental entity using "equally effective" in instructions).

**Plaintiff's Position:** To draft this instruction, Plaintiff has drawn on feedback and proposed instructions from Defendant, the Court's Orders in this matter, the Ninth Circuit's approach in their model instructions, and other approved jury instructions in cases with similar causes of action, including, *e.g.*, Jury Instructions, *Hernandez v. Enfield Board of Education et al.*, Case No. 3:19-cv-1907 (D. Conn. Jan. 11, 2024), ECF No. 163, and those proposed in similar cases such as, *e.g.,* [Proposed] Joint Jury Instructions, *Payan et al. v. Los Angeles Community College District*, Case No. 2:17-cv-01697 (C.D. Cal. May 11, 2023), ECF No. 526.

**Defendant's Position:** Defendant objects to Plaintiff's proposed instruction as it is duplicative of the model instructions proposed by the Ninth Circuit. It also does not present a neutral statement of the pertinent issues, but is instead written in a persuasive manner and addresses issues that are not relevant to the actual issues that the jury will be tasked with deciding. The proposed instruction also attempts to create the illusion that the Court is endorsing certain facts and contentions, which is improper. Further, Plaintiff's statements of the Court's prior rulings is incomplete, misleading and out of context.  Finally, the proposed instruction is an incomplete statement of the law and does not contain all of the elements that Plaintiff must prove to establish liability.

**Proposed Instruction No. 4— [Disputed]**

**Auxiliary Aids and Services**

Public entities have an obligation under Title II of the ADA to furnish appropriate auxiliary aids and services where necessary for effective communications in order to afford individuals with disabilities an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.

Auxiliary aids and services includes—

Qualified readers; taped texts; audio recordings; Brailled materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision; acquisition or modification of equipment or devices; and other similar services and actions.

The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by Plaintiff; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place.

In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities. This means that the defendant must honor the choice of auxiliary aid or service requested by the individual with a disability unless it can prove that another equally effective means of communication exists. Whether the defendant provided Ms. Martinez with communication that was as effective as communication with others, is a question you, as the jury, must resolve.

**Authority**: 42 U.S.C. § 12103; 28 C.F.R. 35.104; 28 C.F.R. 35.160, Dep't of Justice, Civil Rights Div., Disability Rights Section, ADA Requirements, Effective Communication 1 (January 31, 2014), https://www.ada.gov/effective-comm.pdf; *K.M. ex rel Bright v. Tustin Unified Sch.*

*Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1136 (9th Cir. 2001). *See also* Order re: Motions for Summary Judgment 6, ECF No. 54; *Hernandez v. Enfield Bd. of Educ. Et al*, No. 3:19-cv-1907 (SRU) (D. Ct., Jan. 11, 2024), ECF No. 163 (jury instructions in analogous effective communication case against local governmental entity using "equally effective" in instructions).

   ***Plaintiff's Position:*** To draft this instruction, Plaintiff has drawn on feedback and proposed instructions from Defendant, the Court's Orders in this matter, the Ninth Circuit's approach in their model instructions, and other approved jury instructions in cases with similar causes of action, including, *e.g.*, Jury Instructions, *Hernandez v. Enfield Board of Education et al.*, Case No. 3:19-cv-1907 (D. Conn. Jan. 11, 2024), ECF No. 163, and those proposed in similar cases such as, *e.g.,* [Proposed] Joint Jury Instructions, *Payan et al. v. Los Angeles Community College District*, Case No. 2:17-cv-01697 (C.D. Cal. May 11, 2023), ECF No. 526.

   ***Defendant's Position:*** Defendant objects to Plaintiff's proposed instruction as it is duplicative of the model instructions proposed by the Ninth Circuit. It also does not present a neutral statement of the pertinent issues, but is instead written in a persuasive manner and addresses issues that are not relevant to the actual issues that the jury will be tasked with deciding.

**Proposed Instruction No. 5— [Disputed]**

**Because of Disability**

For the third required element of Plaintiff's ADA claim, if you find that the defendant denied Ms. Martinez participation in or the benefits of the defendant's services, programs, or activities, then you must also determine whether Ms. Martinez has proven by a preponderance of the evidence that such exclusion or denial of benefits was by reason of her disability. Under the ADA, Ms. Martinez is not required to prove that her disability was the only reason for the defendants' denial.  Ms. Martinez must only prove by a preponderance of the evidence that her disability was one of the factors that determined the defendant's exclusion or denial, not the sole factor.

***Plaintiff's Position:*** To draft this instruction, Plaintiff has drawn on feedback and proposed instructions from Defendant, the Court's Orders in this matter, the Ninth Circuit's approach in their model instructions, and other approved jury instructions in cases with similar causes of action, including, *e.g.*, Jury Instructions, *Hernandez v. Enfield Board of Education et al.*, Case No. 3:19-cv-1907 (D. Conn. Jan. 11, 2024), ECF No. 163, and those proposed in similar cases such as, *e.g.,* [Proposed] Joint Jury Instructions, *Payan et al. v. Los Angeles Community College District*, Case No. 2:17-cv-01697 (C.D. Cal. May 11, 2023), ECF No. 526.

***Defendant's Position:*** Defendant objects to Plaintiff's proposed instruction as it is duplicative of the model instructions proposed by the Ninth Circuit and is not a complete statement of the law. It also does not present a neutral statement of the pertinent issues, but instead written in a persuasive manner and addresses issues that are not relevant to the actual issues that the jury will be tasked with deciding.

**Proposed Instruction No. 6— [Disputed]**

**Fundamental Alteration/Undue Burden**

Defendant County of Alameda can prove it was excused from providing a particular auxiliary aid or service if it can prove doing so would require a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burden. In order to do so, it must show:

(1) The decision that compliance would result in such alteration or burdens was made by the head of the public entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity;

(2) The decision was accompanied by a written statement of the reasons for reaching that conclusion.

(3) The public entity must also show it took other actions to ensure that even without the alteration, individuals with disabilities would receive the benefits or services provided by the public entity to the maximum extent possible.

**Authority**: 28 CFR § 35.164.

**Plaintiff's Position:** Plaintiff agrees that this instruction is not needed if Defendant dismisses its affirmative defenses. It appears the parties agree that the defense is not going to be submitted to the jury.

**Defendant's Position:** Defendant contends this instruction is not necessary as it is not asserting such a defense. Thus, this instruction is not necessary and is likely to cause juror confusion.

**Proposed Instruction No. 7— [Disputed]**

**Intent Not Required for Finding of Violation of Title II of the ADA**

Ms. Martinez does not need to prove intentional discrimination or ill-will for a finding of a violation of Title II of the ADA.

**Authority**: 42 U.S.C. §§ 12131-12134; 29 U.S.C. § 794(b)(1)(B); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); *Updike v. Multnomah Cty.*, 870 F.3d 939, 950-51 (9th Cir. 2017).

**_Plaintiff's Position:_** Plaintiff includes this instruction to clarify that she does not need to prove deliberate indifference for liability to attach. She needs to prove the additional element of deliberate indifference only to obtain a federal right to damages. However, the inclusion of the California DPA claim allows for recovery of damages under state law without any showing of intent or deliberate indifference. To draft this instruction, Plaintiff has drawn on feedback and proposed instructions from Defendant, the Court's Orders in this matter, the Ninth Circuit's approach in their model instructions, and other approved jury instructions in cases with similar causes of action, including, *e.g.*, Jury Instructions, *Hernandez v. Enfield Board of Education et al.*, Case No. 3:19-cv-1907 (D. Conn. Jan. 11, 2024), ECF No. 163, and those proposed in similar cases such as, *e.g.,* [Proposed] Joint Jury Instructions, *Payan et al. v. Los Angeles Community College District*, Case No. 2:17-cv-01697 (C.D. Cal. May 11, 2023), ECF No. 526.

**_Defendant's Position:_** Defendant objects to Plaintiff's proposed instruction as it is misleading and directly contrary to the law.  Specifically, because Plaintiff's claims under the ADA include monetary damages, she must also prove intentional discrimination.  *Memmer v. Marin Cnty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999).  In *Duvall v. County of Kitsap, 260 F.3d* 1124, 1138 (9th Cir. 2001), the Ninth Circuit clarified that "intentional discrimination" under the ADA means "that the deliberate indifference standard applies." *Duvall*, 260 F.3d at 1138. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially

1  likely, and a failure to act upon that…likelihood."  Id., at 1139.  Deliberate indifference is "a

2  stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious

3  consequence of his action."  Bryan Cnty. v. Brown, 520 U.S. 397, 410, (1997).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 8— [Disputed]**

**Proof and Measure of Type of Damages for a California DPA Claim**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find that Ms. Martinez's rights were violated under the Americans with Disabilities Act, then you must also find that they were violated under the California Disabled Persons Act. California law permits the recovery of damages for a violation of the federal ADA. Thus, if you find for Ms. Martinez on her Title II ADA claim, then you must determine her damages under California law. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any harm you find was caused by the defendant. You should consider the following:

- the nature and extent of the harm;
- the mental and emotional suffering experienced;
- the reasonable value of necessary services

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


**Authority:** Cal. Civ. Code §§ 54(c), 54.1(d); *Cohen v. City of Culver City*, 754 F.3d 690, 701 (9th Cir. 2014) ("A violation of the ADA constitutes a violation of the California DPA" and Plaintiff "may recover damages for an ADA violation under the California statutes he invokes without a showing of intentional discrimination"); See Jankey v. Los Burritos, Inc., 343 Fed. Appx. 262, 264 (9th Cir.2009) ("A plaintiff who establishes a violation of the ADA ... need not prove intentional discrimination in order to obtain damages under section 52."); Disabled Persons Act, California Civil Code section 54.3; *Donald v. Cafe Royale*, 218 Cal. App. 3d 168, 176 (1990). *See also* Order re: Motions for Summary Judgment 10, ECF No. 54; Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, No. 5.1 and 5.2.

1    ***Plaintiff's Position:*** To draft this instruction, Plaintiff has drawn on feedback and proposed

2    instructions from Defendant, the Court's Orders in this matter, the Ninth Circuit's approach in

3    their model instructions, and other approved jury instructions in cases with similar causes of

4    action, including, *e.g.*, Jury Instructions, *Hernandez v. Enfield Board of Education et al.*, Case

5    No. 3:19-cv-1907 (D. Conn. Jan. 11, 2024), ECF No. 163, and those proposed in similar cases such

6    as, *e.g.,* [Proposed] Joint Jury Instructions, *Payan et al. v. Los Angeles Community College*

7    *District*, Case No. 2:17-cv-01697 (C.D. Cal. May 11, 2023), ECF No. 526.

8

9

10   ***Defendant's Position:*** Defendant objects to Plaintiff's proposed instruction as it is misleading

11   and directly contrary to the law.  Defendant further objects as there are model CACI instructions

12   that address the DPA claims, which should be used.  Defendants further object as Plaintiff's

13   instruction is argumentative, misleading and incomplete as a matter of law.  Further Defendant

14   objects as it cannot be held liable for damages under the DPA.  .  Specifically, Plaintiff seeks

15   monetary damages under the DPA in the form of statutory awards/penalties, pursuant to California

16   Civil Code section 54.3(a).  Dkt. 84, ¶¶ 94-97.  The problem with this demand for relief is that the

17   published opinion in the *Carter/Fahmie* (*Carter v. City of Los Angeles*, 224 Cal.App.4th 808 (2014))

18   matter confirms that such statutory damages are improper and unavailable as against a public entity.

19   See *Sarfaty v. City of Los Angeles*, 2017 WL 6551234 (C.D. Cal. 2017) (citing *Carter* for the proposition

20   that damages under section 54.3 are unavailable as against a public entity and stating, "[t]he test of the

21   [DPA] also indicates that the City is not liable for damages under this section" and "[b]ecause the most

22   relevant state court authority indicates that damages are not available under Section 54.3, the Plaintiffs'

23   claims fail as a matter of law.").  Indeed, while the obligations under the DPA are applicable to the

24   County, the damages provision (section 54.3) is limited in its application to a "person or persons, firm or

25   corporation," which does not include public entities.

26

27

28

**Proposed Instruction No. 9— [Disputed]**

**Title II of the ADA: Intent and Deliberate Indifference**

"Ms. Martinez does not need to prove the defendant acted intentionally or deliberately to prove that the defendant violated the ADA. However, Ms. Martinez has made an additional allegation that the defendant did act with deliberate indifference for her rights or knowingly violated the law. To prove this allegation, Ms Martinez must show by a preponderance of the evidence that Defendant County of Alameda demonstrated either (1) an intentional or willful violation of the law, or (2) a deliberate indifference toward her rights under the law. This does not mean that Ms. Martinez must show that Defendant intended to discriminate, or that it harbored some ill-will towards Ms. Martinez or blind individuals in general.

(1) If a public entity is on notice that its failure to provide equal access to its services may violate the law and intentionally opts to provide lesser or no service, it has willfully violated the law.

(2) Alternatively, if a public entity had knowledge that harm to a federally protected right was likely, and the public entity failed to act upon that likelihood, it has acted with deliberate indifference.

**Authority**: 42 U.S.C. §§ 12131-12134; 29 U.S.C. § 794(b)(2)(B); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); *Updike v. Multnomah Cty.*, 870 F.3d 939, 950-51 (9th Cir. 2017).

**Plaintiff's Position:** This instruction is crafted from Ninth Circuit precedent and accurately reflects the level of intent required for an ADA claim, deliberate indifference.

**Defendant's Position:** Defendant objects to Plaintiff's proposed instruction as it is misleading and directly contrary to the law.  Specifically, because Plaintiff's claims under the ADA include monetary damages, she must also prove intentional discrimination.  *Memmer v. Marin Cnty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999).  In *Duvall v. County of Kitsap, 260 F.3d 1124*, 1138 (9th Cir. 2001), the Ninth Circuit clarified that "intentional discrimination" under the ADA means

1    "that the deliberate indifference standard applies."  *Duvall*, 260 F.3d at 1138.  "Deliberate

2    indifference requires both knowledge that a harm to a federally protected right is substantially

3    likely, and a failure to act upon that…likelihood."  Id., at 1139.  Deliberate indifference is "a

4    stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious

5    consequence of his action."  Bryan Cnty. v. Brown, 520 U.S. 397, 410, (1997).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 10—          [Disputed]**

**Limit on Consideration of Evidence Related to Damages or Intent**

Ms. Martinez seeks damages only for Defendant's actions associated with her March 29, 2019 visit to the CRO in Oakland up through September 18, 2020, which was when this lawsuit was filed. In assessing any measure of damages, and in your evaluation of the Defendant's state of mind, you should not consider evidence of any remedial efforts by Defendant occurring after the lawsuit was filed.

*Plaintiff's Position:* This instruction is necessary and based on the court's order denying the motion to bifurcate. It helps mitigate confusion about the record over time where the primary claim involves a discrete decision in March 2019.

*Defendant's Position:* Defendant objects to this request to the extent it misunderstands and misrepresents Defendant's arguments and defenses. Defendant further objects as the term "subsequent remedial efforts" is misleading and inaccurate regarding the obligations under the ADA and whether a condition is moot. Defendant further objects as this instruction is contrary to established precedent and is argumentative.

**Proposed Instruction No. 11—[Disputed]**

**Disability discrimination under California Government Code section 11135**

California Government Code section 11135 forbids discrimination on the basis of disability in state-funded programs or activities:

> No person in the State of California shall, on the basis of ... physical disability [or] medical condition ... be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

Such discrimination on the basis of disability in violation of Section 11135 is established once the Plaintiff has shown that Defendant has (1) violated the Americans with Disabilities Act and (2) that the "program or activity … is funded directly by the state, or receives any financial assistance from the state."

**Authority:**  Cal. Gov't Code § 11135(a) and (b); 42 U.S.C. Sec. 12132 *et seq.*

**Plaintiff's Position:** This instruction is directly quoting from the statute.

**Defendant's Position:** Defendant's object to this instruction as it is an incomplete statement of the law and is argumentative.  Should an instruction on this issue be given, it should simply be the statute, with no commentary or argument.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Instruction No. 12—          [Disputed]**

**Post-Discharge Instruction with Attorneys**

The attorneys for the parties may wish to hear your personal views on the presentation of their respective cases. Providing feedback to them helps them improve and further the administration of justice. You may choose to speak with them today, at a later date or not at all.

***Defendant's Position:*** Defendant contends this instruction is redundant of the model instructions.

1
2

**DEFENDANT'S PROPOSED ADDITIONAL INSTRUCTIONS**

3

**Proposed Instruction No. 13—       [Disputed]**

4

42 U.S.C. Section 12132, also known as Title II of the ADA, provides that:  "Subject to the

5

provisions of this subchapter, no qualified individual with a disability shall, by reason of such

6

disability, be excluded from participation in or be denied the benefits of the services, programs,

7

or activities of a public entity, or be subjected to discrimination by any such entity."

8

This prohibition against discrimination is universally understood as a requirement to provide

9

"meaningful access."

10

To establish a violation of Title II of the ADA, Plaintiff must prove:  (1) that she is a qualified

11

individual with a disability; (2) that she was either excluded from participation in or denied the

12

benefits of a public entity's services, programs, or activities, or was otherwise discriminated

13

against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by

14

reason of her disability.

15

**Authority:** 42 U.S.C. § 12132; *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001);

16

*Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 860 (9th Cir. 2022); *A.G. v.*

17

*Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016); *Lonberg v. City*

18

*of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009).

19
20

***Plaintiff's Position:***

21

"Meaningful access" does not appear in the text of Title II of the ADA nor in the regulations

22

and Plaintiff believes it fails to add anything beyond what is already covered by the specific

23

elements of effective communications. Regardless, an instruction like this that includes the

24

assertion that discrimination is "universally understood" is argumentative and not true. And, even

25

if brought in from outside the statute or regulations, "meaningful access" at most applies to

26

"reasonable modifications" to policies and not to effective communications, and this instruction

27

ignores that.

28

1    ***Defendant's Position:*** The proposed instruction addresses an issue in this case that will

2    be submitted to the jury for adjudication.  Since there are no model jury instructions on this

3    principle, Defendant has proposed the current instruction, which is derived from the relevant

4    statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on

5    this issue, which does not contain any argument.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 14—          [Disputed]**

2      A plaintiff may establish prohibited discrimination under 42 U.S.C. Section 12132, also

3  known as Title II of the ADA, by showing that a public entity denied her a "reasonable

4  accommodation" necessary to achieve meaningful access to the benefits of a program, activity, or

5  service of the public entity.  To succeed on such a claim, a plaintiff must show that the defendant

6  failed to make reasonable modifications that would accommodate the plaintiff's disability

7  without fundamentally altering the nature of the program or activity, and that the accommodation

8  would have enabled her to meet the program's essential eligibility requirements.

9

10      **Authority:** *A.G. Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir.

11  2016); *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir. 1999); *E.R.K. ex rel.*

12  *R.K. v. Haw. Dep't of Educ.*, 728 F.3d 982, 992 (9th Cir. 2013).

13

14      ***Plaintiff's Position:***

15      Although some courts mention "reasonable accommodation" in their analysis, likely because

16  of its familiarity, that is not a term or a legal standard under Title II of the ADA, nor is

17  "reasonableness." "Reasonable accommodation" is part of a Title I analysis for employment and

18  involves other elements, such as a requirement to engage in an interactive process, that may

19  mislead the jury. Similarly, concepts like "meet[ing] the program's standards" are not part of the

20  effective communication analysis under Title II of the ADA. As a result, using the term in this

21  incorrect fashion has the potential to mislead the jury on each party's obligations under Title II

22  and its implementing regulations, especially in regards to evaluating the provision of auxiliary

23  aids or services or the primary consideration of her request. Plaintiff has not pursued the

24  reasonable modification theory in her claim.

25

26      ***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be

27  submitted to the jury for adjudication.  Since there are no model jury instructions on this

28

1  principle, Defendant has proposed the current instruction, which is derived from the relevant

2  statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this

3  issue, which does not contain any argument.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 15—        [Disputed]**

The provision of an auxiliary aid or service is considered an "accommodation" under the ADA.  Whether a particular accommodation is reasonable depends on the individual circumstances of each case and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow her to meet the program's standards.

**Authority:** 28 C.F.R. § 35.160; *Duvall v. County of Kitsap*, 260 F.3d 1124, 1136 (9th Cir. 2001); *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002).

***Plaintiff's Position:***

Although some courts mention "reasonable accommodation" in their analysis, likely because of its familiarity, that is not a term or a legal standard under Title II of the ADA, nor is "reasonableness." "Reasonable accommodation" is part of a Title I analysis for employment and involves other elements, such as a requirement to engage in an interactive process, that may mislead the jury. Similarly, concepts like "meet[ing] the program's standards" are not part of the effective communication analysis under Title II of the ADA. As a result, using the term in this incorrect fashion has the potential to mislead the jury on each party's obligations under Title II and its implementing regulations, especially in regards to evaluating the provision of auxiliary aids or services. Reasonable modifications to policies practices and procedures, is a separate and distinct legal theory from an effective communication theory. Reasonableness would come in only if Plaintiff were pursuing a reasonable modification theory, such as a request that the CRO give her more time to submit her FBNS or allow her to park on the curb in front of the building, or altering some other general rule that did not involve communication of information like the present issue of auxiliary aids.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be submitted to the jury for adjudication.  Since there are no model jury instructions on this principle, Defendant has proposed the current instruction, which is derived from the relevant statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this issue, which does not contain any argument.

**Proposed Instruction No. 16—**       **[Disputed]**

The ADA recognizes certain specific auxiliary aids and services for persons with vision disabilities, including qualified readers, taped texts, audio recordings, Brailled materials and displays, screen reader software, magnification software, optical readers, secondary auditory programs, large print materials, accessible electronic and information technology, or other effective methods of making visually delivered materials available to individuals who are blind or have low vision.

Electronic auxiliary aids and services may also include or involve materials and documents in electronic format on computer terminals, compact discs, or in emails.

A qualified reader means a person who is able to read effectively, accurately, and impartially using any necessary specialized vocabulary.

**Authority:** 28 C.F.R. § 35.104; Dep't of Justice, Civil Rights Div., Disability Rights Section, ADA Requirements, Effective Communication, pp. 2-4 (Jan. 2014); Dep't of Justice, Civil Rights Div., Disability Rights Section, ADA Update: A Primer for State and Local Governments, pp. 7-9 (Jun. 2015); Dep't of Justice, Civ. Rights Div., ADA Best Practices Tool Kit for State and Local Governments, Ch. 1, at pp. 1-2 (Dec. 2006); Dep't of Justice, Civ. Rights Div., ADA Best Practices Tool Kit for State and Local Governments, Ch. 3, at pp. 1-4 (Feb. 2007).

***Plaintiff's Position:***

This instruction is misleading and not useful as it implies that the listed auxiliary aids or services are the only ones authorized. It also removes the context of the list, including the more complete analysis of appropriate auxiliary aids and services. Plaintiff has instead included a more complete version in her proposed instruction which adds the "other similar services and actions" catch all provision.

***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be submitted to the jury for adjudication.  Since there are no model jury instructions on this

1    principle, Defendant has proposed the current instruction, which is derived from the relevant

2    statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this

3    issue, which does not contain any argument.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 17—          [Disputed]**

2      "Effective communications" means ensuring that the person with a disability can

3   communicate with, receive information from, and convey information to, the covered entity.

4

5      **Authority:** 28 C.F.R. § 35.160; Dep't of Justice, Civil Rights Div., Disability Rights Section,

6   ADA Requirements, Effective Communication, p. 1 (Jan. 2014); *Silva v. Baptist Health South*

7   *Florida, Inc.*, 856 F.3d 824, 833 (11th Cir. 2017); *Bax v. Doctors Medical Center of Modesto,*

8   *Inc.*, 52 F.4th 858, 866-867 (9th Cir. 2022).

9

10      ***Plaintiff's Position:***

11      Out of a larger context, this instruction is misleading as it ignores other elements and analysis

12   in the effective communications regulations. Plaintiff has accepted this statement from Defendant

13   and instead edited their proposed instruction regarding auxiliary aids or services (above) to insert

14   this definition into the proper context.

15

16      ***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be

17   submitted to the jury for adjudication.  Since there are no model jury instructions on this

18   principle, Defendant has proposed the current instruction, which is derived from the relevant

19   statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this

20   issue, which does not contain any argument.

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 18—        [Disputed]**

2        The ADA does not require "perfect communication" – it only requires auxiliary aids or

3 services sufficient to ensure a level of communication substantially equal to that afforded to non-

4 disabled individuals.

5        The ADA does not require that every potential auxiliary device be on standby so that

6 whatever request a particular individual makes can be accommodated.

7

8        **Authority:** 28 C.F.R., § 35.160(a)(1); *Cropp v. Larimer Cnty., Colorado,* 793 F.App'x 771,

9 783-84 (10th Cir. 2019); *Updike v. Multnomah County*, 870 F.3d 939, 949 & 958 (9th Cir. 2017);

10 K.M. ex rel. Bright v. Tustin Unified School Dist., 725 F.3d 1088, 1096 (9th Cir. 2013);

11 *Ferguson v. City of Phoenix*, 157 F.3d 668, 672 (9th Cir. 1998); *Tucker v. Tennessee*, 539 F.3d

12 526, 538 (6th Cir. 2008) (abrogated on other grounds by *Anderson v. City of Blue Ash.*, 798 F.3d

13 338 (6th Cir. 2015)).

14

15        *Plaintiff's Position:*

16        This instruction is not drawn from the text of statute or the regulations and, given the kind of

17 request made by Plaintiff Martinez for an available CRO staff member to read and write on her

18 paper form under her direction, is argumentative, misleading, and contributes nothing to the

19 jury's understanding of the law. The legal standard under Title II of the ADA and is regulations in

20 no way references concepts like perfection, and the actual legal standard appears in the effective

21 communications regulations, including concepts like "as effective as communications with

22 others," "primary consideration," referred to by other courts as "equally effective." Indeed, no

23 communication among humans is perfect. Instead, the ADA requires equality so that

24 communication and use for people with disabilities is equal to people without disabilities.

25

26        *Defendant's Position:* The proposed instruction addresses an issue in this case that will be

27 submitted to the jury for adjudication.  Since there are no model jury instructions on this

28 principle, Defendant has proposed the current instruction, which is derived from the relevant

statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this issue, which does not contain any argument.

1

**Proposed Instruction No. 19—**      **[Disputed]**

2      The public entity shall give "primary consideration" to the requests of the individual with

3 disabilities unless the public entity can demonstrate that another effective means of

4 communication exists. Thus, a plaintiff is not entitled to any accommodation of her choice, only

5 a reasonable accommodation.

6

7      **Authority:** 28 C.F.R. § 35.160(b)(2); 28 C.F.R. Pt. 35.160, Appendix A (2011); *Petersen v.*

8 *Hastings Public Schools*, 31 F.3d 705, 708 (8th Cir. 1994), quoting 28 C.F.R. Pt. 35.160, App.

9 A, at 463; *Updike v. Multnomah County*, 870 F.3d 939, 950 (9th Cir. 2017); *Cropp v. Larimer*

10 *Cnty., Colorado*, 793 F.App'x 771, 780-81 (10th Cir. 2019); *Wells v. Thaler*, 460 Fed.Appx. 303,

11 313 (5th Cir. 2012); *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1082 (11th Cir. 2007); see

12 *Memmer v. Marin County Courts*, 169 F.3d 630, 634 (9th Cir. 1999).

13

14      ***Plaintiff's Position:***

15      This limited extract and interpretation of one small part of the larger effective communication

16 regulations, including ignoring the obligation that any alternative auxiliary aids or services must

17 still enable communications with the disabled individual that are as effective as communications

18 with others. 28 C.F.R. § 35.160. Furthermore, "reasonableness" is not part of the text of Title II of

19 the ADA nor of its implementing regulations covering effective communications. Additionally,

20 "reasonableness" is not the measure used in the statute and a "reasonable accommodation"

21 analysis is used under Title I of the ADA, not Title II.

22

23      ***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be

24 submitted to the jury for adjudication. Since there are no model jury instructions on this

25 principle, Defendant has proposed the current instruction, which is derived from the relevant

26 statutes and legal interpretation. The instruction is a neutral statement of the relevant law on this

27 issue, which does not contain any argument.

28

**Proposed Instruction No. 20—        [Disputed]**

A government entity and its employees, including clerks/recorders are subject to liability for altering, changing, obliterating, or inserting any new matter in any records deposited in the recorder's office, unless the recorder is merely correcting an indexing error.

**Authority:** Cal. Gov. Code § 27203(d).

***Plaintiff's Position:***

This statement is misleading, irrelevant, and prejudicial because the forms Ms. Martinez requested assistance with were not "deposited." Ms. Martinez requested assistance with reading and writing under her direction on paper forms that were handed back to her. ***Note that this instruction relates to a dispute of law highlighted in the joint pretrial conference statement regarding California Government Code section 27203.***

***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be submitted to the jury for adjudication.  Since there are no model jury instructions on this principle, Defendant has proposed the current instruction, which is derived from the relevant statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this issue, which does not contain any argument.

1

**Proposed Instruction No. 21—            [Disputed]**

2      It is not a county recorder's place to practice law.  The practice of law in California "includes

3  legal advice and counsel and the preparation of legal instruments and contracts by which legal

4  rights are secured although the matter may or may not be []pending in a court."

5

6      **Authority:** *Jackson v. County of Amador*, 186 Cal.App.4th 514, 522 (2010); *Crawford v. State*

7  *Bar of California*, 54 Cal.2d 659, 667-668 (1960);

8

9      ***Plaintiff's Position:***

10      This instruction is irrelevant, misleading, and prejudicial. The Court has already ruled against

11  Defendant's argument regarding the unauthorized practice of law:

12          Defendants suggest that assisting Martinez would constitute the unauthorized practice

13          of law, but long-standing California precedent contradicts this assertion: acting as a

14          scrivener to perform "the clerical service of filling in the blanks on a particular form

15          in accordance with information furnished" is not the unlicensed practice of law in

16          California. People v. Sipper, 61 Cal. App. 2d Supp. 844, 846-47 (1943); Altizer v.

17          Highsmith, 52 Cal. App. 5th 331, 341 (2020); People v. Landlords Prof'l Servs., 215

18          Cal. App. 3d 1599, 1608 (1989); Tuft, Peck and Mohr, Cal. Practice Guide:

19          Professional Responsibility (The Rutter Group 2019) ¶¶ 1:203 to 1:204.1, p. 1-125.

20  Order Denying Motion to Dismiss 10, ECF No. 22.

21

22      ***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be

23  submitted to the jury for adjudication.  Since there are no model jury instructions on this

24  principle, Defendant has proposed the current instruction, which is derived from the relevant

25  statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this

26  issue, which does not contain any argument.

27

28

**Proposed Instruction No. 22—        [Disputed]**

The unauthorized practice of law in California is a crime.  And, committing a crime is not a reasonable accommodation.

**Authority:** Cal. Bus. & Prof. Code §§ 6125-6126; *Mullen v. Chester County Hosp.*, 2015 U.S. Dist. LEXIS 57060, *26 (E.D. Penn. 2015)  ("a request to allow an illegal act cannot, logically, qualify as a request for a reasonable accommodation.").

***Plaintiff's Position:***

This instruction is irrelevant, misleading, and prejudicial. The Court has already ruled against Defendant's argument regarding the unauthorized practice of law:

> Defendants suggest that assisting Martinez would constitute the unauthorized practice
> of law, but long-standing California precedent contradicts this assertion: acting as a
> scrivener to perform "the clerical service of filling in the blanks on a particular form
> in accordance with information furnished" is not the unlicensed practice of law in
> California. People v. Sipper, 61 Cal. App. 2d Supp. 844, 846-47 (1943); Altizer v.
> Highsmith, 52 Cal. App. 5th 331, 341 (2020); People v. Landlords Prof"l Servs., 215
> Cal. App. 3d 1599, 1608 (1989); Tuft, Peck and Mohr, Cal. Practice Guide:
> Professional Responsibility (The Rutter Group 2019) ¶¶ 1:203 to 1:204.1, p. 1-125.

Order Denying Motion to Dismiss 10, ECF No. 22.

***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be submitted to the jury for adjudication.  Since there are no model jury instructions on this principle, Defendant has proposed the current instruction, which is derived from the relevant statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this issue, which does not contain any argument.

1

**Proposed Instruction No. 23—** **[Disputed]**

2     To recover damages, Plaintiff must show the County intentionally discriminated against her.

3 This showing is referred to as being "deliberately indifferent."

4     Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor

5 disregarded a known or obvious consequence of his action. The standard is even higher than

6 gross negligence – deliberate indifference requires a culpable mental state. The state actor must

7 recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without

8 regard to the consequences to the plaintiff.

9     Because in some instances events may be attributable to bureaucratic slippage that constitutes

10 negligence rather than deliberate action or inaction, deliberate indifference does not occur where

11 a duty to act may simply have been overlooked, or a complaint may reasonably have been

12 deemed to result from events taking their normal course. Rather, in order to meet the second

13 element of the deliberate indifference test, a failure to act must be a result of conduct that is more

14 than negligence, and involves an element of deliberateness.

15

16     **Authority:** *Duvall v. County of Kitsap,* 260 F.3d 1124, 1139 (9th Cir. 2001); *Updike v.*

17 *Multnomah County*, 870 F.3d 939, 951-952 (9th Cir. 2017); *Bryan Cnty. v. Brown*, 520 U.S. 397,

18 410, (1997); *L.W. v. Grubbs*, 92 F.3d 894, 899-900 (9th Cir. 1996).

19

20     ***Plaintiff's Position:***

21     This instruction states an interpretation of case law that applies only to damages under the

22 ADA (rather than other causes of action brought by Plaintiff) and is thus misleading and

23 incorrect as written. ***Note that this instruction relates to a dispute of law highlighted in the joint***

24 ***pretrial conference statement about the application of the California Disabled Persons Act to***

25 ***Defendant, including the lack of an intent requirement to find statutory damages.***

26     Moreover, Plaintiff has proposed a more neutral and accurate version of the deliberate

27 indifference question that accounts for this instruction as to her federal right to damages.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Defendant's Position:* The proposed instruction addresses an issue in this case that will be submitted to the jury for adjudication.  Since there are no model jury instructions on this principle, Defendant has proposed the current instruction, which is derived from the relevant statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this issue, which does not contain any argument.

1

**Proposed Instruction No. 24—          [Disputed]**

2  The following are benefits, services, programs, or activities of the CRO:

3  (1)  The filing of completed forms at the CRO.

4  (2)  Advising patrons of forms' technical deficiencies.

5

6  **Authority:** Dkt. 54, at 5:18-21; County of Alameda Auditor-Controller Employee Information

7  Handbook, p. 4.

8

9  ***Plaintiff's Position:***

10  For greater clarity and context, Plaintiff has incorporated this instruction into her proposed

11  instruction about Title II of the ADA. This reduces confusion regarding the different uses of the

12  term "services" between its meaning in the main Title II statute versus the regulations about

13  "auxiliary aids or services."

14

15  ***Defendant's Position:***  The proposed instruction addresses an issue in this case that will be

16  submitted to the jury for adjudication, which should not be combined with argument or other

17  issues.

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 25—        [Disputed]**

Filling out or modifying forms is not a benefit, service, program, or activity of the CRO.

**Authority:** Dkt. 54, at 5:25-28, n. 4; County of Alameda Auditor-Controller Employee Information Handbook, p. 4.

***Plaintiff's Position:*** Plaintiff believes this instruction is irrelevant and serves primarily to confuse the jury between the use of "services" in the main Title II statute versus the regulations about "auxiliary aids or services."

***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be submitted to the jury for adjudication, which should not be combined with argument or other issues.

**Proposed Instruction No. 26—          [Disputed]**

A defendant's voluntary removal of barriers to accessibility prior to trial moots an ADA claim for future injunctive relief.

**Authority:** *Bax v. Doctors Medical Center of Modesto, Inc.*, 52 F.4th 858, 865-866 (9th Cir. 2022); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016); *Lopez v. Garcia Apartments, LLC*, 2014 WL 12696711, at *3 (C.D. Cal. Dec. 19, 2014).

***Plaintiff's Position:***

This statement is misleading because mooting an ADA claim required for future injunctive relief requires more than merely the voluntary removal of may well amount to only *some* barriers, a distinction which is unclear and misleading in this instruction. Instead of this short-but-misleading statement of the law, in reality the requirement remains to conduct an effective communication and reasonable modification analysis using the elements and approach of those legal standards.

***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be submitted to the jury for adjudication, which should not be combined with argument or other issues.

1

**Proposed Instruction No. 27—          [Disputed]**

2      If an application for a particular city program must be made in person at an inaccessible

3   office, the public entity may allow a person with a disability to complete and submit the

4   application by mail or email, which constitutes a reasonable accommodation under the ADA.

5      The fact that a particular service is available to the general public, such as allowing the

6   general public to file documents by mail or email, does not preclude that service from qualifying

7   as a reasonable accommodation for persons with disabilities under the ADA.

8

9      **Authority:** Dep't of Justice, Civil Rights Div., Disability Rights Section, ADA Update: A

10  Primer for State and Local Governments, p. 9 (Jun. 2015); *Cropp. v. Larimer County*, Colorado,

11  793 Fed.Appx. 771, 782 (10th Cir. 2019).

12

13  ***Plaintiff's Position:***

14     This instruction is irrelevant and misleading. That, in some circumstances and for some

15  disabled individuals mail is required under the effective communications analysis does not imply

16  that having service-by-mail alone is at all relevant to a particular individual's effective

17  communications needs. This reality is effectively illustrated in the case of blind individuals such

18  as Ms. Martinez, for whom paper mail presents its own obvious barrier.

19

20     ***Defendant's Position:*** The proposed instruction addresses an issue in this case that will be

21  submitted to the jury for adjudication.  Since there are no model jury instructions on this

22  principle, Defendant has proposed the current instruction, which is derived from the relevant

23  statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this

24  issue, which does not contain any argument.

25

26

27

28

1

**Proposed Instruction No. 28—**          **[Disputed]**

2      California Government Code section 11135, subdivision (a), provides in relevant part that:

3   "No person in the State of California shall, on the basis of … physical disability …, be

4   unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to

5   discrimination under, any program or activity that is conducted, operated, or administered by the

6   state or by any state agency, is funded directly by the state, or receives any financial assistance

7   from the state."

8      Thus, to establish a violation of Section 11135, Plaintiff must prove that (1) she was unlawfully

9   denied full and equal access to the benefits of, or was unlawfully subjected to discrimination

10  under, any program or activity that is conducted operated, or administered by the County, (2) on

11  the basis of her disability, and (3) that the specific County program at issue was funded directly

12  by the State of California, or received financial assistance from the State of California, at the

13  time of the incident.

14

15      **Authority:** Cal. Gov. Code § 11135(a).

16

17      ***Plaintiff's Position:***

18      This instruction is an incomplete version of the statute and thus misleading and incorrect as a

19  statement of the relevant legal standard. For example, it ignores that a violation of the ADA

20  constitutes a violation of 11135 and instead only states the elements of an independent 11135 claim

21  under 11135(a). The missing part reads:

22          (b) With respect to discrimination on the basis of disability, programs and activities

23          subject to subdivision (a) shall meet the protections and prohibitions contained in

24          Section 202 of the federal Americans with Disabilities Act of 1990 (42 U.S.C. Sec.

25          12132), and the federal rules and regulations adopted in implementation thereof,

26          except that if the laws of this state prescribe stronger protections and prohibitions, the

27

28

programs and activities subject to subdivision (a) shall be subject to the stronger

protections and prohibitions.

California Government Code section 11135(b). The elements as stated here by Defendant are thus

incomplete and misleading.


**Defendant's Position:** The proposed instruction addresses an issue in this case that will be

submitted to the jury for adjudication.  Since there are no model jury instructions on this

principle, Defendant has proposed the current instruction, which is derived from the relevant

statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this

issue, which does not contain any argument.

1  **Proposed Instruction No. 29—    [Disputed]**

2  To satisfy the element of a claim under California Government Code section 11135 requiring

3  state funding or state financial assistance, the plaintiff must establish that the specific program of

4  the public entity from which the plaintiff was allegedly denied access was funded directly by the

5  State of California or received financial assistance from the State of California at the time of the

6  denial of access.  It is not sufficient to establish that the public entity, in general, was funded by

7  the State of California or received financial assistance from the State of California.

8

9  **Authority:** Cal. Gov. Code § 11135(a); *San Francisco Taxi Coalition v. City and County of*

10  *San Francisco*, 979 F.3d 1220, 1227-1228 (9th Cir. 2020); *Kirola v. City and County of San*

11  *Francisco*, 74 F.Supp.3d 1187, 1249 (N.D. Cal. 2014) (reversed in part, on other grounds, in

12  *Kirola v. City and County of San Francisco*, 860 F.3d 1164 (9th Cir. 2017).

13

14  ***Plaintiff's Position:***

15  This statement misstates the requirements of section 11135. The 11135(a), which appears to be

16  the inspiration for Defendant's version, reads in the relevant part: "any program or activity that is

17  conducted, operated, or administered by the state or by any state agency, is funded directly by the

18  state, or receives any financial assistance from the state." Notable in this is the insertion of

19  "specific."

20  While there is a limited amount of available case law currently about Section 11135,

21  especially as only recently has the Unruh Act been found not to apply to many public entities and

22  plaintiffs has instead turned to Section 11135, a court in the Northern District has already held that

23  the County of Alameda is subject to 11135, in *Cal. Council of the Blind v. Cty. of Alameda*, 985 F.

24  Supp. 2d 1229, 1245 (N.D. Cal. 2013).

25  Neither the limited dicta Defendant cites to in *Kirola v. City and County of San Francisco*, 74

26  F.Supp.3d 1187, 1249 (N.D. Cal. 2014) nor *San Francisco Taxi Coalition v. City and County of*

27  *San Francisco*, 979 F.3d 1220, 1227-1228 (9th Cir. 2020) supports Defendant's view that state

28

funding must be directed specifically to the processing FBNS forms. In *San Francisco Taxi Coalition*, the question is whether the SFMTA, a huge entity charged with public transportation, parking enforcement, issuing street construction permits, and various other functions, receiving state funds in an unspecified quantity, would be subject to Section 11135 in taxi medallion programs. In contrast, the Office of the Recorder, a creation of the State Constitution, Article II, paragraph 5, and an admitted recipient of state funds, has a far narrower scope.

Analysis of federal funding under the Rehabilitation Act is identical or nearly identical to that under Section 11135, except that it regards state rather than federal funding. *See, e.g., Melton v. Cal. Dep't of Developmental Servs.*, No. 20-cv-06613-YGR, 2021 U.S. Dist. LEXIS 214662, at *40 (N.D. Cal. Nov. 5, 2021) ("Section 11135 'is identical to the Rehabilitation Act except that the entity must receive State financial assistance rather than Federal financial assistance.'"). *See also Y.G. v. Riverside Unified Sch. Dist.*, 774 F. Supp. 2d 1055, 1065 (C.D. Cal. 2011); *D.K. ex rel. G.M. v. Solano County Office of Educ.*, 667 F. Supp. 2d 1184, 1191 (E.D. Cal. 2009). Under this analogous standard, programs and activities are defined broadly to encompass "all of the operations" of the department or agency and each "other instrumentality of a State or of a local government." 29 U.S.C.S. § 794.

*Note that this instruction relates to a dispute of law highlighted in the Joint Pretrial Conference Statement about interpreting the state funding element of California Government Code section 11135.*

*Defendant's Position:* The proposed instruction addresses an issue in this case that will be submitted to the jury for adjudication.  Since there are no model jury instructions on this principle, Defendant has proposed the current instruction, which is derived from the relevant statutes and legal interpretation.  The instruction is a neutral statement of the relevant law on this issue, which does not contain any argument.

1

2                                          Respectfully submitted,

3    DATED: January 25, 2024               TRE LEGAL PRACTICE

4                                          _/s/ Timothy Elder_____
                                           Timothy Elder
5
                                           *Attorneys for Plaintiff*
6

7

8

9    DATED: January 25, 2024               ORBACH HUFF + HENDERSON LLP

10                                         _/s/ Kevin E. Gilbert_____
                                           Kevin E. Gilbert
11
                                           *Attorneys for Defendant County of Alameda*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28