TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone: (415) 873-9199
Facsimile: (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone: (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

*Attorneys for Defendant County of Alameda*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity, <br><br> Defendants | Case No. 3:20-cv-06570-TSH <br><br> **PROPOSED VOIR DIRE QUESTIONS** <br><br> Pretrial Conference: February 15, 2024 <br> Time: 10:00 AM <br> Trial Date: March 25, 2024 <br> Judge: Hon. Thomas S. Hixson |

# VOIR DIRE QUESTIONS

Plaintiff respectfully requests that the Court examine the jury panel upon its voir dire and, in addition to standard background questions, also propound the following questions:

1. What is or was your primary occupation and who is your current or last employer?
2. Have you had any other occupations, or previously worked in a very different setting?
3. What is your educational background? For those with post-high school education: What was your major or what type of training were you pursuing? Did you receive any degrees or certificates?
4. Do you have any training or experience in regulatory compliance or any other type of law enforcement experience? IF YES: please describe the job, and any experience with disputes about interpretation or compliance with the regulations.
5. What are the occupations and current or last employers of any other adults in your household?
6. Have any of your family members or close friends ever been employed in the legal field? IF YES: please explain that person's occupation, the type of legal work he/she does, and the type of employer – such as a private law firm, a public agency, or a corporate legal department.
7. Have you or anyone close to you ever been involved in a lawsuit – either as the person filing the lawsuit or as the person being sued? What was the nature of the claim and the outcome? If the lawsuit is pending: Based on the experience with this lawsuit thus far, what is your view of the legal process?
8. Have you or anyone in your household ever been in a situation where you could have filed a lawsuit and did not do so? What was the nature of your potential claim and what led you to decide not to pursue it?
9. Have you or anyone close to you ever been employed by the County of Alameda? IF YES: What type of work and in what agency?

10. Have you or has anyone close to you ever been employed in a county clerk or county recorder's office? If YES: In what job and in what county?

11. Have you or anyone close to you ever been employed in any job that involved training, monitoring, or making decisions about providing accommodations for people with disabilities?

12. Have you ever used the services of a County Clerk-Recorder's Office? IF YES: In which counties, and when? Have you filed documents with the County Record's Office in person or online?

13. Have you ever been self-employed or owned a business? IF YES: What type of business? Has that business had any experience with providing accommodation for people with disabilities, or any complaints about lack of access?

14. [Disputed] Do you know anyone who is blind or considered legally blind due to low vision or other visual impairments? What is his or her occupation? How does disability affect his/her ability to function in that job or in that role? Has he/she used assistive technology like screen readers to access computers, or performed work involving the use of screen reader software?

15. Have any of you had any experiences, good or bad, with people who are blind, or had experiences that were awkward where you were unsure how to interact with someone who is blind?

16. [Disputed] Do you or does anyone close to you have any other type of disability? If so, who, what, how does the disability affect them?

17. Do any of you know of any situations where there was a dispute about a request to a public government agency for assistance to communicate with someone with a disability, or situations in which such a request was denied?

18. [Disputed] Some people think that requiring public government agencies to provide accommodations for people with disabilities is an unreasonable burden, others see this as

a necessary requirement to ensure equal access to public services. What are your views on that issue?

19. [Disputed] Do you think it is appropriate for public government agencies to be required to give primary consideration to the specific type of accommodation requested by the person with a disability, or do you think that requirement puts too much of a burden on the public government agency?

20. [Disputed] Do you think that people with disabilities should have a right to the same access to government services as people who are not disabled?

21. [Disputed] Based on anything you have heard or read, do you think people with disabilities who file a complaint after being denied equal access to public services were generally being reasonable or unreasonable? IF "unreasonable": Can you think of any examples?

22. [Disputed] Do you feel that a person should or should not be able to recover damages from a public government agency if the agency fails to provide equal access required by the law? Why do you say that?

23. [Disputed] Some people believe that compensation should only be provided for economic loss or harm, and do not believe in compensating other types of harm such as emotional distress. Do any of you share that view?

24. Do you have any other relevant experiences or views about any of the issues involved in this case, that I have not touched on in these questions?

25. Have you ever been selected to serve on a jury? IF YES: What type of case, and what was the outcome? How did that experience affect your view of the legal process?

26. If you were to be selected as a juror in this case, is there any reason you would find it difficult to give this trial and the evidence presented your full attention for the next X days?

27. Do any of you hold any moral or religious beliefs that prevent or discourage you from judging the acts or omissions of others?

28. [Disputed] Do you have any opinion as to whether those who need an accommodation due to disability should be provided assistance by using technology or by human face-to-face interactions?

**Defendants Position:**

The County objects to proposed questions 14 and 16 to the extent they seek to precondition the jurors on issues that are collateral to the pending claims; namely, the challenges that a disabled individual may face in daily life activities. Such preconditioning and/or attempts to elicit sympathy toward Plaintiff are inappropriate. The County further objects to the proposed questions in Nos. 18, 19, 20, 21, 22, 23, and 28 as containing unnecessary commentary, and improperly attempting to instruct jurors on (incomplete) law through voir dire, as well due to the questions appearing to precondition the jurors and probe how they would vote.

**Plaintiff's Position:**

As to questions 14 and 16, these questions are needed to determine whether a prospective juror has any prior knowledge of or opinions about the types of accommodations typically provided, as this may set a standard that the juror could apply in this case. The questions only seek factual information and as such do not evoke or elicit sympathy toward the Plaintiff.

As to questions 18, 19, 20, 21, 22, 23, and 28, all of these questions are consistent with the proper purpose of voir dire which is to determine whether a prospective juror has any prior experience, knowledge or opinion that would predispose the juror to a particular view of the evidence, or trigger prejudgment on any of the issues to be decided. To permit counsel to identify any jurors who should be challenged for cause and to permit informed use of peremptory challenges, it is essential that jurors be asked about their opinions on

• What a public entity should or should not be required to provide in regard to needed auxiliary aids;

• whether requesting auxiliary aids is or is not reasonable; and

- what types of compensation the juror would or would not consider.

The questions are deliberately phrased in a way that offers alternative opinions on these issues in order to evoke more candor in the jurors' response. Jurors who believe that accommodations are too much of a burden, or that assistance requested is often unreasonable, will likely be reluctant to express those views when there are people with disabilities present in the courtroom. It is critical to signal awareness that there can be differences of opinion and a range of experience with all of these issues in order to encourage honest answers. This is the most effective way to fulfill the proper purposes of voir dire. Specific facts at issue in this case are not included in any of the questions so there is no attempt to pre-condition the jurors' analysis of this case.

Respectfully submitted,

DATED: January 25, 2024

TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy Elder

*Attorneys for Plaintiff*

DATED: January 25, 2024

ORBACH HUFF + HENDERSON LLP

*/s/ Kevin E. Gilbert*
Kevin E. Gilbert

*Attorneys for Defendant County of Alameda*