TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:     (415) 873-9199
Facsimile:      (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:     (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>            Plaintiff,<br><br>     v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>            Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**PLAINTIFF'S MOTIONS IN LIMINE** |

**PLAINTIFF'S MOTIONS IN LIMINE**

I. MOTION IN LIMINE TO EXCLUDE DEFENSES OR ASSERTIONS OF UNDUE BURDEN OR FUNDAMENTAL ALTERATION ................................................................... 2

   A. Defendant has failed to meet the minimum requirements to assert undue burden or fundamental alteration defenses. ................................................................... 2

   B. Defendant has not identified evidence in support of these defenses or assertions. ............. 3

   C. Conclusion ................................................................................................................. 4

II. MOTION IN LIMINE TO EXCLUDE MARCH 29, 2019 TEXT MESSAGE FROM JOCELYN COLE TO MATT YANKEE ................................................................... 5

III. MOTION IN LIMINE TO LIMIT EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES ................................................................................................................. 6

## I. MOTION IN LIMINE TO EXCLUDE DEFENSES OR ASSERTIONS OF UNDUE BURDEN OR FUNDAMENTAL ALTERATION

The County should not be allowed to rely on any assertions, claims, or defenses of undue burdens or fundamental alterations as it has not provided a compliant written statement as required by 28 C.F.R. § 35.164 nor has it identified or produced supporting evidence for these defenses, assertions, or claims.

While Defendant County of Alameda previously indicated it was not pursuing an undue burden or fundamental alteration defense (*see* Opposition to Plaintiff's Motion for Summary Judgment 14, ECF No. 63 ("The County does not pursue that separate defense [of fundamental alteration or undue burden].")), it did include them in its Answer (ECF No. 90) as affirmative defenses.

### A. Defendant has failed to meet the minimum requirements to assert undue burden or fundamental alteration defenses.

The implementing regulations for Title II of the ADA that define and describe the concepts of undue burden and fundamental alteration require the following of the County:

The decision that compliance would result in such alteration or burdens must be made by the head of the public entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity and **must be accompanied by a written statement of the reasons for reaching that conclusion.**

28 C.F.R. § 35.164 (emphasis added). The County never provided this required written statement as an accompaniment to its decision rejecting Ms. Martinez's requested auxiliary aid or service.

Courts in this circuit and elsewhere have also rejected these defenses when public entities have failed to generate contemporaneous written justifications, even when they later provided evidence during litigation. *See Whitfield v. City of Salinas*, No. C 05-03230 JF, 2006 WL 2529509, at *5 (N.D. Cal. Aug. 31, 2006) (denying the defense of undue burden, despite "evidence from which a reasonable jury could" find the defense satisfied, because there was no "written

statement of the reasons" the defendant had reached the conclusion, as required under 28 C.F.R. § 35.150(a)(3), which includes the same written statement requirement as 28 C.F.R. § 35.164 in the context of requested modifications to existing facilities); *Chisolm v. McManimon*, 275 F.3d 315, 328 (3rd Cir. 2001) (holding that defendant could not assert undue burden, despite evidence of such, because it was "not clear from the record that [defendant] complied with the requirements of Section 35.164," specifically that the defendant "issued written statements of its reasons for denying [plaintiff's] requested auxiliary aids"); *Williams v. Hayman*, 657 F. Supp. 2d 488, 500 n.8 (D.N.J. 2008) (finding that, because no written statement was offered, the "lone regulatory limitation" on defendants' duty to provide comparable access to services and programs is inapplicable). *See also Cropp v. Larimer Cnty., Colorado*, 941 F.3d 1237, 1241 (10th Cir. 2019) (holding that witness' deposition testimony in support of an undue burden defense did not satisfy the written statement requirement under 28 C.F.R. § 35.164).

As such, because it did not accompany its decision regarding Ms. Martinez's request for an auxiliary aid or service with a written statement compliant with its duties under the regulations, Defendant cannot assert undue burden or fundamental alteration.

## B. Defendant has not identified evidence in support of these defenses or assertions.

A "public entity has the burden to prove that a proposed action would result in undue burden or fundamental alteration." *K.M. v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1096 (9th Cir. 2013) (citing 28 C.F.R. § 35.164). Yet, beyond providing speculative theories, Defendant has identified no evidence to Plaintiff in support of meeting this burden of proof.

Defendant identified no documents or other evidence in response to Plaintiff's interrogatory asking for identification of documents and factual support for the County's contention that "providing the auxiliary aid or service Plaintiff requested on March 29, 2019 (i.e., assistance in either correcting her fictitious business name statement form or completing a new fictitious business name form) would have resulted in a fundamental alteration in the nature of an Alameda County service, program, or activity or in undue financial and administrative burdens." (Decl. of Timothy Elder, Ex. I, Def. County of Alameda's Amended Response to Pl. Lisamaria Martinez's

Interrogatories Set One No. 9 at 13-14, ECF No. 45-11.) Instead, Defendant merely asserted its opinions about hypothetical harms without providing factual support.

Defendant has continued to speculate that CRO staff would be providing prohibited legal services if they were to write on a paper form under the direction of a disabled individual even though the Court has already rejected Defendant's theory that this might constitute the unauthorized practice of law in California. (*See* Order Denying Mot. to Dismiss 10, ECF No. 22.) Regardless, state law does not insulate public entities from liability under the ADA. *See, e.g., Crowder v. Kitagawa*, 81 F.3d 1480, 1485 (9th Cir. 1996) (the ADA can modify state regulations); *Gibbs v. City of Pittsburgh*, 989 F.3d 226, 230 (3d Cir. 2021) ("The demands of the federal Rehabilitation Act or ADA do not yield to state laws that discriminate against the disabled; it works the other way around.") (cleaned up). Speculative liability on the basis of a discredited legal theory provides no support for an assertion of an undue burden or fundamental alteration nor for claiming these defenses under Title II of the ADA.

Defendant has also speculated that writing on a paper form would be a "substantial" burden (*see, e.g.,* Defs' Reply Memo. ISO Mot. for Summ. J. 12 n.13, ECF No. 50), but Defendant neither provides nor identifies any evidence that supports this assertion. This purely speculative burden, claimed without evidence, provides no support for their assertion.

As such, Defendant still has not met its burden under 28 C.F.R. § 35.164 to "adduce sufficient facts to prove that Martinez's request, as a blind person, for assistance in reading and transcribing information onto the county's paper form [after being told what corrections needed to be made] would result in a fundamental alteration to the county's services or result in an undue burden." (Order Denying Mot. to Dismiss 10-11, ECF No. 22.)

### C.     Conclusion

As the County has not complied with its duty under 28 C.F.R. § 35.164 to provide a compliant written statement nor identified or produced supporting evidence for its assertions and rejected legal theories, Defendant should not be allowed to assert, claim, or discuss either undue burdens or fundamental alterations in its defense.

## II. MOTION IN LIMINE TO EXCLUDE MARCH 29, 2019 TEXT MESSAGE FROM JOCELYN COLE TO MATT YANKEE

The March 29, 2019 text message from Jocelyn Cole to Matt Yankee should be excluded under Federal Rules of Evidence 402, 403, 701, 801, and as hearsay under Federal Rule of Evidence 802 inasmuch as it is introduced to attest to the truth of what is asserted within the communication.

No business exception applies as this is an ad-hoc text message rather a record made or kept as a regular practice of any activity. *See* Fed. R. Evid. 803. The text message also appears to have been sent well after Ms. Martinez departed from the CRO, invalidating it as a "present sense impression." *Id.*

Furthermore, witnesses, including Jocelyn Cole, Matt Yankee, and Plaintiff Lisamaria Martinez have already been designated and can directly testify as to the matters discussed within the communication.

As such, the text message should be excluded in favor of witness testimony.

## III. MOTION IN LIMINE TO LIMIT EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES

When Plaintiff Lisamaria Martinez visited the CRO on March 29, 2019, the County concedes the "go back letter" is the only "auxiliary aid"[1] she was given. Ms. Martinez was not offered a kiosk system, the use of JAWS and a PDF form, an FBNS software suite, or any other auxiliary aid on March 29, 2019.

Defendant's deposition testimony, exhibit list, and opposition to the motion to bifurcate,[2] reveal that Defendant's strategy relies heavily on the introduction of new technologies after Ms. Martinez's visit to the CRO. Defendant will go as far as examining whether Ms. Martinez could personally use the kiosk system in question. While the Court will permit this evidence for the purpose of determining whether further injunctive relief is still required, the jury must be instructed on the limited purpose of this evidence. The Court, in addressing the concern of potential confusion or prejudice noted: "concern of prejudice can easily be abated by a jury instruction that evidence pertaining to the CRO's subsequent modifications is not relevant to the question of liability and retrospective relief." *See, e.g., Sec. & Exch. Comm'n v. Pac. W. Cap. Grp., Inc.*, 2018 WL 6822607, at *1–2 (C.D. Cal. Feb. 13, 2018). Subsequent regret does not disprove intent (deliberate indifference here), which is assessed at the time an action or inaction occurred. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1132 (9th Cir. 2001)(addressing training of one court reporter to learn the skill of real-time transcription, which is the auxiliary aid requested).

---

[1] Plaintiff does not concede a "go back letter" is an auxiliary aid because: 1) it is not an accessible format because it is in print, and 2) it is provided to everyone, without regard to disability.

[2] Defendant argues, "Under the ADA, analyzing effective communication requires consideration of the individual circumstances of each case and a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow equal access. Thus, for purposes of liability, to determine whether there was effective communication on the day of the incident and, if not, whether allowing patrons to file FBNS's by mail constituted a reasonable accommodation, the jury must conduct a fact-specific, individualized analysis of Plaintiff's specific, individual circumstances. Then, if the jury finds liability, it must consider *this exact same evidence of Plaintiff's specific, individual circumstances* to determine whether the CRO's most-recent kiosk accommodation constitutes a reasonable accommodation under the ADA." (Def.'s Oppo to Plt.'s Mot. to Bifurcate 2, ECF No. 95.)

Accordingly, Plaintiff now moves for such an instruction to be given prior to the introduction of evidence regarding subsequent auxiliary aids and services, to clarify the limited acceptable purpose of the subsequently-introduced auxiliary aids. Prior to the introduction of such evidence, the jury should be informed:

The evidence about to be presented concerns technology that was not offered to Ms. Martinez during her visit to the CRO on March 29, 2019. Technology introduced after the March 29, 2019 visit is not relevant to County's intent on March 29, 2019, nor to damages, if any, sustained by Ms. Martinez in conjunction with that visit.

Furthermore, it is anticipated Defendant will object to any suggestion by Plaintiff that subsequent changes demonstrate that the County was not in compliance on March 29, 2019, through Fed. R. Evid. 407. However, to the extent that the County opens the door by attempting to use the subsequent measures to demonstrate an intent to comply with the ADA, the difficulty of complying with Ms. Martinez's request (which is to be excluded pursuant to Plaintiff's Motion regarding the application of 28 C.F.R. 35.164), or for another impermissible purpose, Plaintiff should be permitted to rebut those arguments, as Fed. R. Evid. 407 does allow such evidence to be admitted for purposes including impeachment.

Throughout this litigation, Defendant has continued to modify its systems, policies, and equipment. It cannot be expected that at any point in time, an entity's technological systems would become completely static. However, this has resulted in at least one prior continuance due to dramatic changes. While Defendant has not indicated via pretrial disclosures any additional dramatically different new technology, it is anticipated witnesses may testify regarding recent, planned, or ongoing changes. Such evidence likely violates Rule 401, 402, or 801, depending on the specific evidence offered or purpose of that evidence. In order to allow the parties to proceed to trial and to avoid undue prejudice as set forth in Fed. R. Evid. 403, and to ensure evidence is reliable, Plaintiff requests that prior to testimony regarding any auxiliary aids and services, or policy modifications, not previously disclosed, Defendant should first seek permission of the Court and allow Plaintiff an opportunity to object outside of the hearing of the jury.

DATED: January 25, 2024               Respectfully submitted,

                                                                    TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy R. Elder

*Attorneys for Plaintiff*

PLAINTIFF'S MOTIONS IN LIMINE            [3:20-CV-06570-TSH]