TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:    (415) 873-9199
Facsimile:     (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:    (214) 415-7340
E-mail: tstoner@undauntedlaw.com


*Attorneys for Plaintiff*


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity, <br><br> Defendants. | Case No. 3:20-cv-06570-TSH <br><br> **MOTION IN LIMINE TO LIMIT EXPERT TESTIMONY OF DEFENDANT'S EXPERT CRIS VAUGHAN** |

## MOTION IN LIMINE TO LIMIT THE TESTIMONY OF DEFENDANT'S EXPERT CRIS VAUGHAN

Plaintiff brings this motion *in limine* for the purpose of limiting the testimony of Defendant's expert Cris Vaughan in order to exclude those of his conclusions of law that go too far and impermissibly usurp the role of the judge to explain the law, including legal terms of art, to the jury.

Expert opinion testimony pursuant to Federal Rule of Evidence 702 does not permit an expert to testify as to a matter of law if that testimony amounts to a legal conclusion. *United States v. Tamman* 782 F.3d 543, 552 (9th Cir. 2015); *Nationwide Transpo. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).[1] As one court explained in response to an expert seeking to opine as to whether or not a drug met certain regulatory standards: "The Federal Rules of Evidence do not permit an expert to render conclusions of law, because such testimony cannot properly assist the jury in understanding the evidence or determining a fact in issue. Rather, expert testimony couched as legal conclusion merely tells the jury which result to reach." *Tsao v. Ferring Pharmaceuticals, Inc.*, 2018 WL 3649714, at *13 (S.D. Tex. April 19, 2018) (cleaned up).

Expert testimony that seeks to render a legal conclusion as to whether a regulatory standard is met or not is a key example of what should be excluded from Mr. Vaughan's testimony. *See United States v. Xue*, 2022 WL 1027634, at *9-10 (E.D. Pa. April 6, 2022). *See also, e.g., Flickinger v. Toys R Us-Delaware, Inc.*, 492 F. Appx. 217, 224 (3d Cir. 2012) (prohibiting an expert from testifying with conclusory opinions on regulatory or legal terms of art such as "exclusive control," "dangerous condition," "substantial cause," and "negligence"). In the "effective communications" context of the ADA, courts have excluded, for example, conclusory expert testimony as to whether defendants had complied with ADA regulations.

---

[1] *See also Solid 21, Inc. v. Hublot of Am.*, 685 Fed. Appx. 530, 2017 U.S. App. LEXIS 5227, 2017 WL 1101102, at *1 (9th Cir. 2017); *Southwest Fair Hous. Council v. WG Scottsdale* LLC (D.Ariz. Oct. 13, 2021, No. CV-19-00180-TUC-RM) 2021 U.S.Dist.LEXIS 198355, at *17.; *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC* (S.D.Cal. Aug. 4, 2017, No. 15-cv-595-BAS(MDD)) 2017 U.S.Dist.LEXIS 123645, at *9.)

*Burkhart v. Wash. Metro. Area Transit Auth.*, 324 U.S. App. D.C. 241, 112 F.3d 1207 (1997); *see also Ball v. George Washington Univ.*, 2018 U.S. Dist. LEXIS 149659, 2018 WL 11241285. In the context of the instant case, such terms and phrases as "effective communication," "meaningful access," "appropriate auxiliary aids and services," "necessary to afford individuals with disabilities an equal opportunity to participate in and enjoy the benefits," and "accessible format, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability" are all relevant regulatory or legal terms of art. The *Burkhart* decision has been cited and utilized in cases in this Circuit to exclude testimony similar to that offered by Vaughan. *See, e.g., Carlson v. City of Spokane*, No. 13-CV-0320-TOR, 2014 U.S.Dist.LEXIS 187634, at *4 (E.D.Wash. Nov. 14, 2014).

Some examples of such legal conclusions in Mr. Vaughan's report that should be excluded, along with similar legal opinion testimony by Mr. Vaghan, include the following:

- "CRO personnel provided effective communication to Martinez to identify the changes that needed to be made to the FBNS." (Expert Report of Defendant's Expert Cris Vaughan ¶ 12.)

- "The Alameda County CRO did not deny meaningful access to Martinez to file a FBNS on March 29, 2019." (Expert Report of Defendant's Expert Cris Vaughan ¶ 14.)

- "By providing the above-described assistance, it is my opinion the CRO is furnishing appropriate auxiliary aids and services necessary to afford individuals with disabilities an equal opportunity to participate in and enjoy the benefits of the service program and activity of the CRO." (Expert Report of Defendant's Expert Cris Vaughan ¶ 21.)

- "In my opinion, the auxiliary aids and services provided by the CRO for completion of a FBNS are effective, are provided in an accessible format, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability and are in compliance with the ADA regulation requiring auxiliary aids and services to be provided by a public entity." (Expert Report of Defendant's Expert Cris Vaughan ¶ 28.)

The prohibition of opinion testimony as to conclusions of law recognizes that, when an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. *Holley v. Gilead Scis., Inc.*, No. 18-cv-06972-JST, 2023 U.S. Dist. LEXIS 43145, at *30 (N.D. Cal. Feb. 27, 2023) *citing United States v. Diaz*, 876 F.3d 1194, 1196-99 (9th Cir. 2017). For example, when a pharmaceutical company argued for its definition of "reasonableness," the Northern District of California rejected this testimony. *Holley v. Gilead Scis., Inc.,* No. 18-cv-06972-JST, 2023 U.S. Dist. LEXIS 43145, at *30-31 (N.D. Cal. Feb. 27, 2023.) Furthermore, since "[e]ach courtroom comes equipped with a 'legal expert,' called a judge," *Burkhart*, 112 F.3d at 1213, legal conclusions by Mr. Vaughan impermissibly substitute his legal opinion for that of the Court as well.

As such, Mr. Vaughan's expert testimony should be limited by excluding any expert opinion testimony that amounts to a conclusion of law.


DATED: January 25, 2024                    Respectfully submitted,

                                           TRE LEGAL PRACTICE

                                           */s/ Timothy Elder*
                                           Timothy R. Elder

                                           *Attorneys for Plaintiff*

MOTION IN LIMINE TO LIMIT EXPERT VAUGHAN