Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA  94588
Telephone:      (510) 999-7908
Facsimile:      (510) 999-7918

Attorneys for Defendant
COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>                    Defendant. | Case No.  20-cv-06570-TSH<br><br>**DEFENDANT COUNTY OF ALAMEDA'S OPPOSITION TO PLAINTIFF LISAMARIA MARTINEZ'S MOTION *IN LIMINE* NO. 4 TO LIMIT EXPERT TESTIMONY OF DEFENDANT'S EXPERT CRIS VAUGHAN**<br><br>PTC:          February 22, 2024<br>TIME:        10:00 a.m.<br>DEPT:        Courtroom G, 15th Floor<br>JUDGE:      Hon. Thomas Hixson<br>TRIAL:       March 25, 2024 |

ORBACH HUFF + HENDERSON LLP

Def Co/Alameda's Opp to Plt's MIL No. 4 to Limit Expert Testimony of Vaughan [20-cv-06570-TSH]

1

2

**TABLE OF CONTENTS**

Page(s)

I.      SUMMARY OF ARGUMENT AND KEY FACTS..................................................................... 1

II.     ALL EXPERT WITNESSES AND TESTIMONY SHOULD BE EXCLUDED
        OR EXTREMELY LIMITED ............................................................................................... 2

III.    CONCLUSION ............................................................................................................... 2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORBACH HUFF + HENDERSON LLP

Def Co/Alameda's Opp to Plt's MIL No. 4 to Limit Expert Testimony of Vaughan [20-cv-06570-TSH]

1        Defendant COUNTY OF ALAMEDA ("Defendant" or "County") hereby submits its Opposition to the

2    Motion *in Limine* No. 4 ("Motion" or "Plaintiff's MIL 4"), filed by Plaintiff LISAMARIA MARTINEZ

3    ("Plaintiff"), which seeks to limit "the testimony of Defendant's expert Cris Vaughan in order to exclude those

4    of his conclusions of law that go too far and impermissibly usurp the role of the judge to explain the law,

5    including legal terms of art, to the jury."  Plaintiff's MIL 4, at 1:3-7.  Specifically, pursuant to Federal Rules of

6    Evidence 702, Plaintiff contends that Mr. Vaughan, based upon his report, should be precluded from opining

7    upon "legal conclusions … along with similar legal opinion testimony …"  Plaintiff's MIL 4, at 2:11-12.

8    Should the Court agree, the County requests that the County's Motion *in Limine* No. 3, which makes an

9    identical argument relative to Plaintiff's expert witnesses, be granted as well, and that all expert witnesses and

10   testimony be excluded from trial.  To the extent any expert testimony is permitted, it should be limited to

11   opinions explored and elicited through hypothetical questioning only.

12   **I.      SUMMARY OF ARGUMENT AND KEY FACTS**

13       Plaintiff, a disability-rights activist with a vision disability, claims to have been subjected to disability

14   discrimination on March 29, 2019, by employees of the County Clerk-Recorder's Office ("CRO"), when

15   Plaintiff sought to file a Fictitious Business Name Statement ("FBNS") at the CRO's physical office in

16   Oakland, California.  Specifically, and despite the fact Plaintiffs' own recordings of the incident reflect fluent

17   communications between Plaintiff and the County's employees, Plaintiff alleges that the County failed to

18   provide Plaintiff with an auxiliary aid or service, in the form of "scribe services," which Plaintiff claims was

19   necessary to ensure "effective communication" between Plaintiff and the County and for Plaintiff to enjoy the

20   benefits of the CRO's programs, services, or activities.  Plaintiff brings suit for disability discrimination under

21   the ADA and derivative state statutes.

22       As noted, Plaintiff's MIL 4 seeks to limit "the testimony of Defendant's expert Cris Vaughan in order

23   to exclude those of his conclusions of law that go too far and impermissibly usurp the role of the judge to

24   explain the law, including legal terms of art, to the jury."  Plaintiff's MIL 4, at 1:3-7.  While the County does

25   not disagree that expert witness testimony should be precluded if it amounts to legal conclusions, that standard

26   must be applied equally to Plaintiff's expert witnesses as well, as argued in the County's Motion *in Limine* No.

27   3 ("County's MIL 3").  Indeed, it is for this reason that the County believes all expert witnesses and expert

28

ORBACH HUFF + HENDERSON LLP

Def Co/Alameda's Opp to Plt's MIL No. 4 to Limit Expert Testimony of Vaughan [20-cv-06570-TSH]

1  witness testimony should be excluded from trial.  To the extent expert witness testimony is allowed, it must be

2  limited to opinions explored and elicited through hypothetical questioning.

3  **II.     ALL EXPERT WITNESSES AND TESTIMONY SHOULD BE EXCLUDED OR**

4  **EXTREMELY LIMITED**

5  The County does not disagree with the sentiment set forth in Plaintiff's MIL 4.  In fact, the County's

6  MIL 3, which seeks to exclude the testimony of Plaintiff's expert witnesses, advances an identical argument.

7  See County's MIL No. 3 to Exclude Improper Expert Testimony and Opinions, at 4:12-5:15, 7:1-10:18.  The

8  County does not dispute that expert witness testimony should be precluded where it amounts to legal

9  conclusions and usurps the province of the Court and jury.  However, this standard must be applied equally to

10  Plaintiff as it is the County.  It is for this reason the County believes all expert witnesses and corresponding

11  testimony should be excluded from trial, as the parties' respective motions *in limine* make clear that the

12  proffered evidence does not fit within the confines of proper expert testimony.  To the extent any expert

13  testimony is permitted, it should be limited to opinions which are elicited and explored through hypothetical

14  questioning.  See, e.g., *Cooke v. City of Stockton*, 2017 WL 6447999 (E.D. Cal. December 18, 2017), *15;

15  *Engman v. City of Ontario*, 2011 WL 2463178, *7 (C.D. Cal. June 20, 2011); *Valtierra v. City of Los Angeles*,

16  99 F.Supp.3d 1190, 1198 (C.D. Cal. 2015) (excluding expert testimony that "the use of force was 'excessive'

17  or 'unreasonable,' under the circumstances," but allowing expert's opinions to "be explored through

18  hypothetical questioning so as to avoid invading the province of the jury").

19  **III.     CONCLUSION**

20  The County requests that all expert witnesses and expert witness testimony be excluded from trial.  To

21  the extent expert witness testimony is allowed, it should be limited to opinions which are elicited and explored

22  through hypothetical questioning.  The County requests that Plaintiff's MIL 4 be heard and adjudicated at the

23  same time as the County's MIL 3.

24  Dated:  February 8, 2024                    Respectfully submitted,

25                                                          **ORBACH HUFF + HENDERSON LLP**

26                                                          By:_____*/s/ Nicholas D. Fine*_____

27                                                                   Kevin E. Gilbert
                                                                     Nicholas D. Fine

28                                                                   Attorneys for Defendant
                                                                     COUNTY OF ALAMEDA

- 2 -

ORBACH HUFF + HENDERSON LLP