TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone: (415) 873-9199
Facsimile: (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone: (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**PLAINTIFF'S OPPOSITIONS TO DEFENDANT'S MOTIONS *IN LIMINE* NOS. 1-2** |

## I. OPPOSITION TO MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OF OTHER PUBLIC ENTITIES PROVIDING "SCRIBE SERVICES"

Defendant argues that several of Plaintiff's proposed exhibits—documents that communicate guidance to employees or policy information to the public—should be excluded as (1) irrelevant (Fed. R. Evid. 401, 402); (2) unduly prejudicial, confusing and misleading to the jury (Fed. R. Evid. 403); (3) hearsay (Fed. R. Evid. 801-807); (4) speculative and unsupported (Fed. R. Evid. 402, 403); and (5) lacks foundation. (Defendant's Motions *in Limine* 2, ECF No. 103 ("Def.'s MILs").)

Courts in the Ninth Circuit have explained that "to exclude evidence on a motion *in limine* the evidence must be inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." Order Den. Def.'s Motions in Limine, Nos. 12 and 13 at 2, *United States v. Wolfenbarger*, Case No. 16-CR-00519-LHK-1 (N.D. Cal. Jul 29, 2021), ECF No. 358 (quoting *Mendoza v. Intuitive Surgical, Inc.*, No. 18-CV-06414-LHK, 2021 WL 1893083, at *1 (N.D. Cal. May 11, 2021)). Defendant's arguments fail to rebut the grounds that Plaintiff here and elsewhere has established for the admissibility of these public documents published by other government entities. As such, Defendant's motion *in limine* should be denied.

### A. Evidence of government publications regarding scribes is relevant to supporting elements of Plaintiff's case-in-chief.

In making its argument, Defendant confuses the legal requirement of a "fact-specific, individualized analysis of the disabled individual's circumstances" with an evidentiary mandate to allow *only* evidence that directly pertains to the disabled person's immediate and specific experiences on a particular day. (*See* Def.'s Motions in Limine 2-3, ECF No. 103.) It is wrong to conclude that, just because an individualized analysis is necessary, only individualized evidence is relevant.

All three cases cited by Defendant stand for the limited and reasonable position that a "fact-specific, individualized analysis" is necessary, *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir.

2002), and that situational differences and circumstances of individual cases matter, *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1048 (9th Cir. 1999).[1] None stand for the proposition that particularized and individually specific evidence is the *only* relevant evidence. Indeed, *Crowder v. Kitagawa*, 81 F.3d 1480 (9th Cir. 1996), held that a "fact-specific … inquiry into reasonable modification would necessitate findings of fact regarding the nature of the rabies disease, the extent of the risk posed by the disease, and the probability that the infected animals would spread it." *Id.* at 1486. Evidence was not limited to only the plaintiff Crowder's *particular* dog.

Here, Plaintiff's proffered evidence serves to make it more probable that "scribe" or "reader" services—in which a person writes on a form under the direction of the disabled individual—can be an appropriate auxiliary aid or service. Such evidence supports Plaintiff's effective communication claim that such assistance fits within the regulations as an "other effective method[] of making visually delivered materials available to individuals who are blind or have low vision," 28 C.F.R. § 35.104, particularly as Defendant has argued that a scribe cannot be an auxiliary aid. (*See, e.g.,* Joint Pretrial Conference Statement 2, ECF No. 105.) Admitting evidence related to legal standards like this is not unusual; courts have repeatedly admitted evidence of third-party publications regarding statutory standards of care, for example.[2]

Furthermore, evidence that other public entities have published on the Internet that they will write on a form under the direction of a disabled individual is relevant to show the "notice" element of the deliberate indifference standard of intent. A simple Internet search on the topic would have allowed the County to discover that the specific auxiliary aid requested by Ms. Martinez is

---

[1] Plaintiff notes that the quote attributed to *Zukle* on page 6 of Defendant's Motion *in Limine* is actually an attempt to summarize *Zukle*'s position—imperfectly, in Plaintiff's view—by another court: *Hahn ex rel. Barta v. Linn County, Ia*, 130 F. Supp. 2d 1036, 1052 (N.D. Iowa 2001).

[2] *See, e.g., Dominguez v. Excel Mfg. Co.*, No. C-09-03611 EDL, 2010 U.S. Dist. LEXIS 118789, at *28 (N.D. Cal. Nov. 8, 2010) holding that Cal-OSHA provisions can be relevant to the standard of care of a third-party; *Booker v. C.R. Bard, Inc. (In re Bard IVC Filters Prods. Liab. Litig.)*, No. MDL 15-02641-PHX-DGC, 2018 U.S. Dist. LEXIS 33263, at *324 (D. Ariz. Mar. 1, 2018) refusing to exclude evidence of "statements from various associations, trade groups, organizations, societies of physicians, [and] medical providers[.]"; *Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05CV633 JLS (CAB), 2010 U.S. Dist. LEXIS 148436, at *29-30 (S.D. Cal. Jan. 27, 2010) finding, "[t]he standard of care and duties imposed upon insurance companies such as Defendant are relevant to the determination of… intent, punitive damages and other issues in this case.").

provided by government entities that are similar to the CRO. The fact that the County chose not to discover this easily found information is probative to show that it deliberately chose to be indifferent as to the rights of Ms. Martinez. This evidence, while not definitive on its own, makes it more probable that Defendant was not interested in determining whether or not a scribe was a commonly used auxiliary aid on March 19, 2019.

Because these documents make facts of consequence to this action more or less probable as described above, these documents are admissible evidence under Federal Rule of Evidence 401.[3]

### B.   These documents are not excludable hearsay nor speculation.

Despite Defendant's assertions about Plaintiff's supposed singular purpose, she is not seeking to prove as a truth asserted in these documents that scribe services were actually provided in other jurisdictions or the unrelated specific individual situations in which other blind people or people with disabilities outside of the County of Alameda received scribe services. Plaintiff is also not offering them to support hypothetical scenarios in which the other entity would be required to provide scribe services to Ms. Martinez. Plaintiff intends to offer these to show that documents published by public entities describing other similar government entities offering scribe services were available for the County to discover if it had looked and in support of her contention that scribes are appropriate auxiliary aids or services, as described above in Section I(A). As such, these documents should not be excluded in advance of trial on the basis of either hearsay or speculation.

Second, these documents are public records or statements setting out activities of offices of public entities and are published by these public entities on their own websites. They show no indication of untrustworthiness. As such, even if they were to be construed as hearsay, they fall into an exception to the rule. Fed. R. Evid. 803(8).

### C.   These documents are not unfairly prejudicial, confusing, nor lacking in foundation.

Defendant's argument that even a mere "reference to" other public entities providing scribes to disabled individuals is unduly prejudicial, inflammatory, and confusing (Def.'s MIL 3-4) is

---

[3] Note that the requirement under Federal Rule of Evidence 401 is that the evidence makes a fact "more or less probable" and *not* that evidence definitively proves a fact on its own.

overly broad and provides insufficient support for excluding these three public documents in advance of trial.

While it is certainly possible to derive problematic conclusions from otherwise admissible evidence in the way Defendant imagines, Defendant fails to sufficiently show that these documents will necessarily always result. Defendant ignores even the possibility that Plaintiff intends at trial to introduce these documents to support her arguments that scribe services can be auxiliary aids or services and that Defendant had the required intent for Plaintiff's to receive damages under the ADA.

Defendant suggests that even "making reference" these documents would be unduly prejudicial and inflammatory. (*Id.* at 4.) But these documents do not rise to the level of undue prejudice and inflammatory impact that unnecessarily screening films on child abuse did in *United States v. Merino-Balderrama*, 146 F.3d 758 (9th Cir. 1998), and even in that kind of extraordinary context where prejudice and inflaming the jury is extremely likely, courts recognize the importance of considering the context provided by trial in this kind of evaluation: when multiple purposes for evidence are possible, in advance of trial, "the Court cannot yet assess whether the other acts' probative value is 'substantially outweighed' by, for example, the danger of unfair prejudice. *See* Fed. R. Evid. 403. The balancing analysis will likely depend on the evidence and theories presented at trial." Order Den. without Prejudice Gov't's Mot. in Limine No. 4 and Def.'s Mot. in Limine No. 9, *Wolfenbarger*, Case No. 16-CR-00519-LHK-1, at 5 (N.D. Cal. Feb 04, 2020), ECF 264.

As such, Defendant's imagined scenarios and resulting prejudice provide insufficient support for ruling in advance of trial that all uses of these documents should be excluded.

**II.  OPPOSITION TO MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF OTHER INDIVIDUALS' EXPERIENCES WITH THE COUNTY OR OTHER PUBLIC ENTITIES**

As explained above in Section I, "to exclude evidence on a motion *in limine* the evidence must be inadmissible on all potential grounds." Order Den. Def.'s Motions in Limine, Nos. 12 and 13, at 2, *Wolfenbarger*, Case No. 16-CR-00519-LHK-1, ECF No. 358. Plaintiff provides here

and elsewhere grounds for admitting the testimony of these witnesses, while Defendant fails to show that there are no grounds to admit testimony of other blind individuals who have received auxiliary aids and services from the County of Alameda. As such, Defendant's motion *in limine* should be denied.

### A. The experiences of these blind individuals at the CRO are relevant to Plaintiff's case.

In making this argument, Defendant again confuses the legal requirement that the County conduct a "fact-specific, individualized analysis of the disabled individual's circumstances" as part of a determination as to what "appropriate" auxiliary aids or services to provide with an evidentiary mandate to allow *only* evidence that directly pertains to the disabled person's immediate and specifically particularized experiences on a particular day. (*see* Def.'s Motions in Limine 6-7, 8, ECF No. 103.) Plaintiff does not repeat the reasons why a requirement of individualized analysis does not support Defendant's assumption that *only* individualized evidence is relevant. *See* Section I(A), *supra.*

The testimony of Marco Salsiccia and Lucia Greco, two blind individuals who were given the same scribe services to complete their FBNS forms while at the CRO that Plaintiff Martinez sought, can offer highly relevant testimony on two points. First, evidence that the County has provided requested scribe service to other similarly situated blind people filling out FBNS forms on multiple other occasions tends to show deliberate indifference by demonstrating that the County's reasons for denying Ms. Martinez were not sincere and were selectively applied against Ms. Martinez (even where there has been no change in County policy). Second, this testimony tends to show that a scribe service delivered at the CRO can be more effective because, for example, it takes less time when compared with the County's proposed alternatives and functions more like the experiences of sighted individuals. Further, the fact that frontline clerks who actually interface with blind people at the CRO tend to use the requested scribe service in lieu of the other less effective offerings that the County makes available corroborates Ms. Martinez's argument that the requested scribe is effective, appropriate, not overly burdensome, and does not fundamentally alter the CRO's services.

The testimony of Raymond Macapagal, a blind individual who would testify about his personal experiences using the County's computer kiosk with the JAWS screen reader, is also highly relevant. This witness would testify to the experiences using the computer system as a blind individual who is similarly situated to Ms. Martinez. The experiences of this witness would show the flaws that exist in the computer system which tends to prove the comparative timeliness, convenience, and effectiveness of the kiosk system in contrast to the experiences of others, including Mr. Salsiccia, Ms. Greco, and Ms. Martinez. To the extent that the Defendant wishes to argue that its new computer system meets its obligations under the ADA and its implementing regulations, Plaintiff must be permitted to show that Defendant has not met its burden and that the new computer system is not equally effective.

### B. Testimony by witnesses as to their own experiences is neither hearsay nor speculation.

Plaintiff's witnesses will be present to testify at the trial as to their own personal experiences as to what they witnessed as they sought changes to their FBNS forms when visiting the CRO. Such testimonial evidence is definitionally not hearsay. Fed. R. Evid. 801(c). Relatedly, although it is certainly possible to improperly speculate based on a witness' evidence, testimony about what a witness personally experienced is definitionally not speculative.

### C. The experiences of others at the CRO are not unfairly prejudicial, confusing, nor lacking in foundation.

As with their argument above in Section I(C), Defendant's argument here that even a mere "reference to" other individuals receiving scribe services[4] at the CRO is unduly prejudicial, inflammatory, and confusing (Def.'s MIL 7-8) is overly broad and provides insufficient support for excluding these witnesses in advance of trial.[5]

It is always possible that jurors may infer, subconsciously or otherwise, that any particular piece of evidence means much more that it logically shows:

---

[4] Note, as described in Section II(A), *supra,* Mr. Macapagal will testify as to his experiences using the County's kiosk system at the CRO and not to receiving scribe services.
[5] Defendant's continued insistence on allowing *only* particularized and individualized evidence (Def.'s MILs 8) is dealt with above in Sections I(A) and II(A).

Jurors may subconsciously infer, even if instructed otherwise, that the mere fact some rogue County employee is alleged to have provided scribe services to a disabled individual in the past means that Plaintiff was entitled to an accommodation on March 29, 2019, that the County was required to provide scribe services to Plaintiff on March 29, 2019, and/or that scribe services must have constituted a reasonable accommodation on March 29, 2019.

(Def.'s MIL 7-8.) Similarly, jurors may consider tangential irrelevancies they derive from testimony, as Defendant worries. (*Id.* 8.) But Defendant must do more than imagine and assert that such *may* happen and that prejudice *may* result in order for the Court to exclude witnesses from testifying in advance of knowing the full context of that testimony during the trial. *See, e.g.,* Order Den. without Prejudice Gov't's Mot. in Limine No. 4 and Def.'s Mot. in Limine No. 9 at 5, *Wolfenbarger*, Case No. 16-CR-00519-LHK-1, ECF No. 264 (discussing evaluating potential prejudice of evidence in a motion in *limine* in advance of trial). This is particularly important when Defendant's motion is based on incorrectly assuming that this witness testimony could only involve "the specific reasons these alleged County employees allegedly provided scribe services to disabled individuals." (Def.'s MIL 7-8.) Plaintiff instead offers these witnesses for the permissible purposes described above in Section II(A). Testimony that strays into "irrelevant, vague, incomplete, and unreliable hearsay allegations" (Def.'s MIL 8) can be handled during the trial.

As such, Defendant's imagined scenarios and resulting prejudice provide insufficient support for ruling in advance of trial that testimony by these individuals should be excluded.

DATED: February 8, 2024

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy R. Elder

*Attorneys for Plaintiff*