TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:	(415) 873-9199
Facsimile:	(415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:	(214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>Plaintiff,<br><br>v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE IMPROPER TESTIMONY AND OPINIONS OF PLAINTIFF'S EXPERT WITNESSES AND TESTIMONY AS TO MATTERS BEYOND THEIR AREAS OF EXPERTISE** |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE IMPROPER TESTIMONY AND OPINIONS OF PLAINTIFF'S EXPERT WITNESSES

Defendant asks that "Plaintiffs' Expert Witnesses should be precluded from offering opinions that are irrelevant, lack foundation, lay, speculative, conclusory, prejudicial, based on hearsay and draw legal and factual conclusions." (Defendant's Motion *in Limine* No. 3 at 1, ECF No. 104 ("Def.'s Expert MIL").) After its extensive recitation of a number of legal standards (*id.* 2-6), Defendant applies little of that law and points out four concerns with Plaintiff's experts:

1. "Plaintiffs' Expert Witnesses' Opinions Concerning Interpretation of Federal ADA Law and Ultimate Questions of Fact Should Be Excluded" (*id.* 7);
2. "Clark's Opinions are Cumulative of McCall's Opinions" (*id.* 10);
3. "Clark Lacks Expertise to Support His Testimony" (*id.* 11); and
4. "Hill Cannot Testify as to Vaughan's Credibility" (*id.* 11).

In Plaintiff's Motion *in Limine* to Limit Expert Testimony (ECF No. 111) ("Pl.'s Expert MIL"), Plaintiff raises a similar question to that of Defendant's first point above: what is the permissible scope of expert legal testimony?

## I. ARGUMENT

### A. The Scope of Expert Legal Testimony

#### *1. Both parties appear to agree that expert legal opinions are acceptable provided they assist rather than supplant the trier of fact.*

In their related motions *in limine* about expert testimony, the parties appear to agree up to a point (*see* Def.'s Expert MIL 4 and Pl.'s Expert MIL 1): properly qualified experts can testify as to their opinions on the interpretation and application of laws, regulations, and guidance as long as that testimony does not "improperly usurp the court's role by instructing the jury as to the applicable law" through an expert opinion that amounts to a "*legal conclusion*, i.e., an opinion on an ultimate issue of law."[1]

---

[1] *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (emphasis in original) (citing *Mukhtar v. Cal. State University, Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir.

The Parties disagree about the extent to which qualified expert witnesses[2] may assist the trier of fact in applying the law and regulations to the facts of the case. Defendant argues, without specific citation:

> It would violate well settled and accepted authority as well as Federal Rules of Evidence 702 and 703 for Plaintiff's Expert Witnesses to offer their "interpretation" in the form of an opinion as to any legal authority, and how that interpretation should be applied to questions of fact in this case.

(Def.'s Expert MIL 7.)

However, courts within this circuit have permitted testimony that examines, explains, or applies the regulations without offering ultimate legal conclusions. For example, the Ninth Circuit approved the introduction of expert testimony by a legal expert in the area of the UCC and related commercial law, who would discuss the application of the law to the facts of the case. *Nationwide Transp. Fin. V. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Such expert testimony can be helpful to the finder of fact in cases applying complex legal standards, such as those found in the ADA. Thus, in *Cal. Found. for Indep. Living Ctrs. v. Cty. of Sacramento*, 142 F. Supp. 3d 1035, 1049 (E.D. Cal. 2015), the court permitted a specialist in emergency planning for people with disabilities to explain what emergency warnings "must contain." *Id.* Portions of her testimony were based on her knowledge of national guidance documents on emergency planning for people with disabilities. *Id.* The expert was permitted to testify as long as her testimony did not reach "legal conclusions." *Id.* In a similar manner, testimony by Mr. Clark and Ms. McCall as technical experts as to whether certain technology is "accessible," can be "independently completed by a blind user," or represents a "degradation" on prior forms, or whether "scribe" services would be "faster and less complex and confusing" is similarly admissible as it does not purport to reach the "legal conclusion" that, for example, the ADA has been violated or the County must provide Ms. Martinez's requested auxiliary aid or service.

---

2002); *see also United States v. Tamman* 782 F.3d 543, 552 (9th Cir. 2015); *Nationwide Transp.. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).
[2] Plaintiff does not concede that Defendant's expert Cris Vaughan is qualified.

Ms. Hill, Plaintiff's rebuttal expert to Mr. Vaughan, is also not offering ultimate legal conclusions that Defendants have violated the ADA or suggested that a scribe is the required auxiliary aid in this case. Instead, in response to Mr. Vaughan's report, she addresses the factors that go into an analysis of how to compare competing auxiliary aids and the gaps in his approach and conclusions.

Defendant does not argue that Ms. Hill has improperly exceeded the scope of what she is permitted to offer in rebuttal to the expert opinions offered by Mr. Vaughan. Thus, if Defendant is concerned about Ms. Hill's rebuttal, it could instead limit its own expert's improper legal opinions, and, inasmuch as either has exceeded any Court-established limit on the boundaries of legal expert testimony, those limits should apply equally to both Mr. Vaughan's testimony and to Ms. Hill's rebuttal.

### B. Ms. McCall and Mr. Clark offer different testimony regarding distinct underlying evidentiary facts.

Defendant suggests that Ms. McCall and Mr. Clark will offer needlessly duplicative testimony because they both include an evaluation of one PDF form. However, in the context of their actual trial testimony, any cumulative testimony will be minimal but necessary:

Mr. Clark's analysis and expert testimony will primarily focus on his inspection of the kiosk system, made available by Defendant at the CRO at a specific point in time well after Ms. Martinez's visits to the CRO that are at issue in this case. Integral to its operation is an electronic version of the FBNS form in PDF format and JAWS screen reading software used on the kiosk system to access that form. His testimony necessarily examines the user-side experience of how the JAWS screen reader, which is relied on by many blind individuals including Ms. Martinez and which is also a key part of the County's kiosk system, functions with that PDF. Though his testimony on this specific PDF may overlap in at least some of its conclusions with that of Ms. McCall, his methodology, focus, and approach are distinct, and his testimony about this PDF is secondary but necessary to support his expert opinion.

In contrast to Mr. Clark, Ms. McCall's analysis and expert testimony will primarily focus on the electronic FBNS forms made available by the CRO in PDF format for use on a variety of

devices, including the electronic FBNS form made available to Ms. Martinez immediately prior to her visits to the CRO in 2019, as well as later revisions to that form. Her methodology and approach emphasize the author-side professional standards relied on to produce accessible electronic forms, including the "tagging" system used by Adobe to make PDFs more accessible. Unlike Mr. Clark, her methodology does not examine the user-side experience of accessing any of these electronic FBNS forms using the JAWS screen reading software nor does it look at the County's kiosk, which was not available to Ms. Martinez in 2019.

As such, the expert testimony of these two experts is not needlessly cumulative in substance under Federal Rule of Evidence 403 nor will any overlap require a significate amount of time. Any concerns that emerge in the context of the trial can effectively be dealt with at that time rather than through out-of-context assumptions in advance.

### C.   Mr. Clark possesses the expertise to support his testimony.

Defendant attacks Mr. Clarks' expertise by claiming that, since an individualized analysis of a disabled person and their specific circumstances is required under the ADA, no more broadly applicable evidence or expert opinion is relevant. (*See* Def.'s Expert MIL 11.) This attack is not logical. *See, e.g.*, *N.L.R.B. v. Noel Canning*, 573 U.S. 513, 589 (2014) (Scalia, J., concurring) (explaining "the fallacy of the inverse (otherwise known as denying the antecedent): the incorrect assumption that if P implies Q, then not-P implies not-Q"). That is, Defendant illogically assumes that, because the need for individualized assessment evidence implies that such evidence is admissible, then any evidence that is not part of that individualized assessment is not admissible. But courts do not agree. *See, e.g., Crowder v. Kitagawa*, 81 F.3d 1480 (9th Cir. 1996) (allowing expert testimony as to the general nature of the rabies disease, the extent of the risk posed by the disease, and the probability that the infected animals would spread it as part of evaluating the individual claim of a plaintiff with a particular guide dog). Defendant's argument should be rejected.

Mr. Clark has extensive qualifications in assessing auxiliary aids and services commonly used by blind people throughout the state of California and what ramifications that assessment would have on someone in Ms. Martinez's shoes. When paired with Ms. Martinez's testimony

about her own use of technology, this information is helpful for the jury to hear whether the PDF forms and computer system were more likely or not effective or inadequate to provide equal opportunity to Ms. Martinez.

### D. Ms. Hill does not offer ultimate conclusions that Mr. Vaughan is not qualified to be an expert or about his credibility.

Defendant's quote Ms. Hill out of context by selectively quoting and mischaracterizing her expert evaluation, which is offered in rebuttal to that of Mr. Vaughan. For example, she does not conclude categorically that Mr. Vaughan is "not an expert" (Def 10) nor that he is "not credible" (Def 11). She instead writes in response to the representations in this report that "Mr. Cris C. Vaughan is not an expert in whether auxiliary aids are effective in providing equally effective communication to consumers with disabilities." She then goes on to explain in detail how she reached that opinion, using his own description of his experience as a key component along with her expertise in evaluating his legal analysis. Such testimony does not reach the ultimate issue of whether Mr. Vaughan is or is not a qualified expert on all topics nor whether he is or is not credible, but rather assists in evaluating him during the court's voir dire process and assists the jury in considering his specific analysis and opinions.

## II. CONCLUSION

At issue in this case currently are complex issues involving a combination of law and facts emerging at least in part from the technical language of the ADA and its implementing regulations and guidance. These complexities around regulatory issues, such as, for example, whether the County's "go back letter" or a Plaintiff's requested scribe qualify as auxiliary aids or services pursuant to 28 C.F.R. § 36.303 and whether the current kiosk system is an auxiliary aid meeting the standards presented in 28 C.F.R. § 35.160, are currently on a trajectory that will place them within the purview of the jury. If the jury is expected to answer legally and technically difficult questions of regulatory interpretation, then legal experts will provide important help to the jury in evaluating this evidence and reaching ultimate conclusions in a fair and effective manner. As set forth herein, Plaintiff's rebuttal expert, Ms. Hill, displays the requisite qualifications and responds appropriately to the opinion of Defendant's expert on these matters.

Outside of the complexities of regulatory interpretation, this case also presents challenging questions involving technology and accessibility for blind individuals like Ms. Martinez. These overlapping issues of disability needs and new technological systems are very likely to be unfamiliar to many jurors, making expert testimony of critical importance to assisting the jury in reaching a fair and just outcome. Plaintiff's two technical experts, Ms. McCall and Mr. Clark, have the requisite qualifications to provide helpful evaluations of these complex systems for the jury.

DATED: February 8, 2024

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Timothy Elder*
Timothy R. Elder

*Attorneys for Plaintiff*