UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LISAMARIA MARTINEZ,

           Plaintiff,

    v.

COUNTY OF ALAMEDA, et al.,

           Defendants.

Case No.  20-cv-06570-TSH

**COURT'S PROPOSED JURY INSTRUCTIONS**

      Attached are the Court's proposed jury instructions.  By March 7, 2024, the parties shall file (in a single joint document) any objections to the proposed instructions, responses to the other side's objections, proposed additional instructions, and responses to the other side's proposed additional instructions.

      **IT IS SO ORDERED.**

Dated: February 28, 2024

THOMAS S. HIXSON
United States Magistrate Judge

1

**PRELIMINARY INSTRUCTION NO. 1:  Duty of Jury**

2

3          Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the

4   law.

5          It is your duty to find the facts from all the evidence in the case.  To those facts you will

6   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

7   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

8   prejudices or sympathy.  That means that you must decide the case solely on the evidence before

9   you.  You will recall that you took an oath to do so.

10          At the end of the trial, I will give you final instructions.  It is the final instructions that will

11   govern your duties.

12          Please do not read into these instructions, or anything I may say or do, that I have an

13   opinion regarding the evidence or what your verdict should be.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2

1

2

**PRELIMINARY INSTRUCTION NO. 2:  Claims and Defenses**

3

4          To help you follow the evidence, I will give you a brief summary of the positions of the

parties:

5          Plaintiff Lisamaria Martinez asserts that she is a qualified individual with a disability and

6     that on March 29, 2019, by reason of such disability, she was excluded from participation in or

7     was denied the benefits of the services, programs, or activities of Defendant Alameda County, or

8     was subjected to discrimination by the County, in violation of the Americans with Disabilities Act,

9     the California Disabled Persons Act, and California Civil Code section 11135.  The plaintiff has

10    the burden of proving these claims.

11         The defendant denies those claims.

12

13

United States District Court
Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**PRELIMINARY INSTRUCTION NO. 3:  Burden of Proof**

3

When a party has the burden of proving any claim or affirmative defense by a

4

preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5

affirmative defense is more probably true than not true.

6

You should base your decision on all of the evidence, regardless of which party presented

7

it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**PRELIMINARY INSTRUCTION NO. 4:  What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

      1.    the sworn testimony of any witness;

      2.    the exhibits that are admitted into evidence;

      3.    any facts to which the lawyers have agreed; and

      4.    any facts that I may instruct you to accept as proved.

United States District Court
Northern District of California

1

2

**PRELIMINARY INSTRUCTION NO. 5:  What Is Not Evidence**

3

4   In reaching your verdict, you may consider only the testimony and exhibits received into

5   evidence. Certain things are not evidence, and you may not consider them in deciding what the
facts are.  I will list them for you:

6   (1)   Arguments and statements by lawyers are not evidence. The lawyers are not

7   witnesses. What they may say in their opening statements, closing arguments and at other times is

8   intended to help you interpret the evidence, but it is not evidence. If the facts as you remember

9   them differ from the way the lawyers have stated them, your memory of them controls.

10   (2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to

11   their clients to object when they believe a question is improper under the rules of evidence. You

12   should not be influenced by the objection or by the court's ruling on it.

13   (3)   Testimony that is excluded or stricken, or that you are instructed to disregard, is not

14   evidence and must not be considered.  In addition, some evidence may be received only for a

15   limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you

16   must do so, and you may not consider that evidence for any other purpose.

17   (4)   Anything you may see or hear when the court was not in session is not evidence.

18   You are to decide the case solely on the evidence received at the trial.

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY INSTRUCTION NO. 6:  Evidence for a Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

United States District Court
Northern District of California

**PRELIMINARY INSTRUCTION NO. 7:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**PRELIMINARY INSTRUCTION NO. 8:  Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

United States District Court
Northern District of California

**PRELIMINARY INSTRUCTION NO. 9:  Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**PRELIMINARY INSTRUCTION NO. 10:  Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other

reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**PRELIMINARY INSTRUCTION NO. 11:  Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

1

**PRELIMINARY INSTRUCTION NO. 12:  No Transcript Available to Jury**

2

3          I urge you to pay close attention to the trial testimony as it is given.  During deliberations

4   you will not have a transcript of the trial testimony.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

**PRELIMINARY INSTRUCTION NO. 13:  Taking Notes**

3          If you wish, you may take notes to help you remember the evidence.  If you do take notes,

4   please keep them to yourself until you go to the jury room to decide the case.  Do not let

5   notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will

6   read your notes.

7          Whether or not you take notes, you should rely on your own memory of the evidence.

8   Notes are only to assist your memory. You should not be overly influenced by your notes or those

9   of other jurors.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**PRELIMINARY INSTRUCTION NO. 14:  Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

**PRELIMINARY INSTRUCTION NO. 15:  Outline of Trial**

2

3      Trials proceed in the following way:  First, each side may make an opening statement.  An

4  opening statement is not evidence.  It is simply an outline to help you understand what that party

5  expects the evidence will show.  A party is not required to make an opening statement.

6      The Plaintiff will then present evidence, and counsel for the defendant may cross-examine.

7  Then the Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

8      After the evidence has been presented, I will instruct you on the law that applies to the case

9  and the attorneys will make closing arguments.

10      After that, you will go to the jury room to deliberate on your verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 1: Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

2

### FINAL INSTRUCTION NO. 2:  Burden of Proof

3

      When a party has the burden of proving any claim or affirmative defense by a

4

preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5

affirmative defense is more probably true than not true.

6

      You should base your decision on all of the evidence, regardless of which party presented

7

it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**FINAL INSTRUCTION NO. 3:  What Is Evidence**

2

3          The evidence you are to consider in deciding what the facts are consists of:

4                    1.      the sworn testimony of any witness;

5                    2.      the exhibits that are admitted into evidence;

6                    3.      any facts to which the lawyers have agreed; and

7                    4.      any facts that I have instructed you to accept as proved.

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 4:  What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**FINAL INSTRUCTION NO. 5:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**FINAL INSTRUCTION NO. 6:  Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**FINAL INSTRUCTION NO. 7:  Bench Conferences and Recesses**

      From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

      Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

**FINAL INSTRUCTION NO. 8:  Claims and Defenses**

3      Plaintiff Lisamaria Martinez asserts three claims.  First, that on March 29, 2019 Defendant

4  Alameda County violated the Americans with Disabilities Act.  Second, that on the same day

5  Defendant violated the California Disabled Persons Act.  Third, that on the same day Defendant

6  violated California Civil Code section 11135.  The plaintiff has the burden of proving these

7  claims.

8      The defendant denies those claims.

1

2

**FINAL INSTRUCTION NO. 9:  Americans with Disabilities Act**

3

      The Americans with Disabilities Act provides that no qualified individual with a disability

4

shall, by reason of such disability, be excluded from participation in or be denied the benefits of

5

the services, programs, or activities of a public entity, or be subjected to discrimination by any

6

such entity.

7

      For Plaintiff to recover under the Americans with Disabilities Act, she must prove each of

8

the following three elements by a preponderance of the evidence:

9

      First, that she is a qualified individual with a disability.

10

      Second, that she was either excluded from participation in or denied the benefits of the

11

defendant's services, programs, or activities, or was otherwise discriminated against by the

12

defendant.

13

      Third, that such exclusion, denial of benefits, or discrimination was by reason of her

14

disability.

15

      The Parties agree the Plaintiff is a qualified individual with a disability and Defendant is a

16

public entity that is required to comply with the Americans with Disabilities Act. Therefore, I

17

instruct you to find that Plaintiff has satisfied the first element of her Americans with Disabilities

18

Act claim.

19

      The Court has found that both filing completed forms at the Clerk-Recorder's Office and

20

the Clerk-Recorder's Office advising patrons of forms' technical deficiencies qualify as services,

21

programs, or benefits provided by the Defendant.

22

23

24

25

26

27

28

1

**FINAL INSTRUCTION NO. 10:  Effective Communication**

2

3        The second element required under the Americans with Disabilities Act that Plaintiff must

4   establish by a preponderance of the evidence is that she was either excluded from participation in

5   or denied the benefits of the defendant's services, programs, or activities, or was otherwise

6   discriminated against by the defendants.

7        The Americans with Disabilities Act requires that a public entity shall furnish appropriate

8   auxiliary aids and services where necessary to afford individuals with disabilities, including

9   applicants, participants, companions, and members of the public, an equal opportunity to

10  participate in, and enjoy the benefits of, a service, program, or activity of a public entity.

11       The type of auxiliary aid or service necessary to ensure effective communication will vary

12  in accordance with the method of communication used by the individual; the nature, length, and

13  complexity of the communication involved; and the context in which the communication is taking

14  place. In determining what types of auxiliary aids and services are necessary, a public entity shall

15  give primary consideration to the requests of individuals with disabilities. In order to be effective,

16  auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such

17  a way as to protect the privacy and independence of the individual with a disability.

18       Auxiliary aids and services includes—

19       (1) Qualified interpreters on-site or through video remote interpreting (VRI) services;

20  notetakers; real-time computer-aided transcription services; written materials; exchange of written

21  notes; telephone handset amplifiers; assistive listening devices; assistive listening systems;

22  telephones compatible with hearing aids; closed caption decoders; open and closed captioning,

23  including real-time captioning; voice, text, and video-based telecommunications products and

24  systems, including text telephones (TTYs), videophones, and captioned telephones, or equally

25  effective telecommunications devices; videotext displays; accessible electronic and information

26  technology; or other effective methods of making aurally delivered information available to

27  individuals who are deaf or hard of hearing;

28       (2) Qualified readers; taped texts; audio recordings; Brailled materials and displays; screen

United States District Court
Northern District of California

reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision;

(3) Acquisition or modification of equipment or devices; and

(4) Other similar services and actions.

United States District Court
Northern District of California

1

2

**FINAL INSTRUCTION NO. 11:  Because of Disability**

3        For the third required element of Plaintiff's Americans with Disabilities Act claim, if you

4   find that the Defendant denied Plaintiff participation in or the benefits of the defendant's services,

5   programs, or activities, then you must also determine whether Plaintiff has proven by a

6   preponderance of the evidence that such exclusion or denial of benefits was by reason of her

7   disability.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**FINAL INSTRUCTION NO. 12:  Monetary Damages Under the Americans with Disabilities Act**

Plaintiff does not need to prove that the Defendant acted intentionally to prove that the Defendant violated the Americans with Disabilities Act.  However, to recover monetary damages under the Americans with Disabilities Act, Plaintiff must prove intentional discrimination.

To prove intentional discrimination, Plaintiff must show by a preponderance of the evidence that the Defendant acted with deliberate indifference.  Deliberate indifference means that the Defendant had knowledge that a harm to a federally protected right was substantially likely, and the Defendant failed to act upon that likelihood.

When the Plaintiff has alerted the public entity to her need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the Plaintiff has satisfied the first element of the deliberate indifference test.

In order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness.

**FINAL INSTRUCTION NO. 13:  California Disabled Persons Act**

     A violation of the Americans with Disabilities Act constitutes a violation of the California Disabled Persons Act.  Therefore, if you find that the Defendant violated the Americans with Disabilities Act, you must find that it also violated the California Disabled Persons Act.

     However, damages are not available against the Defendant under the California Disabled Persons Act.

1

**FINAL INSTRUCTION NO. 14:  California Government Code section 11135**

2

3        California Government Code section 11135 provides that no person in the State of

4   California shall, on the basis of physical disability, be unlawfully denied full and equal access to

5   the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is

6   conducted, operated, or administered by the state or by any state agency, is funded directly by the

7   state, or receives any financial assistance from the state.

8        Discrimination on the basis of disability in violation of section 11135 is established if

9   Plaintiff proves Defendant (1) violated the Americans with Disabilities Act; and (2) the program

10  or activity is conducted, operated, or administered by the state or by any state agency, is funded

11  directly by the state, or receives any financial assistance from the state.

12       However, damages are not available under California Government Code section 11135.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**FINAL INSTRUCTION NO. 15:  Damages**

3        It is the duty of the Court to instruct you about the measure of damages.  By instructing

4    you on damages, the Court does not mean to suggest for which party your verdict should be

5    rendered.

6        If you find for the Plaintiff on the Plaintiff's claim under the Americans with Disabilities

7    Act, and if you also find that the discrimination was intentional, you must determine the Plaintiff's

8    damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.

9    Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for

10   any injury you find was caused by the Defendant.

11       In determining the measure of damages, you should consider:

12            •   The nature and extent of the harm;

13            •   The mental and emotional pain and suffering experienced;

14            •   The reasonable value of necessary services.

15       It is for you to determine what damages, if any, have been proved.

16       Your award must be based upon evidence and not upon speculation, guesswork or

17   conjecture.

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

## FINAL INSTRUCTION NO. 16:  Nominal Damages

3

        The law that applies to this case authorizes an award of nominal damages.  If you find for

the Plaintiff on the Plaintiff's claim under the Americans with Disabilities Act, and (1) if you also

find that the discrimination was intentional, but you find that the plaintiff has failed to prove

damages as defined in these instructions, or (2) if you find that the discrimination was not

intentional, you must award nominal damages.  Nominal damages may not exceed one dollar.

United States District Court
Northern District of California

**FINAL INSTRUCTION NO. 17:  Mitigation of Damages**

The Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1.      that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**FINAL INSTRUCTION NO. 18:  Injunction**

If you find in favor of the Plaintiff on her claims under the Americans with Disabilities Act, the California Disabled Persons Act, or California Government Code section 11135, then the Court must determine whether to issue an injunction against further violations of those laws.  To obtain an injunction, Plaintiff must show by a preponderance of the evidence that the Defendant's Clerk Recorder's Office will likely again violate its legal obligations described in Final Instructions Nos. 9 and 10 with respect to individuals with a disability of blindness or visual impairment.

You must decide whether the Defendant's Clerk Recorder's Office will likely again violate its legal obligations described in Final Instructions Nos. 9 and 10 with respect to individuals with a disability of blindness or visual impairment.  In making this decision, you should consider whether Defendant's Clerk Recorder's Office took any steps or implemented any measures after March 29, 2019 that would make it more or less likely that it would violate these legal obligations again.

By referring to the Defendant violating these legal obligations "again," I am not implying that the Defendant violated its legal obligations on March 29, 2019.  Whether or not it did so is for you to decide.

1

2

**FINAL INSTRUCTION NO. 19:  Duty to Deliberate**

3

4

5

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

6

7

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

8

9

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

10

11

12

13

14

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 20:  Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1    These rules protect each party's right to have this case decided only on evidence that has

2  been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

3  accuracy of their testimony is tested through the trial process.  If you do any research or

4  investigation outside the courtroom, or gain any information through improper communications,

5  then your verdict may be influenced by inaccurate, incomplete, or misleading information that has

6  not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

7  jury, and if you decide the case based on information not presented in court, you will have denied

8  the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

9  important that you follow these rules.

10    A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any

11  juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

1

2

**FINAL INSTRUCTION NO. 21:  Communication with Court**

3

4       If it becomes necessary during your deliberations to communicate with me, you may send

5   a note through the Courtroom Deputy, signed by any one or more of you.  No member of the jury

6   should ever attempt to communicate with me except by a signed writing.  I will not communicate

7   with any member of the jury on anything concerning the case except in writing or here in open

8   court.  If you send out a question, I will consult with the lawyers before answering it, which may

9   take some time.  You may continue your deliberations while waiting for the answer to any

10  question.  Remember that you are not to tell anyone—including the court—how the jury stands,

11  whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or

12  have been discharged.

1

2

**FINAL INSTRUCTION NO. 22:  Return of Verdict**

3       A verdict form has been prepared for you.  After you have reached unanimous agreement

4  on a verdict, your foreperson should complete the verdict form according to your deliberations,

5  sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California