Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA  94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

Attorneys for Defendant
COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>        Defendant. | Case No.  20-cv-06570-TSH<br><br>**DECLARATION OF NICHOLAS D. FINE IN SUPPORT OF DEFENDANT COUNTY OF ALAMEDA'S OBJECTIONS TO PROPOSED WITNESSES PLAINTIFF FAILED TO TIMELY DISCLOSE** |

I, Nicholas D. Fine, declare as follows:

1.      I am an attorney at law duly licensed to practice before all the courts in the State of California and the United States District Court – Northern District of California.  I am an attorney with Orbach Huff + Henderson LLP and one of the attorneys of record for Defendant County of Alameda ("County").  If called and sworn as a witness to testify, I am competent to testify and would testify from my own personal knowledge as to the facts set forth in this Declaration, except as to those matters that are stated on information and belief herein.

2.      I submit this Declaration following the Pretrial Conference on February 29, 2024, during which my office represented that it would provide the Court with a copy of Plaintiff Lisamaria Martinez's ("Plaintiff") Initial Disclosures and any supplements thereto, in support of the County's objections to certain witnesses Plaintiff failed to timely disclose.

3.      Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Initial Disclosures, served on or about February 4, 2021, and in which Plaintiff identified as witnesses Plaintiff, Angelina [Moran], Maria Laura Briones, Eva He, and Melissa Wilk, in addition to unnamed witnesses whom Plaintiff would potentially name later.

4.      Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's Supplemental Disclosures, served on or about March 16, 2022, and in which Plaintiff identified as witnesses Serena Olsen and Emily Grimm.

5.      Pursuant to this Court's order, fact discovery closed on April 11, 2022.

6.      Attached hereto as **Exhibits C and D** are true and correct copies of Plaintiff's purported Supplemental Witness Disclosures Pursuant to Federal Rule of Civil Procedure 26, served on or about December 22, 2022, and Plaintiff's Second Supplemental Disclosure Pursuant to Federal Rule of Civil Procedure 26, served on or about September 29, 2023.  In the December 22, 2022, "Supplemental Disclosure," Plaintiff disclosed Marco Salsiccia and Lucia Greco as witnesses, for the first time.  In the September 29, 2023, "Second Supplemental Disclosure," Plaintiff disclosed as witnesses, for the first time, Samantha Shipman and Joseph A. Bakker.  Thus, while Plaintiff's counsel has argued that these witness were disclosed in "Supplemental Disclosures," both of these "Supplemental Disclosures" were served *after* the close of fact discovery on April 11, 2022, and thus *after* the period in which the County

was permitted to take fact depositions. Accordingly, Marco Salsiccia, Lucia Greco, Samantha Shipman, and Joseph A. Bakker were not properly or timely disclosed prior to the fact discovery cutoff.

7. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's Amended Exchanged Pretrial Disclosures (without exhibits), served on or about January 10, 2024, in which Plaintiff identified as a witness, for the first time, Raymond Leimana Akahi Macapagal. Mr. Macapagal was not properly or timely disclosed prior to the fact discovery cutoff.

8. Further, with respect to Mr. Bakker, whom Plaintiff asserts is her husband, Plaintiff stated in her Amended Exchanged Pretrial Disclosures that one of the topics Mr. Bakker is expected to testify about is "the assistance he had to provide to help Plaintiff fill out the inaccessible FBN PDF forms." I attempted to question Plaintiff, during her deposition, about this very topic, but Plaintiff's counsel objected on the basis of spousal privilege and instructed Plaintiff not to answer. Attached hereto as **Exhibit F** is a true and correct copy of relevant excerpts from Plaintiff's deposition transcript, referring specifically to page 74, line 8 through line 21. Plaintiff should not be permitted to block the County's access to such evidence during discovery and then seek to introduce it at trial. Mr. Bakker should not be permitted to testify for this additional reason.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 7th day of March, 2024, at Pleasanton, California.

Nicholas D. Fine