# Plaintiff's Exhibit A

**FINAL INSTRUCTION NO. 10: Effective Communication**

The second element required under the Americans with Disabilities Act that Plaintiff must establish by a preponderance of the evidence is that she was either excluded from participation in or denied the benefits of the defendant's services, programs, or activities, or was otherwise discriminated against by the defendants.

The Americans with Disabilities Act requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others. Furthermore, a public entity must furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity. The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place. In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities. The public entity shall honor the choice of the individual with a disability unless it can demonstrate that another effective means of communication exists. Deference to the request of the individual with a disability is desirable because of the range of disabilities, the variety of auxiliary aids and services, and different circumstances requiring effective communication. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability. The purpose of the effective communication rules is to ensure that the person with a vision, hearing, or speech disability can communicate with, receive information from, and convey information to, the covered entity.

Auxiliary aids and services includes but is not limited to:—

(1) Qualified interpreters on-site or through video remote interpreting (VRI) services; notetakers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed

captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing;

(2) Qualified readers; taped texts; audio recordings; Brailled materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision;

(3) Acquisition or modification of equipment or devices; and

(4) Other similar services and actions.


A "qualified reader" means a person who is able to read effectively, accurately, and impartially using any necessary specialized vocabulary. Reading devices or readers should be provided when necessary for equal participation and opportunity to benefit from any governmental service, program, or activity, such as reviewing public documents, examining demonstrative evidence, and filling out voter registration forms or forms needed to receive public benefits.

**FINAL INSTRUCTION NO. 13: California Disabled Persons Act**

A violation of the Americans with Disabilities Act constitutes a violation of the California Disabled Persons Act. Therefore, if you find that the Defendant violated the Americans with Disabilities Act, you must find that it also violated the California Disabled Persons Act.

However, damages are not available against the Defendant under the California Disabled Persons Act.

**FINAL INSTRUCTION NO. 14: California Government Code section 11135**

California Government Code section 11135 provides that no person in the State of California shall, on the basis of physical disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

Discrimination on the basis of disability in violation of section 11135 is established if Plaintiff proves Defendant (1) violated the Americans with Disabilities Act; and (2) the program or activity is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

~~However, damages are not available under California Government Code section 11135.~~

**FINAL INSTRUCTION NO. 18: Injunction**

If you find in favor of the Plaintiff on her claims under the Americans with Disabilities Act, the California Disabled Persons Act, or California Government Code section 11135, then the Court must determine whether to issue an injunction against further violations of those laws. To obtain an injunction, Plaintiff must show by a preponderance of the evidence that the Defendant's Clerk Recorder's Office will likely again violate its legal obligations described in Final Instructions Nos. 9 (Americans with Disabilities Act) and 10 (Effective Communications) with respect to individuals with a disability of blindness or visual impairment.

You must decide whether the Defendant's Clerk Recorder's Office will likely again violate its legal obligations described in Final Instructions Nos. 9 and 10 with respect to individuals with a disability of blindness or visual impairment. In making this decision, you should consider whether the installation of a computer kiosk equipped with screen reader software and staff assistance for clicking a mouse on the screen available for anyone who cannot independently use the JAWS screen reader software to accomplish the task suffice to remove the barriers that would otherwise make it more likely than not that Defendant's Clerk Recorder's Office~~Defendant's Clerk Recorder's Office took any steps or implemented any measures after March 29, 2019 that would make it more or less likely that it~~ would violate these legal obligations again.

By referring to the Defendant violating these legal obligations "again," I am not implying that the Defendant violated its legal obligations on March 29, 2019. Whether or not it did so is for you to decide.