TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:   (415) 873-9199
Facsimile:   (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:   (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

*Attorneys for Defendant County of Alameda*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>            Plaintiff,<br><br>     v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>            Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**JOINT OBJECTIONS TO THE COURT'S PROPOSED VERDICT FORM** |

**JOINT OBJECTIONS TO THE COURT'S PROPOSED VERDICT FORM**

Pursuant to the Court's Proposed Verdict Form filed on February 28, 2024 (ECF No. 123), the parties hereby submit their objections, comments or suggestions concerning the proposed verdict form, and responses to the other side's objections, comments or suggestions.

**DEFENDANT'S OBJECTIONS**

Defendant objects to the following provisions:

**Question 2**

The instruction following Question 2 should reflect that if the answer is no, the jury should skip question 3, because if there is no finding that the County acted with deliberate indifference, then Plaintiff would not be entitled to any monetary damages. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) ("To recover monetary damages under Title II of the ADA … plaintiff must prove intentional discrimination on the part of the defendant" and holding that "the deliberate indifference standard applies" for purposes of establishing such intentional discrimination).

**Response from Plaintiff**

Defendant is only partially correct. A finding for a federal damages remedy is the only claim that requires deliberate indifference. Under the California Disabled Persons Act (DPA), any violation of the ADA, whether intentional or not, triggers a DPA violation and damages remedy. The parties have a legal dispute over whether the DPA applies to public entities because that organization falls under California's statutory definition of a "person." The parties have more fully set out briefing on this issue under the objections and responses to objections to the Court's proposed Final Instruction No. 13 regarding the DPA.

Regardless, allowing this jury to answer this question avoids potential future inefficiencies and costs with minimal impact on the present deliberations. If the jury finds ADA liability and no deliberate indifference, one side or the other is likely to file an appeal based on either a damages award or no damages award. To avoid a need to retry this damages claim after an appeal outcome, the parties should have the jury answer the damages question now in this trial. The

appeal can then either confirm or invalidate that damages award without a need to retry the case in a second proceeding.

### Question 4

Defendant objects to this question, as well as to the state law claims being submitted to the jury as they are redundant and duplicative of her claim under the ADA. As each of those claims seek the exact same relief based on the exact same legal theory, the redundant state law claims should be dismissed as duplicative. See *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."). Further, providing questions in the verdict form on such claims is not only redundant, but would give the impression to the jury that the Court is emphasizing those matters, thereby causing undue influence and juror confusion. Thus, Question 4 should be eliminated.

### Response from Plaintiff

These so-called "redundant and duplicative" claims should not be dismissed. Defendant provides no citation to, nor is Plaintiff aware of, any precedent that indicates that a plaintiff cannot simultaneously proceed with similar claims under state and federal law in the *same* action. Defendant's use of *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082 (9th Cir. 2012) is unavailing as it involves the dismissal of claims "stated in identical terms" in *separate* actions as part of a single order responding to two *separate* motions to dismiss involving the same parties. *Id.* at 1091. That is simply not the situation here.

Even when the elements to be proven are substantially similar because state law allows for a claim to be established if the federal ADA is violated, state law provides remedies that can vary from federal remedies, as well as different and independent support and calculations for those remedies. Additionally, Government Code 11135 requires an extra element of proof regarding the alleged state funding or financial assistance.

Finally, suddenly asking for the dismissal of claims on the eve of trial after multiple opportunities to brief the issue on summary judgment is prejudicial to Plaintiff.

**Question 5**

Defendant objects to the wording of this question, as it impermissibly suggests that the County "violated its legal obligations." The question should be rephrased, as follows: "If you found that the County violated Plaintiff's rights under the Americans with Disabilities Act on March 29, 2019, did Plaintiff prove by a preponderance of the evidence that there is a likelihood that in the future, Defendant's Clerk Recorder's Office will violate its legal obligations described in Final Instructions Nos. 9 and 10 with respect to individuals with a disability of blindness or visual impairment?"

**Response from Plaintiff**

The jury needs to understand that their assessment of the "future" violations is based on the same sort of violation found previously. There needs to be a link between the past violation and the potential future violation. "Again" tends to do this work in an efficient manner. When coupled with the disclaimer, there is no prejudice.

Plaintiff is amenable to alternative phrases that Court may select, such as "a future violation that is the same as the violation that you previously found" or "continue to violate the ADA in the same way that you found," but is concerned about any changes that would create additional confusion or that would sever this link between past and potential future violations.

Respectfully submitted,

DATED: March 7, 2024         TRE LEGAL PRACTICE

                             */s/ Timothy Elder*
                             Timothy Elder
                             *Attorneys for Plaintiff*

DATED: March 7, 2024         ORBACH HUFF + HENDERSON LLP

                             */s/ Nicholas D. Fine*
                             Nicholas D. Fine
                             *Attorneys for Defendant County of Alameda*