TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:  (415) 873-9199
Facsimile:  (415) 952-9898
Email:  telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:  (214) 415-7340
E-mail:  tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, <br><br> Defendant. | Case No. 3:20-cv-06570-TSH <br><br> **SUPPLEMENTAL DECLARATION OF KRISTOPHER NELSON IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO LIMIT EXPERT TESTIMONY OF DEFENDANT'S EXPERT CRIS VAUGHAN** <br><br> Trial Date: March 25, 2024 <br> Judge: Hon. Thomas S. Hixson |

I, Kristopher Nelson, declare:

1. I am an attorney admitted to practice in California and a counsel of record for Plaintiff Lisamaria Martinez. This declaration is based on my personal knowledge. I am competent to testify on the matters stated and declare that these items are true and accurate to the best of my knowledge and belief.

2. This declaration is submitted in support of Plaintiff's Motion *in Limine* to Limit Expert Testimony of Defendant's Expert Cris Vaughan (ECF No. 111).

3. Attached as **Exhibit A** is a true and correct copy of the Expert Report of Defendant's Expert Cris Vaughan ("Vaughan Report"), dated October 2, 2023.

4. The following table shows statements by Defendant's expert that meet the criteria identified by the Court as "amount[ing] to a legal conclusion" (Pretrial Order 6-9, 13-14, ECF No. 124):

|   | **Improper Statement and Justification for Exclusion** | **Sources/Citations** |
|---|---|---|
| 5. | *"CRO personnel provided effective communication to Martinez to identify the changes that needed to be made to the FBNS."* | Vaughan Report ¶ 12 |
|   | Testimony concluding that Defendant "provided effective communication" is a legal conclusion about ultimate factual issues in this case. (*See* Pretrial Order 9, ECF No. 124.) | Def.'s Trial Brief 8, ECF No. 101 (arguing that "CRO Clerks Were Able to Effectively Communicate with Plaintiff"). <br> 28 C.F.R. § 35.104 ("Auxiliary aids and services includes—… (2) Qualified readers … or other effective methods") <br> 28 C.F.R. § 35.160(b)(2) ("The type of auxiliary aid or service necessary to ensure effective communication will vary") |

| | | | |
|---|---|---|---|
| | 6. | "The Alameda County CRO did not deny meaningful access to Martinez to file a FBNS on March 29, 2019." | Vaughan Report ¶ 14 |
| | | Although Plaintiff disputes that it is an appropriate legal standard to apply, testimony concluding that Defendant "did not deny meaningful access" amounts to asserting a legal conclusion about ultimate factual issues in this case. (*See* Pretrial Order 9, ECF No. 124.) | In Def.'s Trial Brief 5-6, ECF No. 101, Defendant argues that "meaningful access" (a standard derived from *Alexander v. Choate*, 469 U.S. 287 (1985), in which the Supreme Court analyzed Section 504) is the legal requirement to be met by relying on the following two cases: *Lonberg v. City of Riverside*, 571 F.3d 846, 851 (9th Cir. 2009) (characterizing anti-discrimination requirements as mandates to provide "meaningful access"); and *A.G. Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir. 2016) (discussing "reasonable accommodations" with "meaningful access" as the measure). |
| | 7. | "By providing the above-described assistance, it is my opinion the CRO is furnishing appropriate auxiliary aids and services necessary to afford individuals with disabilities an equal opportunity to participate in and enjoy the benefits of the service program and activity of the CRO." | Vaughan Report ¶ 21 |
| | | This testimony that Defendant is meeting the legal standard for auxiliary aids and services amounts to a legal conclusion about the efficacy of the auxiliary aids and services furnished by Defendant. (*See* Pretrial Order 7, 9, ECF No. 124.) | Def.'s Trial Brief 6, ECF No. 101 (discussing "appropriate auxiliary aids and services" and the "equal opportunity" standard). 28 C.F.R. § 35.160(b)(1) ("A public entity shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, |

| | | | |
|---|---|---|---|
| | | | a service, program, or activity of a public entity.") |
| | 8. | *"In my opinion, the auxiliary aids and services provided by the CRO for completion of a FBNS are effective, are provided in an accessible format, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability and are in compliance with the ADA regulation requiring auxiliary aids and services to be provided by a public entity."* | Vaughan Report ¶ 28 |
| | | This testimony that the auxiliary aids and services provided by Defendant meets the legal standard under 28 C.F.R. § 35.160(b)(2) amounts to a legal conclusion about ultimate factual issues in this case. (*See* Pretrial Order 6-7, 9, ECF No. 124.) | Def.'s Trial Brief 8, ECF No. 101 (discussing the standard for effectiveness of auxiliary aids and services). 28 C.F.R. § 35.160(b)(2) ("The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place. In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.") |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 12, 2024        /s/ Kristopher Nelson
                                   Kristopher Nelson