UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>  Defendant. | Case No. 20-cv-06570-TSH<br><br>**ORDER RE: MOTION IN LIMINE**<br><br>Re: Dkt. Nos. 111, 134 |

## I.  INTRODUCTION

Pending before the Court is Plaintiff's Motion in Limine No. 4.  ECF No. 111.  Plaintiff moves to limit the expert testimony of Defendant's expert Cris Vaughan to exclude testimony that amounts to a conclusion of law.  ECF No. 111 at 4.  In its February 29, 2024, pretrial order, the Court previously denied this motion without prejudice because the Court had not received a copy of Vaughan's expert report.  ECF No. 124 at 13–14.  Plaintiff has since provided a copy of Vaughan's expert report.  ECF No. 134-1.  Having considered the quoted statements in context, the Court **GRANTS** Plaintiff's Motion in Limine No. 4.

## II.  DISCUSSION

Plaintiff asks the Court to exclude the below four examples of what it contends are legal conclusions, as well as "similar legal opinion testimony" contained in Vaughan's expert report:

> (1) "CRO personnel provided effective communication to Martinez to identify the changes that needed to be made to the FBNS."  ECF No. 134-1 [Expert Report of Defendant's Expert Cris Vaughan (Vaughan Expert Report)] ¶ 12.
>
> (2) "The Alameda County CRO did not deny meaningful access to Martinez to file a FBNS on March 29, 2019."  Vaughan Expert Report ¶ 14.

> (3) "By providing the above-described assistance, it is my opinion the CRO is furnishing appropriate auxiliary aids and services necessary to afford individuals with disabilities an equal opportunity to participate in and enjoy the benefits of the service program and activity of the CRO." Vaughan Expert Report ¶ 21.
>
> (4) "In my opinion, the auxiliary aids and services provided by the CRO for completion of a FBNS are effective, are provided in an accessible format, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability and are in compliance with the ADA regulation requiring auxiliary aids and services to be provided by a public entity." Vaughan Expert Report ¶ 28.

ECF No. 111 at 1.

The Court grants Plaintiff's motion as to each of the examples Plaintiff cites. Each example constitutes an impermissible legal conclusion. *See, e.g.*, *United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("an expert cannot testify to a matter of law amounting to a legal conclusion."). In their opposition, Defendants do not dispute that any of these examples amounts to an impermissible conclusion of law. *See* ECF No. 116.

First, Vaughan's anticipated testimony that "CRO personnel provided effective communication" to Plaintiff (Vaughan Expert Report ¶ 12) amounts to a legal conclusion about ultimate factual issues in this case. *See, e.g.,* Defendant's Trial Brief at 8–9, ECF No. 101 (arguing that the ADA "only requires 'effective communication,'" and that "CRO Clerks Were Able to Effectively Communicate with Plaintiff").

Second, Vaughan's statement that the CRO "did not deny meaningful access" (Vaughan Expert Report ¶ 14) is a legal conclusion regarding a standard Defendant argues is applicable under Title II of the ADA. *See* Defendant's Trial Brief at 5–6 (arguing that "[a] plaintiff may establish prohibited discrimination under section 12132 by showing that a public entity denied her a 'reasonable accommodation' necessary to achieve *meaningful access* to the benefits of a public entity's services, programs, or activities") (emphasis added).

Third, Vaughan's anticipated testimony that "[b]y providing the above-described assistance . . . the CRO is furnishing appropriate auxiliary aids and services necessary to afford individuals with disabilities an equal opportunity to participate in and enjoy the benefits of the service program and activity of the CRO" (Vaughan Expert Report ¶ 21) amounts to a legal

conclusion. *See* 28 CFR § 35.160(b)(1) ("A public entity shall *furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity* of a public entity") (emphasis added); *see also* Defendant's Trial Brief at 6 (quoting 28 CFR § 35.160(b)(1)).

Finally, Vaughan's anticipated testimony that "the auxiliary aids and services provided by the CRO for completion of a FBNS are effective, are provided in an accessible format, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability and are in compliance with the ADA regulation requiring auxiliary aids and services to be provided by a public entity" (Expert Report of Defendant's Expert Cris Vaughan ¶ 28) likewise amounts to a legal conclusion about ultimate factual issues in this case. *See* 28 C.F.R. § 35.160(b)(2) ("[i]n order to be *effective*, auxiliary aids and services must be *provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability*.") (emphasis added). *See also Arroyo v. Denaco*, LLC, No. 19-cv-3592-FMO-JEM, 2020 WL 2477682, at *2 (C.D. Cal. Mar. 20, 2020) (finding that allegations in complaint regarding whether paths of travel were "accessible" and "in conformance with the ADA standards" constituted legal conclusions rather than factual allegations).

Accordingly, the Court grants Plaintiff's motion to exclude these opinions.

### III.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion in Limine No. 4.

**IT IS SO ORDERED.**

Dated: March 13, 2024

THOMAS S. HIXSON
United States Magistrate Judge