## MARTINEZ V. COUNTY OF ALAMEDA ET AL.: JOINT EXHIBITS

| New Number | Previous Number | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| 1 | PL-7/M(D13) | Plaintiff's Initial Completed FBN Form – Briones Dep. Ex. M2, PL0009 | Martinez/CRO Employees | Parties will stipulate | N/A | |
| 2 | PL-9/F(D6) | Go Back Letter – Briones Dep. Ex. M1, County_0012 | Martinez/CRO Employees | Parties will stipulate | N/A | |
| 3 | PL-10/J(D10) | Final Filed FBN – Briones Dep. Ex. M4, County_0011 | Martinez/CRO Employees | Parties will stipulate | N/A | |
| 4 | PL-14/G-I (D7-D10) | Audio Recordings | Martinez/CRO Employees | Parties will stipulate | N/A | |

## PLAINTIFF'S EXHIBITS

| New No. | Prev. No. | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| 5 | PL-8/D-K | Be Confident Be You Articles of Incorporation – PL0007-8 | Demonstration of ineffective communication. Testimony of Plaintiff. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows:<br><br>FRE 401, 402, 403, 602, 701, 802 | Defendant was provided a copy in discovery at PL007- 8. This document is highly relevant as it demonstrates the lack of effective communication on the initial attempt to file the FBN and provides explanation of the communications challenges. It is not offered for the truth of the statements contained therein and is subject to hearsay exemptions under FRE 803(5) and 803(6). Expert testimony is not implicated. | |

| New No. | Prev. No. | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| 6 | PL-15 | Plaintiff's Claim Against the County of Alameda – Yankee 30(b)(6) Dep. Ex. Y1, PL0014-16 | Plaintiff's Claim Against the County of Alameda – Yankee 30(b)(6) Dep. Ex. Y1, PL0014-16 | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | This document was introduced as an exhibit to the testimony of Matt Yankee. It is relevant to show notice and is not offered for the truth of the matter. If it were offered for the truth of the matter, it would be subject to multiple hearsay exceptions including 803(6) and 803(8). Expert testimony is not implicated. | |
| 7 | PL-16/ D-A | Acknowledgement of Plaintiff's Claim – Yankee 30(b)(6) Dep. Ex. AC3 | Demonstration of Notice. Testimony of Plaintiff or Matt Yankee/Stipulation. See Defense Exhibit A. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | This document was introduced as an exhibit to the testimony of Matt Yankee. It is relevant to show notice and is not offered for the truth of the matter. If it were offered for the truth of the matter, it would be subject to multiple hearsay exceptions including 803(6) and 803(8). Expert testimony is not implicated. | |
| 8 | PL-12 | Martinez family mementos (Family photo) | Demonstration of Plaintiff's ability to communicate effectively, demonstration ineffective | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the | Plaintiff will offer limited evidence of her ability to communicate effectively to show that her difficulties at the CRO were caused by a lack of | |

| New No. | Prev. No. | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| | | | communication is by way of disability and damages. Testimony of Plaintiff. | documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows:<br><br>FRE 401, 402, 403, 602, 701, 802 | auxiliary aids and services not her disability caused the communications failures. The evidence will allow Plaintiff to demonstrate the damages she suffered. | |
| 9 | PL-13 | Photographs/ promotional materials from Be Confident Be You™ | Demonstration of Plaintiff's independence and damages. Testimony of Plaintiff. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows:<br><br>FRE 401, 402, 403, 602, 701, 802 | The evidence will allow Plaintiff to demonstrate the damages she suffered and the importance/value of the services she provides, as well as the cost of being unable to work. Plaintiff will offer testimony/be available for examination regarding the truth of the statements therein. Expert testimony is not required to show the reasonable value of Plaintiff's time. | |
| 10 | PL-11 | Letter to Ziegler & Welk at the County of Alameda re Structured Negotiations | Demonstration of Notice. Testimony of Plaintiff or Matt Yankee/ Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon | Defendant has produced this document in discovery. It is not offered for the truth of the statements, but to show effect on the party receiving the statements (notice). It is relevant to deliberate | |

| New No. | Prev. No. | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| | | (11/14/19), County_001-010 | | Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | indifference/notice. Expert testimony is not implicated. | |
| 11 | PL-6 | Demonstrative Photographs of the CRO Public Waiting Area, PL1573, PL1583 | Layout of the office; Steven Clark. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. | | |
| 12 | PL-5/ D-W | OJ ADA Title II Technical Assistance Manual, Equally effective communication and Primary consideration § II-7.1000-1100, https://archive.ada.gov/taman2.html#II-7.1000 | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibit W. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | DOJ technical assistance manuals are directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |
| 13 | PL-5/ D-W | ADA Title II Technical Assistance Manual, Equally - Primary consideration § II-7.1000-1100, https://archive.ada.gov/taman2.html#II-7.1000 | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibit W. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | DOJ technical assistance manuals are directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |

| New No. | Prev. No. | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| 14 | PL-4/ D-S/ D-T | DOJ Publication – ADA Requirements – Effective Communication, https://www.ada.gov/resources/effective-communication/ (Best Practices Toolkit) | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibit T. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | DOJ publications are directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |
| 15 | PL-2/ D-R | Excerpts from the Code of Federal Regulations (28 CFR 35.160) | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibit R. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | The Code of Federal Regulations is directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |
| 16 | PL-2/ D-R | Excerpts from the Code of Federal Regulations (28 CFR 35 App. B) | Explanation of the Title II Effective Communication Requirement; Admissibility through Request for Judicial Notice/Stipulation. See Defense Exhibit R. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | The Code of Federal Regulations is directly relevant to the matter at hand and is admissible evidence. It is non-hearsay, if it were hearsay, it would be subject to the exemption in FRE 803(8), (6), and/or (18). No expert testimony is implicated. | |

| New No. | Prev. No. | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| | | | | | | |
| 17 | PL-17 | May I Help You? Legal Advice vs. Legal Information: A Resource Guide for Court Clerks" (California Judicial Council Access and Fairness Advisory Committee), https://www.courts.ca.gov/documents/ma | Requested auxiliary aid was equally effective, reasonable, and not an undue burden/fundamental alteration. Testimony of Plaintiff, Steven Clark, Karen McCall, or Eve Hill. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | The practices of other entities are admissible to demonstrate the range of available auxiliary aids and services, including what Defendant terms "scribe" services. It is non-hearsay admissible under Rule 902, or in the alternative falls with a hearsay exception in FRE 803(6), 803(8) or 807. | |
| 18 | PL-18 | "Can the court system help me fill out a form as an accommodation," NYCOURTS.GOV Accessibility General FAQ's, https://ww2.nycourts.gov/Accessibility/faqs.shtml, PL0059-PL0066 | Requested auxiliary aid was equally effective, reasonable, and not an undue burden/fundamental alteration. Testimony of Plaintiff, Steven Clark, Karen McCall, or Eve Hill. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | The practices of other entities are admissible to demonstrate the range of available auxiliary aids and services, including what Defendant terms "scribe" services. It is non-hearsay admissible under Rule 902, or in the alternative falls with a hearsay exception in FRE 803(6), 803(8) or 807. | |
| 19 | PL-19 | "How to ask for a court accommodation under the | Request for auxiliary aid or service was properly made. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage | The practices of other entities are admissible to demonstrate the range of available auxiliary aids and services, including what | |

| New No. | Prev. No. | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| | | Americans with Disabilities Act," Mass.gov, https://www.mass.gov/info-details/how-to-ask-for-a-court-accommodation-under-the-americans-with- | Testimony of Plaintiff, Steven Clark, Karen McCall, or Eve Hill. | or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, FRE 401, 402, 403, 602, 701, 802 | Defendant terms "scribe" services. It is non-hearsay admissible under Rule 902, or in the alternative falls with a hearsay exception in FRE 803(6), 803(8) or 807. | |
| 20 | PL-30/ D-Z | County Budgets – PL0071-0584, PL0585-1056, PL1057-1546 | Demonstration of Receipt of Funds. Testimony of Matt Yankee/Stipulation. See Defense Exhibit Z. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant was provided a copy of this document in discovery. It is relevant to Defendant's arguments regarding the receipt of state and federal funds. It is admissible under FRE 902 and/or 803(6) and/or (8). | |
| 21 | PL-20 | Fictitious Business Name PDF dated 10/18 – McCall Report, Ex. 1, PL1547 | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Karen McCall, County Witnesses/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant to FRE 902, or in the alternative, falls within an exception set forth in FRE 803. | |

| New No. | Prev. No. | Description | Purpose/Witness | Objections | Response to Objection | Admitted/Court Notes |
|---|---|---|---|---|---|---|
| 22 | PL-21 | Fictitious Business Name PDF dated 4/21 – McCall Report, Ex. 2, PL1549 (PDF of FBNS – 4/21) | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Karen McCall, County Witnesses/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant to FRE 902, or in the alternative, falls within an exception set forth in FRE 803. | |
| 23 | PL-22 | PDF of FBNS – 11/22 | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Karen McCall, County Witnesses/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant to FRE 902, or in the alternative, falls within an exception set forth in FRE 803. | |
| 24 | PL-23 | PDF of FBNS – 12/22 | Demonstration of ineffective communication and continuing need for injunctive relief. Testimony of Karen McCall, County Witnesses/Stipulation. | Defendant has not yet been provided a copy of the proposed exhibit and does not waive any potential objections to the usage or modification of the documents in question. Without waiving other objections and based upon Defendant's understanding of what this exhibit likely is, Defendant objects as follows: FRE 401, 402, 403, 602, 701, 802 | Defendant has been provided a copy of this report in Plaintiff's expert disclosures. It is relevant to show the accessibility features of the PDF form the County claims was accessible. The document is admissible pursuant to FRE 902, or in the alternative, falls within an exception set forth in FRE 803. | |