TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone: (415) 873-9199
Facsimile: (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone: (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, <br><br> Defendant. | Case No. 3:20-cv-06570-TSH <br><br> **DECLARATION OF TIMOTHY ELDER IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO PROPOSED WITNESSES** <br><br> Trial Date: March 26, 2024 <br> Judge: Hon. Thomas S. Hixson |

I, Timothy Elder, declare:

1. I am an attorney admitted to practice in California and a counsel of record for Plaintiff Lisamaria Martinez. This declaration is based on my personal knowledge. I am competent to testify on the matters stated and declare that these items are true and accurate to the best of my knowledge and belief.

2. This declaration is submitted in opposition to Defendant's Declaration in Support of Defendant County of Alameda's Objections to Proposed Witnesses (ECF No. 130).

3. Plaintiff has withdrawn Samantha Shipman and Raymond Leimana Akahi Macapagal as witnesses.

Attached as **Exhibit 1 is a timeline of relevant events, documents, filings, and dates related to the** timely disclosure of Joseph Bakker, Marco Salsiccia, and Lucia Greco.

Attached as **Exhibit 2 is a true and correct copy of relevant excerpts (74:11-75:3) from Plaintiff** Lisamaria Martinez's deposition testimony, with additional context beyond that provided by Defendant.

Attached as **Exhibit 3 is a true and correct copy** of Plaintiff's Exchanged Pretrial Disclosure (without accompanying exhibits) listing Joseph Bakker as a witness, describing his expected testimony, and showing that Plaintiff served this disclosure on Defendant County of Alameda on 10/5/2022.

### Joseph A. Bakker

In her deposition on March 23, 2022, Ms. Martinez says she "ended up using my husband" to access the CRO's "Go Back Letter." Her counsel objected to questioning about privileged communications involving her spouse and directed her not to answer. Counsel for Defendant then indicated he was not interested in such "communications," and stated on the record that following up on her husband's actions was "irrelevant" and chose not to restate his question to include non-privileged actions and observations and exclude privileged communications. (*See* Exhibit 2 [Martinez Dep.] 74:11-75:3.)

4. On May 13, 2022, Plaintiff filed a declaration stating that her husband assisted with her form. (*See* Decl. of Martinez ISO Pl.'s Mot. for Partial SJ ¶ 4, ECF No. 45-1.)

On October 5, 2022, Plaintiff formally disclosed Joseph Bakker as a witness in her Exchanged Pretrial Disclosures, including the fact that he is Plaintiff's husband along with information about his expected testimony. (*See* Exhibit 3.)

5. The Court then vacated pretrial and trial dates (ECF No. 58) and updated discovery deadlines (ECF No. 87) to set the close of fact discovery to September 29, 2023 and the close of expert discovery to November 30, 2023.

6. Almost a year after formally disclosing Mr. Bakker as a witness to Defendant in her first Exchanged Pretrial Disclosures and more than five months before trial, Plaintiff provided a supplemental discovery disclosure to Defendant on September 29, 2023 that consolidated the listing of all of her then-known witnesses—including Mr. Bakker—that Plaintiff believed she might use to support her claims. (*See* ECF No. 130-4.)

7. In summary, the first formal disclosure of Mr. Bakker as a witness to Defendant occurred almost twelve months before the close of fact discovery and more than seventeen months before trial.

### Marco Salsiccia and Lucia Greco

8. In a filing on December 9, 2022, Defendant revealed for the first time that it had a kiosk available in the CRO that it claimed would be accessible to blind individuals. (*See* Decl. of Yankee ISO Oppo. to Pl.'s Mot. for Summ. J. ¶ 3-4, ECF No. 63-3.)

9. As a result, Plaintiff sought other witnesses who might have recent knowledge and experience with using the CRO's services, which she expected would now including using the CRO's newly revealed kiosk.

10. These efforts led Plaintiff to information about the experiences of Marco Salsiccia and Lucia Greco during their visits to the CRO in December of 2022, after Plaintiff learned of Defendant's new kiosk.

11. As a result of locating these witnesses to events that occurred after Defendant revealed the existence of its new kiosk, on December 22, 2022, Plaintiff disclosed Mr. Salsiccia and Ms. Greco as witnesses. (*See* Pl.'s Suppl. Witness Disclosures, ECF No. 130-3.)

12. The disclosure of these two witnesses thus occurred more than nine months before the close of fact discovery and more than fifteen months before trial.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 22, 2024                    /s/ Timothy Elder
                                                Timothy Elder