Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA  94588
Telephone:    (510) 999-7908
Facsimile:    (510) 999-7918

Attorneys for Defendant
COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>Defendant. | Case No.  20-cv-06570-TSH<br><br>**DEFENDANT COUNTY OF ALAMEDA'S BRIEF REGARDING (1) NOMINAL DAMAGES; AND (2) PROPRIETY OF INCLUDING DEPARTMENT OF JUSTICE TECHNICAL GUIDANCE IN JURY INSTRUCTIONS AND AT TRIAL** |

**TABLE OF CONTENTS**

Page(s)

I. NOMINAL DAMAGES ................................................................................................ 1

    A. For Nominal Damages to be Available Under Title II of the ADA, Plaintiff Must Establish Deliberate Indifference ............................................................. 1

    B. Authority From the Ninth Circuit and Northern District of California Confirm that Nominal Damages Require the Plaintiff to Establish Deliberate Indifference ............ 3

II. DEPARTMENT OF JUSTICE TECHNICAL GUIDANCE .......................................... 5

    A. Plaintiff Seeks to Use Nonbinding DOJ Technical Guidance in the Jury Instructions and at Trial ............................................................................................. 6

    B. DOJ Technical Assistance Should be Excluded from Both the Jury Instructions and as Evidence ........................................................................................ 7

    C. If the Court is Inclined to Allow DOJ Technical Guidance in the Jury Instructions or as Evidence, the County Requests a Stay of the Action Pending the Supreme Court's Decisions in *Loper Bright Enterprises* and *Relentless, Inc.* .................................. 9

III. CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aguilar v. Int'l Longshoremen's Union Local No. 10*,
   966 F.2d 443 (9th Cir. 1992) ..............................................................................................8

*A & M Records, Inc. v. Napster, Inc.*,
   2000 WL 1170106 (N.D. Cal. Aug. 10, 2000) ....................................................................8

*American Hospital Association v. Becerra*,
   596 U.S. 724 (2022) ....................................................................................................... 9-10

*Bayer v. Neiman Marcus Grp., Inc.*,
   861 F.3d 853 (9th Cir. 2017) ............................................................................................4, 5

*Bearchild v. Cobban*,
   947 F.3d 1130 (9th Cir. 2020) ..............................................................................................7

*Becerra v. Empire Health Foundation., for Valley Hosp. Med. Ctr.*,
   597 U.S. 424 (2022) ...........................................................................................................10

*Betancourt Colon v. Puerto Rico Convention Ctr. Dist. Auth.*,
   2023 WL 5163320 (D.P.R. Aug. 11, 2023) ........................................................................2

*Brew–Parrish v. Board of Trustees of Southern Ill. Univ.*,
   78 F.3d 320 (7th Cir. 1996) .................................................................................................2

*Cassidy v. Indiana Dep't of Correction*,
   59 F.Supp.2d 787 (S.D. Ind. 1999) .....................................................................................2

*Cassidy v. Indiana Dep't of Corr.*,
   199 F.3d 374 (7th Cir. 2000) ...............................................................................................2

*Cesaire v. Tony*,
   2023 WL 7291005 (S.D. Fla. Sept. 20, 2023) ....................................................................1

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*,
   467 U.S. 837 (1984) .......................................................................................................9, 10

*Coal. for a Sustainable Delta v. Fed. Emergency Mgmt. Agency*,
   812 F.Supp.2d 1089 (E.D. Cal. 2011) .................................................................................9

*Ctr. for Envtl. Law & Policy v. U.S. Bureau of Reclamation*,
   655 F.3d 1000 (9th Cir. 2011) .............................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

*CSL, L.L.C. v. Imperial Bldg. Prod., Inc.*,
  2004 WL 2647701 (N.D. Cal. Mar. 22, 2004)...........................................................................5

*Dang v. Cross*,
  422 F.3d 800 (9th Cir. 2005) ...................................................................................................7

*Del Madera Properties v. Rhodes and Gardner, Inc.*,
  820 F.2d 973 (9th Cir. 1987) ...................................................................................................7

*Del Puerto Water District v. United States Bureau of Reclamation*,
  271 F.Supp.2d 1224 (E.D. Cal. 2003) .....................................................................................9

*Dent v. Holder*,
  627 F.3d 365 (9th Cir. 2010) ...................................................................................................9

*Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs*,
  932 F.3d 843 (9th Cir. 2019) ...................................................................................................9

*Duvall v. County of Kitsap*,
  260 F.3d 1124 (9th Cir. 2001) ............................................................................................3, 5

*Ferguson v. City of Phoenix*,
  157 F.3d 668 (9th Cir. 1998) ..........................................................................................2, 3, 5

*Fikes v. Cleghorn*,
  47 F.3d 1011 (9th Cir. 1995) ...................................................................................................7

*Francois v. Our Lady of the Lake Hosp., Inc.*,
  8 F.4th 370 (5th Cir. 2021) ......................................................................................................2

*Franklin v. Gwinnett*,
  503 U.S. 60 (1992) ...................................................................................................................3

*Friends of the Clearwater v. Higgins*,
  523 F.Supp.3d 1213 (D. Idaho 2021) ......................................................................................9

*Gebser v. Lago Vista Indep. School Dist.*,
  524 U.S. 274 (1998) .................................................................................................................3

*Gorman v. Bartch*,
  152 F.3d 907 (8th Cir.1998) ....................................................................................................2

*Guardians Association, etc., et al. v. Civil Service Commission of the City of New York, et al.*,
  463 U.S. 582 (1983) .................................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

*Herrera-Amaya v. Arizona*,
  2017 WL 11595813 (D. Ariz. Sept. 19, 2017) ............................................................................ 8

*Hoard v. Hartman*,
  904 F.3d 780 (9th Cir. 2018) .................................................................................................... 7

*Hunter v. Cnty. of Sacramento*,
  652 F.3d 1225 (9th Cir. 2011) .................................................................................................. 7

*Juech v. Children's Hosp. & Health Sys., Inc.*,
  353 F.Supp.3d 772 (E.D. Wis. 2018) .................................................................................... 2-3

*Lockwood v. Our Lady of the Lake Hosp., Inc.*,
  467 F.Supp.3d 435 (M.D. La. 2020) ........................................................................................ 2

*Loper Bright Enterprises v. Raimondo*,
  45 F.4th 359 (D.C. Cir. 2022) ................................................................................................ 10

*Molski v. M.J. Cable, Inc.*,
  481 F.3d 724 (9th Cir. 2007) .................................................................................................... 4

*Nix v. Advanced Urology Inst. of Ga., PC*,
  No. 21-10106, 2021 WL 3626763, 2021 U.S. App. LEXIS 24467
  (11th Cir. Aug. 17, 2021) .......................................................................................................... 2

*Oliver v. Ralphs Grocery Co.*,
  654 F.3d 903 (9th Cir. 2011) .................................................................................................... 4

*Payan v. Los Angeles Cmty. Coll. Dist.*,
  2021 WL 3743307 (9th Cir. Aug. 24, 2021) ............................................................................ 3

*Perry v. Gottlieb*,
  No. 21-55513, 2022 WL 779627 (9th Cir. Mar. 14, 2022) ...................................................... 4

*Relentless, Inc. v. Department of Commerce*,
  No. 22-1219, 2023 WL 6780370 (U.S. Oct. 13, 2023) .......................................................... 10

*United States v. Marolf*,
  173 F.3d 1213 (9th Cir. 1999) .................................................................................................. 5

*United States of America v. Thomas K. Weir, et al.*,
  2024 WL 1144962 (M.D. Tenn. Mar. 15, 2024) ............................................................... 10-11

# TABLE OF AUTHORITIES

**Page(s)**

*United States v. Warren*,
    984 F.2d 325 (9th Cir. 1993) ................................................................................................7

*Utica Mut. Ins. Co. v. Lifequotes of Am., Inc.*,
    2011 WL 1984423 (E.D. Wash. May 20, 2011) ...................................................................8

*Uzuegbunam v. Preczewksi*,
    592 U.S. 279 (2021) ..............................................................................................................4

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) ................................................................................................4

*West Virginia v. EPA*,
    597 U.S. 697 (2022) ............................................................................................................10

*Whitaker v. Le Marais Bakery, LLC*,
    2022 WL 827643 (N.D. Cal. Mar. 18, 2022) ........................................................................4

*Whitaker v. Pita Hub Inc.*,
    2022 WL 1157498 (N.D. Cal. Apr. 19, 2022) .......................................................................4

*Whitaker v. Tesla Motors, Inc.*,
    2021 WL 4461210 (N.D. Cal. Sept. 29, 2021) ......................................................................4

*White v. Ford Motor Co.*,
    312 F.3d 998 (9th Cir. 2022) ................................................................................................7

*Zimmerman v. State Dept. of Justice*,
    170 F.3d 1169 (9th Cir. 1999) ..............................................................................................2

**Federal Statutes**

29 U.S.C. section:
    794a(a)(2) ..............................................................................................................................1

42 U.S.C. section:
    12132 ................................................................................................................................1, 7
    12133 .....................................................................................................................................1
    12203 .....................................................................................................................................5
    2000d .....................................................................................................................................1

ORBACH HUFF & HENDERSON LLP

**TABLE OF AUTHORITIES**

**Page(s)**

**Other Authorities**

Federal Rules of Evidence:
    401-403 ................................................................................................................................9
    601-606 ................................................................................................................................9
    701-702 ................................................................................................................................9
    801-803 ................................................................................................................................9
    901-902 ................................................................................................................................9
    1000-1004 ............................................................................................................................9

Pursuant to the Court's Order at the Final Pretrial Conference on March 14, 2024, Defendant County of Alameda ("County") submits its brief regarding the following issues:

1. If Plaintiff Lisamaria Martinez ("Plaintiff") establishes a violation of Title II of the Americans with Disabilities Act ("ADA"), but does *not* establish that the County acted with deliberate indifference, may the jury award Plaintiff nominal damages?  **No.**

2. Should nonbinding, nonprecedential technical guidance by the Department of Justice be included in the jury instructions or as evidence at trial?  **No.**

## I. NOMINAL DAMAGES

### A. For Nominal Damages to be Available Under Title II of the ADA, Plaintiff Must Establish Deliberate Indifference

The first question the Court posed to the parties is whether the jury may award Plaintiff nominal damages in the event she establishes a violation of Title II of the ADA but does not establish that the County acted with deliberate indifference. While there is a dearth of authority on whether nominal damages are available under Title II at all, the authority that is available suggests that such damages are *only* recoverable if the plaintiff proves intentional discrimination, i.e., deliberate indifference. Thus, in the event Plaintiff establishes a violation of Title II but not deliberate indifference, it would be improper for the jury to award nominal damages.

Nominal damages are available under traditional contract law, and, as such, would also be recoverable under Spending Clause statutes such as the Rehabilitation Act and Title VI of the Civil Rights Act of 1964. *Cesaire v. Tony*, 2023 WL 7291005, at *4 (S.D. Fla. Sept. 20, 2023), *report and recommendation adopted*, 2023 WL 7291034 (S.D. Fla. Nov. 6, 2023). Title II incorporates the same remedies as the Rehabilitation Act. See 42 U.S.C. § 12133 (Title II) ("The remedies, procedures, and rights set forth in section 794a of Title 29 [the Rehabilitation Act] shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."). In turn, the Rehabilitation Act incorporates the remedies provisions of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* See 29 U.S.C. § 794a(a)(2). Thus, "[t]hese statutes require that the ADA and the Rehabilitation Act remedies be

ORBACH HUFF & HENDERSON LLP

1  construed the same as remedies under Title VI." *Ferguson v. City of Phoenix,* 157 F.3d 668, 672 (9th

2  Cir. 1998), *as amended* (Oct. 8, 1998).

3  However, as the relevant authorities make clear, such damages are only available in the event of

4  *intentional* violations of the applicable statute.  "Most Circuits have recognized that under these statutes

5  'the full spectrum of legal and equitable remedies' are available, *at least when the plaintiff proves an*

6  *intentional violation*." *Cassidy v. Indiana Dep't of Correction*, 59 F.Supp.2d 787, 793 (S.D. Ind.

7  1999), *aff'd sub nom. Cassidy v. Indiana Dep't of Corr.*, 199 F.3d 374 (7th Cir. 2000) (emph. added),

8  quoting *Gorman v. Bartch,* 152 F.3d 907, 908 (8th Cir.1998); see also *Zimmerman v. State Dept. of*

9  *Justice,* 170 F.3d 1169, 1177-79 (9th Cir. 1999); *cf. Brew–Parrish v. Board of Trustees of Southern Ill.*

10 *Univ.,* 78 F.3d 320, (7th Cir. 1996) (declining to decide the issue, but collecting cases from other

11 Circuits which have allowed "the full range of traditional remedies").  Indeed, under the Spending

12 Clause statutes, monetary damages are only available in the event of intentional violations, and Title

13 II's remedies must be construed in the same manner.  *Ferguson,* 157 F.3d at 672, 674.  Thus, nominal

14 damages are "available for *intentional violations* of the ADA, Rehabilitation Act, or Title VI, even if no

15 other damages are available." *Cassidy*, 59 F.Supp.2d at 793.

16 Other courts have reached the same conclusion.  *Francois v. Our Lady of the Lake Hosp., Inc.*, 8

17 F.4th 370, 379 (5th Cir. 2021) (noting that the plaintiff-appellant "ha[d] made no attempt to argue that

18 his nominal-damages claims, if any exist, are not subject to the same intentional-discrimination

19 standard as a claim for compensatory monetary damages"); *Lockwood v. Our Lady of the Lake Hosp.,*

20 *Inc.*, 467 F.Supp.3d 435, 438 (M.D. La. 2020) (finding that the plaintiffs "could recover nominal

21 damages if they proved intentional discrimination on the part of the defendant"); *Nix v. Advanced*

22 *Urology Inst. of Ga., PC*, No. 21-10106, 2021 WL 3626763, at *3, 2021 U.S. App. LEXIS 24467 (11th

23 Cir. Aug. 17, 2021) (rejecting the plaintiff's argument that she was entitled to a jury trial on nominal

24 damages "even in the absence of intentional discrimination" and suggesting that intentional

25 discrimination was a "necessary element of [the plaintiff's] civil rights claim" which she could not

26 prove); *Betancourt Colon v. Puerto Rico Convention Ctr. Dist. Auth.*, 2023 WL 5163320, at *9 (D.P.R.

27 Aug. 11, 2023) (finding the plaintiff had sufficiently alleged intentional discrimination so as to seek an

28 award of nominal damages, under Title II of the ADA); *Juech v. Children's Hosp. & Health Sys., Inc.*,

ORBACH HUFF & HENDERSON LLP

353 F.Supp.3d 772, 787 (E.D. Wis. 2018) ("Although [plaintiff] argues that she may still pursue nominal damages [in the absence of deliberate indifference], she offers no relevant authority for that proposition.").

### B. Authority From the Ninth Circuit and Northern District of California Confirm that Nominal Damages Require the Plaintiff to Establish Deliberate Indifference

The most relevant opinion out of the Ninth Circuit appears to be *Ferguson v. City of Phoenix*, 157 F.3d 668, 673 (9th Cir. 1998), *as amended* (Oct. 8, 1998), in which the "principal question" the Ninth Circuit answered was "whether a showing of intentional discrimination is a prerequisite to the recovery of damages by plaintiffs when violations of the ADA and the Rehabilitation Act have occurred." *Id.*, at 673. While the Court did not specify "nominal" damages in the opinion, it did discuss when "damages" are available under Title II of the ADA, which would necessarily include *nominal damages*. Noting that the "ADA and Rehabilitation Act remedies be construed the same as remedies under Title VI" (*id.*, at 673), the Ninth Circuit then analyzed Spending Clause statutes to determine if those statutes require an intentional violation before a plaintiff may recover damages. Specifically, the Ninth Circuit cited *Franklin v. Gwinnett*, 503 U.S. 60 (1992), for its holding that "compensatory damages are available for intentional violations of Title IX" (see *Ferguson*, 157 F.3d at 674), and *Guardians Association, etc., et al. v. Civil Service Commission of the City of New York, et al.*, 463 U.S. 582 (1983), for its holding that "in the absence of proof of discriminatory animus, compensatory relief should not be allowed under Title VI" (*see Ferguson*, 157 F.3d at 674). The Ninth Circuit then concluded, based on *Franklin* and *Guardians*, that monetary damages are not available under Title II of the ADA or the Rehabilitation Act absent a showing of discriminatory intent. *Ferguson*, 157 F.3d at 674; see also *Gebser v. Lago Vista Indep. School Dist.*, 524 U.S. 274 (1998) (requiring, under Title IX, a showing of actual notice and then deliberate indifference by one with the authority to respond in order to recover damages); see also *Payan v. Los Angeles Cmty. Coll. Dist.*, 2021 WL 3743307, at *3 (9th Cir. Aug. 24, 2021), quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) ("'To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant,' which is measured by a 'deliberate indifference' standard.").

     A recent decision out of the Northern District is instructive, albeit dealing with Title III rather than Title II. However, the logic set forth in the court's decision applies equally to this action. In *Whitaker v. Pita Hub Inc.*, 2022 WL 1157498, at *3 (N.D. Cal. Apr. 19, 2022), the court addressed the plaintiff's argument that even though his claim for injunctive relief under Title III of the ADA was moot, he nevertheless had a live claim for nominal damages. *Id.*, at *2-*3. The plaintiff contended that nominal damages must be available under Title III of the ADA following the Supreme Court's decision in *Uzuegbunam v. Preczewksi*, 592 U.S. 279, 141 S. Ct. 792 (2021), "in which the Supreme Court held that 'a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right.'" *Whitaker*, 2022 WL 1157498, at *3, citing and quoting *Uzuegbunam*, 141 S. Ct. at 802. However, as the district court noted, *Uzuegbunam* was decided under common law principles, and as a result, it does not change the availability of remedies under the ADA. *Id.*, citing *Whitaker v. Le Marais Bakery, LLC*, 2022 WL 827643, at *4 (N.D. Cal. Mar. 18, 2022), and quoting *Whitaker v. Tesla Motors, Inc.*, 2021 WL 4461210, at *1 (N.D. Cal. Sept. 29, 2021). The district court further noted that "the Ninth Circuit is unequivocal that private plaintiffs may only seek injunctive relief under Title III of the ADA, and not monetary damages," and that "*Uzuegbunam* does not entitle Plaintiff to seek nominal damages for ADA violations where the statute itself does not so allow." *Id.*, citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); and *Perry v. Gottlieb*, No. 21-55513, 2022 WL 779627, at *1 (9th Cir. Mar. 14, 2022). As a result, *because monetary damages are not available under Title III*, the court determined that the plaintiff did not have a claim for *nominal damages* under Title III.

     As is clear from *Whitaker*, nominal damages, although distinct from compensatory damages, are nonetheless monetary in nature, in that the award is comprised of some amount of U.S. currency, irrespective of any intent to compensate. See, e.g., *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 872 (9th Cir. 2017) (effectively referring to nominal damages as a "monetary award," stating, "[t]he Supreme Court has never addressed whether the trifling and purely symbolic nature of nominal damages might constitute an attribute meriting an exception to the general rule that monetary awards are ordinarily awarded in law rather than equity, if only in the context of actions that seek to vindicate

- 4 -

civil rights."); see also *CSL, L.L.C. v. Imperial Bldg. Prod., Inc.*, 2004 WL 2647701, at *1 (N.D. Cal. Mar. 22, 2004) (dismissing "claims for all monetary relief other than nominal damages"); *United States v. Marolf*, 173 F.3d 1213, 1219 n.5 (9th Cir. 1999) (nominal damages are typically "a legal, not an equitable, remedy").  Thus, following the logic of *Whitaker*, the Court must determine whether *monetary* damages are available under Title II of the ADA to determine whether *nominal* damages are available.  And, just as the Ninth Circuit has been unequivocal that monetary damages are not available to plaintiffs under Title III of the ADA, the Ninth Circuit has been just as unequivocal that "[t]o recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," meaning proof of deliberate indifference. *Duvall*, 260 F.3d at 1138-39 (9th Cir. 2001); *Ferguson*, 157 F.3d at 674.

Thus, under Title II, a plaintiff may only recover monetary damages, including nominal damages, upon a showing of intentional discrimination, i.e., deliberate indifference.[1]  *Ferguson*, 157 F.3d at 674-675.  Accordingly, if the jury finds that Plaintiff has established a violation of Title II, but that Plaintiff did not establish deliberate indifference, the jury *cannot* award Plaintiff nominal damages.

## II.     DEPARTMENT OF JUSTICE TECHNICAL GUIDANCE

The second question the Court posed to the parties is whether the jury instructions may include nonbinding, nonprecedential technical guidance by the Department of Justice ("DOJ"), concerning the DOJ's interpretation of Title II of the ADA.  For purposes of completeness and judicial efficiency, the

---

[1] While there is Ninth Circuit authority awarding nominal damages under the ADA absent proof of intentional discrimination, that authority pertains specifically to *Title V*, 42 U.S.C. § 12203, under which such nominal damages may sometimes be characterized as equitable relief when necessary to achieve full justice. See *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 869, 874-75 (9th Cir. 2017) (holding ADA lawsuit brought by former employee against employer was not moot because he could be awarded nominal damages under 42 U.S.C. § 12203). In *Bayer*, there were "unique circumstances" which rendered an award of nominal damages necessary to achieve full justice, where there was reasonable cause to believe the defendant discriminated against the plaintiff in violation of Title V of the ADA, but the plaintiff had to wait a significant period of time before receiving a right-to-sue letter from the EEOC, and the action was subsequently deemed moot by the district court such that the defendant was deemed the prevailing party and the plaintiff was ordered to pay the defendant's costs. *Bayer*, 861 F.3d at 874.  The Ninth Circuit held that "[t]here can be no question that complete justice required a different result" and thus "conclude[d] § 12203 authorizes courts to award nominal damages as equitable relief when complete justice requires." *Id.  Bayer* is of no significance here. First, *Bayer* is inapposite where it applies to Title V, not Title II, and there is no similar authority allowing for nominal damages as equitable relief under Title II of the ADA, which requires a showing of intentional discrimination (deliberate indifference) before a plaintiff may recover damages.  *Duvall*, 260 F.3d at 1138.  Second, even if the rule in *Bayer* applied to Title II, which it does not, there are no "unique circumstances" in this action, as there were in *Bayer*, which would warrant awarding nominal damages as equitable relief for purposes of achieving complete justice.

ORBACH HUFF & HENDERSON LLP

1  County also addresses Plaintiff's intent to use such technical guidance as evidence, through witnesses
2  and exhibits.

### A. Plaintiff Seeks to Use Nonbinding DOJ Technical Guidance in the Jury Instructions and at Trial

With respect to the jury instructions, the only DOJ guidance Plaintiff seeks to include appears to come from Appendix A to 28 C.F.R. part 35 (2009). However, based on Plaintiff's exhibit list, it also appears Plaintiff intends to either elicit testimony from witnesses regarding DOJ guidance and/or seeks to publish DOJ guidance to the jury through exhibits. Plaintiff's exhibit list includes: (1) Exhibits 12 and 13 – DOJ ADA Title II Technical Assistance Manual, Equally effective communication and primary consideration § II-7.10000-1100; (2) Exhibit 14 – DOJ Publication – ADA Requirements – Best Practices Toolkit – Effective Communication; and (3) Exhibit 16 – Excerpts from the Code of Federal Regulations, 28 C.F.R. Part 35, Appendix B.

To be clear, Appendices A and B to 28 C.F.R. Part 35 are both described by the DOJ, in their respective texts, as "guidance." See 28 C.F.R. Part 35, App. A (entitled, "Guidance to Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability in State and Local Government Services," and stating, "[t]his Appendix contains guidance providing a section-by-section analysis of the revisions to 28 C.F.R. part 35 published on September 15, 2010"); see also App. B (entitled, "Guidance on ADA Regulation on Nondiscrimination on the Basis of Disability in State and Local Government Services Originally Published July 26, 1991," and setting forth the DOJ's nonbinding "preamble" to 28 C.F.R. Part 35, 56 FR 35696, July 26, 1991). Similarly, Plaintiff's Exhibits 14 and 16 are both likewise referred to as "guidance" in their respective documents. See DOJ, ADA Title II Technical Assistance Manual ("Title II TAM"), https://archive.ada.gov/taman2.html ("This guidance document…"); see DOJ, ADA Best Practices Tool Kit for State and Local Governments, Ch. 3, see also Plaintiff's Exhibit 14 ("This guidance document…"). And, both the Title II TAM and the Best Practices Tool Kit explicitly provide that the DOJ's "guidance documents" are "not intended to be a final agency action, ha[ve] no legally binding effect, and may be rescinded or modified in the Department's complete discretion, in accordance with applicable laws." See DOJ, ADA Title II TAM, https://archive.ada.gov/taman2.html; see also DOJ, ADA Best Practices Tool Kit for State and Local

1   Governments, Ch. 3, https://archive.ada.gov/pcatoolkit/chap3toolkit.htm, and Plaintiff's Exhibit 14.
2   They further provide that the DOJ's "guidance documents, including this guidance, do not establish
3   legally enforceable responsibilities, beyond what is required by the terms of the applicable statutes,
4   regulations, or binding judicial precedent."  Id.

### B. DOJ Technical Assistance Should be Excluded from Both the Jury Instructions and as Evidence

The Ninth Circuit has repeatedly held that "'[j]jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.'" *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005), quoting *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2022); see also *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011).  In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered.  *Dang*, 422 F.3d at 805; *Bearchild v. Cobban*, 947 F.3d 1130, 1154–55 (9th Cir. 2020).  The instructions must allow the jury to determine the issues presented intelligently.  *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995); *Del Madera Properties v. Rhodes and Gardner, Inc.,* 820 F.2d 973, 978 (9th Cir. 1987).  Thus, jury instructions will lead to reversible plain error when the instruction:  (1) fails to include a necessary element, or (2) adds an obviously non-existent one.  *Dang*, 422 F.3d at 805; *Hoard v. Hartman*, 904 F.3d 780, 790 (9th Cir. 2018); *United States v. Warren*, 984 F.2d 325, 327–28 (9th Cir. 1993).

Based on the foregoing, jury instructions are clearly intended to set forth the *applicable law*, and there is no dispute in this action that the applicable law is comprised of Title II of the ADA (42 U.S.C. § 12132), the relevant regulations set forth in 28 C.F.R. part 35 (primarily 28 C.F.R. sections 35.160 and 35.104), and the pertinent case law interpreting the applicable statute and regulations.  The *applicable law* does not include technical guidance which explicitly concedes, within its own texts, that it is nonbinding and does not establish any legally enforceable obligations outside of the primary authority it purports to interpret.  There is simply no reason to instruct the jury on secondary, nonprecedential guidance from the DOJ, which by its own terms *adds nothing* to the applicable legal obligations in this action, and which would only stand to confuse the jury, particularly where that

1  guidance is often contradictory to the regulations themselves.[2]

2  For the same reason, the jury should not be presented with this guidance as evidence, whether
3  through witness testimony or corresponding exhibits.  The only reason, it appears, that Plaintiff wants
4  to show the DOJ's technical guidance to the jury is that the technical guidance contains language,
5  terms, and interpretations of the applicable law that are much more favorable to Plaintiff's case than the
6  primary authority itself.  While the County can certainly understand Plaintiff's desire in this regard, that
7  does not render it proper.  It is not Plaintiff's place to instruct the jury on the applicable law; it is the
8  Court's place to do so, and allowing Plaintiff's witnesses, including expert witnesses, to testify about
9  nonbinding DOJ technical assistance would only serve to usurp the Court's role in this regard.
10 *Herrera-Amaya v. Arizona*, 2017 WL 11595813, at *9 (D. Ariz. Sept. 19, 2017) ("It is the Court's role
11 to instruct the jury as to the law"); *Utica Mut. Ins. Co. v. Lifequotes of Am., Inc.*, 2011 WL 1984423, at
12 *3 (E.D. Wash. May 20, 2011) ("And it is the Court's role to instruct the jury as to the applicable legal
13 standards.").  Indeed, for this reason, and as a general rule, legal testimony is inadmissible at trial.  *See*
14 *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (holding that
15 "matters of law for the court's determination" are "inappropriate subjects" for testimony at trial); 1
16 McCormick on Evidence § 12 (7th ed. 2016) ("[C]ourts do not allow opinion on a question of law.");
17 *e.g., A & M Records, Inc. v. Napster, Inc.*, 2000 WL 1170106, at *8 (N.D. Cal. Aug. 10, 2000), *aff'd*,
18 239 F.3d 1004 (9th Cir. 2001) (excluding, for these reasons, expert report that purported to "testify
19 about the applicable law").  Thus, attempting to have expert witnesses expand upon and interpret the
20 applicable law using nonbinding technical assistance from an administrative agency, as Plaintiff
21 attempts to do here, is entirely improper.

22 Further, notably, no one from the DOJ is on either party's witness list, and Plaintiff has thus far
23 offered no indication as to how she intends to authenticate the DOJ technical guidance and the contents
24 she seeks to use.  While Plaintiff has suggested that the Court may judicially notice the DOJ's technical

---

[2] As the County has repeatedly argued, the DOJ's statement in the Best Practices Tool Kit that a "qualified reader would also need to be capable of assisting the individual in completing forms by accurately reading instructions and recording information on each form…" (DOJ, ADA Best Practices Tool Kit for State and Local Governments, Ch. 3, https://archive.ada.gov/pcatoolkit/chap3toolkit.htm, & Plaintiff's Exhibit 14), that language directly contradicts the regulatory definition of "qualified reader," which only requires the "qualified reader" be "able to read effectively, accurately, and impartially using any necessary specialized vocabulary."  See 28 C.F.R. § 35.104.  There is no requirement that the qualified reader be able to write or type or otherwise record information.

ORBACH HUFF & HENDERSON LLP

1  guidance, such judicial notice would only extend to the fact the document exists, not the truth of its

2  disputed contents.  See *Del Puerto Water District v. United States Bureau of Reclamation,* 271

3  F.Supp.2d 1224, 1234 (E.D. Cal. 2003) ("Judicial Notice is taken of the existence and authenticity of the

4  public and quasi public documents listed. To the extent their contents are in dispute, such matters of

5  controversy are not appropriate subjects for judicial notice"); *Coal. for a Sustainable Delta v. Fed.*

6  *Emergency Mgmt. Agency*, 812 F.Supp.2d 1089, 1093 (E.D. Cal. 2011); *accord Dine Citizens Against*

7  *Ruining Our Env't v. Bureau of Indian Affairs*, 932 F.3d 843, 848 n.1 (9th Cir. 2019); *Ctr. for Envtl. Law*

8  *& Policy v. U.S. Bureau of Reclamation*, 655 F.3d 1000, 1011 n.5 (9th Cir. 2011); *Dent v. Holder*, 627

9  F.3d 365, 371–72 (9th Cir. 2010).  Obviously, the County disputes the truth of the contents of the DOJ's

10 technical guidance, and any such technical guidance documents are not proper subjects for judicial

11 notice as a result.  *Friends of the Clearwater v. Higgins*, 523 F.Supp.3d 1213, 1222–23 (D. Idaho 2021).

12 Further, given that the DOJ's technical guidance is nonbinding and nonprecedential, it is

13 irrelevant, and, at minimum, its probative value is clearly outweighed by the prejudice that would result

14 to the County if the jury strays from the actual applicable law set forth in the relevant statute,

15 regulations, and binding judicial precedent, and applies DOJ interpretations instead.  For these reasons,

16 any and all DOJ technical guidance should be excluded from trial.  See Fed. R. Evid. 401-403, 601-606,

17 701-702, 801-803, 901-902, 1000-1004.

18 **C.    If the Court is Inclined to Allow DOJ Technical Guidance in the Jury Instructions**
19 **       or as Evidence, the County Requests a Stay of the Action Pending the Supreme**
20 **       Court's Decisions in *Loper Bright Enterprises* and *Relentless, Inc.***

21 Notably, it would be particularly dangerous in this matter to allow the jury to consider

22 nonbinding, nonprecedential technical guidance from the DOJ, whether through the jury instructions,

23 witnesses, or exhibits, where the Supreme Court, in three recent decisions, demonstrated increased

24 skepticism of judicial deference to agencies' statutory interpretations.  While the decisions do not

25 overrule *Chevron*[3] deference – the doctrine providing that courts should generally defer to a federal

26 agency's interpretation of an ambiguous statute – they opened the door to far more aggressive

27 examination of agencies' interpretations.  See *American Hospital Association v. Becerra*, 596 U.S. 724

---

[3] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

- 9 -

Defendant County of Alameda's Brief Regarding Nominal Damages and DOJ Guidance [20-cv-06570-TSH]

(2022) (omitting mention of *Chevron*, conducting independent analysis of text and structure of subject reimbursement statute, and ultimately rejecting DHHS agency interpretation of statute); *Becerra v. Empire Health Foundation., for Valley Hosp. Med. Ctr.*, 597 U.S. 424, 142 S. Ct. 2354 (2022) (omitting mention of *Chevron* and instead conducting independent textual and structural analysis of relevant statute to determine if the language of the statute supported the agency's implementing regulation); *West Virginia v. EPA*, 597 U.S. 697 (2022) (declining to afford deference to the EPA's interpretation of the Clean Air Act and determining that the EPA's attempt to regulate carbon emissions by power plants violated the "Major Questions" Doctrine).

Read together, these decisions expressed an increasing skepticism by the Supreme Court of agency interpretations of statutes, and signaled that, going forward, the federal courts will more closely scrutinize administrative agency decisions and potentially disregard *Chevron* deference. The Supreme Court subsequently decided to undertake adjudication of *Loper Bright Enterprises v. Raimondo* (Docket No. 22-451) (and its companion case, *Relentless, Inc. v. Dep't of Commerce* (Docket No. 22-1219)), in which the petitioners are specifically requesting that the Supreme Court overrule *Chevron*. See *Loper Bright Enterprises v. Raimondo*, 45 F.4th 359 (D.C. Cir. 2022), *cert. granted* (argued Jan. 17, 2024), ⎯⎯ U.S. ⎯⎯, 143 S. Ct. 2429, 216 L.Ed.2d 414 (2023); *Relentless, Inc. v. Department of Commerce*, No. 22-1219, 2023 WL 6780370 (U.S. Oct. 13, 2023). Following oral argument on January 17, 2024, and based on the comments and questions by the Justices, it has become widely anticipated that the Supreme Court is poised to do exactly that. This is yet further reason to preclude the jury from hearing, seeing, or considering DOJ technical guidance in adjudicating this matter at trial, for which the DOJ is likely not entitled to any deference whatsoever. The Court should instead limit the jury's consideration to the actual applicable law – the statute, regulations, and binding judicial precedent.

However, in the event the Court is inclined to allow the jury to consider DOJ technical guidance, whether through the jury instructions, exhibits, or witness testimony, then the County requests that this action be stayed pending the Supreme Court's decisions in *Loper Bright Enterprises* and *Relentless, Inc.*, for a decision from the Supreme Court regarding whether an agency's interpretation is entitled to any deference at all, and if so, under what circumstances. See e.g., *United*

*States of America v. Thomas K. Weir, et al.*, 2024 WL 1144962, at *1 (M.D. Tenn. Mar. 15, 2024) ("As the Government points out, whether *Relentless* or *Loper* will be resolved in a way that would jeopardize the Government's theory of the case is a matter of speculation. What is not speculative, however, is the need for the court to address the pending Motion to Dismiss Indictment, which raises issues of agency authority that those cases may plausibly implicate. Also non-speculative is the court's duty, at trial, to instruct the jury on the governing law, which will require the court to decide whether to instruct the jury based purely on the relevant statutory terms or whether to rely, as well, on the relevant regulations. There is, therefore, no way to avoid these issues. The court's only choices are to address them now, without the soon-to-be-issued guidance of the Supreme Court, or to wait.  Requests for continuances on the eve of trial are highly disfavored. The primary reasons they are disfavored, however, involve issues of fairness and judicial economy, and it does not appear to the court that either fairness or judicial economy would be served by addressing these matters prematurely, having a trial, and then having to clean up the matter after the fact, if the Supreme Court does revise its caselaw in a manner that would undermine the foundations on which that prosecution rested.").

## III.     CONCLUSION

First, nominal damages are not available under Title II of the ADA unless the plaintiff establishes deliberate indifference.  Second, DOJ technical guidance must be excluded from both the jury instructions, and as evidence at trial, to avoid usurping the Court's role of instructing the jury on the applicable law.

Dated:  March 24, 2024              Respectfully submitted,
                                    **ORBACH HUFF & HENDERSON LLP**

                                    By:   */s/ Kevin E. Gilbert*
                                            Kevin E. Gilbert
                                            Nicholas D. Fine
                                            Attorneys for Defendant
                                            COUNTY OF ALAMEDA