Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA  94588
Telephone:     (510) 999-7908
Facsimile:     (510) 999-7918

Attorneys for Defendant
COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>　　　　　Defendant. | Case No.  20-cv-06570-TSH<br><br>**DEFENDANT COUNTY OF ALAMEDA'S BRIEF REGARDING PLAINTIFF'S REBUTTAL EXPERT EVE HILL** |

---

Defendant County of Alameda's Brief re Plaintiff's Rebuttal Expert Eve Hill [20-cv-06570-TSH]

**TABLE OF CONTENTS**

Page(s)

A.  Hill's Purported Opinions on Issues Relevant to Plaintiff's Case-in-Chief Are Not Proper Rebuttal Testimony ................................................................................ 1

B.  If Hill is Allowed to Testify, Her Testimony Must be Limited to That of a Rebuttal Expert, and Should Only Be Allowed After Defendant's Expert Testifies .................. 5

C.  Conclusion ......................................................................................................... 7

Pursuant to the Court's Order at the hearing on March 25, 2024, Defendant County of Alameda ("County") submits its brief regarding Plaintiff's rebuttal expert witness Eve Hill. The County objects that Eve Hill is not a proper rebuttal witness because she will opine on issues that are Plaintiff's ultimate burden of proof and address Plaintiff's case-in-chief. Rebuttal experts are limited to new unforeseen facts brought out in the other side's case. A party cannot designate an expert as a "rebuttal" expert when the expert will opine squarely on an issue in which the party has the ultimate burden of proof and whose opinions would go to their case-in-chief. This is far from rebuttal and the law is clear on this. Defendant further objects that, to the extent Ms. Hill is allowed to offer any testimony, such testimony must be limited to rebuttal testimony only after Defendant's corresponding expert has testified.

### A. Hill's Purported Opinions on Issues Relevant to Plaintiff's Case-in-Chief Are Not Proper Rebuttal Testimony

A rebuttal expert is one who presents "evidence [] intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C). . .." Fed. R. Civ. Proc. 26(a)(2)(D)(ii); see also *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008), quoting *US v. Grintjes*, 237 F.3d 876, 879 (7th Cir. 2001) ("The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party."). A rebuttal expert cannot testify in the designating party's case-in-chief and can only testify within the narrow scope of contradicting or rebutting evidence of the same subject matter by the opposing party's expert witness. Fed. R. Civ. Proc. 26(a)(2)(C); *Lindner v. Meadow Gold Diaries, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008); *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 U.S. Dist. LEXIS 98086, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014) ("a rebuttal expert cannot offer evidence that does not contradict or rebut another expert's disclosure").

A party need not disclose a rebuttal expert witness before the deadline for initial expert reports. See *State v. Kinder Morgan Energy Partners, L.P.*, 159 F.Supp.3d 1182, 1191 (S.D. Cal. 2016). But "if the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *Century-National Ins. Co., et al v. Gardner*, 460 F.Supp.3d 1059, 1064 (D. NV 2020) (internal citation omitted). "[R]ebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case." *In*

ORBACH HUFF & HENDERSON LLP

*re Toy Asbestos*, 2021 WL 1056552, at *3 (N.D. Cal. Mar. 19, 2021). Courts may properly exclude expert rebuttal testimony that is "related to issues that were the subject of the plaintiff's case-in-chief." *Daly v. Fesco Agencies NA, Inc.*, 108 F. App'x 476, 479 (9th Cir. 2004).

Rule 26 establishes the sequencing of expert discovery and specifies that a rebuttal witness is one whose testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. Proc. 26(a)(2)(D)(ii). Further, courts in this Circuit hold that expert testimony that goes directly to an issue to be presented in a party's case-in-chief and which could have been anticipated is not proper rebuttal testimony. See, e.g., *Kinder Morgan Energy Partners, L.P.*, 159 F.Supp.3d at 1191; *Century-National Ins. Co.*, 460 F.Supp.3d at 1064 ("[T]he witness is not a rebuttal witness or anything analogous to one" if the purpose of the testimony is to contradict "expected and anticipated portion[s] of the other party's case-in-chief.") (internal citations omitted).

Turning to this matter, the Court previously set deadlines for the disclosure of experts. On December 22, 2022, Plaintiff served her initial expert disclosure wherein she identified experts Karen McCall and Steven Clark. Then on October 2, 2023, she served supplemental expert disclosures, which again limited her identified experts to McCall and Clark. Also on October 2, 2023, Defendant served its expert disclosure, identifying Chris Vaughan as its only expert. Then, on November 1, 2023, Plaintiff served her Rebuttal Expert Disclosure wherein Eve Hill was first identified. A true and correct copy of Plaintiff's Rebuttal Expert Disclosure and Ms. Hill's Rule 26 report is attached hereto as **Exhibit A**.

Within that report, Hill offered several opinions, which are both directly responsive to Vaughan's testimony and also go directly to key legal issues for which Plaintiff bears the burden of proof. Indeed, Plaintiff's counsel argued to the Court during the hearing on March 25, 2024, that Ms. Hill's anticipated testimony was expected to go far beyond rebutting Defendant's expert, and was expected to address Plaintiff's direct claims. Thus, Plaintiff's sham disclosure of Hill as a "rebuttal" expert is improper and her testimony should be excluded.

Federal Rules of Civil Procedure Rule 26(a)(2)(D)(ii) states that rebuttal disclosures of expert testimony are "intended solely to contradict or rebut evidence on the same subject matter identified by another party." Expanding thereon, the Court in *In re Toy Asbestos*, 2021 WL 1056552, stated as follows:

> If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one. Rather, rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case.

*In re Toy Asbestos*, 2021 WL 1056552, at *3 (N.D. Cal. Mar. 19, 2021); *Lake v. City of Vallejo*, 2021 WL 2042584, at *2 (E.D. Cal. May 21, 2021) ("The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party…However, if the rebuttal expert's testimony is offered to "contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one."); *Kinder Morgan Energy Partners, L.P.*, 159 F.Supp.3d at 1192 ("An expert report is not proper rebuttal if 'the report speaks directly to an issue on which [the offering party] bear the burden of proof.'"); see also *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001) (affirming the trial court's exclusion of an expert who was improperly disclosed as a rebuttal expert).

Hill is not going to testify on "new unforeseen facts." Rather, Plaintiff intends upon having her testify to the specific elements of her claims, for which Plaintiff bears the burden of proof. Plaintiff certainly anticipated needing to meet her burden on the issue and therefore Hill is "not a rebuttal witness or anything close to one." *Kinder Morgan Energy Partners, L.P.*, 159 F.Supp.3d at 1192. Pursuant thereto, and as confirmed by countless courts, Hill's testimony must be excluded or, at a minimum, significantly narrowed and restricted to only rebut the testimony of Defendant's expert, Vaughn.

In *Daly v. Fesco Agencies NA*, 108 F. App'x 476, 479 (9th Cir. 2004), the Ninth Circuit affirmed the district court's ruling to exclude the testimony of a rebuttal witness on various bases, including on the basis that "the proposed testimony related to issues that were the subject of the plaintiff's case-in-chief and therefore was not properly rebuttal." The Ninth Circuit held that the expert "does not qualify as a rebuttal witness whose testimony could not be anticipated" and held that the district court's ruling was not an abuse of discretion.

In *Lake v. City of Vallejo*, 2021 WL 2042584, at *2 (E.D. Cal. May 21, 2021), the Court excluded the testimony of two of the plaintiff's rebuttal experts who were expected to opine on more than their personal knowledge of the incident. They were expected to opine as part of the plaintiff's case-in-chief about the scope of the plaintiff's damages due to the officer's alleged excessive use of

1  force.  See, e.g., *Clear-View Technologies, Inc. v. Rasnick*, 2015 WL 3509384, *2-5 (N.D. Cal. June 3,
2  2015) (construing a party's expert disclosure beyond the permissible scope of rebuttal expert testimony
3  where the expert was expected to opine on a matter on which the party had the ultimate burden of
4  proof).

5        In *City of Vallejo*, at *2, the Court held that "due to plaintiff's failure to meet the initial-
6  disclosure deadlines, he was otherwise barred from disclosing any experts on his medical condition--an
7  issue that goes to plaintiff's injuries and therefore is plaintiff's burden to prove."  Plaintiff here knew
8  about the initial expert disclosure deadline given that she disclosed two different experts on that date,
9  both of whom she anticipates calling in this case.  Yet, Plaintiff elected to not disclose Hill at that time.
10 Moreover, Hill's review of the evidence could have been done prior to the initial expert disclosure and
11 she "should have been disclosed as an affirmative expert." *In re Toy Asbestos*, at *4.  Plaintiff here
12 "simply waited to see how Defendants' expert would challenge Plaintiffs' case, and [] took that risk as
13 [her] own peril."  *Id*.  Plaintiff's "tactic ignored the crucial significance of the sequencing of expert
14 disclosures" and she "should not be allowed to manufacture a tactical advantage by waiting to disclose
15 critical information about their case."  *Id*.  Her "actions evince the intent to play fast-and-loose with
16 Rule 26's requirements to the detriment of [Defendants], which the Court [should] not countenance."
17 *Id*.; see also *Kinder Morgan Energy Partners, L.P.*, 159 F.Supp.3d at 1191 ("The City's failure to
18 disclose a water expert, and Dr. Huntley in particular, by the March 11, 2011 initial expert disclosure
19 deadline is indefensible....The use of the groundwater underneath the property as a source of potable
20 water has been a key part of this litigation from its inception.").

21       By waiting for Defendants' own expert to offer testimony from Hill and producing her report,
22 Plaintiff also "prevented all Defendants from designating informed experts who could rebut [Hill's]
23 opinions." *In re Toy Asbestos*, at *4.  Further, allowing Hill to testify would render the sequencing of
24 expert disclosures and the meaning of a "rebuttal" expert (one who rebuts unforeseen facts)
25 meaningless.

26       When a party fails to identify an expert witness and provides the disclosures required by Rule
27 26(a)(2) in accordance with the court's scheduling order, "[d]isruption to the schedule of the court and
28 other parties in that manner is not harmless." *Wong v. Regents of the University of California*, 410 F.3d

ORBACH HUFF & HENDERSON LLP

1052, 1062 (9th Cir. 2005). Similar to the Court's rulings in *City of Vallejo* and *Daly*, Hill must be precluded from testifying in this matter due to Plaintiff's inappropriate disclosure as a "rebuttal" expert.

### B. If Hill is Allowed to Testify, Her Testimony Must be Limited to That of a Rebuttal Expert, and Should Only Be Allowed After Defendant's Expert Testifies

Rule 26 requires complete disclosure of Plaintiff's experts' opinions in the expert's initial reports and contemplates that rebuttal opinions will not be admitted during the proffering party's case-in-chief. By definition, rebuttal expert opinions are not opinions disclosed in the initial report, and Plaintiff should not be permitted to use the opinions in her case-in-chief. Rule 26(a)(2)(B) requires that initial expert reports contain a "complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness in forming them." Fed. R. Civ. Proc. 26(a)(2)(B)(i), (ii). The Rule requires a "detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed. R. Civ. Proc. 26(a)(2)(B) advisory committee notes (1993). Full disclosure is required. "Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." Fed. R. Civ. Proc. 26(a)(2)(B) advisory committee notes (1993).

Rule 26(a)(2)(C)(ii) expressly describes rebuttal as "evidence [] intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." Fed. R. Civ. Proc. 26(a)(2)(C)(ii). One court's explanation illustrates the simplicity of the analysis: "[r]ebuttal is merely showing a fact supporting the opposite conclusion." *ABB Air Preheter, Inc. v. Regenerative Envt'l Equip. Co.*, 167 F.R.D. 668, 672-73 (D.N.J. 1996) (quotation marks and citation omitted). Several recent cases recognize that Rule 26 rebuttal testimony should not be admitted during the proffering party's case-in-chief. In *Donell v. Fidelity National Title Agency of Nevada*, the District of Nevada explained;

> The purpose of rebuttal testimony is to "explain, repel, counteract or disprove evidence of an adverse party ..." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005) (internal quotations omitted). Or stated a bit differently, "[t]he proper function of rebuttal evidence is to contradict, impeach or diffuse the impact of evidence offered by an adverse party." *Peals v. Terre Haute Police Department*, 535 F.3d 621, 630 (7th Cir. 2008). Rebuttal evidence may be

Defendant County of Alameda's Brief re Plaintiff's Rebuttal Expert Eve Hill [20-cv-06570-TSH]

ORBACH HUFF & HENDERSON LLP

> introduced to challenge the evidence or theory of an opponent, but may not be used to establish a case-in-chief. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

2012 WL 170990, *4-5 (D. Nev. Jan. 20, 2012).  The Court aptly concluded, "A rebuttal expert may only testify after the opposing party's initial expert witness testifies." *Id.*, citing *Linder v. MeadowGold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008).  Similarly, in *Mayton v. Auto-Owners Ins. Co.*, the Eastern District of Virginia excluded the plaintiffs' rebuttal expert opinions from the plaintiffs' case-in-chief.  The court ruled, "[A]ny testimony from Plaintiffs' rebuttal experts during the Plaintiffs' case in chief is inappropriate." 2006 WL 1214831, *4 (E.D. Va. May 2, 2006).

Moreover, as recognized by the Western District of Washington, in *Johnson v. Grays Harbor Community Hospital*, rebuttal testimony not only should not be admitted during the proffering party's case-in-chief, the testimony should not be admitted at all until after the expert to be rebutted has testified.  2007 WL 4510313, *4 (W.D. Wash. Dec. 18, 2007).  The court acknowledged its discretion to allow the evidence, but ruled consistent with the Rule 26 purpose for rebuttal expert opinions.  It excluded plaintiff's experts' rebuttal opinions from the plaintiff's case-in-chief:

> Until and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical matter, to offer true "rebuttal" testimony. Therefore, Plaintiff's rebuttal experts will be allowed to testify at trial only after Defendants' experts have testified. In this respect, the Motion to Strike Reports and Non-Rebuttal Testimony of Plaintiff's Rebuttal Expert Witnesses (Dkt. 200), joined by Dr. Shin (Dkt. 205), is granted.

*Id*.  The court's ruling is consistent with and endorses the basic principle that rebuttal testimony should not be admitted during a party's case-in-chief.

The County requests the Court likewise preclude Plaintiff from offering the rebuttal opinions of its expert Eve Hill during Plaintiff's case-in-chief.  Allowing Plaintiff to proffer the rebuttal opinions in her case-in-chief would circumvent the full disclosure principles of Rule 26.  Admitting the evidence would also prejudice the County by effectively allowing Plaintiff to control the County's presentation of its defense.  It would limit the County's ability to control the presentation of its defense by compelling it to proffer expert opinions at trial that it otherwise would not have offered.

///

Improper rebuttal expert disclosures are subject to exclusion under Federal Rules of Civil Procedure Rule 37(c)(1). "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011), citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for disclosure. *Id.* (internal citations omitted). Rule 37(c)(1)'s exclusion sanction is mandatory unless failure to disclosure is substantially justified or harmless. Fed. R. Civ. Proc. 37(c)(1).

It is not an abuse of discretion to exclude a party's rebuttal expert. *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). Courts have upheld the use of the sanction of excluding an expert even when a litigant's entire cause of action or defense has been precluded. *Yeti*, 259 F.3d. at 1106.

### C. Conclusion

For the foregoing reasons, Plaintiff's rebuttal expert, Eve Hill, should be excluded from testifying. Should the Court allow her to testify at all, it must be limited to the scope of her opinions as a rebuttal expert (excluding any opinions on issues which Plaintiff bears the burden of proof) and only after Defendant's expert, Vaughan, has testified.

Dated: March 25, 2024

Respectfully submitted,
**ORBACH HUFF & HENDERSON LLP**

By:  */s/ Kevin E. Gilbert*
Kevin E. Gilbert
Nicholas D. Fine
Attorneys for Defendant
COUNTY OF ALAMEDA