TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:     (415) 873-9199
Facsimile:     (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:     (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, <br><br> Defendant. | Case No. 3:20-cv-06570-TSH <br><br> **PLAINTIFF'S TRIAL BRIEF REGARDING PLAINTIFF'S EXPERT EVE HILL** <br><br> Trial Date: March 26, 2024 <br> Judge: Hon. Thomas S. Hixson |

**PLAINTIFF'S TRIAL BRIEF REGARDING PLAINTIFF'S EXPERT EVE HILL**

## I. INTRODUCTION

Plaintiff's expert Eve Hill was first disclosed on November 1, 2023, more than seven months before trial, and thus well in advance of the minimum for experts of 90 days before trial under Rule 26(a)(2)(D)(i) and also within the timeframe set by a combination of the Court's case management order and the Federal Rules. She was identified as a rebuttal witness because the report of Defendant's then-expert Cris Vaughan suggested that Defendant's planned to cover a variety of material beyond that which a Plaintiff would have normally expected to be covered during a trial, specifically, legal analysis and interpretation of the applicable statutes, regulations, and Department of Justice guidance.[1] Such legal analysis is unusual in most similar cases, as such legal issues are more usually resolved through motions practice and pre-trial briefing. As a result, Plaintiff designated Eve Hill as a rebuttal expert because she could not anticipate needing expert opinion testimony on the matters Ms. Hill addresses in her report. Defendant then deposed Ms. Hill on November 21, 2023, before the close of discovery. The parties exchanged motions *in limine* relating to expert testimony on January 25, 2024 and oppositions to those motions on February 1, 2024, with the majority of both experts' testimony intact except for certain legal conclusions.

Today, March 25, 2024, the day before trial is due to start, Defendant unexpectedly chose to withdraw their expert Cris Vaughan entirely. However, based on Defendant's Trial Brief (ECF No. 101) and other filings and representations, Defendant appears to intend to proceed with making legal and interpretive arguments to the jury substantially similar to those it identified previously in its Rule 26(a)(2)(B) disclosure, but to do so without the use of an expert witness.

If Defendant had withdrawn their expert and filed briefing on the results earlier, Plaintiff would have sought through the appropriate motion to more fully brief the issue for the Court,

---

[1] "I am knowledgeable about the Americans with Disabilities Act, the implementing regulations, as well as the Title II Technical Assistance Manual and Guidance documents published by the United States Department of Justice." (Expert Report ¶ 8, Exhibit A to Def.'s Initial Disclosure of Expert Witnesses, dated October 2, 2023, ECF No. 134-1.)

including the potential impact on jury instructions. Instead, Defendant's last-minute gamesmanship has substantially prejudiced Plaintiff.

Importantly, despite the bluster and noise of many of Defendant's irrelevant attacks on Ms. Hill designation, the only real issue before the Court *now* is: can Ms. Hill, who was originally designated as a rebuttal witness and who Defendants failed to timely challenge on that basis in January, still testify in some capacity at some point in this trial now that Defendant has withdrawn its expert the day before trial?

## II. ARGUMENT

### A. The majority of Defendant's proffered reasons to exclude Ms. Hill are untimely and unavailing.

Inasmuch as any of Defendant's attacks on admitting testimony from Ms. Hill are identical to those that should have been brought by the deadline for their motion *in limine* (January 25, 2024), they should be denied as untimely and in violation of the Court's scheduling order (ECF No. 87), particularly as Plaintiff is substantially prejudiced by having to respond to them within hours instead of the week allowed for under the scheduling order.

Most importantly, despite melodramatic assertions that Ms. Hill's original designation was a "sham" (Def.'s Brief Re Eve Hill 2), Defendant concedes that Ms. Hill's expert report is "directly responsive to Vaughan's testimony" (*id.*), which in turn means Defendant has conceded that her original designation conforms with the language of Rule 26(a)(2)(D)(ii). These newly invented arguments that her testimony "also go[es] directly to key legal issues for which Plaintiff bears the burden of proof" and that therefore she should be entirely excluded are unavailing.

Defendant's own preferred standard, presented elsewhere in its brief, also requires a second element: that the to-be-excluded testimony pertain to "expected and anticipated" portions of the other party's case. (Def.'s Brief Re Eve Hill 3.) The cases cited by Defendant in favor of this cover things like, for example, testimony on damages, *Lake v. City of Vallejo*, 2021 WL 2042584, at *2 (E.D. Cal. May 21, 2021), testimony on the development of mesothelioma in an asbestos case, *In re Toy Asbestos*, No. 19-CV-00325-HSG, 2021 WL 1056552, at *4 (N.D. Cal. Mar. 19, 2021), and testimony on whether the product worked, *Clear-View Techs., Inc. v. Rasnick*, No. 13-

CV-02744-BLF, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015). Unsurprisingly, none of the cited cases involve interpreting statutes, regulations, and guidance, and Plaintiff did not anticipate that such expert analysis would be necessary until after Defendant demonstrated its intent to present such interpretations at trial, and Defendant makes no showing that Plaintiff could or should have anticipated the need.

Just as critically, these are arguments that *could and should* have been brought in a motion *in limine* in January, as withdrawing their expert witness today does not in any way suddenly render improper Ms. Hill's original designation. Allowing attacks on this basis now that could have been timely brought a month ago substantially prejudices Plaintiff, as it is forcing her to brief them at the last minute instead of preparing her case and to adjust her case strategy the day before trial when she could have done so weeks ago if Defendant had followed the Court's scheduling order.

### B. Plaintiff should at least be allowed to introduce rebuttal evidence from Eve Hill that is on the same subject matter previously identified by Defendant and after such subjects are introduced by Defendant's witnesses.

In conformance with the plain language of Rule 26(a)(2)(D)(ii), Plaintiff should be permitted to introduce evidence from Eve Hill as a witness "intended solely to contradict or rebut evidence" brought forward by Defendant, *provided that* such introduced evidence is "on the same subject matter identified by [Defendant] under Rule 26(a)(2)(B) or (C)." Such an approach is described by the court in *Stonefire Grill:*

> The Court understands that the language of Rule 26 can be interpreted to permit an expert witness to rebut evidence of the other party even if it is not offered into evidence by the other party's expert. For example, the 1993 Amendments to Rule 26 state that the testimony of a rebuttal witness is to "be used solely to contradict or rebut the testimony that *may* be presented by another party's expert." Fed. R. Civ. P. 26 advisory committee's note (emphasis added). The use of the word "may" implies that while the expert witness can offer the evidence during trial, the evidence can also be admitted into evidence using other means.

*Stonefire Grill, Inc. v. FGF Brands, Inc.*, No. CV118292JGBPJWX, 2013 WL 12126773, at *3 (C.D. Cal. June 27, 2013) (the court instead allowed the redesignation of a "rebuttal" expert as an initial expert).

Given that Plaintiff disclosed Eve Hill more than 7 months ago, including an expert report, Defendant has deposed Ms. Hill, and she will cover only the subject matter previously designated by Defendant in its Rule 26(a)(2)(B) disclosure, there is no unfair surprise or prejudice to Defendant that could result and that has not already been resolved through the motion *in limine* process.

### C. Alternatively, Plaintiff should be allowed to re-designate Eve Hill as an initial expert.

Pursuant to Rule 37, a party may use the testimony of an expert witness untimely disclosed if the failure to disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Estate of Gonzalez v. Hickman*, 2007 WL 3237635, at *3 (C. D. Cal. June 28, 2007) (quoting Mid-America Table Wares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1361 (7th Cir. 1996)); *see also Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985) ("The district court is given broad discretion in supervising the pretrial phase of litigation ..."). This is the approach the court *Stonefire Grill*, 2013 WL 12126773, at *3, chose: allowing the redesignation of a "rebuttal" expert as an initial expert instead.

Since Plaintiff only learned of this change the day before trial, and every indication from Defendant has been that it would be carrying forward with the testimony of its expert as well as with other evidence on the subject matter that its expert would have covered, the resultant delay in redesignating Plaintiff's expert as an initial expert, including relying on her existing expert report and her deposition by Defendant, is substantially justified. *See* Fed. R. Civ. P. 26, 37. Furthermore, since Defendant already has a retained expert and has simply voluntarily chosen not to present him at trial, there is no prejudice or harm to Defendant, *see* Fed. R. Civ. P. 26, 37, as Defendant can simply redesignate Mr. Vaughan as an expert and introduce his testimony at trial. Such a move would also cause no disruption to the trial. Any other prejudice or harm to

Defendant resulting from Ms. Hill's testimony has already been resolved through the motion *in limine* process.

### III. CONCLUSION

To avoid prejudice to Plaintiff attributable to Defendant's last-minute gamesmanship, Plaintiff's expert Eve Hill should be allowed to testify at trial, either in rebuttal to any evidence introduced by Defendant within the subject matter previously declared or by re-designating her as an initial expert. Furthermore, any of Defendant's arguments that could have been raised in a motion *in limine* instead of on the day before trial should be excluded and rejected as untimely and unavailing.

DATED: March 25, 2024

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Kristopher A. Nelson*
Kristopher A. Nelson

*Attorneys for Plaintiff*