1 | Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
2 | Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
3 | **ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
4 | Pleasanton, CA  94588
Telephone:     (510) 999-7908
5 | Facsimile:     (510) 999-7918
6 |
7 | Attorneys for Defendant
COUNTY OF ALAMEDA
8 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISAMARIA MARTINEZ, | Case No.  20-cv-06570-TSH |
| Plaintiff, | |
| v. | **DEFENDANT COUNTY OF ALAMEDA'S BRIEF TO EXCLUDE IMPORPERLY PREPARED DEPOSITION TRANSCRIPTS** |
| COUNTY OF ALAMEDA, | |
| Defendant. | |

ORBACH HUFF & HENDERSON LLP

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ............................................................................................. 1

II.    LEGAL ARGUMENT ...................................................................................... 1

    A.     Improperly Authenticated Deposition Transcripts Must be Excluded from Evidence ....... 1

    B.     The Depositions Taken by Plaintiff Were Not Properly Conducted ................................. 2

III.   CONCLUSION ................................................................................................. 4

ORBACH HUFF & HENDERSON LLP

Pursuant to Federal Rules of Evidence Rule 901, and Federal Rules of Civil Procedure Rules 26, *et. seq*, Defendant COUNTY OF ALAMEDA ("County") submits the following brief to preclude the use of improperly prepared and inadmissible deposition transcripts for the March 26, 2024, jury trial.

## I.    INTRODUCTION

Plaintiff LISAMARIA MARTINEZ ("Plaintiff") brought suit against the County for alleged disability discrimination related to her attempts to file a Fictitious Business Name Statement with the County of Alameda's Clerk Recorder's Office on March 29, 2019.  In preparation for trial, Defendant learned that Plaintiff did not retain a certified court reporter for any of the depositions taken by her in this matter.  Rather Plaintiff retained a notary that simply recorded the depositions.  Nowhere in any of the depositions is the identity of the individual that actually prepared the depositions ever revealed, nor did any certified court reporter ever authenticate or certify the transcripts.  Accordingly, for the reasons discussed below, the County respectfully requests this Court exclude Plaintiff's improperly prepared deposition transcripts.

## II.    LEGAL ARGUMENT

### A.    Improperly Authenticated Deposition Transcripts Must be Excluded from Evidence

Authentication is a prerequisite to the admission of evidence, satisfied by establishing that the proffered item is what it purports to be.  Fed. R. of Evid. 901(a); see, *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2000); *Alexander Dawson, Inc v. N.L.R.*B., 586 F.2d 1300, 1302 (9th Cir. 1978).  If properly authenticated, then it is left to the trier of fact to determine the weight the evidence should be given.  *Alexander Dawson, Inc.*, 586 F.2d at 1302.  The Ninth Circuit Court of Appeals has consistently established that unauthenticated documents are not admissible.  *Orr*, 285 F.3d at 773; see e.g., *U.S. v. Dibble*, 429 F.2d 598, 601-602 (9th Cir. 1970); *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir. 1988) [Testimony from an unrelated case that is neither "a certified copy of the transcript nor a signed affidavit" is inadequately authenticated and, thus, inadmissible evidence].

The Ninth Circuit Court of Appeals has specifically held that where a deposition transcript is not properly accompanied by the reporter's authentication, it is inadmissible and must be excluded.  *Orr*, 285 F.3d at 774.  The court explained the necessity of such certification to properly authenticate a transcript, stating:

Defendant County of Alameda's Brief to Exclude Improperly Prepared Deposition Transcript [20-cv-06570-TSH]

ORBACH HUFF & HENDERSON LLP

> Ordinarily, [authentication] would have to be accomplished by attaching the cover page of the deposition to the reporter's certification to every deposition extract submitted. It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a "true and correct copy." Such an affidavit lacks foundation even if the affiant-counsel were present at the deposition. *Ibid*.

Similarly, the District Court of Hawaii held that portions of deposition transcripts submitted by a plaintiff are not signed by the requisite reporter cannot be authenticated and are, therefore, inadmissible. *Hochroth v. Ally Bank*, 461 F.Supp.3d 986, 998 (D. Hawaii 2020) ["The officer must certify in writing that the witness was duly sworn, and the deposition accurately records the witness's testimony"]; Fed. R. Civ. Proc. 30(f)(1); see also, *Guilio v. BV CenterCal, LLC*, 815 F.Supp.2d 1162, 1169 (D. Oregon 2011).  Therefore, evidence that does not meet the necessary authentication requirements cannot be admissible in trial.

Here, Plaintiff mistakenly attempts to admit non-certified portions of deposition transcripts into evidence to support her contention that she was subjected to disability discrimination by the County. However, Plaintiff wholly fails to submit certified transcripts. Directly conflicting with the Ninth Circuit's proposition, deposition transcripts without the requisite reporter certification accompaniment ***cannot be authenticated*** and, therefore, is inadmissible as evidence.  *Orr*, 285 F.3d at 774; emphasis added.  Accordingly, non-certified portions of the deposition transcript submitted by Plaintiff must be excluded from evidence.

### B.     The Depositions Taken by Plaintiff Were Not Properly Conducted

It is axiomatic that a properly prepared deposition transcript may be used as evidence for trial. Fed. R. Civ. Proc. 32.  Federal Rules of Civil Procedure Rule 32 permits deposition transcripts to be used at trial when: "(A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by [Federal Rules of Civil Procedure,] Rule 32, subdivisions (a)(2) through (8)."  Fed. R. Civ. Proc. 32(a)(1).  Further, a deposition is properly conducted before "***an officer authorized to administer oaths*** either by federal law or by the law in the place of examination," or "a person appointed by the court where the action is pending to administer oaths and take testimony."  Fed. R. Civ. Proc. 28(a)(1); emphasis added.

Defendant County of Alameda's Brief to Exclude Improperly Prepared Deposition Transcripts [20-cv-06570-TSH]

ORBACH HUFF & HENDERSON LLP

The U.S. Supreme Court has explained that interpretation of statutory terms must be based on both 'by reference to the language itself [and by] the specific context in which that language is sued, and the broader context of the statute as a whole." *Yates v. U.S.*, 574 U.S. 528, 537 (2015), quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997).

With specific regard to the use of public notaries as the deposition officer, persuasive authority permits a public notary to conduct himself as a deposition officer if he satisfies the requisite qualifications.  See, *Raiser v. San Diego*, 2021 WL 2886048 at *7 (S.D. Cal. 2021).  The Southern District Court of California recently determined, *inter alia*, that the use of a public notary as a deposition officer, the public notary "must be in position to certify that the recording of the deposition (or copies thereof) is not distorted."  *Ibid*.  In *Raiser v. San Diego*, plaintiff attempted to assert that the deposition properly conducted pursuant to the applicable federal rules.  *Ibid*.  Conveniently, plaintiff omitted that the public notary was not qualified pursuant to Federal Rules of Civil Procedure Rule 30.  *Ibid*.  The District Court emphasized that plaintiff remains obligated to comply with all requirements and meet "all procedural safeguards."  *Ibid*.  Furthermore, the court noted that mere use of a public notary as a deposition officer "has been ***expressly rejected*** by a sister court for being procedurally insufficient."  *Ibid*, citing *Nusbaum v. MBFG Ltd. Partnership*, 2009 WL 2605320 at *1 (W.D. Penn 2009) ["[T]he Court cannot risk the possibility of an inaccurate transcript or a breakdown in the chain of custody of the videotaped depositions were the Court to allow Plaintiff to proceed as he proposes, as this would potentially prejudice Defendant or delay these proceedings"]; emphasis added.

Here, Plaintiff mistakenly attempts to offer portions of improperly prepared deposition transcripts conducted by a public notary.  Based on the plain language of the Federal Rules of Civil Procedure, a public notary is not expressly prohibited from administering a deposition.  Rather, if the public notary is authorized to administer oaths in federal or California law, it is permitted.  *Raiser v. San Diego*, 2021 WL 2886048 at *7.  However, there is no indication that the public notary used for the deposition transcript satisfied the necessary requirements.  See, Fed. R. Civ. Proc. 30(b)(5).  There is also nothing to identify who the actual transcriptionist was, how the transcript was prepared and what efforts were undertaken to verify the accuracy of the transcript.  While the depositions do contain a "scopist" statement, it fails to identify what the "scopist" actually did.  For example, the scopist does

Defendant County of Alameda's Brief to Exclude Improperly Prepared Deposition Transcripts [20-cv-06570-TSH]

ORBACH HUFF & HENDERSON LLP

not claim to have reviewed the audio of the recording, nor do they claim that they read the entirety of the deposition and compared it to the actual testimony.  Instead, the Court and parties are left to guess as to how the deposition transcripts were prepared and whether they satisfy the standards for admissibility as established through Federal Rules of Civil Procedure Rules 28 and 30.  "Certification of a deposition is not a trivial function."  *Alcorn v. City of Chicago*, 336 F.R.D. 440, 442 (N.D. Ill. 2020).  Based upon these precise concerns, courts have rejected the use of improperly prepared deposition transcripts that were not prepared by a certified court reporter.  *Raiser v. San Diego*, 2021 WL 2886048 (9th Cir. 2021).  The Court should follow the *Raiser* Court's holding and should similarly preclude the use of Plaintiff's improperly prepared transcripts.

## III.     CONCLUSION

For the foregoing reasons, the County respectfully requests this Court preclude the use of the improperly prepared deposition transcripts.


Dated:  March 26, 2024                    Respectfully submitted,
                                          **ORBACH HUFF & HENDERSON LLP**

                                          By: __/s/ Kevin E. Gilbert_____
                                                  Kevin E. Gilbert
                                                  Nicholas D. Fine
                                                  Attorneys for Defendant
                                                  COUNTY OF ALAMEDA

Defendant County of Alameda's Brief to Exclude Improperly Prepared Deposition Transcripts [20-cv-06570-TSH]

ORBACH HUFF & HENDERSON LLP