TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:    (415) 873-9199
Facsimile:    (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:    (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, <br><br> Defendant. | Case No. 3:20-cv-06570-TSH <br><br> **PLAINTIFF'S TRIAL BRIEF REGARDING DEPOSITION TRANSCRIPTS** <br><br> Trial Date: March 26, 2024 <br> Judge: Hon. Thomas S. Hixson |

**PLAINTIFF'S TRIAL BRIEF REGARDING DEPOSITION TRANSCRIPTS**

In its Brief to Exclude Improperly Prepared Deposition Transcripts (ECF No. 145), Defendant demands that Plaintiff's deposition transcripts be excluded from use at trial.

First, Defendant once again should have brought this as a motion much earlier instead of ignoring this Court's scheduling order (ECF No. 87) and filing this brief on the first day of trial. Nothing has changed since that date that justifies this eve-of-trial continued gamesmanship by Defendant. As a result, Defendant has substantially prejudiced Plaintiff. On this ground alone, Defendant's pseudo-motion should be denied.

Second, Defendant's cases are strikingly inapposite and misleading. Its most cited and quoted case, *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773 (9th Cir. 2000), deals with deposition transcript extracts attached as exhibits to an attorney's declaration in a summary judgment motion. In contrast, the relevant Federal Rule of Civil Procedure at issue here —Rule 32— governs the use of depositions in court proceedings. *Alexander Dawson, Inc v. N.L.R.B.*, 586 F.2d 1300, 1302 (9th Cir. 1978) involves job application forms reviewed by an Administrative Law Judge and not deposition transcripts covered by Rule 32. *U.S. v. Dibble*, 429 F.2d 598 (9th Cir. 1970), *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d 1179 (9th Cir. 1988), *Hochroth v. Ally Bank*, 461 F.Supp.3d 986 (D. Hawaii 2020), and *Guilio v. BV CenterCal, LLC*, 815 F.Supp.2d 1162 (D. Oregon 2011) all deal with evidence in summary judgment rather than with deposition transcripts in court proceedings. Defendant cites no case—*not a single one*—that applies Rule 32 to the use of depositions in court proceedings.

Third, Defendant objects to the qualifications of the deposition officer. But Rule 32(d)(2) requires that an "objection based on disqualification of the officer before whom a deposition is to be taken is waived if not made: (A) before the deposition begins; or (B) promptly after the basis for disqualification becomes known or, with reasonable diligence, could have been known." The bases for all of Defendant's objections could have been known to Defendant months ago if Defendant had exercised reasonable diligence. Instead, Defendant waited until the first day of trial to object. As a result, Defendant's objections are waived.

Fourth, Defendant objects to the preparation and certification of the deposition transcript. But Rule 32(d)(4) mandates that an "objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known." The bases for all of Defendant's objections to the preparation and certification could have been known to Defendant months ago if Defendant had exercised reasonable diligence. Instead, Defendant waited until the first day of trial to object. As a result, Defendant's objections are waived.

In conclusion, Defendant's pseudo-motion to exclude Plaintiff's deposition transcripts should be denied.

DATED: March 26, 2024

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Kristopher A. Nelson*
Kristopher A. Nelson

*Attorneys for Plaintiff*