TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:   (415) 873-9199
Facsimile:   (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:   (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, <br><br> Defendant. | Case No. 3:20-cv-06570-TSH <br><br> **PLAINTIFF'S TRIAL BRIEF REGARDING NOMINAL DAMAGES** <br><br> Trial Date: March 26, 2024 <br> Judge: Hon. Thomas S. Hixson |

**PLAINTIFF'S TRIAL BRIEF REGARDING NOMINAL DAMAGES**

Nominal damages should be awarded for violations of Title II of the ADA. *See Cassidy v. Indiana Dept. of Correction*, 59 F. Supp. 2d 787 (S.D.Ind.1999), *affirmed*, 199 F.3d 374 (7th Cir.2000) (under Title II of the ADA). *See also Bailey v. Runyon*, 220 F.3d 879, 882 (8th Cir.2000) (nominal damages are appropriately awarded in an ADA employment case where a violation is proved even though no actual damages are shown).

### A. Nominal damages are appropriate in civil-rights lawsuits like the ADA when the jury has not awarded actual compensatory damages.

"Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 872 (9th Cir. 2002) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)). Though such rights are often not redressable through money, "the law recognizes the importance to organized society that those rights be scrupulously observed … [b]y making the deprivation of such rights actionable for nominal damages without proof of actual injury[.]" *Id.* (quoting *Carey v. Piphus*, 435 U.S. 247, 266 (1978)).

"Damages are commonly understood to compensate a party for loss or harm sustained. Nominal damages, however, serve a separate function. As distinguished from punitive and compensatory damages, nominal damages are awarded to vindicate rights, the infringement of which has not caused actual, provable injury." *Cummings v. Connell*, 402 F.3d 936, 942 (9th Cir. 2005), *amended*, No. 03-17095, 2005 WL 1154321 (9th Cir. May 17, 2005). As a result, in the Ninth Circuit and elsewhere, nominal damages must be awarded as a matter of law where a plaintiff proves such a violation of constitutional rights but not actual injury. *Schneider v. County of San Diego,* 285 F.3d 784, 794 (9th Cir.2002).

Private enforcement suits under the ADA are considered civil-rights actions like those that seek to vindicate constitutional rights. *See, e.g., Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 871 (9th Cir. 2017) ("the Supreme Court has instructed us to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act.") (cleaned up); *Chapman v. Pier 1*

*Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (same); *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (same). *See also Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 n.12 (9th Cir. 2001) (noting that the remedies under Title II are those available under Title VI of the Civil Rights Act of 1964). Furthermore, "[g]iven the dignitary interest at stake when an action alleges a violation of a statute intended to safeguard civil rights, nominal damages seem particularly well suited" to achieving a just outcome that vindicates those rights. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 874 (9th Cir. 2017).

In short, if Plaintiff has proven that her right to be free of discrimination under the ADA has been violated but the jury does not recognize an actual injury through monetary compensation, she should receive a nominal damages award in recognition of the need to provide justice for a violation of her civil rights.

### B. Appropriate Jury Instruction

The Ninth Circuit does not have a model jury instruction for nominal damages under the ADA, but the Third Circuit does provide one, though it is part of the section on ADA employment actions.[1] Nonetheless, the Third Circuit model provides an appropriate, accurate, and fair instruction for nominal damages under the federal ADA:

> **9.4.5  ADA Damages — Nominal Damages**
>
> If you return a verdict for [plaintiff], but [plaintiff] has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.
>
> A person whose federal rights were violated is entitled to a recognition of that violation, even if [he/she] suffered no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.
>
> However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

---

[1] The Third Circuit model instructions are available at https://www.ca3.uscourts.gov/model-civil-jury-table-contents-and-instructions

| | |
|---|---|
| DATED: March 26, 2024 | Respectfully submitted, |
| | TRE LEGAL PRACTICE |
| | */s/ Kristopher Nelson* |
| | Kristopher A. Nelson |
| | *Attorneys for Plaintiff* |