TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone: (415) 873-9199
Facsimile: (415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone: (214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, <br><br> Defendant. | Case No. 3:20-cv-06570-TSH <br><br> **PLAINTIFF'S TRIAL BRIEF REGARDING USE OF DEPARTMENT OF JUSTICE GUIDANCE AS EVIDENCE AND IN JURY INSTRUCTIONS** <br><br> Trial Date: March 26, 2024 <br> Judge: Hon. Thomas S. Hixson |

# PLAINTIFF'S TRIAL BRIEF REGARDING USE OF DEPARTMENT OF JUSTICE GUIDANCE AS EVIDENCE AND IN JURY INSTRUCTIONS

Guidance from the United States Department of Justice (DOJ) regarding the Americans with Disability Act (ADA) is due significant deference and controlling weight in interpreting and understanding the relevant regulations, provided any specific guidance at issue passes a basic evaluation by the Court. As such, such guidance, while not to be confused with mandatory binding precedent, is nonetheless useful evidence that, for example, Defendant had notice of its duties under the law and provides fair and neutral language for instructing and explaining the law to the jury in, for example, jury instructions. Department of Justice guidance is also designed to explain the law in more accessible and understandable terms for a lay audience, making it particularly appropriate for a jury trying to understand complex and confusing regulations.

### A. DOJ Guidance regarding ADA regulations is due deference[1] as long as it is not plainly erroneous nor inconsistent with the regulation.

Guidance from an agency is not given the identical weight as mandatory binding precedent from the relevant higher court. Nonetheless, long-standing precedent in the Ninth Circuit holds that "DOJ's guidance on, and interpretation of, ADA regulations is entitled to *Seminole Rock* deference, such that the court must give [DOJ's] interpretation of its regulations controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Love v. Ashford San Francisco II LP*, No. 20-cv-08458-EMC, 2021 WL 1428372, at *5 (N.D. Cal. Apr. 15, 2021) (citing *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028 (9th Cir. 2008); *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945) (cleaned up). *See also Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1028. (9th Cir. 2008) ("[T]he Justice Department's interpretation of its own regulations, such as the Technical Assistance Manual, must also be given substantial deference and will be disregarded only if 'plainly erroneous or inconsistent with the regulation.'"); *Botosan v. Paul*

---

[1] Note that, while conceptually similar, this level of deference is distinct from so-called *Chevron* deference, 468 U.S. 837 (1984), which applies to regulations enacted when statutes are ambiguous. *See, e.g., Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 980 (2005).

*McNally Realty*, 216 F.3d 827, 834 (9th Cir. 2000); *Bay Area Addiction Research & Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 732 (9th Cir.1999); *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994));  If the regulatory language being interpreted by an agency is ambiguous, then the agency's interpretation controls so long as it is "reasonable" and "sensibly conforms to the purpose and wording of the regulations." *Oregon Paralyzed Veterans of Am. v. Regal Cinemas, Inc.*, 339 F.3d 1126, 1131 (9th Cir. 2003).

    Thus, for example, Department of Justice ADA guidance contained in an appendix to the Code of Federal Regulations has been accepted as providing interpretations to which "this Court must generally defer." *Love v. Concord Hotel LLC*, 549 F. Supp. 3d 1047, 1049 (N.D. Cal. 2021). In regard to the Department of Justice's technical assistance manual, the Ninth Circuit has held that it "is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014); *see also Miller*, 536 F.3d at 1028. This then is what the Ninth Circuit did in *Cohen v. City of Culver City*, 754 F.3d 690 (9th Cir. 2014), when it drew on the technical assistance manual to interpret the details of regulations that applied to a public entity. *Id.* at 697, 699.[2]

    That said, guidance should be reviewed by the Court to evaluate whether the particular parts at issue in the guidance should be rejected rather than rejecting *all* such guidance *a priori*, without the required evaluation as to whether it is plainly erroneous or inconsistent with the regulation.

    Defendant has not shown to anything like a sufficient level that all the guidance Plaintiff seeks to use, either as part of jury instructions or as evidence speaking to notice and thus intent, is "plainly erroneous" or "inconsistent with the regulation." Asserting otherwise—as it does in its Trial Brief (at 10, ECF No. 101) and its Brief Regarding Propriety of Including Department of Justice Technical Guidance in Jury Instructions and at Trial (at 7-8, ECF No. 141)—does not rise to the level of requiring that the Court reject Ninth Circuit precedent and disregard *all*

---

[2] Note that, as Ninth Circuit pointed out, it is still possible to incorrectly apply the technical assistance manual by relying on guidance application to a different regulation. *Cohen*, 754 F.3d at 698 (saying the language relied on by the district court came from § 35.150 when the district court should have been applying the more relevant § 35.151).

Department of Justice guidance. As such, this guidance should either not be excluded or should be allowed on a more specific basis.

### B. Plaintiff seeks to use the guidance as evidence where appropriate to explain and illuminate relevant issues such as that the County was on notice of its obligations under the law.

The appropriateness of introducing this evidence and whether it is substantially supported by the proper process can be evaluated by the Court after Plaintiff has laid the foundation for its introduction.

Regardless of how much Defendant dislikes the contents of the guidance, there is no dispute as to their "existence and authenticity." *Del Puerto Water Dist. v. U.S. Bureau of Reclamat.*, 271 F. Supp. 2d 1224 (E.D. Cal. 2003). Indeed, to the best of Plaintiff's knowledge, Defendant has not actually disputed in anything more than a conclusory fashion the language used by the Department of Justice in their guidance, nor does there appear to be any actual dispute about the *contents* of these documents as actually consisting of the guidance issued by the Department of Justice as part of official government documents. A mere assertion that Defendant "disputes the truth of the contents of the DOJ's technical guidance" (Def.'s Brief Re: Dep't of Justice Technical Guidance 9, ECF No. 141) is not sufficient to deny such guidance the appropriate degree of deference. The Court must still conduct an evaluation of the specific guidance at issue to determine if it is plainly erroneous or inconsistent with the regulation it purports to explain or clarify.

Department of Justice's published and readily available guidance provides interpretations of regulations by the agency tasked with drafting them in a manner that makes the meaning and application of such regulations clearer and more understandable. As explained above, such guidance is already due substantial deference and controlling weight as long as it is not plainly erroneous or inconsistent with the regulation. *Fortyune*, 766 F.3d at 1104. As such, it has probative value in understanding what public entities like the County of Alameda had reason to believe their duties were.

For instance, both Plaintiff and Defendant objected to the proposed instruction No. 10, regarding effective communication. The Department of Justice guidance has developed entire manuals describing its reasoned interpretation of the effective communications requirements. Because the Department of Justice is tasked with enforcing the ADA, these guidelines place public entities on notice of the specific obligations that may arise within the context of particular types of disabilities and particular types of communications. Considering for example, the following provision:

> The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place.

28 C.F.R. § 35.160(b)(2). Reading this text alone could easily lead jurors to erroneously conclude that written forms are outside the scope of the ADA's effective communications requirements. With the benefit of readily available and reputable guidance, jurors would be much better able to accurately realize what types of auxiliary aids or services exist that assist for filling out forms, and that this includes forms involved in activities deeply related to very fundamental rights, like voting. Relatedly, a jury unfamiliar with the wide variety of auxiliary aids and services and how and when they can be helpful will be inclined to assume the County is similarly and reasonably ignorant, without knowing that a readily available manual exists that specifically outlines and explains actual commonplace situations involving public entities—and it is available without charge from a highly reputable source: the Department of Justice.

Furthermore, unlike, *e.g.,* FDA warning letters, *Smith v. I-Flow Corp.*, No. 09 C 3908, 2011 WL 12627557, at *2 (N.D. Ill. June 15, 2011), or a state agency's evidence of likely violations of environmental regulations, *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 673 (5th Cir. 1999), guidance explaining and describing regulations does not create a perception of guilt. Such neutral, non-targeted documents that do not even name Defendant are even less prejudicial than the evidence of unannounced FDA inspections of a medical device company would be—and

— 4 —
PL.'S TRIAL BRIEF RE DOJ GUIDANCE
[3:20-CV-06570-TSH]

evidence of those inspections was admitted as insufficiently prejudicial. *United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *7 (N.D. Cal. May 22, 2021).

In short, there is no analogous basis for excluding Department of Justice guidance as more prejudicial than probative under Rule 403, and this evidence should not be excluded on that basis.

### C. Evidence from the Department of Justice's guidance does not impermissibly usurp the role of the judge or jury in this matter.

As the Court has already ruled, testimony or evidence as to legal conclusion about ultimate factual issues in this case are excludable. (*See* Pretrial Order 5-9, ECF No. 124; Order Re: Motions in Limine 2, ECF No. 135.) Department of Justice guidance is highly unlikely to ever meet that standard for exclusion, since the guidance interprets and explains regulations but does not apply them to the facts in the case—that is up to the Court or the jury to do.

Other courts in the Ninth Circuit have relied on Department of Justice guidance by applying that guidance to the facts of the case as a mechanism of evaluating whether or not a defendant has complied with the applicable regulations. *See, e.g., Love v. Wildcats Owner LLC,* 532 F. Supp. 3d 872 (N.D. Cal. 2021) (applying 28 C.F.R. § Pt. 36, App. A ("2010 Guidance") to evaluate whether defendant hotel complied with the regulatory "Reservations Rule" in 28 C.F.R. § 36.302(e)(1)(i)-(ii); *Landis v. Washington State Major League Baseball Stadium Pub. Facilities Dist.,* 11 F.4th 1101, 1102 (9th Cir. 2021) (concluding that the district court did not err in applying the DOJ's "*Accessible Stadiums*" guidance document's interpretation to the facts of the case).

Frequently, and in many contexts, industry standards, though granted much less deference than Department of Justice's guidance, are nonetheless deemed appropriate for jury consideration when evaluating the subjective reasonableness of a defendant's actions, *Mariscal v. Graco, Inc.*, No. 13-CV-02548-TEH, 2014 WL 4245949, at *5 (N.D. Cal. Aug. 27, 2014), an evaluation not dissimilar to that necessary to consider whether, for example, Defendant acted with deliberate indifference here. In fact, viewing Defendant's opinions without the benefit of specific, tangible interpretation of what regulations can mean in practical terms can cause jurors to be misled into

— 5 —
PL.'S TRIAL BRIEF RE DOJ GUIDANCE
[3:20-CV-06570-TSH]

believing there was no subjective notice, particularly as substantive inquiry into actual knowledge of legal obligations by a defendant is likely to fall under attorney-client privilege.

Finally, any potential prejudice could be cured by a limiting instruction that the guidance is illustrative, rather than conclusive. *Id*. Jurors can be expected to understand the language describing the guidance as non-binding at least as well as they can be expected to understand the terminology in the ADA and its implementing regulations, particularly as a limiting instruction can be given by the Court in lay language calculated to be comprehensible to a lay jury.

### D. **Plaintiff has proposed that the Court draw on DOJ guidance to improve the clarity of jury instructions as it is neutral language rather than the language of a party to this matter.**

If jury instructions were merely literal recitations of the statutes and regulations alone, there would be little need to draft, discuss, or dispute them. Instead, jury instructions are meant to assist the jury in applying the law effectively. In keeping with this, the rule for jury instructions in the Ninth Circuit is not "literal adherence to the text" of a statute or regulation but rather that the instruction "must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2022).

To the best of Plaintiff's knowledge, there has been no challenge to the fairness nor correctness of the Department of Justice's guidance in stating the law nor that the guidance is misleading, but only that it explains and presents the law in a manner that Defendant finds uncomfortable for maintaining its position in this matter. As such, there is no basis for challenging the use of such guidance by the Court in clarifying the meaning of the statutory and regulatory text for the benefit of the jury, provided the Court reviews and approves the language rather than simply cutting and pasting it in without review.

Other courts around the country have incorporated Department of Justice guidance into jury instructions as part of drafting instructions crafted for a lay jury. As two examples, a court in the Southern District of California, evaluating an ADA case around a disparate impact theory instead of one revolving around effective communication, borrowed the phrase "equally effective" from Department of Justice guidance (it is not found in the regulations), Reporter's Transcript of

Proceedings (Day 4) 14:6-14:9, *Payan et al. v. Los Angeles Community College District*, Case No. 2:17-cv-01697 (C.D. Cal. May 26, 2023) (an ADA case that proceeded on a disparate impact theory), as did a court in the District of Connecticut, Jury Instructions 9-10, ECF No. 163, *Hernandez v. Enfield Bd. of Educ. Et al*, No. 3:19-cv-1907 (SRU) (D. Ct., Jan. 11, 2024) (jury instructions in analogous effective communication case against local governmental entity).

Thus, applying the Ninth Circuit standards to jury instructions, there is no prejudice to Defendant nor reversible error in the Court incorporating the language of the Department of Justice's guidance into jury instructions where doing so would be helpful to the jury and the Court applies the two relevant Ninth Circuit standards: (1) is the guidance plainly erroneous or inconsistent with the regulation and (2) does the jury instruction incorporating language from the guidance fairly and adequately cover the issues presented, correctly state the law, and is not misleading?

DATED: March 26, 2024

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Kristopher Nelson*
Kristopher A. Nelson

*Attorneys for Plaintiff*