Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Nicholas D. Fine, Esq. (SBN: 285017)
nfine@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA  94588
Telephone:      (510) 999-7908
Facsimile:       (510) 999-7918

Attorneys for Defendant
COUNTY OF ALAMEDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISAMARIA MARTINEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA,<br><br>　　　　　Defendant. | Case No.  20-cv-06570-TSH<br><br>**DEFENDANT COUNTY OF ALAMEDA'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S UNDISCLOSED DAMAGES; DECLARATION OF KEVIN E. GILBERT IN SUPPORT THEREOF**<br><br>TRIAL:      March 25, 2024<br>JUDGE:     Hon. Thomas Hixson |

**TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ................................................................................................................. 1

II.  LEGAL ARGUMENT ......................................................................................................... 1

   A.   The Court Must Exclude Evidence Not Properly Disclosed During Discovery................. 1

   B.   The County Appropriately Submits This Motion *in Limine* to Exclude Evidence at Trial ........................................................................................................... 4

III. CONCLUSION..................................................................................................................... 4

DECLARATION ........................................................................................................................... 5

TO THIS HONORABLE COURT, PLAINTIFF, AND HER ATTORNEYS OF RECORD:

Pursuant to Federal Rules of Civil Procedure Rule 37, Defendant COUNTY OF ALAMEDA ("Defendant" or "County") moves *in limine* for an order to exclude Plaintiff LISAMARIA MARTINEZ's ("Plaintiff") alleged damages not identified nor properly disclosed in her Rule 26 disclosures.

## I. INTRODUCTION

Plaintiff brought suit against the County for alleged disability discrimination related to her attempts to file a Fictitious Business Name Statement with the County's Clerk Record's Office on March 29, 2019. Throughout the course of discovery, Plaintiff only asserted damages of emotional distress and presented evidence to support only those limited allegations. However, during opening statements at the beginning of trial, on March 26, 2024, Plaintiff unexpectedly asserted new and previously unidentified damages, including out-of-pocket expenses and wage loss damages. Furthermore, Plaintiff attempted to meet-and-confer with the County on March 27, 2024, by deceptively proposing to stipulate to an amount of $4,000 in wage loss damages, entirely separate from any emotional distress damages. Plaintiff improperly attempts to advance claims that were never identified or disclosed to the County, which is expressly prohibited by the Federal Rules of Civil Procedure. Accordingly, the County requests this Court grant its Motion *in Limine* to Exclude Plaintiff's Undisclosed Damages ("Motion *in Limine*").

## II. LEGAL ARGUMENT

### A. The Court Must Exclude Evidence Not Properly Disclosed During Discovery

Federal Rules of Civil Procedure Rule 26, *et seq.* governs the discovery process. As intended, these rules are to promote both parties with the fullest possible knowledge of the issues and facts prior to trial. *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); *Nutt v. Black Hills Stage Lines, Inc.*, 452 F.2d 480, 483 (8th Cir. 1971) ["The federal discovery rules were designed to provide each party with the ***fullest pre-trial knowledge*** of the facts and to clarify and narrow the issues to be tried"; emphasis added]; *Pierson v. U.S.*, 428 F. Supp. 384, 390 (D. Del. 1977). As expressly emphasized by the 8th Circuit Court of Appeals, the main objective of these rules is to remove any unfair advantage by one party, stating:

///
///
///

> One of the primary objectives of the Federal Rules of Civil Procedure is to eliminate the element of "surprise" from the trial of civil cases. A fair reading of those rules requires that newly discovered evidence be disclosed far enough in advance of trial to allow the opposing party sufficient time to prepare its defense, if any. *Nutt*, 452 F.2d at 483.

Federal Rules of Civil Procedure Rule 26(a) specifically requires the disclosing party to include in her initial disclosures, "a computation of each category of damages [and include the documents or other materials] on which each computation is based, including materials bearing on the nature and extent of injuries suffered." This is to facilitate an accelerated "exchange of basic information that is needed…to prepare for trial or make an informed decision about settlement." *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). Importantly, disclosure of the computation of damages allegedly sustained must be available "in sufficient detail so as to enable… [a d]efendant to understand the contours of its potential exposure and make informed decisions as to settlement and discovery. *Ibid*.; see also, *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 591 (9th Cir. 2022) ["[D]amage calculations required to be disclosed are focused on quantifying the compensation needed to redress a plaintiff's injury"].

The Ninth Circuit has expressly provided its district courts with "broad discretion in supervision the pretrial phase of litigation." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985), citing *FDIC v. Glickman*, 450 F.3d 416, 419 (9th Cir. 1971). If full disclosure is not made—including providing a computation of damages—"the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Proc. 37(c)(1); see, e.g., *Atari Interactive, Inc. v. Redbubble, Inc.*, 546 F.Supp.3d 883, 889 (N.D. Cal. 2021) [Plaintiff's failure to present any "evidence on which to base an award of anything other than the minimum statutory damages on any of its claims," subjected it to a bar of introducing such evidence at trial]. Applicability of Federal Rules of Civil Procedure Rule 37 "**forbid[s] the use at trial** of any information required to be disclosed," and is not properly disclosed. *Yeti by Molly, Ltd v. Deckers Outdoor Corp.* ("*Yeti*") 259 F.3d 1101, 1106 (9th Cir. 2001) (emphasis added).

Specifically, the Ninth Circuit upheld a district court's decision to exclude untimely expert testimony opinion on computation of damages. *Yeti*, 259 F.3d at 1106-1107. In *Yeti*, the defendant failed to timely disclose its expert's testimony opining on damages—finally disclosing the witness's report within 28 days of

1  trial. *Id*. at 1105.  Defendant alleged the untimeliness resulted from "the mistaken belief that [plaintiff's expert]
2  report would be supplemented…and were waiting for the final version before disclosing [defendant's] report."
3  *Id*. at 1106.  The Ninth Circuit concluded this was insufficient reasoning—Defendant could have presented an
4  initial report or requested an extension of the discovery deadline. *Ibid*.  The court further explained that this
5  testimony was properly excluded from trial, stating that this unfairly prejudiced plaintiff by giving it one month
6  to depose the expert and prepare to question him at trial. *Ibid*.; see also, *Design Strategy, Inc. v. Davis*, 469
7  F.3d 285, 297 (2nd Cir. 2006) ["[T]he prejudice to the defendants in having to prepare for this evidence ***would***
8  ***have been severe***, as discovery would have had to be reopened to determine whether [Plaintiff's] calculations
9  were proper"; emphasis added].

10  Further, while persuasive in effect, the California District Court has specifically restricted a plaintiff's
11  damages to those disclosed in its disclosures. *Dallan v. Prudential Property and Cas. Ins. Co.*, 2006 WL
12  5217775 *10 (C.D. Cal. 2006); see also, *Estate of Arriaga v. California*, 2007 WL 2381233 *1 (C.D. Cal.
13  2007) [The court granted a defendant's motion *in limine* prohibiting plaintiff from "introduc[ing] any
14  previously unproduced or disclosed evidence"].

15  Here, Plaintiff wholly failed to disclose any mention of monetary damages.  As evidenced, on February
16  4, 2021, Plaintiff timely submitted her Initial Disclosures to the County.  Declaration of Kevin E. Gilbert
17  ("Gilbert Dec."), ¶ 3; Exhibit A.  Plaintiff only mentioned compensatory damages in the form of emotional
18  distress—plainly omitting any allegations of any other monetary damages. *Ibid*.  Further, Plaintiff wholly
19  failed to supplement her initial disclosures to include any assertion or evidence supporting a claim for out-of-
20  pocket or wage loss monetary damages.  Gilbert Dec., ¶¶ 4-5.  However, , on March 27, 2024, Plaintiff
21  attempted to meet-and-confer with the County, requesting to stipulate to "out-of-pocket" wage loss damages in
22  the amount of $4,000.  Gilbert Dec., ¶ 6; Exhibit B.  The County rejected Plaintiff's proposal as none of the
23  requested damages were properly or timely disclosed.

24  This attempt to assert a wholly new claim for compensatory damages only during opening statements
25  severely disadvantages the County.  Simply put, Plaintiff's improper attempt to introduce a damages claim that
26  was never previously disclosed has resulted in the County being unduly prejudiced, especially as it had
27  absolutely no opportunity to investigate or conduct discovery on these belatedly asserted claims. *Yeti*, 259 F.3d
28  at 1106-1107.  And this behavior is precisely what the Federal Rules of Civil Procedure are designed to

safeguard against. *Nutt*, 452 F.2d at 483. Accordingly, in the interest of justice and fairness, Plaintiff's evidence regarding out-of-pocket wage loss damages must be excluded from trial.

### B. The County Appropriately Submits This Motion *in Limine* to Exclude Evidence at Trial

It is common practice for a party to bring motions *in limine* before or even during trial for the purposes of excluding "anticipated prejudicial evidence before the evidence is actually offered." *Luce v. U.S.*, 469 U.S. 38, 40, fn. 2 (1984). California courts have expanded this practice to permit parties to resolve evidentiary disputes before trial, as to ***not "present potentially prejudicial evidence in front of a jury.*** " *Brodit v. Cambra*, 350 F.3d 985, 1004 (9th Cir. 2003). It has been well-established that these motions "perform a gatekeeping function and permits the trial judge to eliminate form further consideration evidentiary submissions that ***clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose***." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997) (emphasis added).

Here, Plaintiff, making absolutely no mention beforehand, chose to deceptively allege monetary damages suffered at the opening of trial. Gilbert Dec., ¶¶ 3-5; Exhibit A. Consequently, the County is now forced to file this Motion *in Limine*.

### III. CONCLUSION

Pursuant to Federal Rules of Civil Procedure Rule 37, and as set forth above, Defendant County of Alameda respectfully requests that Plaintiff be precluded from introducing any evidence of or otherwise seeking any damages other than those expressly identified in her Rule 26 disclosures. Specifically, the County requests the Court issue an order limiting Plaintiff's claimed damages and evidence to those that were properly identified in her Rule 26 disclosures, while expressly excluding any claims for out-of-pocket expenses, lost wages, and/or incidental monetary damages.

Dated: March 28, 2024         Respectfully submitted,

**ORBACH HUFF + HENDERSON LLP**

By:  */s/ Kevin E. Gilbert*
    Kevin E. Gilbert
    Nicholas D. Fine
    Attorneys for Defendant
    COUNTY OF ALAMEDA

# DECLARATION

I, Kevin E. Gilbert, declare as follows:

1. I am an attorney at law duly licensed to practice before all the courts in the State of California and the United States District Court – Northern District of California. I am an attorney with Orbach Huff + Henderson LLP and the attorney of record for Defendant COUNTY OF ALAMEDA ("County"). If called and sworn as a witness to testify, I am competent to testify and would testify from my own personal knowledge as to the facts set forth in this Declaration, except as to those matters that are stated on information and belief herein.

2. This Declaration is made in support of the County's Motion *in Limine* to Exclude Plaintiff's Evidence of Unidentified Damages.

3. Plaintiff LISAMARIA MARTINEZ ("Plaintiff") did not make any mention of monetary damages in her Initial Disclosures. The only compensatory damages identified were in connection to Plaintiff's emotional distress. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Initial Disclosures, dated February 4, 2021.

4. While Plaintiff did serve supplemental disclosures that identified additional witnesses, she did not expand or supplement her claimed damages. Plaintiff's supplemental disclosures omitted any discussion of out-of-pocket expenses, lost wages and/or incidental monetary damages.

5. Plaintiff made no claim for compensatory damages other than those relating to her emotional distress. She made no disclosures of evidence during discovery supporting any out-of-pocket or wage loss claims.

6. Attached hereto as **Exhibit B** is a true and correct copy of correspondence received from Plaintiff's counsel, Timothy Elder, Esq., requesting to meet-and-confer to stipulate to out-of-pocket damages, dated March 27, 2024, and my response thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th day March, 2024, at Pleasanton, California.

     */s/ Kevin E. Gilbert*
     Kevin E. Gilbert

# EXHIBIT A

TIMOTHY ELDER (CA BAR NO. 277152)
ALBERT ELIA (appearing *pro hac vice*)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:   (415) 873-9199
Facsimile:   (415) 952-9898
Email: telder@trelegal.com
          aelia@trelegal.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**,<br><br>           Plaintiff,<br><br>     v.<br><br>**COUNTY OF ALAMEDA**, **MELISSA WILK**, in her individual capacity, **EVA HE**, in her individual capacity, **MARIA LAURA BRIONES**, in her individual capacity,<br><br>           Defendants. | Case No. 3:20-cv-06570-TSH<br><br>**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)** |

Plaintiff makes the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and General Order No. 56 of the United States District Court, Northern District of California.

**I.   PRELIMINARY STATEMENT**

Plaintiff has not completed her investigation or analysis of the facts relating to this case and has not completed preparation for trial. Plaintiff makes these disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure and without prejudice to her right to produce evidence of any subsequently discovered facts or interpretations of facts, and to otherwise supplement or amend these responses. This information is true and correct to the best knowledge of Plaintiff, at this time, and is subject to correction for any subsequently discovered errors or omissions. By

making these disclosures, Plaintiff is not conceding the admissibility of any of the information disclosed nor waiving any objection that might be made to the admissibility of the information disclosed.

## II.  DISCLOSURES

### A.  Individuals

Below is a list of those individuals presently known to Plaintiff who are likely to have discoverable information that Plaintiff will use to support her claims:

1. The following individuals are knowledgeable (1) regarding Defendants' policies, practices, and procedures with respect to assistance with paper forms for persons with disabilities at the Alameda County Clerk-Recorder's Office; and/or (2) the events of March 29, 2019 alleged in Plaintiff's Complaint. The list excludes expert witnesses and custodians of record who may be necessary to authenticate documents:

   a) Lisamaria Martinez, Plaintiff, is knowledgeable as a blind individual who, on March 29, 2019, visited the Alameda County Clerk-Recorder's Office needing assistance completing forms necessary to register for a fictitious business name, and was denied the assistance she required to do so. She is further knowledgeable regarding her disability, the techniques she uses to independently navigate and perform tasks, and the tasks for which she requires the assistance of a sighted person. Ms. Martinez may be contacted solely through Plaintiff's counsel of record in this action.

   b) Additional individuals with knowledge about the acts, omissions, policies, and procedures at issue in this case: when and as Plaintiff's counsel identify and obtain the consent of such individuals to have their identity disclosed, Plaintiff's counsel will supplement this disclosure to provide such information.

2. Plaintiff anticipates that various employees and agents of Defendants are likely to have information that supports Plaintiffs' claims in this matter. These include the following individuals. Plaintiff will supplement these disclosures when and as individuals are identified:

   a) Angelina (surname unknown), Clerk, is likely to have knowledge regarding the events of March 29, 2019 alleged in Plaintiffs' Complaint.

    b) Maria Laura Briones, supervisor, is likely to have knowledge regarding the events of March 29, 2019 alleged in Plaintiffs' Complaint.

    c) Eva He, Assistant Clerk-Recorder, is likely to have knowledge regarding the events of March 29, 2019 alleged in Plaintiffs' Complaint.

    d) Melissa Wilk, Alameda County Auditor-Controller/Clerk-Recorder, is likely to have knowledge regarding her office's policies, practices, and procedures with respect to providing assistance with paper forms to persons requiring such assistance because of a disability.

3. Plaintiff is likely to designate an expert or experts in support of her claims. Plaintiff will also designate an expert to rebut testimony offered by any experts designated by Defendants. Plaintiff will disclose these witnesses consistent with the timelines for disclosure of expert testimony established by Rule 26(a)(2)(D).

### B.  Documents

Plaintiff, c/o Plaintiff's counsel, presently has in her possession the following documents that may be used to support her claims:

1. Plaintiff's pre-litigation California government tort claim, filed September 23, 2019, and related proof of mailing and receipt.

2. Recorded audio data made on March 29, 2019 of Plaintiff's interaction with Angelina and identifying Mses. Briones and He.

3. Documents reflecting the incorporation and operation of Plaintiff's business.

### C.  Damages

1. Plaintiff will seek compensatory damages in an amount to be established through witness testimony and determined by a jury regarding the humiliation, indignity, shock, and emotional distress that Plaintiff suffered because of the unlawful policies, practices, and conduct of Defendants and their agents.

2. Plaintiff will seek all applicable statutory damages for Plaintiff under the Unruh Civil Rights Act and California Disabled Persons Act. Statutory damages will be based on the statutory minimum amount set forth in Cal. Civ. Code §§ 52 and 54.3. The amount of statutory damages

sought for Plaintiff will be calculated according to the number of incidents of discrimination that she experienced.

3. Plaintiff will seek reasonable attorneys' fees and costs in an amount to be determined by the Court.

### D. Insurance

Plaintiff is not aware of any insurance agreements applicable to her claims in this litigation.

### E. Supplemental Disclosures

Plaintiff retains the right to supplement these disclosures if she obtains additional information or documents that are subject to the initial disclosure requirements.

To the best of my knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, this disclosure is complete and correct as of the time it is made.

DATED: February 4, 2021                     Respectfully submitted,

                                            TRE LEGAL PRACTICE

                                            */s/ Albert Elia*
                                            Albert Elia

                                            *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Michelle Korosy, declare as follows:

1. I am a citizen of the United States, over 18 years of age, and not a party to the above-captioned action. My business address is TRE Legal Practice, 4226 Castanos Street, Fremont, CA 94536.

2. On February 4, 2021, I served the following document:

   a) PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)

3. I accomplished this by causing the document listed above to be delivered via email to the attorneys for Defendants County of Alameda, Melissa Wilk, Eva He, and Maria Laura Briones at the email addresses set forth below.

   a) Kevin Gilbert      kgilbert@ohshlaw.com

   b) Nicholas D. Fine   nfine@ohshlaw.com

I declare under penalty of the laws of the United States of America and the State of California that the foregoing is true and correct, and that this declaration was executed in Clovis, California on February 4, 2021.

By: *Michelle Korosy*
Michelle Korosy

# EXHIBIT B

| | |
|---|---|
| **From:** | Kevin Gilbert |
| **To:** | Timothy Elder |
| **Cc:** | Nicholas D. Fine; tstoner@undauntedlaw.com; Kristopher A. Nelson; Michelle Korosy; Elena LaBella |
| **Subject:** | Re: Meet/Confer on Damages Stipulation |
| **Date:** | Thursday, March 28, 2024 7:10:40 AM |

Thank you for your message. The problem I have is that none of plaintiff's out-of-pocket damages were actually disclosed or claimed during litigation. Thus, I don't think they can be claimed at all. Further, I don't believe statutory damages are available as against a public entity. We would request that you withdraw all of those damages. The only damages that are properly asserted (assuming they were available under the state law claims, which is otherwise disputed) is the emotional distress claim. If you believe the incidental damages were properly asserted, please let us know where they were identified in your prior disclosures.

On Mar 27, 2024, at 6:12 PM, Timothy Elder <telder@trelegal.com> wrote:

Kevin,

We intend to argue that Ms. Martinez's out of pocket actual damages are $25 x 4 hours for Grim and $35 x 4 hours of her lost time. Would you rather us just stipulate that her out of pocket damages are $4000 or less as disclosed, or adjusting for the DPA claim, stipulate that her out of pocket damages are $1000 or less? This would not include her emotional distress damages.

Timothy Elder
Attorney
TRE Legal Practice
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Phone: (415) 873-9199
Fax: (415) 952-9898

E-mail: telder@trelegal.com
www.trelegal.com
Twitter: @trelegal

Please consider the environment before printing this email.

Confidentiality Notice

This e-mail may contain confidential information that may also be legally privileged and that is intended only for the use of the Addressee(s) named above. If you are not the intended recipient or an authorized agent of the recipient, please be advised that any dissemination or copying of this e-mail, or taking of any action in reliance on the information contained herein, is strictly prohibited. If you have received this e-mail in error, please notify me immediately by use of the Reply button, and then delete the e-mail from your system. Thank you!