TIMOTHY ELDER (CA BAR NO. 277152)
KRISTOPHER A. NELSON (CA BAR NO. 342552)
**TRE LEGAL PRACTICE**
1155 Market Street, Tenth Floor
San Francisco, CA 94103
Telephone:	(415) 873-9199
Facsimile:	(415) 952-9898
Email: telder@trelegal.com, knelson@trelegal.com

S. Tomiyo Stoner (CA Bar No. 289246)
**Undaunted Law Firm, P.C.**
600 California St., Floor 7
San Francisco, CA 94108
Telephone:	(214) 415-7340
E-mail: tstoner@undauntedlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LISAMARIA MARTINEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **COUNTY OF ALAMEDA**, <br><br> Defendant. | Case No. 3:20-cv-06570-TSH <br><br> **PLAINTIFF'S OFFER OF PROOF PURSUANT TO FED. R. EVID. 103 IN RESPONSE TO THE EXCLUSION OF PLAINTIFF'S WITNESS MARCO SALSICCIA** <br><br> Trial Date: March 26, 2024 <br> Judge: Hon. Thomas S. Hixson |

# PLAINTIFF'S OFFER OF PROOF PURSUANT TO FED. R. EVID. 103 IN RESPONSE TO THE EXCLUSION OF PLAINTIFF'S WITNESS MARCO SALSICCIA

On March 28, 2024, the Court acted to exclude Marco Salsiccia as a witness for Plaintiff on the grounds that he was not timely disclosed on December 22, 2022 as his testimony did not appear to be related or responsive to the newly introduced factual element of an active kiosk system that had recently been revealed by Defendant in a filing on December 9, 2022 (*See* Decl. of Yankee ISO Oppo. to Pl.'s Mot. for Summ. J. ¶ 3-4, ECF No. 63-3.) Plaintiff presents this offer of proof pursuant to Federal Rule of Evidence 103 to provide the Court with better information as to what Mr. Salsiccia would testify to, why it is significant and relevant to disputed issues, and why it is admissible.

### A. Summary of Expected Testimony

Mr. Salsiccia testimony would be that he went to the CRO in mid-December with the intention of both of trying the kiosk system and also learning how the CRO handled blind individuals who needed assistance with paper forms. Before going, his understanding was the CRO had a policy of not writing on paper forms on behalf of anyone, including blind individuals, so he expected that when he said he wanted to file an FBNS form, the CRO would direct him to the kiosk and he could learn more about the entire disability assistance process for the kiosk. Instead, when he announced to the person at the CRO that he was interested in filing an FBNS form, someone at the CRO simply started acting to read and write on an FBNS form without giving him the option of using the kiosk. He was surprised to receive scribe services; he expected to try the kiosk.

### B. Significance, Relevance, and Admissibility

This testimony is relevant to providing a comparator to the process Plaintiff and Plaintiff's experts experienced in terms of timeliness, equality of access, the level of effort and difficulty in using any provided auxiliary aid or service, the apparent level of effort and difficulty required to provide that auxiliary aid or service, and overall accessibility. It is also relevant to understanding what has changed and what is now available to disabled individuals seeking to file paper forms at the CRO. This is particularly significant because the jury is being asked to advise on potential

injunctive relief in addition to its traditional role of evaluating legal claims, including damages. Additionally, Plaintiff is seeking Mr. Salsiccia's testimony to call into question Defendant's position that the kiosk was ready and available in December of 2022 for blind individuals like Mr. Salsiccia who cannot read and write on paper forms without an auxiliary aid or service but who did not necessarily know to insist specifically on a kiosk, which mirrors the process Ms. Martinez went through when she visited the CRO in 2019.

Mr. Salsiccia's testimony is admissible because it has the tendency to make facts like the availability of the kiosk to unexpected disabled customers (in contrast to Defendant's expert, who was expected), timeliness of various, feasibility, legality about auxiliary aids or services provided at the CRO more or less probable, particularly in combination with testimony about Ms. Martinez's experiences in 2019 and those of Plaintiff's experts more recently.

Additionally, Plaintiff's disclosure was timely because Mr. Salsiccia intended to test the then-recently revealed kiosk and the process around that. Given Defendant's expressed antipathy throughout the majority of this litigation to writing on paper forms, neither Mr. Salsiccia nor Plaintiff knew in mid-December 2022 when Mr. Salsiccia set out to test the new kiosk that the CRO would not direct him to using it when he asked for assistance.

Presenting such evidence is particularly significant to upholding Plaintiff's substantive rights because Defendant has been allowed to present a great deal of evidence about their actions after May 31, 2019 and up to the present date, but Plaintiff has been significantly precluded from doing so either through evidence or argument. Such extensive exclusions impact Plaintiff's ability to introduce evidence regarding deliberate indifference as well as evidence relevant to the jury's advisory evaluation of potential injunctive relief.

DATED: March 28, 2024

Respectfully submitted,

TRE LEGAL PRACTICE

*/s/ Kristopher Nelson*
Kristopher Nelson

*Attorneys for Plaintiff*