# Exhibit A



ADA CONSULTANT SERVICES
371 Nevada Street #5338
Auburn, CA 95603
(916) 660-1916

**Expert Report**

<u>*Lisamaria Martinez v. County of Alameda; et al.*</u>
United States District Court for the Northern District of California
Case No.: 3:20-cv-06570-TSH

## Table of Contents

Designation as Expert ….…………………………………………………………...3

Documents Reviewed……………………………………………………………………3

Qualifications and Experience……..……………………………………………3

Expert Testimony…………………………………………………………………………..4

Compensation……………………………………………………………………………5

Opinions.…………………………………………………………………………………..5

Facts or Data Considered……………………………………………………………..7

### *I. DESIGNATION AS AN ACCESSIBILITY EXPERT*

1. Defendants have retained me to render an expert opinion in this lawsuit.

### *II. DOCUMENTS REVIEWED*

2. In the preparation of this Report, I have reviewed and considered the documents, information and sources listed in the attached Exhibit A. I have also reviewed and considered both the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Title II Regulations.

### *III. QUALIFICATIONS AND EXPERIENCE*

3. I am a specialist in disabled access for persons with disabilities.

4. I am and have continuously been a Certified Access Specialist (CASp), certified by the State of California since 2009. I have been designated as a disabled access Subject Matter Expert by the California Division of State Architects (DSA) since 2014. In my capacity as a Subject Matter Expert, I have participated in the development and review of the materials used by DSA as part of the examination given to person testing to become a Certified Access Specialist in the State of California.

5. Since 2012, I have taught courses on the disabled access requirements under the Americans with Disabilities Act (ADA) and the California Building Code (CBC). These courses have included instruction on the disabled access requirements under the ADA, ADAAG, ADAS, as well as the disabled access requirements of the CBC, sometimes referred to as Chapter 11A and 11B of the Title 24 of the California Code of Regulations.

6. I own and operate ADA Consultant Services and I have performed more than 500 accessibility evaluations of both private and public entity facilities.

3

7.  I received a Bachelor of Arts degree with Honors from Western Oregon University in 1977 and a Juris Doctorate degree from the University of the Pacific, McGeorge School of Law in 1981. I have been a licensed attorney in the State of California since 1981 and have been a licensed attorney in the State of Nevada since 1985.

8.  I am knowledgeable about the Americans with Disabilities Act, the implementing regulations, as well as the Title II Technical Assistance Manual and Guidance documents published by the United States Department of Justice.

### IV.  EXPERT TESTIMONY

9.  During the past four years I have testified as an expert witness in deposition in the following cases:

*Nevarez, et al. v. Forty Niners Football Company, LLC, et al.*
United States District Court for the Northern District of California
Case No. 5:16-cv-07013

*Minson, et al., v. Oakmont Senior Living, LLC*
Sonoma County Superior Court
Case No. SCV-261552

*Lurner v. American Golf Corporation, et al.*
Orange County Superior Court
Case No. 3-2018-00992342-CU-CR-CJC

*Rojas v. El Paseo Apartments, L.P., et al*
United States District Court for the Northern District of California
Case No. 5:19-cv-03892

During the past four years I have testified as an expert witness at trial in the following case:

*Lurner v. American Golf Corporation, et al.*
Orange County Superior Court
Case No. 3-2018-00992342-CU-CR-CJC

## V. COMPENSATION

10.     I am being compensated for my work as an expert witness in this case at the rate of $395 per hour for review of documents and information, analysis and preparation of opinions and at a rate of $495 per hour for deposition and/or trial testimony. Travel time is compensated at the rate of $125 per hour portal to portal with mileage compensation at the current IRS reimbursement rate together with reimbursement of actual costs incurred.

## VI. OPINION & BASIS

11.     The effort by Plaintiff Martinez ("Martinez") to file a Fictitious Business Name Statement ("FBNS") with the Alameda County Clerk Recorder Office ("CRO") on March 29, 2019, included the request for an employee of the CRO to assist Martinez to enter information on the form according to Martinez's directions. CRO personnel declined to make any edits to the FBNS prepared by Martinez.

12.     CRO personnel provided effective communication to Martinez to identify the changes that needed to be made to the FBNS for the CRO to file the document.

13.     CRO personnel provided auxiliary aides and services to Martinez when they gave her a self-addressed envelope to mail the corrected FBNS to the CRO for filing once the necessary edits were made to the document.

14.     The Alameda County CRO did not deny meaningful access to Martinez to file a FBNS on March 29, 2019.

15.     The Alameda County CRO received a letter dated November 14, 2019, from counsel for Martinez claiming the CRO policies and procedures prevent blind persons from accessing the services of the CRO.

16. Since receiving the November 14, 2019, letter, the CRO has reserved a public computer access kiosk in the public computer access area for use by a person with disabilities.

17. The CRO installed JAWS screen reader software on the reserved kiosk computer.

18. The CRO provides a CRO staff member to assist a disabled person when using the kiosk computer to complete documents including a FBNS.

19. The assistance provided by CRO staff includes assistance with reading instructions for completion of the FBNS. Assistance is also provided with moving the cursor on the screen to the correct space on the FBNS and informing the person what information needs to be entered in the space. This assistance is provided to complete the FBNS form. Assistance is also provided with printing and signing the completed form.

20. On September 25, 2023, I personally went to the CRO. With the assistance of CRO staff, I successfully completed a FBNS without being required to see or read the FBNS form on the computer kiosk screen reserved for a person with disabilities.

21. By providing the above-described assistance, it is my opinion the CRO is furnishing appropriate auxiliary aids and services necessary to afford individuals with disabilities an equal opportunity to participate in and enjoy the benefits of the service program and activity of the CRO.

22. Martinez seeks assistance at the CRO of a "scribe" to assist with completion of the FBNS. Generally, the "scribe" service requested is to provide a person to assist by entering the necessary information into the FBNS form as instructed by a disabled person.

23. The applicable Americans With Disabilities Act ("ADA") regulations indicate the type of auxiliary and/or service necessary to ensure effective

communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context of the communication taking place.

24. The ADA regulations indicate that in determining what type of auxiliary aids and services are necessary, a public entity shall give primary consideration to the request of individuals with disabilities.

25. A public entity is not required to provide the specific type of auxiliary aid and service requested by an individual with disabilities.

26. A public entity may provide an alternative form of auxiliary and service to the auxiliary aid and service requested by an individual with disabilities so long as the auxiliary aid and service provided by the public entity is effective and is provided in an accessible format, in a timely manner, and is in such a way as to protect the privacy and independence of the individual with a disability.

27. In my opinion, the CRO is not required to provide scribe service to comply with the ADA requirement to provide effective auxiliary aids and services for a blind individual to complete a FBNS.

28. In my opinion, the auxiliary aids and services provided by the CRO for completion of a FBNS are effective, are provided in an accessible format, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability and are in compliance with the ADA regulation requiring auxiliary aids and services to be provided by a public entity.

## VII. FACTS OR DATA CONSIDERED

29. The facts and/or data considered are contained in the documents, transcripts, and exhibits listed in Attachment A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of October 2023 in Grass Valley, California.

                                                                             _____
                                                                             Cris C. Vaughan

**ATTACHMENT A**

**Documents Reviewed:**

1. Amended Complaint, Doc. 84, July 10, 2023
2. Plaintiff's MSJ, Partial, Doc. 44
3. Defendant's Opposition, Partial, and Defendant's Motion for MSJ, Doc. 48
4. Plaintiff's Reply and Opposition, Doc. 49
5. Defendant's Reply to Plaintiff's Motion MSJ, Doc. 50
6. Order re Motions for Summary Judgment, Doc. 54
7. Plaintiff's Motion for Summary Judgment on Declaratory Relief, Doc. 61
8. Plaintiff's Request for Judicial Notice, Doc. 62
9. Defendant's Opposition to Plaintiff's MSJ and County's MSJ – Declaratory Relief, Doc. 63
10. Plaintiff's Reply to Defendant's Opposition to Plaintiff's MSJ – Declaratory Relief, Doc. 64
11. Plaintiff's Opposition to Defendant's MSJ – Declaratory Relief, Doc. 65
12. County Sur Reply, Doc. 69
13. Statement of Recent Decision – County, Doc. 52
14. Statement of Recent Decision – Plaintiff, Doc. 53
15. Order Re Motions for Summary Judgment, Leave to Amend, Doc. 83
16. JAWS Screen Reader Software Instructions
17. Declaration of Matt Yankee, Doc. 48-3
18. Declaration of Matt Yankee, Doc. 63-3
19. Declaration of Matt Yankee, Doc. 69-2

20. County's Production of Documents, 0001-0015

21. County's Response to Plaintiff's Interrogatories (Set Three)

22. County's Response to Plaintiff's Request for Admissions (Set Three)

23. County's Response to Plaintiff's Request for Production (Set Three)

24. Email – Cole to "All Clerk-Recorder" Re Persons with Vision Disabilities/Fictitious Business Name Statements

25. Alameda County, Auditor-Controller Agency, Employee Information Handbook, September 2017