1
2
3
4     UNITED STATES DISTRICT COURT
5    NORTHERN DISTRICT OF CALIFORNIA
6
7 LISAMARIA MARTINEZ,     Case No.  20-cv-06570-TSH
8    Plaintiff,
9   v.         **FINAL JURY INSTRUCTIONS**
10 COUNTY OF ALAMEDA,    Ctrm:  D, 15th Floor
11    Defendant.
12
13 Dated: April 1, 2024
14
15         THOMAS S. HIXSON
         United States Magistrate Judge
16
17
18
19
20
21
22
23
24
25
26
27
28

_United States District Court_
_Northern District of California_

1

2

**FINAL INSTRUCTION NO. 1: Duty of Jury**

3

4      Members of the Jury: Now that you have heard all of the evidence and the arguments of
the attorneys, it is my duty to instruct you on the law that applies to this case.

5

6      A copy of these instructions will be sent to the jury room for you to consult during your
deliberations.

7

8      It is your duty to find the facts from all the evidence in the case.  To those facts you will
apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

9      with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

10    prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

11    you.  You will recall that you took an oath to do so.

12    Please do not read into these instructions or anything that I may say or do or have said or

13    done that I have an opinion regarding the evidence or what your verdict should be.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**FINAL INSTRUCTION NO. 2:  Burden of Proof**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**FINAL INSTRUCTION NO. 3:  What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

        1.     the sworn testimony of any witness;

        2.     the exhibits that are admitted into evidence;

        3.     any facts to which the lawyers have agreed; and

        4.     any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

1

2

**FINAL INSTRUCTION NO. 4:  What Is Not Evidence**

3

4       In reaching your verdict, you may consider only the testimony and exhibits received into

5  evidence.  Certain things are not evidence, and you may not consider them in deciding what the

6  facts are.  I will list them for you:

7       (1)     Arguments and statements by lawyers are not evidence.  The lawyers are not

8  witnesses.  What they have said in their opening statements, closing arguments and at other times

9  is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember

10  them differ from the way the lawyers have stated them, your memory of them controls.

11       (2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to

12  their clients to object when they believe a question is improper under the rules of evidence.  You

13  should not be influenced by the objection or by the court's ruling on it.

14       (3)     Testimony that is excluded or stricken, or that you have been instructed to

15  disregard, is not evidence and must not be considered.  In addition, some evidence was received

16  only for a limited purpose; when I have instructed you to consider certain evidence only for a

17  limited purpose, you must do so, and you may not consider that evidence for any other purpose.

18       (4)     Anything you may have seen or heard when the court was not in session is not

19  evidence.  You are to decide the case solely on the evidence received at the trial.

*United States District Court*
*Northern District of California*

5

1

2

**FINAL INSTRUCTION NO. 5:  Direct and Circumstantial Evidence**

3

  Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4

testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5

evidence is proof of one or more facts from which you could find another fact.  You should

6

consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7

either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8

evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**FINAL INSTRUCTION NO. 6:  Credibility of Witnesses**

2

3          In deciding the facts in this case, you may have to decide which testimony to believe and

4   which testimony not to believe.  You may believe everything a witness says, or part of it, or none

5   of it.

6          In considering the testimony of any witness, you may take into account:

7          (1)      the opportunity and ability of the witness to see or hear or know the things testified

8   to;

9          (2)      the witness's memory;

10         (3)      the witness's manner while testifying;

11         (4)      the witness's interest in the outcome of the case, if any;

12         (5)      the witness's bias or prejudice, if any;

13         (6)      whether other evidence contradicted the witness's testimony;

14         (7)      the reasonableness of the witness's testimony in light of all the evidence; and

15         (8)      any other factors that bear on believability.

16         Sometimes a witness may say something that is not consistent with something else he or

17  she said.  Sometimes different witnesses will give different versions of what happened.  People

18  often forget things or make mistakes in what they remember.  Also, two people may see the same

19  event but remember it differently.  You may consider these differences, but do not decide that

20  testimony is untrue just because it differs from other testimony.

21         However, if you decide that a witness has deliberately testified untruthfully about

22  something important, you may choose not to believe anything that witness said.  On the other

23  hand, if you think the witness testified untruthfully about some things but told the truth about

24  others, you may accept the part you think is true and ignore the rest.

25         The weight of the evidence as to a fact does not necessarily depend on the number of

26  witnesses who testify.  What is important is how believable the witnesses were, and how much

27  weight you think their testimony deserves.

28

United States District Court
Northern District of California

**FINAL INSTRUCTION NO. 7:  Bench Conferences and Recesses**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1

2

**FINAL INSTRUCTION NO. 8:  Claims and Defenses**

3      Plaintiff Lisamaria Martinez asserts three claims.  First, that on March 29, 2019 Defendant

4   Alameda County violated the Americans with Disabilities Act.  Second, that on the same day

5   Defendant violated the California Disabled Persons Act.  Third, that on the same day Defendant

6   violated California Government Code section 11135.  The plaintiff has the burden of proving these

7   claims.

8      The Defendant denies those claims.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9

1

2

**FINAL INSTRUCTION NO. 9:  Evidence for a Limited Purpose**

3          The Court has admitted evidence concerning measures the Defendant's Clerk Recorder's

4   Office has taken after March 29, 2019, such as implementing new software, a dedicated kiosk for

5   individuals with disabilities to use that software, online FBNS forms, newer versions of FBNS

6   forms, and new business practices.  This evidence is irrelevant to whether Defendant violated the

7   Americans with Disabilities Act, the California Disabled Persons Act, or California Government

8   Code section 11135 on March 29, 2019.  You must not consider this evidence in determining

9   whether Defendant is liable on any of Plaintiff's claims.  The Court has admitted this evidence for

10  the limited purpose of determining whether an injunction should issue.

11         The Court has also admitted testimony by witnesses for both sides concerning their

12  understanding of the Defendant's legal obligations.  This testimony is not relevant to determining

13  what the law is.  This testimony was admitted for the limited purpose of determining whether the

14  deliberate indifference standard has been met.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

**FINAL INSTRUCTION NO. 10:  Stipulation of Fact**

3

4

5

6

        For purposes of this litigation only, and specifically Plaintiff's Third Cause of Action under California Government Code section 11135, the parties stipulate that the County of Alameda has received funding or financial assistance from the State of California for the relevant period.  You must therefore treat this fact as having been proved.

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**FINAL INSTRUCTION NO. 11:  Americans with Disabilities Act**

3

The Americans with Disabilities Act provides that no qualified individual with a disability

4   shall, by reason of such disability, be excluded from participation in or be denied the benefits of

5   the services, programs, or activities of a public entity, or be subjected to discrimination by any

6   such entity.

7          For Plaintiff to recover under the Americans with Disabilities Act, she must prove each of

8   the following three elements by a preponderance of the evidence:

9          First, that she is a qualified individual with a disability.

10          Second, that she was either excluded from participation in or denied the benefits of the

11   defendant's services, programs, or activities, or was otherwise discriminated against by the

12   defendant.

13          Third, that such exclusion, denial of benefits, or discrimination was by reason of her

14   disability.

15          The Parties agree the Plaintiff is a qualified individual with a disability and Defendant is a

16   public entity that is required to comply with the Americans with Disabilities Act.  Therefore, I

17   instruct you to find that Plaintiff has satisfied the first element of her Americans with Disabilities

18   Act claim.

19          The Court has found that both filing completed forms at the Clerk Recorder's Office and

20   the Clerk Recorder's Office advising patrons of forms' technical deficiencies qualify as services,

21   programs, or benefits provided by the Defendant.

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 12:  Effective Communication**

The second element required under the Americans with Disabilities Act that Plaintiff must establish by a preponderance of the evidence is that she was either excluded from participation in or denied the benefits of the defendant's services, programs, or activities, or was otherwise discriminated against by the defendants.

The Americans with Disabilities Act requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others.  Furthermore, a public entity must furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.

The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place.  In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities.  In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

Auxiliary aids and services includes—

(1) Qualified interpreters on-site or through video remote interpreting (VRI) services; notetakers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information

technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing;

(2) Qualified readers; taped texts; audio recordings; Brailled materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision;

(3) Acquisition or modification of equipment or devices; and

(4) Other similar services and actions.


A "qualified reader" means a person who is able to read effectively, accurately, and impartially using any necessary specialized vocabulary.  Reading devices or readers should be provided when necessary for equal participation and opportunity to benefit from any governmental service, program, or activity, such as reviewing public documents, examining demonstrative evidence, and filling out voter registration forms or forms needed to receive public benefits.

1

2

**FINAL INSTRUCTION NO. 13:  Because of Disability**

3          For the third required element of Plaintiff's Americans with Disabilities Act claim, if you

4   find that the Defendant denied Plaintiff participation in or the benefits of the Defendant's services,

5   programs, or activities, then you must also determine whether Plaintiff has proven by a

6   preponderance of the evidence that such exclusion or denial of benefits was by reason of her

7   disability.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**FINAL INSTRUCTION NO. 14:  Monetary Damages Under the Americans with Disabilities Act**

Plaintiff does not need to prove that the Defendant acted intentionally to prove that the Defendant violated the Americans with Disabilities Act.  However, to recover monetary damages under the Americans with Disabilities Act, Plaintiff must prove intentional discrimination.

To prove intentional discrimination, Plaintiff must show by a preponderance of the evidence that the Defendant acted with deliberate indifference.  Deliberate indifference means that the Defendant had knowledge that a harm to a federally protected right was substantially likely, and the Defendant failed to act upon that likelihood.

When the Plaintiff has alerted the public entity to her need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation), the public entity is on notice that an accommodation is required, and the Plaintiff has satisfied the first element of the deliberate indifference test.

In order to meet the second element of the deliberate indifference test, a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness.

**FINAL INSTRUCTION NO. 15:  Amount of Monetary Damages Under the Americans with Disabilities Act**

It is the duty of the Court to instruct you about the measure of damages available under the Americans with Disabilities Act.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on her claim under the Americans with Disabilities Act, and if you also find that the discrimination was intentional, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.

In determining the measure of damages, you should consider:

- The nature and extent of the harm;
- The mental and emotional pain and suffering experienced;
- The reasonable value of necessary services.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

United States District Court
Northern District of California

1    **FINAL INSTRUCTION NO. 16:  Nominal Damages Under the Americans with Disabilities**

2    **Act**

3

4         The Americans with Disabilities Act authorizes an award of nominal damages.  If you find

5    for the Plaintiff on her claim under the Americans with Disabilities Act, and if you also find that

6    the discrimination was intentional, but you find that the Plaintiff has failed to prove damages as

7    defined in these instructions, you must award nominal damages.  Nominal damages may not

8    exceed one dollar.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**FINAL INSTRUCTION NO. 17:  California Disabled Persons Act**

A violation of the Americans with Disabilities Act constitutes a violation of the California Disabled Persons Act.  Therefore, if you find that the Defendant violated the Americans with Disabilities Act, you have found that it also violated the California Disabled Persons Act. Similarly, if you find that the Defendant did not violate the Americans with Disabilities Act, you have found that it did not violate the California Disabled Persons Act.

**FINAL INSTRUCTION NO. 18:  Monetary Damages Under the California Disabled Persons Act**

It is the duty of the Court to instruct you about the measure of damages available under the California Disabled Persons Act.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

The Plaintiff will not recover double damages under both the California Disabled Persons Act and the Americans with Disabilities Act.  If you award her damages under both the Americans with Disabilities Act and the California Disabled Persons Act, she will recover only the larger of the two awards.

If you find for the Plaintiff on her claim under the California Disabled Persons Act, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.

In determining the measure of damages, you should consider:

- The nature and extent of the harm;
- The mental and emotional pain and suffering experienced;
- The reasonable value of necessary services.

It is for you to determine what damages, if any, have been proved.

You may award Plaintiff her damages and any amount up to a maximum of three times the amount of her actual damages, but not less than one thousand dollars ($1,000).

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

2

**FINAL INSTRUCTION NO. 19:  California Government Code section 11135**

3

California Government Code section 11135 provides that no person in the State of

4   California shall, on the basis of physical disability, be unlawfully denied full and equal access to

5   the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is

6   conducted, operated, or administered by the state or by any state agency, is funded directly by the

7   state, or receives any financial assistance from the state.

8

Discrimination on the basis of disability in violation of section 11135 is established if

9   Plaintiff proves Defendant (1) violated the Americans with Disabilities Act; and (2) the program

10   or activity is conducted, operated, or administered by the state or by any state agency, is funded

11   directly by the state, or receives any financial assistance from the state.

12

However, damages are not available under California Government Code section 11135.

**FINAL INSTRUCTION NO. 20:  Mitigation of Damages**

The Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1.      that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**FINAL INSTRUCTION NO. 21:  Injunction**

If you find in favor of the Plaintiff on her claims under the Americans with Disabilities Act, the California Disabled Persons Act, or California Government Code section 11135, then the Court must determine whether to issue an injunction against further violations of those laws.  An injunction is a court order requiring a party to refrain from doing a particular act or to do a particular act.  To obtain an injunction, Plaintiff must show by a preponderance of the evidence that the Defendant's Clerk Recorder's Office will likely in the future violate its legal obligations described in Final Instructions Nos. 11 and 12 in the same type of way that you found with respect to individuals with a disability of blindness or visual impairment.

You must decide whether the Defendant's Clerk Recorder's Office will likely in the future violate its legal obligations described in Final Instructions Nos. 11 and 12 with respect to individuals with a disability of blindness or visual impairment in the same type of way that you found.  In making this decision, you should consider whether Defendant's Clerk Recorder's Office took any steps or implemented any measures after March 29, 2019 that would make it more or less likely that it would violate these legal obligations in the future in the same type of way that you found.

By referring to the Defendant violating these legal obligations "in the future," I am not implying that the Defendant violated its legal obligations on March 29, 2019.  Whether or not it did so is for you to decide.

1

2

**FINAL INSTRUCTION NO. 22:  Duty to Deliberate**

3

4          Before you begin your deliberations, elect one member of the jury as your foreperson.  The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

5          You shall diligently strive to reach agreement with all of the other jurors if you can do so.

6     Your verdict must be unanimous.

7          Each of you must decide the case for yourself, but you should do so only after you have

8     considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

9          It is important that you attempt to reach a unanimous verdict but, of course, only if each of

10    you can do so after having made your own conscientious decision.  Do not be unwilling to change

11    your opinion if the discussion persuades you that you should.  But do not come to a decision

12    simply because other jurors think it is right or change an honest belief about the weight and effect

13    of the evidence simply to reach a verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**FINAL INSTRUCTION NO. 23:  Conduct of the Jury**

2

3         Because you must base your verdict only on the evidence received in the case and on these

4  instructions, I remind you that you must not be exposed to any other information about the case or

5  to the issues it involves.  Except for discussing the case with your fellow jurors during your

6  deliberations:

7              Do not communicate with anyone in any way and do not let anyone else

8              communicate with you in any way about the merits of the case or anything to do

9              with it.  This includes discussing the case in person, in writing, by phone, tablet,

10             computer, or any other means, via email, via text messaging, or any internet chat

11             room, blog, website or application, including but not limited to Facebook,

12             YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of

13             social media.  This applies to communicating with your family members, your

14             employer, the media or press, and the people involved in the trial.  If you are asked

15             or approached in any way about your jury service or anything about this case, you

16             must respond that you have been ordered not to discuss the matter and to report the

17             contact to the court.

18             Do not read, watch, or listen to any news or media accounts or commentary

19             about the case or anything to do with it, although I have no information that there

20             will be news reports about this case; do not do any research, such as consulting

21             dictionaries, searching the Internet, or using other reference materials; and do not

22             make any investigation or in any other way try to learn about the case on your own.

23             Do not visit or view any place discussed in this case, and do not use Internet

24             programs or other devices to search for or view any place discussed during the trial.

25             Also, do not do any research about this case, the law, or the people involved—

26             including the parties, the witnesses, or the lawyers—until you have been excused as

27             jurors. If you happen to read or hear anything touching on this case in the media,

28             turn away and report it to me as soon as possible.

United States District Court
Northern District of California

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**FINAL INSTRUCTION NO. 24:  Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**FINAL INSTRUCTION NO. 25:  Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.