# Exhibit A

```
                                            Volume 3

                                            Pages 362 - 557

               UNITED STATES DISTRICT COURT

             NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Thomas S. Hixson, Magistrate Judge

LISAMARIA MARTINEZ,            )
                               )
          Plaintiff,           )
                               )
   VS.                         )  NO. 3:20-CV-06570 TSH
                               )
COUNTY OF ALAMEDA,             )
                               )
          Defendant.           )
_____)

                             San Francisco, California
                             Thursday, March 28, 2024



             TRANSCRIPT OF JURY TRIAL PROCEEDINGS


APPEARANCES:

For Plaintiff:
                    TRE LEGAL PRACTICE
                    1155 Market Street, Tenth Floor
                    San Francisco, California 94103
               BY:  TIMOTHY R. ELDER, ATTORNEY AT LAW


                    UNDAUNTED LAW FIRM, P.C.
                    600 California Street, Seventh Floor
                    San Francisco, California 94108
               BY:  S. TOMIYO STONER, ATTORNEY AT LAW


             (APPEARANCES CONTINUED ON FOLLOWING PAGE)


REPORTED BY:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
              CSR No. 7445, Official United States Reporter
```

```
 1  APPEARANCES:  (CONTINUED)

 2  For Defendant:
                             ORBACH HUFF & HENDERSON LLP
 3                           6200 Stoneridge Mall Road, Suite 225
                             Pleasanton, California 94588
 4                   BY:     KEVIN E. GILBERT, ATTORNEY AT LAW
                             NICHOLAS D. FINE, ATTORNEY AT LAW
 5

 6
    Also Present:            Lisamaria Martinez
 7                           Michelle Korosy, Paralegal
                             Matthew Yankee, County of Alameda
 8
```

# I N D E X

Thursday, March 28, 2024 - Volume 3

**PLAINTIFF'S WITNESSES**     **PAGE**   **VOL.**

**YANKEE, MATTHEW ALAN**
(SWORN) — 371 — 3
Direct Examination by Ms. Stoner — 371 — 3
Cross-Examination by Mr. Gilbert — 430 — 3
Redirect Examination by Ms. Stoner — 463 — 3

**GRECO, LUCIA**
(SWORN) — 488 — 3
Direct Examination by Mr. Elder — 488 — 3
Cross-Examination by Mr. Gilbert — 498 — 3
Redirect Examination by Mr. Elder — 500 — 3

**CLARK, STEVEN**
(SWORN) — 506 — 3
Direct Examination by Mr. Elder — 507 — 3
Cross-Examination by Mr. Gilbert — 542 — 3
Redirect Examination by Mr. Elder — 553 — 3

# E X H I B I T S

**TRIAL EXHIBITS**    **IDEN**   **EVID**   **VOL.**

11A — 527 — 3
11D — 531 — 3
11C — 533 — 3
11B — 539 — 3

| | |
|---|---|
| 1 | **MR. GILBERT:** Vague. Speculation. Foundation. |
| 2 | **THE COURT:** Overruled. |
| 3 | **THE WITNESS:** Obviously, she was not successful that |
| 4 | day. But, again, that's not something that we would fix on a |
| 5 | pre-completed form. |
| 6 | **BY MS. STONER:** |
| 7 | **Q.** Okay. To give another example, so suppose there is an |
| 8 | online posting space, something kind of like maybe Craigslist |
| 9 | was back in the day. So if Ms. Martinez was unable to make a |
| 10 | post because it wasn't accessible to her, do you agree that she |
| 11 | would have been unable to communicate through the County? |
| 12 | **MR. GILBERT:** Vague as to "communicate." |
| 13 | **THE COURT:** Sustained. |
| 14 | **BY MS. STONER:** |
| 15 | **Q.** Okay. To ask another way, Ms. Martinez was unable to file |
| 16 | her form and communicate with the broader audience of |
| 17 | the County of Alameda? |
| 18 | **A.** With the public, correct. |
| 19 | **Q.** With the public. |
| 20 | **A.** Yes. |
| 21 | **Q.** And the reason that she was unable to do so is because |
| 22 | the County reviewed her form and found inadequacies? |
| 23 | **A.** Correct. |
| 24 | **Q.** And the reason that she was unable to change the form or |
| 25 | submit a new form that addressed those inadequacies was because |

1  of her difficulty communicating in writing the changes
2  the County wanted, to the County?
3  **A.**   Well, she had a difficulty putting them on the form.  You
4  use the term "the County wanted" as if this is something that
5  we want or don't want.  It's a state law that we shall not
6  accept it if there's certain deficiencies.  It has really
7  nothing to do with what we want or don't want.
8  **Q.**   Okay.  But Ms. Martinez was attempting to communicate
9  items addressing the deficiencies identified by the County via
10 a written form?
11 **A.**   Can you re- -- repeat that?
12 **Q.**   Yes.  So the County had identified some deficiencies.
13 Ms. Martinez was attempting to remedy those deficiencies on a
14 printed form so that the County could then again review the
15 form; is that correct?
16         **MR. GILBERT:**  Speculation as Ms. Martinez's intent.
17         **THE COURT:**  Overruled.
18         **THE WITNESS:**  My understanding is that is what she
19 wanted to accomplish.
20 **BY MS. STONER:**
21 **Q.**   Okay.  And when you assessed whether there was effective
22 communication, you never assessed whether a person who is blind
23 is able to effectively complete written forms in a manner that
24 addresses concerns raised by the County that prevent the form
25 from being filed?

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Friday, March 29, 2024

*Ana Dub*
_____

Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
CSR No. 7445, Official United States Reporter