# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT and RELEASE ("AGREEMENT") is made and entered into by and between Plaintiff LISAMARIA MARTINEZ, and Defendant COUNTY OF ALAMEDA.

WHEREAS, LISAMARIA MARTINEZ filed suit against COUNTY OF ALAMEDA, et al., in the United States District Court Case No. 20-cv-06570-TSH, captioned *LISAMARIA MARTINEZ v. COUNTY OF ALAMEDA, MELISSA WILK, in her individual capacity, EVA HE, in her individual capacity, MARIA LAURA BRIONES, in her individual capacity*, and includes any and all underlying tort claims, including but not limited to Claim No. 2019-247, as well as the underlying action, and all attorneys' fees and costs (collectively referred to herein as the "Lawsuit").

WHEREAS, the Lawsuit culminated in a trial, which resulted in a judgment in favor of Plaintiff, in the amount of $30,500 ("Judgment").

WHEREAS, after trial, the Court entered a Permanent Injunction as against the COUNTY OF ALAMEDA regarding the provision of transcriber services to any blind or visually impaired individual who requests assistance with completing Clerk Recorder's Office ("CRO") forms ("Permanent Injunction").

WHEREAS, as a result of the foregoing, Plaintiff is entitled to seek the recovery of her reasonable attorneys' fees and costs from the COUNTY OF ALAMEDA.

WHEREAS, this settlement is between Plaintiff LISAMARIA MARTINEZ and Defendant COUNTY OF ALAMEDA.

WHEREAS, all individually named Defendants have previously been dismissed from the litigation without prejudice, but are nevertheless included in this Agreement for purposes of the release of liability, for which the consideration described below will be satisfied by the COUNTY OF ALAMEDA.

WHEREAS, the parties wish to settle their differences and resolve any and all disputes and obligations between them, including the Lawsuit.

WHEREAS, in consideration of the covenants and mutual promises contained in this AGREEMENT, the parties agree as follows:

1. <u>Agreement</u>.

    a. <u>The Judgment and Plaintiff's Attorneys' Fees and Costs.</u>  In consideration of the amounts to be paid pursuant to this AGREEMENT and other valuable consideration, the terms and sufficiency of which are acknowledged, Plaintiff and her dependents, heirs, representatives, attorneys, agents, successors and assigns, and all such persons or entities

      that acted on her behalf with relation to the subject claims or otherwise (collectively "Plaintiff"), forever release and discharge the COUNTY OF ALAMEDA and its boards, bureaus, departments, divisions, officers and officials, representatives, employees, attorneys, agents, assigns of all such persons or entities, and all persons that acted on their behalf with relation to the subject claims or otherwise (hereinafter singularly and collectively referred to as "Releasees"), from any and all obligations to pay or otherwise satisfy the Judgment, and from Plaintiff's right to seek the recovery of her attorneys' fees and costs.

    b.    <u>The Individual Defendants.</u>  In consideration of the amounts to be paid pursuant to this AGREEMENT and other valuable consideration, the terms and sufficiency of which are acknowledged, Plaintiff and her dependents, heirs, representatives, attorneys, agents, successors and assigns, and all such persons or entities that acted on her behalf with relation to the subject claims or otherwise (collectively "Plaintiff"), forever release and discharge MELISSA WILK, EVA HE and MARIA LAURA BRIONES, and their attorneys, agents, assigns of all such persons or entities, and all persons that acted on their behalf with relation to the subject claims or otherwise (hereinafter singularly and collectively referred to as the "Individual Releasees"), from any and all claims, causes of action, judgments, damages, liabilities, expenses, fees, costs, and attorney's fees, which they ever had and now have, for any losses, injuries or damages, whether anticipated or unanticipated, resulting from, arising out of or connected directly or indirectly with the Lawsuit, including violation of any state or federal statutory or administrative rules, regulations or codes, breach of any fiduciary duty, fraud of any nature including for punitive, treble and/or consequential damages, and for interest, costs and attorneys' fees, and all allegations, express and implied, that were or could have been asserted, directly or indirectly, in the Lawsuit and by the Complaint in the Lawsuit, or relating to Plaintiff's claims.

    c.    <u>The Permanent Injunction</u>.  This Agreement shall have no impact on the Permanent Injunction, which remains in place with full force and effect.

2.    <u>Consideration</u>.  In consideration of the promises and releases contained in this Agreement, Plaintiff agrees to waive her rights to collect on the Judgment and to pursue the recovery of her reasonable attorneys' fees and costs as against the COUNTY OF ALAMEDA, and in exchange, the COUNTY OF ALAMEDA agrees to waive its right to appeal the Judgment, the COUNTY OF ALAMEDA's Renewed Motion for Judgment as a Matter of Law, the COUNTY OF ALAMEDA's Motion for New Trial, and the Permanent Injunction, and to pay the following sum: **$1,205,000.00 (ONE MILLION TWO HUNDRED AND FIVE THOUSAND DOLLARS exactly)** ("Settlement Payment") to be allocated as follows:

    (a)    $30,500.00 made payable to Lisamaria Martinez with a corresponding 1099-MISC for tax reporting purposes; and

    (b)    $1,174,500.00 attributed to attorneys' fees and costs, to be paid directly to Plaintiff's attorney, "TRE Legal Practice, Attorney Trust" with a 1099 to Plaintiff's counsel.

All checks of the Settlement Payment shall be delivered to TRE Legal Practice, Attn: Timothy Elder, 4226 Castanos Street, Fremont, CA 94536, within 30 days after receipt of this Agreement executed by Plaintiff and a form W-9 for Plaintiff and Plaintiff's counsel.

    3.    <u>Payee and Issuance of Payment</u>.  Plaintiff and her counsel each agree that the payment shall be made payable as set forth in paragraph 2 of this Agreement.  Plaintiff further agrees that should any dispute arise between Plaintiff and her counsel concerning any funds owed to Plaintiff, that Plaintiff will hold all Releasees and Individual Releasees harmless.

    4.    <u>Costs and Attorney's Fees</u>.  The parties agree that the consideration set forth in paragraph 2 of this Agreement includes the Judgment and all costs and attorneys' fees that could have been sought by Plaintiff in connection with this Lawsuit and this Agreement.  Thus, as a result of this Agreement, the parties agree that each party shall bear its own costs and attorneys' fees not otherwise specified.

    5.    <u>Release Includes Unknown Claims</u>.  Plaintiff hereby waives for all purposes the provisions of §1542 of the California Civil Code, which provides as follows:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

This waiver relates to all matters arising out of or in any way connected with this Agreement, Plaintiff's claims, as set forth in the Lawsuit, and the Judgment.

    6.    <u>Not an Admission</u>.  The parties to this Agreement recognize that any payments or agreements made pursuant to this Agreement are not an admission by Releasees or Individual Releasees of any liability whatsoever or responsibility for, or of the correctness of, any claims made by Plaintiff which liability, responsibility and correctness are expressly denied by Releasees and Individual Releasees.

    7.    <u>Breach</u>.  Should any party breach any one or more of the terms and conditions of this Agreement, the non-breaching parties shall be entitled, at his or her option, singularly or jointly, to take such action as deemed necessary, including but not limited to injunctive proceedings against the breaching party, and shall further be entitled to recover damages, and attorneys' fees, if a non-breaching party prevails.

8. <u>Authority and Ownership of Claims</u>. Plaintiff represents and warrants to Releasees and Individual Releasees that she is authorized and entitled to sign this Agreement, that no other person or entity has any interest in the matters released in this Agreement, and that she owns and has not sold, pledged, hypothecated, assigned or transferred nor purported to sell, pledge, hypothecate, assign or transfer to any person or entity all or any portion of the matters or claims released in this Agreement.

9. <u>Careful Review of Agreement and Understanding of Release and Tax Obligations</u>. The parties represent that they have carefully read this Agreement, and understand its terms and conditions without reservation. The parties acknowledge that they have had ample opportunity to consult with the legal counsel of their choice regarding this Agreement, that they had not relied on any representations or statements of the other party or their counsel with respect to the subject matter of this Agreement, that they understand that this is a full, complete, and final Release and that Plaintiff is forever relinquishing and releasing any and all claims she has or may have involving the subject matter described in this Agreement.

Plaintiff further acknowledges that Releasees and Individual Releasees do not warrant or represent any tax consequences of this Agreement, and that Plaintiff is relying on her own legal and/or tax advisors and not on Releasees or Individual Releasees in that regard. Plaintiff agrees and understands that payments made under the Agreement may be subject to reporting to the relevant governmental authority responsible for the imposition of any Federal, California, local, gross receipts, sales, use, license, excise, franchise, employment, payroll, withholding tax or other exaction (collectively "taxes"), as required by Federal, California, and/or City law. Plaintiff shall provide the COUNTY OF ALAMEDA, through its counsel, the requested and applicable forms, documents, information, reports, statements, and/or identifying information in order for the Releasees and Individual Releasees to fulfill their reporting obligations, including but not limited to the applicable Form W-9 for the payee of the Settlement Payment.

10. <u>Severability</u>. If any portion or portions of this Agreement may be held by a court of competent jurisdiction to conflict with any federal, state or local law, and as a result such portion or portions are declared to be invalid and of no force or effect in such jurisdiction, all remaining provisions of this Agreement shall otherwise remain in full force and effect and be construed as if such invalid portion or portions had not been included herein.

11. <u>Action Against Releasees.</u> Plaintiff agrees never to commence, encourage, prosecute or cause to be prosecuted against Releasees and Individual Releasees any complaint, suit or proceedings based on a claim, demand, cause of action, damage or liability which is the subject matter of this Agreement, or upon any other fact or assertion relating to any aspect of claims which Plaintiff asserted, or could have asserted against Releasees and Individual Releasees in this Lawsuit. Plaintiff further agrees never to advise or encourage any entity or person in bringing or prosecuting against Releasees and Individual Releasees, any complaint, suit or proceedings based on a claim, demand, cause of action, damage or liability which is the subject matter of this Agreement, or claims or proceedings arising from or related to the facts alleged in the Lawsuit on behalf of any other entity or person, or upon any other fact or assertion relating to any aspect of the claims which Plaintiff asserted, or could have asserted against Releasees and Individual Releasees in the Lawsuit. Nothing in this paragraph shall prevent

Plaintiff from (i) responding to lawful subpoenas, (ii) providing truthful testimony, (iii) filing charges with, cooperating in investigations by, or responding to inquiries by, any governmental agency, (iv) participating in any activity related to representative state and local legislative bodies, boards, committees or the members thereof, or (v) exercising any right protected by law.

12. <u>Governing Law</u>.  This Agreement shall be deemed to be entered into and performed in the County of Alameda, State of California, and shall be interpreted under the laws of the State of California.

13. <u>Counterparts</u>.  This Agreement may be signed in several counterparts, but all when taken together shall constitute but a single document when executed by all parties.

14. <u>Facsimile Signatures.</u>  The parties acknowledge and agree that facsimile signatures are acceptable and have the same force and effect as an original signature.

15. <u>Entire Agreement.</u>  The parties acknowledge and agree that no representations or promises have been made to or relied upon by them or by any person acting for or on their behalf in connection with the subject matter of this Agreement which are not specifically set forth herein.  All representations and promises made by any party to another, whether in writing or orally, are understood by the parties to be merged in this Agreement.

16. <u>Binding Effect</u>.  This Agreement shall be binding upon and shall inure to the benefit of the parties, their respective heirs, beneficiaries, personal representatives, successors and assigns.

17. <u>Amendments</u>.  This Agreement and all documents and instruments executed in connection with this Agreement or in furtherance of this Agreement may not be amended, modified or supplemented except by an instrument in writing signed by all parties to this Agreement.

18. <u>Further Assurances</u>.  Each party agrees to execute such further and additional documents, instruments and writings as may be necessary, proper, required, desirable or convenient for the purpose of fully effectuating the terms and provisions of this Agreement.

IN WITNESS HEREOF, the parties have executed this Settlement Agreement on the date written below.

**CAUTION:  READ BEFORE SIGNING:**

**I AFFIRM THAT I AM AT LEAST 18 YEARS OF AGE.  I HAVE READ ALL OF THIS RELEASE AND SETTLEMENT AGREEMENT WITH MY ATTORNEY.  MY ATTORNEY HAS DISCUSSED THE ENTIRE CONTENTS OF THIS AGREEMENT WITH ME AND I UNDERSTAND ALL PARAGRAPHS CONTAINED HEREIN.  I STATE THAT I AM SIGNING THIS RELEASE AND SETTLEMENT AGREEMENT AS MY OWN FREE ACT AND DEED.**

Docusign Envelope ID: BFD6ED12-E087-4B0A-A9A4-8D9A5469AD7C

Dated: October 10, 2025, 2025    By: *Lisamaria Martinez*
                                     LISAMARIA MARTINEZ

**Approved as to Form and Content:**

Dated: October 10, 2025, 2025    TRE LEGAL PRACTICE

                                 By: *Timothy Elder*
                                     Timothy Elder, Esq.
                                     Kristopher A. Nelson, Esq.
                                     Attorneys for Plaintiff
                                     LISAMARIA MARTINEZ

Dated: October 10, 2025, 2025    UNDAUNTED LAW FIRM, P.C.

                                 By: _____
                                     S. Tomiyo Stoner, Esq.
                                     Attorneys for Plaintiff
                                     LISAMARIA MARTINEZ

Dated: November 4, 2025          ORBACH HUFF & HENDERSON LLP

                                 By: _____
                                     Kevin E. Gilbert, Esq.
                                     Nicholas D. Fine, Esq.
                                     Attorneys for Defendant
                                     COUNTY OF ALAMEDA

Dated: November 4, 2025          *David G. Haubert*
                                 Defendant COUNTY OF ALAMEDA
                                 By: President, Board of Supervisors